**THE COREA FIRM, P.L.L.C.**
Thomas M. Corea
Texas Bar No. 24037906
Jeremy R. Wilson
Texas Bar No. 24037722
The Republic Center
325 North St. Paul Street, Suite 4150
Dallas, Texas 75201
Telephone:   (214)953-3900
Facsimile:   (214)953-3901

**OTSTOTT & JAMISON, P.C.**
George A. Otstott
Texas Bar No. 15342000
Ann Jamison
Texas Bar No. 00798278
Two Energy Square
4849 Greenville Avenue, Suite 1620
Dallas, Texas 75206
Telephone:   (214)522-9999
Facsimile:   (214)828-4388

**ATTORNEYS FOR PLAINTIFFS**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SHARON TAYLOR, JAMES DOUGLAS BOOKER, WILLIE B. BOOKER, LOWRY BRILEY, TWILAH BROWN, JAMES D. CLARY, SHARON A. CLARY, ALICE M. COOKS, ARLANDO COOKS, ELIZABETH DeWITT, KENNETH GOSSIP, SR., KENNICE GOSSIP, PAMELA HENSLEY, ROBERT G. HOLLINESS, CAROLYN LATHAM HOLUB, BRANDI JEWELL, TRACY KARP, VENISIA BOOKER McGUIRE, DAVID PATTERSON, RONNIE PHILLIPS, JAMES ROBERTS, LUZ ANN ROBERTS, KIMBERLY DAWN UNDERWOOD, MARILYN WHITAKER, and WILLIAM "TROY" WILSON, on behalf of themselves and all others similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>ACXIOM CORPORATION, a Delaware Corporation; CHEX SYSTEMS, INC., a Minnesota Corporation; CHOICEPOINT PUBLIC RECORDS DATABASE TECHNOLOGIES, INC. a Georgia Corporation; CHOICEPOINT PUBLIC RECORDS, INC. a Georgia Corporation; CHOICEPOINT, INC. a Georgia Corporation; CHOICEPOINT SERVICES, INC., a Georgia Corporation; SEISINT, INC., a Florida Corporation; and LEXISNEXIS, REED ELSEVIER, INC., a Massachusetts Corporation,<br>    Defendants. | CAUSE NO. 2:07cv01<br>(*See* Ex. A)<br><br>JUDGE:  T. JOHN WARD<br><br>**FIRST AMENDED COMPLAINT –<br>CLASS ACTION<br>JURY TRIAL DEMAND** |

Dockets.Justia.com

**FIRST AMENDED COMPLAINT – CLASS ACTION**

Plaintiffs, SHARON TAYLOR, JAMES DOUGLAS BOOKER, WILLIE B. BOOKER, LOWRY BRILEY, TWILAH BROWN, JAMES D. CLARY, SHARON A. CLARY, ALICE M. COOKS, ARLANDO COOKS, ELIZABETH DeWITT, KENNETH GOSSIP, SR., KENNICE GOSSIP, PAMELA HENSLEY, ROBERT G. HOLLINESS, CAROLYN LATHAM HOLUB, BRANDI JEWELL, TRACY KARP, VENISIA BOOKER McGUIRE, DAVID PATTERSON, RONNIE PHILLIPS, JAMES ROBERTS, LUZ ANN ROBERTS, KIMBERLY DAWN UNDERWOOD, MARILYN WHITAKER, and WILLIAM "TROY" WILSON, on behalf of themselves and all others similarly situated, sue Defendants, ACXIOM CORPORATION, a Delaware Corporation; CHEX SYSTEMS, INC., a Minnesota Corporation; CHOICEPOINT PUBLIC RECORDS DATABASE TECHNOLOGIES, INC. a Georgia Corporation; CHOICEPOINT PUBLIC RECORDS, INC. a Georgia Corporation; CHOICEPOINT, INC. a Georgia Corporation; CHOICEPOINT SERVICES, INC., a Georgia Corporation; SEISINT, INC., a Florida Corporation; and LEXISNEXIS, REED ELSEVIER, INC., a Massachusetts Corporation, and state:

1.      This is a class action pursuant to the Driver Privacy Protection Act, 18 U.S.C. §2721 et seq. (the "DPPA"). Plaintiffs bring this action on their own behalf and on behalf of all similarly situated individuals whose "personal information" is contained in any "motor vehicle record" maintained by the State of Texas, within the meaning of the DPPA, 18 U.S.C. §2725(1) and (3), who have not provided "express consent," within the meaning of the DPPA, 18 U.S.C. §2725(5) to the State of Texas for the distribution of their "personal information" for purposes not enumerated by the DPPA, 18 U.S.C. §2721(b), and whose "personal information" has been

knowingly "obtain[ed]" and used by the Defendants within the meaning of the DPPA, 18 U.S.C. §2724.

## I.

## PARTIES

2.  Plaintiff SHARON TAYLOR is a resident of Texas and holder of a Texas driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Texas, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Texas driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

3.  Plaintiff JAMES DOUGLAS BOOKER is a resident of Texas and holder of a Texas driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Texas, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Texas driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

4.  Plaintiff WILLIE B. BOOKER is a resident of Texas and holder of a Texas driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Texas, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18

U.S.C. §2725(1). Plaintiff's Texas driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

5. Plaintiff LOWRY BRILEY is a resident of Texas and holder of a Texas driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Texas, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Texas driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

6. Plaintiff TWILAH BROWN is a resident of Texas and holder of a Texas driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Texas, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Texas driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

7. Plaintiff JAMES D. CLARY is a resident of Texas and holder of a Texas driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Texas, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Texas driver's license, motor vehicle title and motor vehicle registration all

contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

8. Plaintiff SHARON A. CLARY is a resident of Texas and holder of a Texas driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Texas, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Texas driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

9. Plaintiff ALICE M. COOKS is a resident of Texas and holder of a Texas driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Texas, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Texas driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

10. Plaintiff ARLANDO COOKS is a resident of Texas and holder of a Texas driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Texas, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Texas driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the

DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

11. Plaintiff ELIZABETH DeWITT is a resident of Texas and holder of a Texas driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Texas, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Texas driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

12. Plaintiff KENNETH GOSSIP, SR. is a resident of Texas and holder of a Texas driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Texas, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Texas driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

13. Plaintiff KENNICE GOSSIP is a resident of Texas and holder of a Texas driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Texas, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Texas driver's license, motor vehicle title and motor vehicle registration all

contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

14. Plaintiff PAMELA HENSLEY is a resident of Texas and holder of a Texas driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Texas, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Texas driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

15. Plaintiff ROBERT G. HOLLINESS is a resident of Texas and holder of a Texas driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Texas, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Texas driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

16. Plaintiff CAROLYN LATHAM HOLUB is a resident of Texas and holder of a Texas driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Texas, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Texas driver's license, motor vehicle title and motor vehicle

registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

17.     Plaintiff BRANDI JEWELL is a resident of Texas and holder of a Texas driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Texas, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Texas driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

18.     Plaintiff TRACY KARP is a resident of Texas and holder of a Texas driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Texas, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Texas driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3).  These records disclose, among other things, Plaintiff's name, address and race.

19.     Plaintiff VENISIA BOOKER McGUIRE is a resident of Texas and holder of a Texas driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Texas, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Texas driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the

DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

20.   Plaintiff DAVID PATTERSON is a resident of Texas and holder of a Texas driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Texas, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Texas driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

21.   Plaintiff RONNIE PHILLIPS is a resident of Texas and holder of a Texas driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Texas, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Texas driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

22.   Plaintiff JAMES ROBERTS is a resident of Texas and holder of a Texas driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Texas, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Texas driver's license, motor vehicle title and motor vehicle registration all

contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

23.     Plaintiff LUZ ANN ROBERTS is a resident of Texas and holder of a Texas driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Texas, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Texas driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

24.     Plaintiff KIMBERLY DAWN UNDERWOOD is a resident of Texas and holder of a Texas driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Texas, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Texas driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

25.     Plaintiff MARILYN WHITAKER is a resident of Texas and holder of a Texas driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Texas, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Texas driver's license, motor vehicle title and motor vehicle

registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

26. Plaintiff WILLIAM "TROY" WILSON is a resident of Texas and holder of a Texas driver's license, which constitutes a "motor vehicle operator's permit," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff is also the owner of an automobile registered in Texas, for which there is a "motor vehicle title" and "motor vehicle registration," referenced in the DPPA, 18 U.S.C. §2725(1). Plaintiff's Texas driver's license, motor vehicle title and motor vehicle registration all contain "personal information" concerning Plaintiff, within the meaning of the DPPA, 18 U.S.C. §2725(3). These records disclose, among other things, Plaintiff's name, address and race.

27. Defendant ACXIOM CORPORATION is a Delaware corporation with its principal place of business in Little Rock, Arkansas, and which, at all times material to this action, has been doing business in this District and throughout the State of Texas. Defendant may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul St. Dallas, Dallas County, Texas 75201.

28. Defendant CHEX SYSTEMS, INC. is a Minnesota corporation with its principal place of business in Scottsdale, Arizona, and which, at all times material to this action, has been doing business in this District and throughout the State of Texas. Defendant may be served with process through its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, Dallas County, Texas 75201.

29. Defendant CHOICEPOINT PUBLIC RECORDS DATABASE TECHNOLOGIES, INC. is a Georgia corporation with its principal place of business in

Alpharetta, Georgia, and which, at all times material to this action, has been doing business in this District and throughout the State of Texas. Defendant may be served with process through its registered agent, Corporation Services Company, 701 Brazos, Suite 1050, Austin, Travis County, Texas 78701.

30. Defendant CHOICEPOINT PUBLIC RECORDS, INC. is a Georgia corporation with its principal place of business in Alpharetta, Georgia, and which, at all times material to this action, has been doing business in this District and throughout the State of Texas. Defendant may be served with process through its registered agent, Corporation Services Company, 701 Brazos, Suite 1050 Austin, Travis County, Texas 78701.

31. Defendant CHOICEPOINT INC. is a Georgia corporation with its principal place of business in Alpharetta, Georgia, and which, at all times material to this action, has been doing business in this District and throughout the State of Texas. Defendant may be served with process through its registered agent, Corporation Services Company, 701 Brazos, Suite 1050, Austin, Travis County, Texas 78701.

32. Defendant CHOICEPOINT SERVICES, INC. is a Georgia corporation with its principal place of business in Alpharetta, Georgia, and which, at all times material to this action, has been doing business in this District and throughout the State of Texas. Defendant may be served with process through its registered agent, Corporation Services Company, 701 Brazos, Suite 1050, Austin, Travis County, Texas 78701.

33. Defendant SEISINT, INC. is a Florida corporation with its principal place of business in Boca Raton, and which, at all times material to this action, has been doing business in this District and throughout the State of Texas. Defendant may be served with process through

its registered agent for service of process, Kenneth J. Schwartz, 6601 Park of Commerce Boulevard, Boca Raton, Palm Beach County, Florida 33487.

34.     Defendant LEXISNEXIS REED ELSEVIER, INC. is a Massachusetts corporation with its principal place of business in Newton, Massachusetts, and which, at all times material to this action, has been doing business in this District and throughout the State of Texas. Defendant may be served with process through its registered agent, Lexis Document Services Inc., 701 Brazos Street, Suite 1050, Austin, Travis County, Texas 78701.

## II.

## JURISDICTION AND VENUE

35.     This action arises under a federal statute and this Court has jurisdiction pursuant to 18 U.S.C. §2724(a) (conferring jurisdiction on the United States District Court for actions under the DPPA) and 28 U.S.C. §1331 (federal question jurisdiction).

36.     Venue is appropriate in this District because certain Plaintiffs, as well as members of the proposed class, are residents of the District and Defendants have committed violations of the DPPA within the Eastern District of Texas.

## III.

## FACTS APPLICABLE TO ALL COUNTS

37.     The DPPA was included as part of omnibus crime legislation passed by Congress in 1993, known as the Violent Crime Control and Law Enforcement Act of 1993. Senator Barbara Boxer – (D-California), one of the DPPA's Senate sponsors, described several well-publicized incidents in which criminals had used publicly available motor vehicle records to identify and stalk their victims. Those incidents included:

      a.    the murder of actress Rebecca Schaeffer in California by a man who had obtained Schaeffer's address from California's Department of Motor Vehicles;

      b.    home invasion robberies by a gang of Iowa teenagers who identified their victims by copying the license numbers of expensive automobiles and used those license numbers to obtain the addresses of the vehicle owners from the Iowa Department of Transportation; and

      c.    the Arizona murder of a woman whose home address was identified from the Arizona Department of Motor Vehicles.

Senator Boxer also explained the ease with which a stalker had obtained the addresses of young women by copying their license numbers and requesting their addresses from the California Department of Motor Vehicles.

    38.    As Senator Boxer explained, prior to the time of the passage of the DPPA, in "34 States, someone [could] walk into a State Motor Vehicle Department with your license plate number and a few dollars and walk out with your name and home address."

    39.    Representative Moran, who sponsored the DPPA in the House of Representatives, explained that "very few Americans realize that by registering their car or obtaining a driver's license through the DMV, they are surrendering their personal and private information to anyone who wants to obtain it. When informed that such information can be so easily obtained, most licensees are shocked and angry. According to a survey released by the National Association to Protect Individual Rights, 92 percent of Americans believe that the DMV should not sell or release personal data about them without their knowledge and approval."

    40.    As originally enacted in 1993, the DPPA made it unlawful for any person or organization to disclose or obtain personal information derived from any motor vehicle record, unless the subject of the information had authorized such disclosure or the request/disclosure qualified under a recognized exception, including use by any federal or state agency, use in connection with motor vehicle and driver safety, use in court proceedings, use in certain research

activities, use relating to certain insurance matters, and use for verification of personal information submitted by the subject of such information. Use of personal information for marketing activities was permitted, so long as the States had provided individuals identified in motor vehicle records with the opportunity to prohibit such disclosures. This "opt out" provision effectively gave individuals the right to prohibit the States from disclosing personal information for marketing purposes. 18 U.S.C. §2721(1993).

41.     Congress significantly amended the DPPA in 1999 by eliminating the "opt out" provision for marketing activities. Use or obtaining of personal information contained in motor vehicle records for "surveys, marketing or solicitations" is permitted only "if the State has obtained the express consent of the person to whom such personal information pertains." Similarly, a requester of personal information may obtain such information for any purpose, "if the requester demonstrates if has obtained the express consent of the person to whom such personal information pertains." 18 U.S.C. §2721(b)(13), (14) (1999).  By changing the "opt out" exceptions of the 1993 DPPA to "opt in" exceptions in the 1999 DPPA, Congress significantly reduced the categories of persons whose personal information may be lawfully obtained under the Act. *See Reno v. Condon*, 120 S.Ct. 666, 669 (2000) (upholding the constitutionality of the DPPA) (States may no longer "imply consent from a driver's failure to take advantage of a state-afforded opportunity to block disclosure, but must rather obtain a driver's affirmative consent to disclose the driver's personal information" for restricted purposes.).  The effective date of the 1999 amendments to the DPPA was June 1, 2000.

42.     Texas law does not provide for an "opt-in" procedure as described in the 1999 amendments to the DPPA.  In fact, Texas does not obtain express consent from any driver.

43. Instead, the State of Texas only sells "personal information" from a motor vehicle record to "persons" who certify that they have a lawful purpose for the information (other than for direct or mass marketing) and/or have obtained the specific written consent of the Texas driver or identification card holder for the release of their information.

44. Once a "person," as that term is defined by the DPPA, certifies to the State of Texas that they have a lawful purpose for *some* personal information and/or have obtained any requisite consent (and agrees to indemnify the State of Texas for any damages that State might incur by this procedure), the State of Texas, through its Department of Public Safety, provides that person with a copy of the State's *entire database* of names, addresses and other personal information – some twenty (20) million plus residents of the State of Texas

45. Each Defendant in this litigation purchased this entire database of names from the Texas Department of Public Safety. Defendants each have a signed contract with the State of Texas whereby they certify to the State of Texas that they have a proper purpose for obtaining each piece of personal information and/or have obtained requisite written consents.

46. Although Defendants may have a permissible use under the DPPA for obtaining "personal information" for some of the people in the database, they do not have a permissible purpose to obtain all twenty million names in Texas' database.

47. Under the DPPA, a "person" who knowingly obtains or discloses "personal information" concerning another from a "motor vehicle record … shall be liable to the individual to whom the information pertains." 18 U.S.C. §2724(b). The DPPA provides for liquidated damages in the amount of $2,500.00 for each violation of the DPPA, in addition to punitive damages upon a showing of a willful or reckless disregard of the law, reasonable attorney's fees and costs and other relief, including preliminary and equitable relief. 18 U.S.C. §2724(b). A

"person" under the DPPA is defined as "an individual, organization or entity, but does not include a State or agency thereof." 18 U.S.C. §2721(2).

48.  As described above, after the effective date of the 1999 amendment to the DPPA (June 1, 2000), the Defendants unlawfully obtained "personal information" of individuals from the Texas "motor vehicle records" in violation of the DPPA.

49.  Defendants' violations of the DPPA have been committed "knowingly," within the meaning of the DPPA 18 U.S.C. §2724(b). In the context of the DPPA, to act knowingly is to act with knowledge of the facts that constitute the offense. *See, e.g., Bryan v. Unites States,* 524 U.S. 184, 193, 118 S.Ct. 1939, 1946, (1998) ("[U]nless the text of the statute dictates a different result, the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense."). Defendants, and each of them, knew that it obtained personal information pertaining to individuals from Texas motor vehicle records.

50.  The information obtained by the Defendants from "motor vehicle records" constitutes "personal information" within the meaning of the DPPA, 18 U.S.C. §2725(3). Defendants' obtaining and/or using such information is unauthorized by the DPPA and unlawful. Each record of personal information knowingly obtained from motor vehicle records is a separate and distinct violation of the DPPA, remediable under the DPPA, 18 U.S.C. §2724.

## IV.

## CLASS ACTION ALLEGATIONS

51.  Pursuant to Fed. R. Civ. P. 23(b)(3), and 23(b)(2) Plaintiffs bring this action on behalf of themselves, and all others similarly situated, as representatives of the following class (the "Class"):

> Each and every individual in the State of Texas whose name, address, driver identification number, race and/or date of birth

and/or sex are contained in motor vehicle records obtained by Defendants from the State of Texas's Department of Public Safety, without the express consent of such individuals, from June 1, 2000, through the date of judgment herein.

Excluded from the class are persons who have expressly authorized the State of Texas's Department of Public of Public Safety to provide third parties with their "personal information" for any purpose and those persons whose information was obtained for a permissible purpose defined by the DPPA.

52. The requirements of Fed. R. Civ. P. 23 are met in this case. The Class, as defined, is so numerous that joinder of all members is impracticable.

53. There are questions of fact and law common to the Class as defined, which common questions predominate over any questions affecting only individual members. The common questions include:

- a. whether Defendants obtained improperly and/or used "personal information" from the "motor vehicle records" of members of the Class, within the meaning of the DPPA, 18 U.S.C. §2725(3), (1); and

- b. whether Defendants' obtaining and use of "personal information" from the "motor vehicle records" of members of the Class was done knowingly, within the meaning of the DPPA, 18 U.S.C. §2724(a).

54. Plaintiffs can and will fairly and adequately represent and protect the interests of the Class as defined and have no interests that conflict with the interests of the Class. This is so because:

- a. All of the questions of law and fact regarding the liability of the Defendants are common to the class and predominate over any individual issues that may exist, such that by prevailing on their own claims, Plaintiffs will necessarily establish the liability of the Defendants to all class members;

- b. Without the representation provided by Plaintiffs, it is unlikely that any class members would receive legal representation to obtain the remedies specified by the DPPA;

- c. A remedy available under the DPPA is the liquidated sum of $2,500, which Plaintiff intends to seek for all members of the Class; and

      d.    Plaintiff has retained competent attorneys who are experienced in the conduct of class actions. Plaintiffs and their counsel have the necessary resources to adequately and vigorously litigate this class action, and Plaintiffs and their counsel are aware of their fiduciary responsibility to the class members and are determined to diligently discharge those duties to obtain the best possible recovery for the Class.

55.    All class members have the same legal rights under the DPPA. Defendants' violations of the DPPA have affected numerous Texas motor vehicle owners and lessees in a similar way. The class action is superior to any other method for remedying Defendants' violations of the DPPA given that common questions of fact and law predominate and the liquidated damage provisions of the DPPA make the remedy available to class members identical. Class treatment is likewise indicated to ensure optimal compensation for the Class and limiting the expense and judicial resources associated with thousands of potential claims.

56.    Defendants knowingly obtained "personal information," pertaining to Plaintiffs and the members of the Class from "motor vehicle records" maintained by the State of Texas DPS, in violation of the DPPA. 18 U.S.C. §2721 *et seq*. Defendants' obtaining and use of this "personal information" was not for a purpose authorized by the DPPA.

57.    Pursuant to the DPPA, 18 U.S.C. §2724(a), Defendants are liable for knowingly obtaining "personal information" pertaining to Plaintiffs and the members of the Class from "motor vehicle records," in violation of the DPPA.

58.    Plaintiff and the members of the Class are entitled to liquidated damages in the amount of $2,500.00 for each instance in which the Defendants violated the DPPA.

WHEREFORE, Plaintiffs demand judgment on his behalf and on behalf of the other members of the Class to the following effect:

      a.    declaring that this action may be maintained as a class action;

      b.    granting judgment in favor of Plaintiffs and the other members of the Class against the Defendants in the amount of $2,500.00 for each instance in

      which the Defendants obtained, disclosed, or used personal information concerning the Plaintiff and members of the Class;

  c.    punitive damages should be the Court find that the Defendants acted in willful or reckless disregard of the DPPA;

  d.    requiring the Defendants to destroy any personal information illegally obtained from motor vehicle records; and

  e.    such other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable.

      Respectfully submitted,

      **THE COREA FIRM P.L.L.C.**

      /Jeremy R. Wilson/
      Thomas M. Corea
      Texas Bar No. 24037906
      Jeremy R. Wilson
      Texas Bar No. 24037722
      The Republic Center
      325 North St. Paul Street, Suite 4150
      Dallas, Texas 75201
      Telephone:    214.953.3900
      Facsimile:    214.953.3901

      **OTSTOTT & JAMISON, P.C.**

      George A. Otstott
      Texas Bar No. 15342000
      Ann Jamison
      Texas Bar No. 00798278
      Two Energy Square
      4849 Greenville Avenue, Suite 1620
      Dallas, Texas 75206
      Telephone:    214.522.9999
      Facsimile:    214.828.4388

      **ATTORNEYS FOR PLAINTIFFS**