UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHAL DIVISION

| | | |
|---|---|---|
| SHARON TAYLOR, et al., | § § | |
| Plaintiffs, | § § | |
| vs. | § § | CASE NO. 2:07-CV-00001(Ward) |
| | § § | |
| ACXIOM CORPORATION, et al. | § § | |
| Defendants. | § | |

**DEFENDANT ACXIOM CORPORATION'S ANSWER
TO FIRST AMENDED COMPLAINT**

Defendant Acxiom Corporation ("Acxiom"), by and through undersigned counsel, hereby files this Answer to Plaintiffs' First Amended Complaint (the "Complaint") and states as follows:

**ANSWER**

1. Acxiom admits that this purports to be an action pursuant to the Driver Privacy Protection Act, 18 U.S.C. § 2721 et seq. (the "DPPA") and that Plaintiffs purport to bring this action on their own behalf and on behalf of all other similarly situated individuals. Acxiom is without knowledge or information sufficient to either admit or deny the remaining allegations contained in paragraph 1 of the Complaint and therefore denies the allegations.

2. Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 2 of the Complaint and therefore denies the allegations.

3. Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 3 of the Complaint and therefore denies the allegations.

4. Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 4 of the Complaint and therefore denies the allegations.

5.	Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 5 of the Complaint and therefore denies the allegations..

6.	Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 6 of the Complaint and therefore denies the allegations.

7.	Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 7 of the Complaint and therefore denies the allegations.

8.	Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 8 of the Complaint and therefore denies the allegations..

9.	Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 9 of the Complaint and therefore denies the allegations.

10.	Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 10 of the Complaint and therefore denies the allegations.

11.	Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 11 of the Complaint and therefore denies the allegations.

12.	Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 12 of the Complaint and therefore denies the allegations.

13.	Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 13 of the Complaint and therefore denies the allegations..

14.	Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 14 of the Complaint and therefore denies the allegations.

15.	Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 15 of the Complaint and therefore denies the allegations.

16.	Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 16 of the Complaint and therefore denies the allegations.

17. Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 17 of the Complaint and therefore denies the allegations.

18. Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 18 of the Complaint and therefore denies the allegations.

19. Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 19 of the Complaint and therefore denies the allegations.

20. Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 20 of the Complaint and therefore denies the allegations.

21. Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 21 of the Complaint and therefore denies the allegations.

22. Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 22 of the Complaint and therefore denies the allegations.

23. Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 23 of the Complaint and therefore denies the allegations.

24. Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 24 of the Complaint and therefore denies the allegations.

25. Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 25 of the Complaint and therefore denies the allegations.

26. Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 26 of the Complaint and therefore denies the allegations.

27. Acxiom admits that it is a Delaware Corporation with its principal place of business in Little Rock, Arkansas.

28. Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 28 of the Complaint and therefore denies the allegations.

29.     Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 29 of the Complaint and therefore denies the allegations.

30.     Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 30 of the Complaint and therefore denies the allegations.

31.     Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 31 of the Complaint and therefore denies the allegations.

32.     Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 32 of the Complaint and therefore denies the allegations.

33.     Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 33 of the Complaint and therefore denies the allegations.

34.     Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 34 of the Complaint and therefore denies the allegations.

35.     Defendant admits that this District Court has original subject matter jurisdiction of this case as it arises under the Drivers Privacy Protection Act ("DPPA"), a law of the United States.

36.     Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 36 of the Complaint and therefore denies the allegations. Defendant denies it has committed violations of the DPPA in this or any other district.

37.     Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 37 of the Complaint and therefore denies the allegations.

38.     Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 38 of the Complaint and therefore denies the allegations.

39.     Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 39 of the Complaint and therefore denies the allegations.

40.     The allegations of this paragraph constitute conclusions of law which cannot be admitted or denied as assertions of fact. To the extent an answer is required, Acxiom states that the DPPA, as enacted in 1993, speaks for itself and to the extent the allegations in paragraph 40 of the Complaint differ from the text of the DPPA, those allegations are denied.

41.     The allegations of this paragraph constitute conclusions of law which cannot be admitted or denied as assertions of fact. To the extent an answer is required, Acxiom states that the DPPA, as amended in 1999, speaks for itself and to the extent the allegations in paragraph 41 of the Complaint differ from the text of the DPPA, those allegations are denied.

42.     The allegations of this paragraph constitute conclusions of law which cannot be admitted or denied as assertions of fact. To the extent an answer is required, Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 42 of the Complaint and therefore denies the allegations.

43.     Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 43 of the Complaint and therefore denies the allegations.

44.     Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 44 of the Complaint and therefore denies the allegations

45.     Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 45 of the Complaint and therefore denies the allegations. Acxiom is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the conduct of the other Defendants.

46.     Acxiom is without knowledge or information sufficient to either admit or deny the allegations contained in paragraph 46 of the Complaint and therefore denies the allegations. Acxiom is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the conduct of the other Defendants.

47.     The allegations of this paragraph constitute conclusions of law which cannot be admitted or denied as assertions of fact.  To the extent an answer is required, Acxiom states that the DPPA speaks for itself and to the extent the allegations in paragraph 47 of the Complaint differ from the text of the DPPA, those allegations are denied.

48.     The allegations of this paragraph constitute conclusions of law which cannot be admitted or denied as assertions of fact.  To the extent an answer is required, Acxiom denies the allegations in paragraph 48 of the Complaint.  Acxiom is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the conduct of the other Defendants.

49.     Acxiom denies that it knowingly violated the DPPA.  The remaining allegations of this paragraph constitute conclusions of law which cannot be admitted or denied as assertions of fact.  To the extent an answer is required, Acxiom denies the allegations in paragraph 49 of the Complaint.  Acxiom is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the conduct of the other Defendants.

50.     The allegations of this paragraph constitute conclusions of law which cannot be admitted or denied as assertions of fact.  To the extent an answer is required, Acxiom denies the allegations in paragraph 50 of the Complaint.  Acxiom is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the conduct of the other Defendants.

51.     Acxiom admits that Plaintiff purport to bring an action pursuant to Fed. R. Civ. P. 23(b)(3) and 23(b)(2).  Acxiom denies that certification of the alleged class or any class is proper in this action and, therefore, denies the remaining allegations in paragraph 51 of the Complaint.

52.     Acxiom denies the allegations in paragraph 52 of the Complaint.

53.     Acxiom denies the allegations in paragraph 53 of the Complaint.

54. Acxiom denies the allegations in paragraph 54 of the Complaint.

55. Acxiom denies the allegations in paragraph 55 of the Complaint. Acxiom is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the conduct of the other Defendants.

56. Acxiom denies the allegations in paragraph 56 of the Complaint. Acxiom is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the conduct of the other Defendants.

57. Acxiom denies the allegations in paragraph 57 of the Complaint. Acxiom is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the conduct of the other Defendants.

58. The allegations of this paragraph constitute conclusions of law which cannot be admitted or denied as assertions of fact. To the extent an answer is required, Acxiom denies the allegations in paragraph 58 of the Complaint. Acxiom is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the conduct of the other Defendants.

## General Denial

Defendant denies any allegations contained in the Complaint which have not been expressly admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claims and/or those putative class members are barred in whole or in part by the applicable statutes of limitations and repose.

3. Plaintiffs' claims and/or putative class members are barred in whole or in part by operation of the doctrine of laches.

4. Plaintiffs' claims and/or or those of putative class members are barred in whole or part by the doctrine of estoppel.

5. Plaintiffs' claims and/or those of putative class members are barred in whole or part by doctrines of settlement, release, and/or *res judicata*.

6. Plaintiffs' claims and/or or those of putative class members are barred in whole or part because of the speculative nature of all or part of the damages allegedly sustained.

7. Plaintiffs' claims and/or or those of putative class members are barred in whole or part because Plaintiffs and/or putative class members failed to mitigate any injuries and/or damages allegedly sustained.

8. Plaintiffs' claims and/or those putative class members are barred in whole or in part because Plaintiffs and/or the putative class members lack standing to assert the claims set forth in the Complaint.

9. Plaintiffs' claims and/or those of putative class members are not suitable for class certification because their case fails to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

10. Plaintiffs' claims and/or those of putative class members are not suitable for class certification because the certification and maintenance of this action as a class action would violate Defendant's right to due process, to be confronted by the witnesses against it, and to a jury trial as provided for in the Fifth, Sixth, Seventh, and Fourteenth Amendments to the United States Constitution.

11. Plaintiffs' claims and/or those of putative class members are barred in whole or in part because Plaintiffs and/or putative class members seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

12. Plaintiffs' claims and/or those of putative class members are barred in whole or in part because such information was obtained, disclosed, or used by Defendant as permitted by the DPPA.

13. Plaintiffs' claims and/or those of putative class members are barred in whole or in part because such information was obtained, disclosed, or used by Defendant as permitted applicable state statutes.

14. Plaintiffs' claims and/or those of putative class members are barred in whole or in part because such information was not knowingly obtained, disclosed, or used by Defendant for an impermissible purpose under the DPPA.

15. Plaintiffs' claims and/or those of putative class members are barred in whole or in part because damages, if any, suffered by Plaintiffs and/or putative class members were caused by the State of Texas, its officials, employees, and/or agents.

16. Defendant's actions were undertaken in reasonable reliance on a state government agency sanctioning such activity and with the real authority to interrupt and decide which of its records were accessible and which persons had sufficient permissible purposes to obtain such records under the DPPA and/or the applicable laws of the State of Texas, and that by providing the information to Defendant, warranting that such records were lawfully subject to being obtained, disclosed, or used by Defendant.

17. The provisions of P.L. 106-69, 113 Stat. 986 § 350 (which ostensibly amended the DPPA to require that before releasing any personal information for certain uses, states obtained the express consent of the person to whom the record pertains) are applicable only to public entities that are "recipients of funds made available in this Act." To the extent that the State of Texas is not a recipient of such funds, the requirements of P.L. 106-69, 113 Stat. 986 § 350 do not apply and the DPPA remains unaltered for purposes of this lawsuit.

CASE NO. 03-61063-CIV-MARTINEZ/DUBE

18.     The provisions of P.L. 106-69, 113 Stat. 986 § 350 (which ostensibly amended the DPPA to require that before releasing any personal information for certain uses, states obtained the express consent of the person to whom the record pertains) are applicable only to public entities that are "recipients of funds made available in this Act." Defendant is not a public entity that is a recipient of such funds, therefore, the requirements of P.L. 106-69, 113 Stat. 986 § 350 do not apply and the DPPA remains unaltered for purposes of this lawsuit.

19.     Plaintiffs' claims and/or those of putative class members are barred in whole or in part because such information was obtained, disclosed, or used by the Defendant prior to June 1, 2000, the effective date of P.L. 106-69, 113 Stat. 986 § 350 and the requirement of express consent of the person to whom the information pertains.

20.     Plaintiffs' claims and/or those of putative class members are barred in whole or in part because any obtainment, disclosure, or use of Plaintiffs' and/or putative class members' "personal information" and/or "highly restricted personal information" which occurred after June 1, 2000, the effective day of P.L. 106-69, 113 Stat. 986 § 350 and the requirement of express consent of the person to whom the information pertains, involved only that "personal information" and/or "highly restricted personal information" identical to an already obtained, disclosed, or used by Defendant prior to June 1, 2000.

21.     Plaintiffs' claims and/or those of putative class members are barred in whole or in part because Plaintiffs and/or putative class members have not suffered actual damages due to violation of the DPPA by Defendant, such actual damages being a condition precedent or prerequisite to the recovery of the minimum liquidated damages amount of $2,500 listed in the Remedies provision of the DPPA.

22. Plaintiffs' claims and/or those of putative class members are barred in whole or in part by virtue of the unconstitutionality of the DPPA, or portions thereof, for the following reasons:

a. the Remedies provision of the DPPA denies due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution by purportedly providing "liquidated damages in the amount of $2,500," which operates as a punitive sanction bearing no relation to a reasonable pre-injury forecast of damages or actual damages sustained and imposing an amount of damages without due process;

b. in operation with the DPPA's Permissible Uses provision at 18 U.S.C. § 2721(b)(11) and (12), the DPPA's Civil Action provision of 18 U.S.C. § 2724(a) denies due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution by creating an irrebuttable presumption of liability against private parties who purchase information from motor vehicle records without knowledge that the state has disclosed such information in violation of the DPPA, while simultaneously providing the state an exemption from civil suits to compensate for damages and litigation costs suffered by those who unwittingly obtained, used, or disclosed information provided them by the state in violation of the DPPA;

c. the DPPA violates the right to freely access and gather information traditionally available from public records and infringes Defendant's true and lawful commercial speech in violation of the First Amendment to the United States Constitution and Article I, Section 4 of the Florida Constitution;

d. the $2,500 "liquidated damages" contained within the DPPA's Remedies provision, 18 U.S.C. § 2724(b)(1), provides for an unwarranted, excessive fine and/or punishment that is unrelated to any actual damages sustained by the Plaintiffs and/or putative

class members thus violating Defendant's due process rights and constituting an excessive fine and punishment as provided for in the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

23.     Plaintiffs have failed to join all necessary and indispensable parties.

24.     Plaintiffs' claims and/or those of putative class members are barred in whole or part because all of the Defendant's legal obligations, if any, to Plaintiffs and/or putative class members have been fulfilled, discharged, waived, or excused.

25.     Any obtaining, disclosure, or use of information from the State of Texas by Defendant was for a permissible purpose and Defendant was an authorized recipient in its own right of any such information pursuant to the DPPA.

26.     Any obtaining, disclosure, or use of information from the State of Texas by Defendant was for a permissible purpose and Defendant was an authorized recipient in its own right of any such information pursuant the laws of the State of Texas.

27.     Any obtaining, disclosure, or use of information from the State of Texas by Defendant was for a permissible purpose and Defendant was an authorized recipient as an agent for legitimate businesses authorized to receive disclosures of any such information pursuant to the DPPA.

28.     Any obtaining, disclosure, or use of information from the State of Texas by Defendant was for a permissible purpose and Defendant was an authorized recipient as an agent for legitimate businesses authorized to receive disclosures of any such information pursuant to state statutes.

29.     Any obtaining, disclosure, or use of information from the State of Texas by Defendant was for a permissible purpose and Defendant was an authorized recipient of any such

information pursuant to those provisions of the DPPA for which there is no requirement for the consent of the person to whom the information pertains.

30. Any obtaining, disclosure, or use of information from the State of Texas by Defendant was for a permissible purpose and Defendant was an authorized recipient of any such information pursuant to those provisions of state statutes for which there is no requirement for the consent of the person to whom the information pertains.

31. Any resale or redisclosure of information from the State of Texas by Defendant was only for those purposes permitted pursuant to the provisions of the DPPA.

32. Any resale or redisclosure of information from the State of Texas by Defendant was only for those purposes permitted pursuant to the provisions of the laws of the State of Texas.

33. Defendant is entitled to any setoffs or reductions in liability from collateral sources available to Plaintiffs and/or putative class members.

34. Defendant reserves the right to assert other defenses as discovery proceeds.

35. Defendant adopts and incorporates by reference any affirmative defense asserted by any other Defendant in this action, to the extent such affirmative defense applies to Defendant.

## CONCLUSION AND PRAYER

**WHEREFORE**, having fully responded to the Plaintiffs' First Amended Complaint, Defendant prays as follows:

    a.    that the court enter a judgment dismissing the Complaint and all claims stated therein with prejudice and discharging Defendant from all liability thereunder;

    b.    that Defendant be awarded its attorney's fees and expenses of litigation incurred in defending this action;

  c.  that all costs of this action be taxed against Plaintiffs; and

  d.  that the court award Defendant such other and further relief as it may deem just and proper.

              Respectfully submitted,

              */s/ Patrick Kelley*
              Patrick Kelley
              State Bar No. 11202500
              IRELAND, CARROLL & KELLEY, P.C.
              6101 S. Broadway, Suite 500
              Tyler, Texas 75703
              Telephone:(903) 561-1600
              Facsimile: (903) 581-1071
              Email: patkelley@icklaw.com

              Barry R. Davidson
              Hunton & Williams LLP
              1111Brickell Ave., Ste. 2500
              Miami, Florida 33131
              Telephone: (305) 810-2500
              Facsimile: (305) 810-2460
              Email: bdavidson@hunton.com

              **ATTORNEYS FOR DEFENDANT**
              **ACXIOM CORPORATION**

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document this 19th day of February, 2007, via the Court's CM/ECF system per Local Rule CV-5(a)(3).

              /s/_____
              PATRICK KELLEY