**THE COREA FIRM, P.L.L.C.**
Thomas M. Corea
Texas Bar No. 24037906
Jeremy R. Wilson
Texas Bar No. 24037722
The Republic Center
325 North St. Paul Street, Suite 4150
Dallas, Texas 75201
Telephone:   (214)953-3900
Facsimile:    (214)953-3901

**OTSTOTT & JAMISON, P.C.**
George A. Otstott
Texas Bar No. 15342000
Ann Jamison
Texas Bar No. 00798278
Two Energy Square
4849 Greenville Avenue, Suite 1620
Dallas, Texas 75206
Telephone:   (214)522-9999
Facsimile:    (214)828-4388

**ATTORNEYS FOR PLAINTIFFS**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SHARON TAYLOR, JAMES DOUGLAS BOOKER, WILLIE B. BOOKER, LOWRY BRILEY, TWILAH BROWN, JAMES D. CLARY, SHARON A. CLARY, ALICE M. COOKS, ARLANDO COOKS, ELIZABETH DeWITT, KENNETH GOSSIP, SR., KENNICE GOSSIP, PAMELA HENSLEY, ROBERT G. HOLLINESS, CAROLYN LATHAM HOLUB, BRANDI JEWELL, TRACY KARP, VENISIA BOOKER McGUIRE, DAVID PATTERSON, RONNIE PHILLIPS, JAMES ROBERTS, LUZ ANN ROBERTS, KIMBERLY DAWN UNDERWOOD, MARILYN WHITAKER, and WILLIAM "TROY" WILSON, on behalf of themselves and all others similarly situated,<br>          Plaintiffs,<br><br>v.<br><br>ACXIOM CORPORATION, a Delaware Corporation; CHEX SYSTEMS, INC., a Minnesota Corporation; CHOICEPOINT PUBLIC RECORDS DATABASE TECHNOLOGIES, INC. a Georgia Corporation; CHOICEPOINT PUBLIC RECORDS, INC. a Georgia Corporation; CHOICEPOINT, INC. a Georgia Corporation; CHOICEPOINT SERVICES, INC., a Georgia Corporation; SEISINT, INC., a Florida Corporation; and LEXISNEXIS, REED ELSEVIER, INC., a Massachusetts Corporation,<br>          Defendants. | **CAUSE NO. 2:07cv01**<br><br>**JUDGE: T. JOHN WARD**<br><br>**RESPONSE TO JOINT MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, ALTERNATIVELY TO STAY PLAINTIFFS' ACTION** |

PLAINTIFFS' JOINT RESPONSE TO MOTION TO DISMISS FIRST
AMENDED COMPLAINT OR, ALTERNATIVELY TO STAY PLAINTIFFS' ACTION                                                                Page 1

## RESPONSE TO JOINT MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, ALTERNATIVELY TO STAY PLAINTIFFS' ACTION

Plaintiffs, SHARON TAYLOR, JAMES DOUGLAS BOOKER, WILLIE B. BOOKER, LOWRY BRILEY, TWILAH BROWN, JAMES D. CLARY, SHARON A. CLARY, ALICE M. COOKS, ARLANDO COOKS, ELIZABETH DeWITT, KENNETH GOSSIP, SR., KENNICE GOSSIP, PAMELA HENSLEY, ROBERT G. HOLLINESS, CAROLYN LATHAM HOLUB, BRANDI JEWELL, TRACY KARP, VENISIA BOOKER McGUIRE, DAVID PATTERSON, RONNIE PHILLIPS, JAMES ROBERTS, LUZ ANN ROBERTS, KIMBERLY DAWN UNDERWOOD, MARILYN WHITAKER, and WILLIAM "TROY" WILSON, on behalf of themselves and all others similarly situated, file this, their Response to Defendants' Joint Motion to Dismiss First Amended Complaint or Alternatively to Stay Plaintiffs' Action, (D.E. 7) filed on behalf of CHOICEPOINT PUBLIC RECORDS DATABASE TECHNOLOGIES, INC.; CHOICEPOINT PUBLIC RECORDS, INC.; CHOICEPOINT, INC.; CHOICEPOINT SERVICES, INC.; SEISINT, INC.; and LEXISNEXIS, REED ELSEVIER, INC., and in support thereof, state:

### I.

### PRELIMINARY STATEMENT

Plaintiffs have the only active case involving violations of the Drivers' Privacy Protection Act ("DPPA")[1] in Texas. Defendants contend that this case should be dismissed or stayed based on an alleged settlement of national class action in Florida. The case purportedly settled in Florida[2] ("*Fresco*"), however, only involves Florida residents, has been stayed for almost two years, and is labeled as administratively closed by the Clerk of Court and PACER. Furthermore,

---

[1] 18 U.S.C. § 2721 et. seq.

[2] *See Fresco, et. al. .v. Automotive Directions, Inc., et. al.,* Case No. 03-cv-61063-JEM.

during the last four years, *Fresco* has only sought certification of a class involving Florida residents. During that time, Judge Martinez never certified even such a limited class.

In December of 2006, Defendants reached an agreement with the named plaintiffs and their attorneys in the uncertified *Fresco* action. The agreement only provided for injunctive relief and, in exchange, promised the named plaintiffs $15,000 each and their attorneys $25,000,000 in fees. The agreement also required the named plaintiffs to, for the first time, seek court approval for a national class. The named plaintiffs, in violation of both a court order staying and administratively closing the action and Federal Rule of Civil Procedure 15, filed a document on December 21, 2006, listed as "amended document" which purports to be a Second Amended Complaint, for the first time seeking certification of a national class.

On January 4, 2007, Plaintiffs filed this action, along with four other lawsuits against over ninety Defendants alleging DPPA violations in the State of Texas. In response, Defendants presumptuously assert that the stayed, closed *Fresco* action should take priority over this lawsuit and that approval of the settlement agreement reached in that uncertified class is somehow eminent. The fact is that the *Fresco* case is and has been stayed and closed for almost two years. Defendants' hopes of persuading Judge Martinez to: 1) reopen that case, 2) retroactively deem their "amended document" to be a properly filed complaint, and 3) to allow the lawsuit to be significantly expanded to a national class that was never before asserted should not dissuade this Court from hearing Plaintiffs' cause of action for violation of the DPPA in Texas.

Under the circumstances, it is clear Plaintiffs are the only parties currently asserting claims for DPPA violations in Texas. For these reasons, a dismissal or a stay of these proceedings would be improper.

## II.

## ARGUMENTS AND AUTHORITIES

**1.  This lawsuit is the first filed case regarding violations of the DPPA in Texas.**

All proceedings in *Fresco* were stayed on March 8, 2005, and the case was ordered administratively closed.[3] While numerous motions have been filed in *Fresco* requesting that the Court lift the stay and re-open the case, Judge Martinez consistently denied these attempts, instead ordering that parties attempt to settle, *not expand*, the case.[4] In fact, Judge Martinez refused a request to re-open the case as recently as September 6, 2006.[5]

Apparently, sometime after September 6, 2006, Defendants reached an agreement with the named plaintiffs in *Fresco*.[6] Those named plaintiffs have never been designated as class representatives and their attorneys have never been appointed as class counsel. In fact, no class has ever been certified in *Fresco*. The agreement reached, however, required the named plaintiffs to seek and obtain certification of a much broader national class so as to insulate Defendants from liability anywhere in the country for any violations of the DPPA.[7]

The named plaintiffs in *Fresco* had never previously purported to represent a national class, as they are all Florida residents and their most recent petition only asserted a cause of

---

[3] *See Fresco*, (D.E. No. 371) ("The case is STAYED pending a ruling by the Eleventh Circuit Court of Appeals . . . The Clerk of the Court is DIRECTED to mark this case as ADMINISTRATIVELY CLOSED . . . The Parties shall . . . file a motion to reopen for it to proceed to final disposition."). (attached hereto as Exhibit 1) (This document is also a matter of public record and can be obtained through PACER.)

[4] *See, e.g., Fresco* (D.E. No 408)(attached here to as Exhibit 2)(entered September 8, 2006)("Order Denying Motion to Reopen the Case Without Prejudice").

[5] *See id.*

[6] *See* Raether Affidavit (attached as Exhibit 1 to Defendants' Motion to Dismiss (D.E. 7) ¶ 10.

[7] *See id.* ¶ 11.

action based on Defendants improperly obtaining motor vehicle records in Florida.[8] In fact, there is absolutely no mention in the record of a national class until after this agreement was reached.

There were at least two problems, however, with the named plaintiffs seeking such a significant expansion of the scope of *Fresco*. The first was the fact that the case was closed due to the above-mentioned stay, which Judge Martinez had just recently refused to lift, instead clearly ordering the parties to attempt to settle this case. There is no indication that Judge Martinez anticipated that the parties would return and attempt to expand the case into a national class action. The other problem was that the named plaintiffs had no automatic right under Rule 15 to amend their complaint as they did not have the consent of the non-settling defendants to amend their complaint. Rather than addressing these problems head on and seeking: 1) to lift the stay, 2) to re-open the case, and 3) permission to file an amended pleading, the named plaintiffs in *Fresco* improperly filed a Second Amended Complaint, which they now contend requires this Court to dismiss this action.[9] In fact, the two non-settling Defendants in *Fresco* have filed motions to strike the purported Second Amended Complaint for violating Rule 15.

Meanwhile, on January 4, 2007, Plaintiffs properly filed their Complaint in this Court asserting DPPA violations against many of the defendants in *Fresco* regarding obtainment and use of drivers' license records in the State of Texas.[10] Plaintiffs have also filed four other

---

[8] *See* Exhibit 2 to Raether Affidavit. Exhibit 2 is a First Amended Complaint in *Fresco* asserting a class action only involving Florida residents and violations of the DPPA in Florida.

[9] Incidentally, contrary to their assertions, none of the parties in *Fresco* are treating the proposed Second Amended Complaint as a live pleading. For instance, if the proposed Second Amended Complaint was properly filed in December 20, 2006, an answer or responsive pleading was due on January 19, 2006. To date, no defendant in *Fresco* has filed an answer or responsive pleading to the proposed Second Amended Complaint. If Defendants are correct in their assertions, they are in default in the *Fresco* matter.

[10] *See* D.E. No 1.

lawsuits in this Court against over ninety other defendants. These lawsuits were the result of months of investigation and research.[11] Now, Defendants contend that this lawsuit should be dismissed or stayed because of a newly asserted national class in a closed, stayed case.

Defendants essentially argue that this Court should dismiss or stay this action in the mere hopes that Judge Martinez will: 1) lift the stay that has been in place for two years; 2) re-open the case; 3) retroactively condone the named plaintiffs' improper filing in violation of both the stay and Rule 15 of the Federal Rules of Civil Procedure; 4) allow a drastic expansion of the, until now, Florida-based lawsuit to a national class; and then 5) conditionally approve the settlement and conditionally certify the class. Even with all of these impediments, Defendants incredibly argue that their actions constitute a properly filed lawsuit that predates Plaintiffs' Complaint.

Defendants and Plaintiffs do agree on one important issue: that generally the Court first obtaining jurisdiction over claims involving Texas residents should resolve that issue. Defendants are simply incorrect when they state that the *Fresco* lawsuit is the first case involving Texas. The fact is that Judge Martinze never lifted the stay, the case was never re-opened, and the named plaintiffs never sought permission from the Court to file their Second Amended Complaint. Thus, it is clear that there is still no proper pleading in *Fresco* asserting jurisdiction over any Texas claims. In fact, *Fresco* is still stayed and listed as administratively closed on PACER.[12]

Furthermore, it appears that the settlement agreement purportedly reached with the named Plaintiffs' in *Fresco* was merely an anticipatory attempt to head off any other, as yet,

---

[11] It has been suggested that the this lawsuit was filed simply to interfere with the *Fresco* case. This is absolutely not true. This lawsuit, as well as the other lawsuits in Texas asserting violations of the DPPA were the product of literally months of preparation and investigation.

[12] See *Fresco*, PACER docket sheet (attached hereto as Exhibit 3).

unexplored violations of the DPPA in other states. Anticipatory lawsuits are a clearly recognized exception to the "first filed" rule. Defendants devote a great deal of their briefing to the years of work purportedly done in *Fresco* as justification for this Court dismissing Plaintiffs' action in Texas. What Defendants neglect to mention, however, is that *Fresco* has always been about violations of the DPPA resulting from the State of Florida's failure to amend its statute to comply with the DPPA. Every proposed class representatives is from Florida and it appears that violations elsewhere were never even explored in discovery. Furthermore, Defendants fail to direct the Court to one piece of evidence that violations of the DPPA in Texas were even contemplated until after the purported settlement was reached and Defendants wanted to insulate themselves from liability nationally.

The improper attempt to convert *Fresco* into a national class action is a transparent effort by the Defendants to absolve themselves from liability for their numerous, arguably more egregious and, as yet, unexplored violations of the DPPA in other states such as Texas. The Court should be cautious about dismissing or even staying this action in favor of a non-certified, newly purported national class action in Florida. This is especially true when the *Fresco* case is still stayed and no order has been entered re-opening the case.

Under these circumstances, it is clear that this Court is the only Court with jurisdiction over DPPA claims involving Texas residents. As such, Plaintiffs respectfully request that this Court allow this litigation to move forward.

## CONCLUSION

Because Plaintiffs are the first parties to assert DPPA claims regarding Texas residents, their "first-filed" lawsuit should resolve the issue. For these reasons, Plaintiffs request that this Court allow this case to proceed where it belongs – in Texas.

Respectfully submitted,

**THE COREA FIRM, P.L.L.C.**

_____
Thomas M. Corea
Texas Bar No. 24037906
Jeremy R. Wilson
Texas Bar No. 24037722
The Republic Center
325 North St. Paul Street, Suite 4150
Dallas, Texas 75201
Telephone:   (214)953-3900
Facsimile:    (214)953-3901

**OTSTOTT & JAMISON, P.C.**
George A. Otstott
Texas Bar No. 15342000
Ann Jamison
Texas Bar No. 00798278
Two Energy Square
4849 Greenville Avenue, Suite 1620
Dallas, Texas 75206
Telephone:   (214)522-9999
Facsimile:    (214)828-4388

### CERTIFICATE OF SERVICE

I certify that on February 23, 2007, I electronically filed the above Motion with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U. S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_____
Jeremy R. Wilson