**THE COREA FIRM, P.L.L.C.**
Thomas M. Corea
Texas Bar No. 24037906
Jeremy R. Wilson
Texas Bar No. 24037722
The Republic Center
325 North St. Paul Street, Suite 4150
Dallas, Texas 75201
Telephone:   (214)953-3900
Facsimile:   (214)953-3901

**OTSTOTT & JAMISON, P.C.**
George A. Otstott
Texas Bar No. 15342000
Ann Jamison
Texas Bar No. 00798278
Two Energy Square
4849 Greenville Avenue, Suite 1620
Dallas, Texas 75206
Telephone:   (214)522-9999
Facsimile:   (214)828-4388

**ATTORNEYS FOR PLAINTIFFS**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SHARON TAYLOR, JAMES DOUGLAS BOOKER, WILLIE B. BOOKER, LOWRY BRILEY, TWILAH BROWN, JAMES D. CLARY, SHARON A. CLARY, ALICE M. COOKS, ARLANDO COOKS, ELIZABETH DeWITT, KENNETH GOSSIP, SR., KENNICE GOSSIP, PAMELA HENSLEY, ROBERT G. HOLLINESS, CAROLYN LATHAM HOLUB, BRANDI JEWELL, TRACY KARP, VENISIA BOOKER McGUIRE, DAVID PATTERSON, RONNIE PHILLIPS, JAMES ROBERTS, LUZ ANN ROBERTS, KIMBERLY DAWN UNDERWOOD, MARILYN WHITAKER, and WILLIAM "TROY" WILSON, on behalf of themselves and all others similarly situated, <br>        Plaintiffs, <br><br> v. <br><br> ACXIOM CORPORATION, a Delaware Corporation; CHEX SYSTEMS, INC., a Minnesota Corporation; CHOICEPOINT PUBLIC RECORDS DATABASE TECHNOLOGIES, INC. a Georgia Corporation; CHOICEPOINT PUBLIC RECORDS, INC. a Georgia Corporation; CHOICEPOINT, INC. a Georgia Corporation; CHOICEPOINT SERVICES, INC., a Georgia Corporation; SEISINT, INC., a Florida Corporation; and LEXISNEXIS, REED ELSEVIER, INC., a Massachusetts Corporation, <br>        Defendants. | **CAUSE NO. 2:07cv01** <br><br> **JUDGE:  T. JOHN WARD** <br><br> **PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT OR ALTERNATIVELY MOTION FOR JUDGMENT ON THE PLEADINGS** |

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT OR**
**ALTERNATIVELY MOTION FOR JUDGMENT ON THE PLEADINGS**                    Page 1

## PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT OR, ALTERNATIVELY MOTION FOR JUDGMENT ON THE PLEADINGS

Plaintiffs, SHARON TAYLOR, JAMES DOUGLAS BOOKER, WILLIE B. BOOKER, LOWRY BRILEY, TWILAH BROWN, JAMES D. CLARY, SHARON A. CLARY, ALICE M. COOKS, ARLANDO COOKS, ELIZABETH DeWITT, KENNETH GOSSIP, SR., KENNICE GOSSIP, PAMELA HENSLEY, ROBERT G. HOLLINESS, CAROLYN LATHAM HOLUB, BRANDI JEWELL, TRACY KARP, VENISIA BOOKER McGUIRE, DAVID PATTERSON, RONNIE PHILLIPS, JAMES ROBERTS, LUZ ANN ROBERTS, KIMBERLY DAWN UNDERWOOD, MARILYN WHITAKER, and WILLIAM "TROY" WILSON, on behalf of themselves and all others similarly situated, file this, their Motion for Default Judgment or, Alternatively Motion for Judgment on the Pleadings,; CHOICEPOINT PUBLIC RECORDS DATABASE TECHNOLOGIES, INC.; CHOICEPOINT PUBLIC RECORDS, INC.; CHOICEPOINT, INC.; CHOICEPOINT SERVICES, INC.,; SEISINT, INC.; and LEXISNEXIS, REED ELSEVIER, INC. and in support thereof, state:

### I.

### ARGUMENTS AND AUTHORITIES

Plaintiffs filed their Original Complaint on January 4, 2007.[1] Defendant Acxiom filed its Answer on February 19, 2007.[2] All other Defendants, however, merely filed an unsigned Joint Motion to Dismiss First Amended Complaint or, Alternatively to Stay Plaintiff's Action (the "Joint Motion").[3] The only basis for the Joint Motion is the pendency of an action in Florida

---

[1] *See* D.E. No. 1
[2] *See* D.E. No. 13
[3] *See* D.E. No. 7

which Defendants contend involves substantially overlapping issues with this litigation. Defendants contend that their motion is based on Rule 12(b) and the first-to-file rule.[4]

Rule 12(b) of the Federal Rule of Civil Procedure provides that

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, *shall* be asserted in the response pleading thereto if one is required, *except* that the following defenses may at the option of the pleader be made by motion:  (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can by granted, (7) failure to join a party under Rule 19.[5]

Thus, rule 12(b) only allows the seven listed types of Defenses to be raised by Motion. Any other defense must be raised in a responsive pleading.  Defendants Motion fails to raise any defense enumerated in Rule 12(b).[6]  Thus, Defendants Motion is not proper under Rule 12(b) and should be denied.[7]  This is important because only a motion *permitted* by Rule 12(b) tolls Defendants' answer deadline.[8]

---

[4] *See id.*

[5] *See* FED. R. CIV. P. 12(b) (emphasis added).

[6] *See Sproul v. Gambone*, 34 F.Supp. 441, 442 (D.C. Pa. 1940) ("As to the first ground of dismissal, we are of the opinion that the pendency of another action is not a matter than can be raised by motion to dismiss under the Federal Rules of Civil Procedure .  .  .  In our view, defense of a multiplicity of suits should be raised by answer."); *Dirk Ter Haar v. Seaboard Oil Co. of Delaware* 1 F.R.D. 598, 598 -599 (S.D.Cal.1940) ("The defenses of laches, stale demands and the statute of limitations may not be asserted by motion to dismiss, but should be set forth affirmatively in defendant's . . . and that same rule prevails as to the defense of pendency of another action . . . The motion of defendant . . . to dismiss is denied.") (internal citations omitted).

[7]*See id.*

[8] Rule 12(a)(1) provides that "a defendant shall serve an answer . . within 20 days after being served with summons and complaint."  The only exception to this rule is contained in Rule 12(a)(4).  Rule 12(a)(4) provides that:
> [u]nless a different time is fixed by court order, the service of a motion *permitted* under this rule alters [the period provided in Rule 12(a)(1)] as follows: (A) if the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be served within 10 days after notice of the court's action. (emphasis added).

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT OR**
**ALTERNATIVELY MOTION FOR JUDGMENT ON THE PLEADINGS**

Furthermore, contrary to Rule 11, the Motion itself is not signed, further negating its status as a proper Rule 12(b) motion.   Although the accompanying Memorandum of Law is signed, as discussed above only the proper filing of a permitted *motion* under Rule 12(b) tolls the answer deadline.

Thus, unless Defendants or the Court choose to treat Defendants' Joint Motion as a responsive pleading, Defendants are clearly in default for their failure to adhere to the explicit requirements of Rule 12.   Rule 55 clearly provides for a judgment by default when a defendant fails to answer a complaint within the prescribed deadline.

The other alternative is to treat Defendants Motion as a responsive pleading.   Courts have recognized, in certain situations, that the form of the relevant document, not its title should govern how it is categorized and that motions can sometimes be treated as pleadings for certain purposes.[9]  Defendants' Motion is an obvious attempt to delay and stall these proceedings so that their lawsuit in Florida may proceed.   Furthermore, their Motion asserts defenses which are claimed to entirely eliminate Plaintiffs' right to suit, just the sort of affirmative defenses one would expect to see in a responsive pleading.   In fact, every issue raised in Defendants' Joint Motion should have been raised in a responsive pleading.   Rule 12(b) provides that such defenses "shall" be brought in a responsive pleading.   Thus, treating the document as the proper vehicle for raising such issues would be appropriate.

If Defendants' Motion is treated as a responsive pleading, Defendants failure to deny the allegations in Plaintiffs' Complaint means they are deemed admitted.   Rule 8 governs pleadings

---

[9]*See generally In re Watauga Steam Laundry*  7 F.R.D. 657, 660 (D.C.Tenn.1947)("Ordinarily a motion is not regarded as a responsive pleading. *Johnson & Gould v. Joseph Schlitz Brewing Co., D.C.*, 28 F.Supp. 650. But when the motion is construed by its effect and not by its form, it may be a responsive pleading. This is particularly true where the effect of granting the motion is to dispose of the case on its merits. *Triangle Conduit Cable Co., Inc., v. National Electric Products Corp.*, D.C., 38 F.Supp. 533.  Although this case involved whether a motion was a responsive pleading for purposes of Rule 15, a similar argument could be made regarding Rule 8.

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT OR
ALTERNATIVELY MOTION FOR JUDGMENT ON THE PLEADINGS**                          Page 4

and clearly provides that "[a]verments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."[10]

Thus, Plaintiffs are entitled to judgment on the pleadings. Rule 12(c) allows any party to move for judgment on the pleadings after the pleadings are closed. The Court need not look further than Plaintiffs' complaint in making its determination.

Thus, either Defendants' purported motion should treated as a responsive pleading or none was filed when due. Either way, Plaintiffs are entitled to a judgment based on the causes of action asserted in their complaint.

Plaintiffs expect that Defendants' response to this Motion will be filled with policy arguments regarding the necessity of filing their Motion at the inception of the case, waste of judicial resources, etc. They may even point to other courts using their judicial discretion to hear such motions before an answer is filed in spite of the clear wording of the rules. The fact that other courts might have concluded that they have the discretion to hear such motions does not create a right to file such a motion under Rule 12(b). Defendants, either through tactical attempts at delay, or by mistake, raised defenses to this lawsuit which are not allowed to be brought by motion under Rule 12(b). There is no reason why Defendants could not have coupled their defenses with denials of the allegations in Plaintiffs complaint. They did not. Defendants should not be rewarded for disregarding the rules of civil procedure and their attempts to delay these proceedings.

For these reasons, Plaintiffs respectfully request that this Court grant judgment in their favor, either by default or on the pleadings.

---

[10] *See* FED. R. CIV. P. 8.

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT OR**
**ALTERNATIVELY MOTION FOR JUDGMENT ON THE PLEADINGS**

Respectfully submitted,

**THE COREA FIRM, P.L.L.C.**


Thomas M. Corea
Texas Bar No. 24037906
Jeremy R. Wilson
Texas Bar No. 24037722
The Republic Center
325 North St. Paul Street, Suite 4150
Dallas, Texas 75201
Telephone:     (214)953-3900
Facsimile:     (214)953-3901

**OTSTOTT & JAMISON, P.C.**
George A. Otstott
Texas Bar No. 15342000
Ann Jamison
Texas Bar No. 00798278
Two Energy Square
4849 Greenville Avenue, Suite 1620
Dallas, Texas 75206
Telephone:     (214)522-9999
Facsimile:     (214)828-4388

**ATTORNEYS FOR PLAINTIFFS**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on February 23, 2007, I electronically filed the above Motion with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U. S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


Jeremy R. Wilson

**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT OR**
**<u>ALTERNATIVELY MOTION FOR JUDGMENT ON THE PLEADINGS</u>**                    Page 6