IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SHARON TAYLOR, et al., | : | CAUSE NO. 2:07cv01 |
| Plaintiffs, | : | JUDGE T. JOHN WARD |
| v. | : | |
| ACXIOM CORPORATION, et al., | : | **AMENDED JOINT MOTION OF DEFENDANTS REED ELSEVIER INC., SEISINT, INC. AND CHOICEPOINT ENTITIES TO DISMISS FIRST AMENDED COMPLAINT OR, ALTERNATIVELY, TO STAY PLAINTIFFS' ACTION, WITH REQUEST FOR ORAL ARGUMENT** |
| Defendants. | : | |

_____

Defendants ChoicePoint Inc., ChoicePoint Public Records Inc., ChoicePoint Services Inc., Reed Elsevier Inc. and Seisint, Inc. have removed the additional signature page that previously appeared on page three of their Joint Motion to Dismiss First Amended Complaint or, Alternatively, to Stay Plaintiffs' Action, with Request for Oral Argument.

Pursuant to Fed. R. Civ. P. 12(b) and the first-to-file rule, Defendants ChoicePoint Inc., ChoicePoint Public Records Inc., ChoicePoint Services Inc. (collectively, the "ChoicePoint Entities"), Reed Elsevier Inc. and Seisint, Inc. ("Defendants") move this Court to dismiss this action as to them.[1] The claims alleged by Plaintiffs in this case are duplicative of claims encompassed in a nationwide class action against these same Defendants[2] that is pending before

---

[1] Defendant Chex Systems, Inc. has reviewed this motion and intends to join in it.

[2] Plaintiffs have named as a Defendant ChoicePoint Public Records Database Technologies Inc., apparently as a ChoicePoint Entity. However, the entity "ChoicePoint Public Records Database Technologies Inc." does not exist and, therefore, also should be dismissed.

AU\4197036.1

Judge Jose Martinez in the Southern District of Florida, Fresco, et al. v. Automotive Directions, Inc., et al., Case No. 03-cv-61063-JEM (the "Fresco Litigation") and was filed prior to this lawsuit.

    A settlement has been reached by these Defendants in the Fresco Litigation that would resolve all the class claims brought by the Plaintiffs in this action and is pending preliminary approval. If Judge Martinez preliminarily certifies a nationwide class, then the named Plaintiffs in this action will be class members of, and bound by orders in, the Fresco Litigation while that action proceeds toward a final approval hearing. If Judge Martinez later grants final approval of the settlement, then all of the class claims set forth in the amended complaint in this action would be resolved. Because the Fresco Litigation is the first-filed case, the decision whether to certify a DPPA class for settlement purposes properly rests with Judge Martinez of the Southern District of Florida. This lawsuit, filed by Plaintiffs only after learning of the proposed settlement in the Fresco Litigation, should not be allowed to interfere with Judge Martinez's consideration of the proposed settlement in the first-filed Fresco Litigation, and therefore this case should be dismissed.

    In lieu of dismissal, this Court should stay this matter pending the decision of Judge Martinez on the approval of the proposed settlement. As such, either dismissal or a stay is necessary to permit Judge Martinez to rule on the proposed settlement agreement being considered in the first-filed Fresco Litigation.

**TABLE OF CONTENTS**

                                                                                                                        **PAGE**

I. AFTER NEARLY 3-1/2 YEARS OF CONTENTIOUS LITIGATION, THE SETTLING PARTIES IN THE FRESCO LITIGATION HAVE AGREED TO SETTLE THE PLAINTIFFS' DPPA CLAIMS ON A NATIONWIDE BASIS AND ARE AWAITING JUDGE MARTINEZ'S DECISION WHETHER TO PRELIMINARILY APPROVE THE SETTLEMENT ........................................................ 3

    A. This Case Alleges the Same Claims as the Fresco Litigation ................................. 3

    B. The Plaintiffs in this Case Will Be Class Members of the Fresco Litigation and Therefore Will Benefit from the Settlement in that Case ................................. 5

    C. After Nearly a Year of Contentious Negotiations, the Fresco Litigation Will Be Settled on a Nationwide Basis ..................................................................... 6

    D. The Settling Parties Have Agreed to a Complex Injunctive Relief Package Applicable to All Personal Information Obtained by Settling Defendants from Motor Vehicle Records Nationwide ................................................................ 7

II. THIS COURT SHOULD DISMISS THIS ACTION BECAUSE THE FRESCO LITIGATION IS THE FIRST-FILED CASE ....................................................................... 8

III. IN THE ALTERNATIVE, THIS COURT SHOULD STAY THIS ACTION BECAUSE THE FIRST-FILED COURT SHOULD BE PERMITTED TO DECIDE WHETHER TO EXERCISE JURISDICTION OVER THESE PLAINTIFFS ................................................................................................................................ 10

IV. CONCLUSION ............................................................................................................... 11

**MEMORANDUM IN SUPPORT OF JOINT MOTION OF DEFENDANTS REED ELSEVIER INC., SEISINT, INC. AND CHOICEPOINT ENTITIES TO DISMISS FIRST AMENDED COMPLAINT OR, ALTERNATIVELY, TO STAY PLAINTIFFS' ACTION, WITH REQUEST FOR ORAL HEARING**

Pursuant to Fed. R. Civ. P. 12(b) and the first-to-file rule, Defendants ChoicePoint Inc., ChoicePoint Public Records Inc., ChoicePoint Services Inc. (collectively, the "ChoicePoint Entities"), Reed Elsevier Inc. and Seisint, Inc. ("Defendants") move this Court to dismiss this action as to them. The claims alleged by Plaintiffs in this case are duplicative of claims encompassed in a nationwide class action against these same Defendants[3] that is pending before Judge Jose Martinez in the Southern District of Florida, <u>Fresco, et al. v. Automotive Directions, Inc., et al.</u>, Case No. 03-cv-61063-JEM (the "<u>Fresco</u> Litigation") and was filed prior to this lawsuit. A settlement has been reached by these Defendants in the <u>Fresco</u> Litigation and is pending preliminary approval by Judge Martinez. If preliminarily approved, then the named Plaintiffs in this action will be class members of, and bound by orders in, the <u>Fresco</u> Litigation while that action proceeds toward a final approval hearing. If Judge Martinez later grants final approval of the settlement, then all of the class claims set forth in the amended complaint in this action would be resolved.

On December 20, 2006, the Plaintiffs and six of eight Defendants (the "Settling Defendants")[4] in the <u>Fresco</u> Litigation moved Judge Martinez for preliminary approval of a proposed nationwide settlement and to certify a class consisting essentially of every person in the

---

[3] Plaintiffs have named as a Defendant ChoicePoint Public Records Database Technologies Inc., apparently as a ChoicePoint Entity. However, the entity "ChoicePoint Public Records Database Technologies Inc." does not exist and, therefore, also should be dismissed.

[4] The Settling Defendants in the <u>Fresco</u> Litigation include, among others, ChoicePoint Inc., ChoicePoint Public Records Inc., ChoicePoint Services Inc., Reed Elsevier Inc. and Seisint, Inc. Defendant Chex Systems, Inc. is not a party to the <u>Fresco</u> Litigation, but will be covered by the release in the proposed settlement. Defendant Acxiom Corporation is a defendant in the <u>Fresco</u> Litigation, but has not joined the proposed settlement.

1

country who has held a driver's license or motor vehicle registration since 1998—the period of the applicable statute of limitations. The Fresco Litigation is the result of a merger of various lawsuits filed in 2003 under the federal Driver's Privacy Protection Act ("DPPA"), a statutory scheme regulating the obtainment, use and disclosure of personal information from motor vehicle records. From its inception, the plaintiffs in the Fresco Litigation have asserted class allegations.

When filed originally, these lawsuits sought recovery on behalf of a proposed class of Florida residents with a driver's license or motor vehicle record. As part of the negotiated settlement reached by the Settling Defendants, conducted over 10 months with guidance from mediator Rodney Max, the Plaintiffs amended their complaint on December 20, 2006 to allege claims on behalf of a nationwide class. The settlement agreement reached in the Fresco Litigation addresses these claims, and provides for certification of a nationwide settlement class that would include the named Plaintiffs in this action. The decision whether to certify a DPPA class action and, if so, of what magnitude, properly rests with Judge Martinez of the Southern District of Florida and Plaintiffs' amended complaint in this case is an improper attempt to interfere with those proceedings. Because the claims in this litigation are encompassed within the claims set forth in the first-filed Fresco Litigation, this case should be dismissed as to the Defendants.

In the alternative, this Court should stay this matter pending the decision of Judge Martinez on the class certification issue. Thus, either a dismissal or a stay is necessary to permit Judge Martinez to rule on the motion to preliminarily approve the proposed settlement and to decide whether to certify a nationwide class in the Fresco Litigation.

2

I.         AFTER NEARLY 3-1/2 YEARS OF CONTENTIOUS LITIGATION, THE SETTLING PARTIES IN THE <u>FRESCO</u> LITIGATION HAVE AGREED TO SETTLE THE PLAINTIFFS' DPPA CLAIMS ON A NATIONWIDE BASIS AND ARE AWAITING JUDGE MARTINEZ'S DECISION WHETHER TO PRELIMINARILY APPROVE THE SETTLEMENT

        A.     <u>This Case Alleges the Same Claims as the Fresco Litigation</u>

This case was filed nearly four years after the commencement of the <u>Fresco</u> Litigation. In 2003, various individuals filed lawsuits throughout Florida federal and state courts alleging violations of the DPPA.[5] The parties in the eleven suits eventually agreed to consolidate these matters before Judge Martinez in the Southern District of Florida and subsequently an amended complaint was filed joining all the parties to those cases to the case captioned <u>Fresco, et al. v. Automotive Directions, Inc., et al.</u>, Case No. 03-cv-61063-JEM.[6]

The DPPA permits the disclosure of personal information from motor vehicle records for one of fourteen permissible uses (such as government or law enforcement use, or use for certain insurance purposes). 18 U.S.C. § 2721(b)(1) - (14). The Defendants are members of the information provider industry and respected leaders in the information technology field. Among other things, they obtain motor vehicle records and sell this information as authorized by the DPPA. Their products and services assist customers in performing a variety of critical governmental and business tasks, such as locating criminal suspects, verifying identities, supporting state and national security initiatives, controlling fraud and credit loss, and improving risk assessments.

---

[5] The DPPA is a federal statute (18 U.S.C. § 2721, <u>et</u> <u>seq</u>.) that regulates certain information contained in motor vehicle records held by each state's motor vehicle department. Plaintiffs claim that the Defendants violated only this federal statute; they make no state law claims. Similarly, the <u>Fresco</u> Litigation involves the federal statute only, not state law claims.

[6] Affidavit of Ronald I. Raether, Jr. in Support of Joint Motion of Defendants Reed Elsevier Inc., Seisint, Inc., Chex Systems, Inc., and ChoicePoint Entities to Dismiss First Amended Complaint or, Alternatively, to Stay the Plaintiffs' Action, with Request for Oral Hearing ("Raether Aff."), ¶¶ 4, 6 (attached as Exhibit A).

Plaintiffs in the Fresco Litigation alleged that the Defendants violated the DPPA by knowingly obtaining, using or disclosing personal information from motor vehicle records for uses not permitted by the DPPA. Raether Aff., ¶ 7; First Amended Complaint, ¶¶ 50-86, 107-13 (alleging DPPA violations) (Fresco Doc #45) (attached to Raether Aff. as Exhibit 2). Plaintiffs sought actual damages, statutory liquidated damages, injunctive relief, and attorneys' fees and costs. Raether Aff., ¶ 7; First Amended Complaint, ¶¶ 48-49, 54-55, 60-61, 78-79, 85-86, 112-13, 128-32. On December 20, 2006, Plaintiffs amended their complaint, alleging the same DPPA claims on behalf of a nationwide class. Raether Aff. ¶ 11; Second Amended Complaint (Fresco Doc #410) (attached to Raether Aff. at Exhibit 3).

In this case, Plaintiffs make the same allegations. Specifically, they allege that the Defendants knowingly obtained and used motor vehicle records from the State of Texas for uses not permitted by the DPPA. First Amended Complaint (Taylor Doc #3), ¶¶ 56-57. They seek statutory liquidated damages, punitive damages and specific injunctive relief. Id. at 19-20.

The claims made here are encompassed by the claims (and proposed settlement) in the Fresco Litigation.[7] "Concurrent actions pending in different federal courts are duplicative for the purpose of staying one action in favor of the other when the overall content of each suit is not very capable of independent development and will be likely 'to overlap to a substantial degree.'" Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc., 341 F. Supp. 2d 639, 643 (N.D. Tex. 2004) (quoting Mann Mfg., Inc. v. Hortex, Inc., 439 F.2d 403, 407, 408 n.6 (5th Cir. 1971)). The issues involved need only be "'closely related,'" not identical. Id. (internal quotation marks

---

[7] Plaintiffs cannot dispute their claims are identical. Indeed, the Plaintiffs have copied verbatim large sections of a complaint from one of the original eleven Fresco lawsuits filed in 2003. Raether Aff., ¶ 5. Even a cursory comparison of the Complaint in Levine v. Reed Elsevier Inc., Case No. 9:03-cv-80490-KLR (filed May 30, 2003) Levine Doc #1), ¶¶ 1-2, 5-9, 13, 16, 18-25, 27-29 (attached to Raether Aff. as Exhibit 1) to the First Amended Complaint in this case, ¶¶ 1-26, 35-41, 47, 49-58, shows that the Plaintiffs have merely copied the Levine Complaint.

4

and citation omitted).  Both the Complaint in this case and the Complaint in the <u>Fresco</u> Litigation allege violations of the DPPA through the improper obtainment, use and disclosure of motor vehicle records.  The issues to be decided in both cases are the same and, as a result, the two actions are the same.  Thus, the <u>Fresco</u> Litigation has priority.  <u>First City Nat'l Bank & Trust Co. v. Simmons</u>, 878 F.2d 76, 79 (2d Cir. 1989) ("where there are two competing lawsuits, the first suit should have priority") (internal quotation marks and citations omitted).

      B.      <u>The Plaintiffs in this Case Will Be Class Members of the Fresco Litigation and Therefore Will Benefit from the Settlement in that Case</u>

In this case, the Plaintiffs seek a class of:

> "Each and every individual in the State of Texas whose name, address, driver identification number, race and/or date of birth and/or sex are contained in motor vehicle records obtained by Defendants from the State of Texas's Department of Public Safety, without the express consent of such individuals, from June 1, 2000, through the date of judgment herein."

First Amended Complaint, ¶ 51.  The <u>original complaints in the Fresco Litigation (later consolidated)</u> contain nearly identical language:

> "Each and every individual in the State of Florida whose name, address, race, date of birth, sex and/or social security number are contained in driver's license or motor vehicle registration records obtained by Lexis/Nexis from the State of Florida's Department of Highway Safety and Motor Vehicles, without the express consent of such individuals, from June 1, 2000 through the date of judgment herein."

<u>See e.g.</u> Levine Complaint (Levine Doc #1) (¶19).  The class allegations of the Second Amended Complaint include the claims now brought here by the putative Texas class members:

> "All persons whose Personal Information or Highly Restricted Personal Information was obtained, used, or disclosed by any of the Defendants from April 1, 1998 through Final Judgment."

Second Amended Complaint, p. 6 (attached to Raether Aff. as Exhibit 3).

The Plaintiffs in this case not only allege the same claims, but also seek to certify a class of individuals who will be members of the class in the Fresco Litigation. As a result, both this action and the Fresco Litigation encompass residents of Texas who allege they have been subjected to violations of the DPPA by the actions of the Defendants. Plaintiffs in this case should not be permitted to pursue this action in the Eastern District of Texas when the same action is proceeding in the Southern District of Florida. If a nationwide class is preliminarily approved by Judge Martinez, then these Plaintiffs can protect their interests simply by appearing in the Fresco Litigation as objectors. Fed. R. Civ. P. 23(e)(4).[8]

        C.    After Nearly a Year of Contentious Negotiations, the Fresco Litigation Will Be Settled on a Nationwide Basis

After three years of discovery and motion practice, on November 23, 2005, Judge Martinez ordered the parties to mediate the Fresco Litigation. In December 2005, the parties retained Mediator Rodney Max, a nationally-renowned class action mediator, to assist with the settlement of this case. Raether Aff., ¶ 8. The negotiations were lengthy, contentious, exhausting and, at times, combative. The parties in the Fresco Litigation conducted approximately 20 in-person mediation sessions before Mr. Max during 2006. Id. ¶ 9. In addition, the parties held dozens of joint conference calls among the parties, as well as numerous calls between counsel for the parties and Mr. Max. Mr. Max alone spent over 400 hours mediating the settlement of the Fresco Litigation. Id. The parties themselves invested collectively several thousand hours of their time in preparing for and documenting the settlement. Id.

---

[8] In fact, the Plaintiffs in this action have already filed an objection to the proposed settlement in Fresco Litigation and have sought to intervene. By doing so, these Plaintiffs have voluntarily injected their claims into the Fresco Litigation, where they will be properly considered by the Court when it rules on the invention motion and considers their objections during the pendency of the settlement approval proceedings.

6

The parties also have provided notice in accordance with the Class Action Fairness Act, 28 U.S.C. § 1715, et seq., to the United States Attorney General and the appropriate officials in all fifty states. The CAFA notice included a copy of the Second Amended Complaint and the Settlement Agreement, which include a nationwide class definition. On January 10, 2007, the Settling Defendants certified to the Court that the notice had been delivered by Federal Express and that receipt had been acknowledged by each intended recipient.

Allowing this case to proceed in this Court could jeopardize the settlement in the Fresco Litigation, wasting a year's worth of hard work by nine companies and counsel, as well as plaintiffs' counsel, and intruding upon Judge Martinez's decision whether to approve the proposed settlement terms. This Court should prevent Plaintiffs in this case from attempting to upset judicial economy and well-established precedent by dismissing this case and allowing consideration of the proposed settlement in Fresco to continue.

> D.  The Settling Parties Have Agreed to a Complex Injunctive Relief Package Applicable to All Personal Information Obtained by Settling Defendants from Motor Vehicle Records Nationwide

The proposed settlement in the Fresco Litigation requires the Settling Defendants to design, implement and maintain industry-leading procedures to enhance compliance with the DPPA when those Defendants obtain, use or disclose personal information regulated by the DPPA. The Settling Defendants offer their products on a nationwide basis. They obtain, use and disclose personal information from motor vehicle records collected from around the country. As a result, the settlement in the Fresco Litigation will benefit class members (including the Plaintiffs in this case) nationwide.

The injunctive relief package agreed to by the Settling Defendants provides protections beyond those prescribed by the DPPA. Raether Aff., ¶ 10. For example, the

7

Settling Defendants agreed to create and implement written DPPA compliance procedures governing existing and future products that utilize DPPA data; procedures governing the release of new products that utilize DPPA data; and procedures governing customers of products that utilize DPPA data, including confidential compliance audits of those customers. In addition, the Settling Defendants will permit an independent third-party assessor to analyze their practices and to ensure that the procedures have been implemented.

This injunctive relief will govern the obtainment, use and disclosure of all personal information from motor vehicle records in the possession of the Settling Defendants, including the personal information of the Plaintiffs in this case. Therefore, Plaintiffs here will benefit from the settlement in the Fresco Litigation.

II.     THIS COURT SHOULD DISMISS THIS ACTION BECAUSE THE FRESCO LITIGATION IS THE FIRST-FILED CASE

The United States Supreme Court has made plain that "[a]s between federal district courts, . . . the general principle is to avoid duplicative litigation." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246 (1976). "[T]he federal courts long have recognized that the principle of comity requires federal district courts -- courts of coordinate jurisdiction and equal rank -- to exercise care to avoid interference with each other's affairs." West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 728 (5th Cir.), cert. denied, 474 U.S. 844, 106 S. Ct. 133 (1985).

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999). "The first-to-file rule . . . is essentially a forward-looking doctrine. Courts use this

8

rule to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case pending in another court." Id. at 604 (emphasis omitted).

As explained by the Fifth Circuit, "[t]he concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." West Gulf Maritime Ass'n, 751 F.2d at 729. "To avoid these ills, a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court." Id. Accord: Abbott Labs. v. Gardner, 387 U.S. 136, 155, 87 S. Ct. 1507, 1519 (1967) (a court has discretion to dismiss a suit when the same issue is pending in another court); Winslow v. Bolton, No. 3:04-CV-1155-D, 2004 U.S. Dist. LEXIS 25138, at *3 (N.D. Tex. Dec. 13, 2004) ("'Ordinarily,' the Court dismisses 'the later-filed action . . . in favor of the case that was filed earlier.'" (quoting Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993))).

"[T]he court with 'prior jurisdiction over the common subject matter' should resolve all issues presented in related actions." West Gulf Maritime Ass'n, 751 F.2d at 730 (quoting Mann Mfg, Inc. v. Hortex, Inc., 439 F.2d 403, 408 (5th Cir. 1971)). "Where duplication is demonstrated, the general rule is that the later-filed action defer to the prior-filed one." Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc., 341 F. Supp. 2d 639, 643 (N.D. Tex. 2004).

The Fresco Litigation is the first-filed case. Throughout 2003, eleven class action complaints were filed against the defendants in the Fresco Litigation. On August 11, 2003, a First Amended Complaint was filed in the Fresco Litigation, merging those eleven federal and state actions into one DPPA class action. Although the initial Fresco Complaint contained class allegations for a Florida-only class, the Second Amended Complaint, agreed upon as part of the

9

proposed settlement, contains nationwide class allegations.  The Second Amended Complaint was filed on December 20, 2006, two weeks before the Plaintiffs in this case filed their Complaint.

The class in the Fresco Litigation encompasses the named Plaintiffs in this action. The parties in Fresco have worked thousands of hours attempting to settle the matter.  Plaintiffs in this case have waited to act until now, nearly four years after the Fresco Litigation was filed, and long after the settling parties in Fresco retained a mediator, labored nearly a year in negotiating an appropriate settlement, and filed their proposed settlement agreement.  The filing of this complaint only in the wake of a long-negotiated nationwide class settlement epitomizes an improper use of the courts and an inefficient method of adjudicating claims.  Plaintiffs' proper course of action is to object to the settlement in the Fresco Litigation (as they already have). This Court should dismiss this action in deference to Judge Martinez and the first-filed court, the Southern District of Florida.

III.    IN THE ALTERNATIVE, THIS COURT SHOULD STAY THIS ACTION BECAUSE THE FIRST-FILED COURT SHOULD BE PERMITTED TO DECIDE WHETHER TO EXERCISE JURISDICTION OVER THESE PLAINTIFFS

In lieu of dismissal, a court may stay an action to allow the first-filed court to decide similar issues presented in both cases.  Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 166 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  Accord:  Soverain Software LLC v. Amazon.com, Inc. 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) ("The district court has the inherent power to control its own docket, including the power to stay proceedings."); Echostar Techs. Corp. v. TiVo, Inc., No. 5:05-CV-81(DF), 2006 U.S. Dist. LEXIS 48431, at *3-4 (E.D. Tex. July 14, 2006)."[A] stay

10

pending the outcome of litigation in another court between the same parties, involving the same or controlling issues, is an appropriate means of avoiding unnecessary waste of judicial resources."  Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc., 341 F. Supp. 2d 639, 642 (N.D. Tex. 2004).  Indeed, "district courts have inherent power to stay or dismiss an action where the issues presented can be resolved in an earlier filed action pending in another federal district court."  Id.

If this Court decides not to dismiss this action, then a stay in this case is appropriate in the interests of judicial economy.  To preserve the resources of the Court and the parties, the Court should allow Judge Martinez to address the issues raised by the parties in both this case and the Fresco Litigation, and stay this matter pending the resolution of Fresco.

IV.     CONCLUSION

This Court should dismiss this case as to the Defendants joining this motion.  The proposed settlement in the first-filed Fresco Litigation encompasses every purported class member in this case and all of the claims asserted on behalf of the putative Texas class.  The decision to approve that proposed settlement rests first with the Southern District of Florida and Judge Martinez, not this Court.  As a result, this case should be dismissed to allow Judge Martinez the opportunity to decide the issues in the Fresco Litigation in due course.  In the alternative, this Court should stay this case pending Judge Martinez's decision on the proposed settlement.

| | |
|---|---|
| Of Counsel: | Respectfully submitted, |

|  |  |
|---|---|
|  |    /s/ George B. Butts |
| Jeffrey T. Cox | George B. Butts (03543500) |
| Ronald I. Raether, Jr. | DLA PIPER US LLP |
| Thomas R. Kraemer | 1221 South MoPac Expressway |
| FARUKI IRELAND & COX P.L.L. | Suite 400 |
| 500 Courthouse Plaza, S.W. | Austin, TX 78746 |
| 10 North Ludlow Street | Telephone: (512) 457-7068 |
| Dayton, OH 45402 | Telecopier: (512) 457-7001 |
| Telephone: (937) 227-3704 | E-Mail: george.butts@dlapiper.com |
| Telecopier: (937) 227-3717 |  |
| E-Mail: jcox@ficlaw.com | Attorneys for Reed Elsevier Inc. and Seisint, Inc. |
|  |    /s/ David J. Beck |
| W. Bradley Coffey | David J. Beck |
| State Bar No. 24026484 | State Bar No. 00000070 |
| Timothy Cleveland | BECK, REDDEN & SECREST, L.L.P. |
| State Bar No. 24055318 | One Houston Center |
| BECK, REDDEN & SECREST, L.L.P. | 1221 McKinney St., Suite 4500 |
| One Houston Center | Houston, Texas 77010-2010 |
| 1221 McKinney St., Suite 4500 | Telephone: (713) 951-3700 |
| Houston, TX 77010 | Facsimile: (713) 951-3720 |
| Telephone: (713) 951-3700 | Email: dbeck@brsfirm.com |
| Facsimile: (713) 951-3720 |  |
|  | Attorney-of-Record for Defendants |
| Raymond W. Bergan | ChoicePoint Inc., ChoicePoint Public Records |
| Laurie S. Fulton | Inc., and ChoicePoint Services Inc. |
| WILLIAMS & CONNOLLY LLP |  |
| 725 12th Street, NW |  |
| Washington, D.C. 20005 |  |
| Telephone: (202) 434-5000 |  |
| Telecopier: (202) 434-5029 |  |

Attorneys for Defendants
ChoicePoint Inc., ChoicePoint
Public Records Inc., and
ChoicePoint Services Inc.

## REQUEST FOR ORAL HEARING

Pursuant to Local Court Rule CV-7(g), Defendants request an oral hearing on this motion.

12

AU\4197036.1

## CERTIFICATE OF SERVICE

I certify that on the 5th day of March, 2007, I electronically filed the foregoing Amended Joint Motion of Defendants Reed Elsevier Inc., Seisint, Inc., Chex Systems, Inc. and ChoicePoint Entities to Dismiss First Amended Complaint or, Alternatively, to Stay Plaintiffs' Action, with Request for Oral Argument, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to CM/ECF participants, and I certify that I have mailed by United States Postal Service the document to the non-CM/ECF participants:

David J. Beck
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, Texas  77010 -2010

W. Bradley Coffey
Timothy Cleveland
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX  77010

Raymond W. Bergan
Laurie S. Fulton
WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, D.C.  20005

Attorneys for Defendants
ChoicePoint Inc., ChoicePoint
Public Records Inc., and
ChoicePoint Services Inc.

Gary L. Sasso
James Michael Walls
CARLTON FIELDS, P.A.
Corporate Center Three
at International Plaza
4221 West Boy Scout Blvd.
Tampa, FL 33607

Attorneys for Defendant
Chex Systems, Inc.

Juan C. Enjamio
HUNTON & WILLIAMS
1111 Brickell Avenue
Suite 2500
Miami, FL 33131

Attorneys for Defendant
Acxiom Corporation

        /s/ George B. Butts
George B. Butts

177907.7