IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SHARON TAYLOR, et al, | : | CAUSE NO. 2:07cv01 |
| Plaintiffs, | : | |
| | : | JUDGE T. JOHN WARD |
| v. | : | |
| ACXIOM CORPORATION, et al., | : | **AFFIDAVIT OF RONALD I. RAETHER, JR. IN SUPPORT OF JOINT MOTION OF DEFENDANTS REED ELSEVIER INC., SEISINT, INC. AND CHOICEPOINT ENTITIES TO DISMISS FIRST AMENDED COMPLAINT OR, ALTERNATIVELY, TO STAY THE PLAINTIFFS' ACTION, WITH <u>REQUEST FOR ORAL HEARING</u>** |
| Defendants. | : | |

STATE OF OHIO )
 ): SS
COUNTY OF MONTGOMERY )

 I, Ronald I. Raether, Jr., being first sworn upon oath, state as follows:

 1. I am making this affidavit based upon personal knowledge, and I am competent to testify to the matters stated below.

 2. I am an attorney licensed to practice law in the State of Ohio, and I am a partner in the law firm of Faruki Ireland & Cox P.L.L.

 3. I am counsel for Defendants Reed Elsevier Inc. ("Reed") and Seisint, Inc. in this case. I also am counsel for Reed in a case pending in the Southern District of Florida

**EXHIBIT A**

before Judge Jose Martinez, captioned <u>Fresco, et al. v. Automotive Directions, Inc., et al.</u>, Case No. 03-cv-61063-JEM (the "<u>Fresco</u> Litigation").

4. Beginning in April 2003, various individuals filed class action lawsuits throughout federal and state courts in Florida pursuant to the Driver's Privacy Protection Act ("DPPA"), a statutory scheme regulating the obtainment, use and disclosure of personal information in motor vehicle records. For example, on May 30, 2003, Plaintiff Joel Levine filed a case captioned <u>Levine v. Reed Elsevier Inc.</u>, Case No. 9:03-cv-80490-KLR, in the Southern District of Florida. A true and accurate copy of the <u>Levine</u> Complaint is attached to this Affidavit as Exhibit 1.

5. A comparison of the Complaint filed by the Plaintiffs in this action to the <u>Levine</u> Complaint shows that the Plaintiffs, in preparing their Complaint for this case, copied verbatim large portions of the <u>Levine</u> Complaint.

6. The <u>Fresco</u> Litigation is the result of a merger of the eleven class actions filed throughout Florida, including the <u>Levine</u> action. The plaintiffs in the <u>Fresco</u> Litigation filed a First Amended Complaint on August 11, 2003. A true and accurate copy of that First Amended Complaint is attached to this Affidavit as Exhibit 2.

7. In the <u>Fresco</u> Litigation, the plaintiffs claim that the defendants knowingly obtained, used and disclosed personal information from motor vehicle records in violation of the DPPA. The plaintiffs seek actual and statutory liquidated damages, injunctive relief, and attorneys' fees and costs.

8. On November 23, 2005, Judge Martinez ordered the parties to mediation. Counsel for plaintiffs and defendants worked extensively over the past year to settle the <u>Fresco</u> Litigation. We enlisted the assistance of nationally-renowned mediator Rodney A. Max.

9. The parties to the <u>Fresco</u> Litigation conducted approximately 20 in-person mediation sessions before Mr. Max during 2006. In addition, we held dozens of joint conference calls, as well as numerous calls between counsel for the parties and Mr. Max. Mr. Max alone spent over 400 hours mediating the proposed settlement of the <u>Fresco</u> Litigation. The parties themselves collectively invested several thousand hours of their time in preparing for and documenting the proposed settlement.

10. The proposed <u>Fresco</u> settlement consists of a comprehensive injunctive relief package regulating the manner in which the Settling Defendants handle DPPA data. The relief is in excess of that mandated by the DPPA. The comprehensive injunctive relief package requires the Settling Defendants to adopt the same business practices nationwide that, as a practical matter, cannot be broken out for each state. As a result, the injunctive relief will benefit every person in the class equally.

11. As part of the proposed settlement, on December 20, 2006, the plaintiffs filed a Second Amended Complaint, which asserts a nationwide class consisting of every person who has had personal information obtained, use or disclosed by one of the Settling Defendants since 1998. A true and accurate copy of the Second Amended Complaint is attached to this Affidavit as Exhibit 3.

12. The plaintiffs and the Settling Defendants are awaiting preliminary approval of the proposed settlement by Judge Martinez. If Judge Martinez preliminarily

approves the proposed settlement, then the Plaintiffs in this action will be class members of the Fresco Litigation.

_____
Ronald I. Raether, Jr.

Sworn to before me and subscribed in my presence by Ronald I. Raether, Jr., this 8th day of February, 2007.

_____
Notary Public

TERI E. SEABOLD, Notary Public
In and for the State of Ohio
My Commission Expires June 5, 2011

178100.2