AUG 11 2003

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-61063-Civ-Martinez/Dubé

RICHARD FRESCO, CARLOS BARRETT, JEFFREY HY,
MARY ANN COLLIER, ROY McGOLDRICK, and
ROBERT PINO,

                    Plaintiffs,

vs.

AUTOMOTIVE DIRECTIONS, INC., a Wisconsin
corporation; EXPERIAN INFORMATION SOLUTIONS,
INC., an Ohio corporation; R. L. POLK & CO., a Delaware
corporation; CHOICEPOINT PUBLIC RECORDS, INC., a
Georgia corporation; CHOICEPOINT, INC., a Georgia
corporation; CHOICEPOINT PRECISION MARKETING
INC., a Georgia corporation; KNOWX, LLC, a Georgia
limited liability company; SEISINT, INC., a Florida
corporation; REED ELSEVIER, INC., a Massachusetts
corporation; THE FIRST AMERICAN CORPORATION, a
California corporation; FIRST ADVANTAGE
CORPORATION, a Delaware corporation; AMERICAN
DRIVING RECORDS, INC., a California corporation;
ACXIOM CORPORATION, a Delaware corporation;
iFUNDS CORPORATION, a Delaware corporation; and
HIRECHECK, INC., a Florida corporation,

                    Defendants.
_____/

**CLASS ACTION COMPLAINT
JURY TRIAL DEMAND**

## PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT
## AND JURY TRIAL DEMAND

The Plaintiffs, RICHARD FRESCO, CARLOS BARRETT, JEFFREY HY, MARY ANN

COLLIER, ROY McGOLDRICK, and ROBERT PINO, individually and on behalf of all others

similarly situated ("Plaintiffs" and the "Class Members") file this First Amended Class Action

Complaint and Jury Trial Demand against Defendants, AUTOMOTIVE DIRECTIONS, INC., a

Wisconsin corporation; EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio corporation;

R. L. POLK & CO., a Delaware corporation; CHOICEPOINT PUBLIC RECORDS, INC., a

Georgia corporation; CHOICEPOINT, INC., a Georgia corporation; CHOICEPOINT

Aronovitz Trial Lawyers    Museum Tower, Suite 2700, 150 West Flagler Street, Miami, Florida 33130    T 305.372.2772    F 305.375.0243



**EXHIBIT**
2

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

PRECISION MARKETING INC., a Georgia corporation; KNOWX, LLC, a Georgia limited liability company; SEISINT, INC., a Florida corporation; REED ELSEVIER, INC., a Massachusetts corporation; THE FIRST AMERICAN CORPORATION, a California corporation; FIRST ADVANTAGE CORPORATION, a Delaware corporation; AMERICAN DRIVING RECORDS, INC., a California corporation; ACXIOM CORPORATION, a Delaware corporation, eFUNDS CORPORATION, a Delaware corporation; and HIRECHECK, INC., a Florida corporation, and allege as follows:

## THE PARTIES, JURISDICTION AND VENUE

### Parties

1.     Plaintiffs, RICHARD FRESCO, JEFFREY HY, MARY ANN COLLIER, ROY McGOLDRICK, and ROBERT PINO, are residents of Broward County, Florida, who have at all times material to this action owned motor vehicles registered with the Department of Highway Safety and Motor Vehicles, State of Florida ("DHSMV"), and have held Florida driver's licenses issued by DHSMV.

2.     Plaintiff, CARLOS BARRETT, is a resident of Miami-Dade County, Florida, who has at all times material to this action owned a motor vehicle registered with the DHSMV and has held a Florida driver's license issued by DHSMV.

3.     Defendant, AUTOMOTIVE DIRECTIONS, INC. ("AUTOMOTIVE DIRECTIONS"), is a Wisconsin corporation, with its principal place of business in Madison, Wisconsin, and which, at all times material to this action, has been doing business in this District and throughout the State of Florida.

2

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Clv-Martinez/Dubé*

4.      Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN"), is an Ohio corporation with its principal place of business in Costa Mesa, California and which, at all times material to this action, has been authorized to do business in, and has been doing business in, this District and throughout the State of Florida.

5.      Defendant, R. L. POLK & CO. ("POLK"), is a Delaware corporation with its principal place of business in Southfield, Michigan, and which, at all times material to this action, has been authorized to do business in, and has been business in, this District and throughout the State of Florida.

6.      Defendant, CHOICEPOINT PUBLIC RECORDS, INC. ("CHOICEPOINT PUBLIC RECORDS"), is a Georgia corporation with its principal place of business in Alpharetta, Georgia, and which, at all times material to this action, has been authorized to do business in, and has been doing business in, this District and throughout the State of Florida.

7.      Defendant, CHOICEPOINT, INC. ("CHOICEPOINT"), is a Georgia corporation with its principal place of business in Alpharetta, Georgia, and which, at all times material to this action, has been authorized to do business in, and has been doing business in, this District and throughout the State of Florida.

8.      Defendant, CHOICEPOINT PRECISION MARKETING INC. ("CHOICEPOINT MARKETING"), is a Georgia corporation with its principal place of business in Alpharetta, Georgia, and which, at all times material to this action, has been authorized to do business in, and has been doing business in, this District and throughout the State of Florida.

9.      Defendant, KNOWX, LLC ("KNOWX"), is a Georgia limited liability company with its principal place of business in Alpharetta, Georgia, and which, at all times material to this

3

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

action, has been authorized to do business in, and has been doing business in, this District and throughout the State of Florida.

10.    Defendant, SEISINT, INC. ("SEISINT"), is a Florida corporation with its principal place of business in Boca Raton, Florida, and which, at all times material to this action, has been doing business in this District and throughout the State of Florida.

11.    Defendant, REED ELSEVIER, INC. ("ELSEVIER"), is a Massachusetts corporation with its principal place of business in Newton, Massachusetts, and which, at all times material to this action, has been doing business in this District and throughout the State of Florida.

12.    Defendant, THE FIRST AMERICAN CORPORATION ("FIRST AMERICAN"), is a California corporation with its principal place of business in Santa Anna, California, and which, at all times material to this action, has been doing business in this District and throughout the State of Florida.

13.    Defendant, FIRST ADVANTAGE CORPORATION ("FIRST ADVANTAGE"), is a Delaware corporation with its principal place of business in St. Petersburg, Florida, and which, at all times material to this action, has been doing business in this District and throughout the State of Florida.

14.    Defendant, AMERICAN DRIVING RECORDS, INC. ("AMERICAN DRIVING RECORDS"), is a California corporation with its principal place of business in Rancho Cordova, California, and which, at all times material to this action, has been doing business in this District and throughout the State of Florida.

4

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

15.    Defendant, ACXIOM CORPORATION ("ACXIOM"), is a Delaware corporation with its principal place of business in Little Rock, Arkansas, and which, at all times material to this action, has been doing business in this District and throughout the State of Florida.

16.    Defendant, eFUNDS CORPORATION ("eFUNDS"), is a Delaware corporation with its principal place of business in Scottsdale, Arizona, and which, at all times material to this action, has been doing business in this District and throughout the State of Florida.

17.    Defendant, HIRECHECK, INC. ("HIRECHECK"), is a Florida corporation with its principal place of business in St. Petersburg, Florida, and which, at all times material to this action, has been doing business in this District and throughout the State of Florida.

### Jurisdiction

18.    This Court has jurisdiction of this matter pursuant to the provisions of the federal Driver's Privacy Protection Act, 18 U.S.C. §§ 2721-2725 ("DPPA"), and 28 U.S.C. § 1331.

19.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because: (i) the Defendants' conduct giving rise to the claim that is the subject of this action occurred throughout the State of Florida including the Southern District of Florida; (ii) each Defendant transacts business, committed an illegal or tortious act in, maintains agents or representatives in, or is otherwise found, in this District; and (iii) millions of licensed drivers and owners of registered motor vehicles residing in this District have suffered and will continue to suffer the same harm and damages as the named Plaintiffs as a result of Defendants' wrongful conduct in violation of the DPPA.

5

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

## Allegations Regarding the Class Representative Plaintiffs

20.     The Plaintiffs each has "personal information" or "highly restricted personal information" in "motor vehicle records" maintained by DHSMV, within the meaning of 18 U.S.C. § 2725.

21.     From June 1, 2000 to the present, Defendants have knowingly obtained, disclosed, or used Plaintiffs' and the Class Members' personal information and highly restricted personal information from DHSMV motor vehicle records for purposes not permitted by the DPPA.

22.     None of the Plaintiffs has given his or her express consent to DHSMV, or his or her written consent to any of the Defendant, to obtain, use, or disclose any personal information or highly restricted personal information from their driver's license or motor vehicle records.

23.     Pursuant to 18 U.S.C. § 2724, Defendants are liable to Plaintiffs for actual damages, but not less than liquidated damages in the amount of $2,500.00.

## Class Representation Allegations

24.     This suit is properly maintained as a class action under Federal Rule of Civil Procedure 23. From June 1, 2000 through and including the present date, each Defendant knowingly obtained, used, or disclosed personal information, and/or highly restricted personal information, of Plaintiffs and the Class Members for purposes not permitted by the DPPA. Upon information and belief, millions of individuals who have driver's licenses issued by the DHSMV and/or who have motor vehicles registered with the DHSMV have been subjected to the unlawful practices of the Defendants in violation of the DPPA.

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

25.    The Class consists of:

All persons whose personal information as contained in motor vehicle records maintained by DHSMV, has been obtained, disclosed, or used by the Defendants for purposes not permitted by the DPPA without the express consent of the person to whom such information pertains, including the Plaintiffs and all others similarly situated, between June 1, 2000 and the present, and/or whose highly restricted personal information, as contained in motor vehicle records maintained by the DHSMV, has been obtained, disclosed, or used without the express consent of the person to whom such information applies, including the Plaintiffs and all others similarly situated, for purposes not permitted by the DPPA between October 23, 2000 and the present. Excluded from the class are all federal judges and members of their families within the third degree of consanguinity, and employees, officers, and directors of the Defendants.

The Plaintiffs reserve the right to subsequently redefine the Class in light of discovery.

26.    The number of Class Members exceeds several million, making separate joinder of each member extremely impracticable if not impossible.

27.    The claims of Plaintiffs raise questions of law or fact common to the questions of law or fact raised by the claims of each Class Member. The principal question is whether the Defendants' conduct in knowingly obtaining, disclosing, or using personal information or highly restricted personal information contained in motor vehicle records maintained by DHSMV was prohibited by, and therefore violated, the DPPA. The interests of the Plaintiffs are coextensive with the Class Members on the question of the Defendants' liability pursuant to 18 U.S.C. § 2724 concerning violations of the DPPA.

28.    Whether a Class Member's personal information or highly restricted personal information was knowingly obtained, disclosed, or used in violation of DPPA can be determined by ministerial inspection of the Defendants' records and the records of the DHSMV.

Aronovitz Trial Lawyers    Museum Tower, Suite 2700, 150 West Flagler Street, Miami, Florida 33130    T 305.372.2772    F 305.375.0243

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

29.    The claims of Plaintiffs are typical of the claims of each Class Member which arise from the same operative facts and are based upon the same legal grounds. The particular facts and circumstances that show that Plaintiffs' claims are typical of the claims of each Class Member are that between June 1, 2000 to the present, Plaintiffs' personal information, including highly restricted personal information, was contained in motor vehicle records maintained by DHSMV. Such information has been knowingly obtained, disclosed, or used by Defendants without the consent of Plaintiffs for purposes not permitted by the DPPA. Likewise, during the same time period, the DHSMV maintained motor vehicle records containing personal information and highly restricted personal information pertaining to each Class Member, and such information has likewise been knowingly obtained, disclosed, or used by Defendants without the consent of the Class Members for purposes not permitted by the DPPA. The requirement of typicality is satisfied because proof of the elements of Plaintiffs' claims will demonstrate the Defendants' liability to all Class Members.

30.    Plaintiffs will fairly and adequately protect the interests of the class. They are committed to vigorously pursuing this matter. Plaintiffs will fairly and adequately protect and represent the interests of each Class Member. Plaintiffs' interests are coextensive with the interests of the Class Members, with whom they share a common right of recovery based upon the same essential facts. Plaintiffs have retained attorneys competent and experienced in class action and complex civil litigation.

31.    Plaintiffs' claims are maintainable on behalf of the class under Fed. R. Civ. P. 23(b)(3) because questions of law or fact common to the Plaintiffs' claim and the claim of each Class Member predominate over any question of law or fact affecting individual Class Members,

8

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

and class representation is superior to other available methods for the fair and efficient adjudication of the controversy. The assertion of separate individual claims is impractical and cost prohibitive not only for the individual claimant, but for the Defendants and the court system itself. The interest of Class Members in individually controlling the prosecution of separate claims against Defendants is small because the minimum amount of statutory damages in an individual action is $2,500.00, and it is unlikely that any Class Member's actual damages will exceed the statutory amount. In addition, this matter can also proceed as a class action pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants' actions in violation of the DPPA generally affect all members of the class in the same way, to-wit, such actions invade the Class Members' privacy rights, expose them to potential criminal conduct in the form of identity theft, stalking, and other crimes, and subject them to being inundated with unwanted "junk mail." Thus, injunctive relief for the Class as a whole is an appropriate remedy to prevent further harm and may be granted pursuant to 18 U.S.C. § 2724(b)(4). Maintaining this action as a class action in this forum is desirable as it will permit the claims of the Plaintiffs and the Class Members to be adjudicated efficiently, based upon a common right of recovery arising from the same set of facts. Management of this class action is likely to present significantly fewer difficulties than those presented in other class actions.

## COUNT I

### (CLAIM AGAINST AUTOMOTIVE DIRECTIONS, INC.)

32.     The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

9

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

33.    AUTOMOTIVE DIRECTIONS is a technology development and marketing research firm with products and services designed to help automotive retailers target consumers in order to find, sell and keep customers.  AUTOMOTIVE DIRECTIONS knowingly obtained, disclosed, or used "personal information" as defined in 18 U.S.C. § 2725(3), and "highly restricted personal information" as defined in 18 U.S.C. § 2725(4), from motor vehicle records maintained by DHSMV.

34.    From June 1, 2000 to the present, AUTOMOTIVE DIRECTIONS has regularly, and knowingly, obtained Plaintiffs' and Class Members' personal information, and highly restricted personal information, contained in motor vehicle records maintained by the DHSMV for the purposes of resale and/or re-disclosure to AUTOMOTIVE DIRECTIONS' customers, and/or re-disclosure to AUTOMOTIVE DIRECTIONS' affiliates and strategic partners.  During that same time period, AUTOMOTIVE DIRECTIONS and/or its affiliates and strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

35.    The acts and practices of AUTOMOTIVE DIRECTIONS violate the DPPA in one or both of the following ways:

(a)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and

10

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

(b)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations, without the express consent of the persons to whom the information pertains.

36.    AUTOMOTIVE DIRECTIONS has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records maintained by DHSMV for purposes not permitted by the DPPA from June 1, 2000 to the present. Pursuant to 18 U.S.C. § 2724, AUTOMOTIVE DIRECTIONS is liable to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, but not less than liquidated damages in the amount of $2,500.00, per individual, per occurrence, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

37.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendant, AUTOMOTIVE DIRECTIONS, INC. for damages, including reasonable attorneys' fees and all other litigation costs reasonably incurred.

Aronovitz Trial Lawyers    Museum Tower, Suite 2700, 150 West Flagler Street, Miami, Florida 33130    T 305.372.2772    F 305.375.0243

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

## COUNT II

### (CLAIM AGAINST EXPERIAN INFORMATION SOLUTIONS, INC.)

38.    The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

39.    EXPERIAN is an information service provider that helps its clients target, acquire, manage, and develop customer relationships by combining its support and outsourcing services with information on consumers, businesses, motor vehicles and property.  EXPERIAN has a national vehicle database that contains information of more than 335 million vehicles. EXPERIAN provides its customers with an online tool to enable them to create and approve direct mail marketing piece content for direct mail campaigns.  EXPERIAN provides address information for more than 20 billion promotional mail pieces to more than 100 million households per year.  EXPERIAN knowingly obtained, disclosed, or used "personal information" as defined in 18 U.S.C. § 2725(3), and "highly restricted personal information" as defined in 18 U.S.C. § 2725(4), from motor vehicle records maintained by DHSMV.

40.    From June 1, 2000 to the present, EXPERIAN has regularly, and knowingly, obtained Plaintiffs' and Class Members' personal information and highly restricted personal information, contained in motor vehicle records maintained by the DHSMV for the purposes of resale and/or re-disclosure to EXPERIAN's customers, affiliates and strategic partners. During that same time period, EXPERIAN and/or its affiliates and strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

Aronovitz Trial Lawyers    Museum Tower, Suite 2700, 150 West Flagler Street, Miami, Florida 33130    T 305.372.2772    F 305.375.0243

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

41.    The acts and practices of EXPERIAN violate the DPPA in one or both of the following ways:

> (a)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and

> (b)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations, without the express consent of the persons to whom the information pertains.

42.    EXPERIAN has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records maintained by DHSMV for purposes not permitted by the DPPA from June 1, 2000 to the present.  Pursuant to 18 U.S.C. § 2724, EXPERIAN is liable to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, but not less than liquidated damages in the amount of $2,500.00, per individual, per occurrence, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

13

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

43.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. for damages, including reasonable attorneys' fees and all other litigation costs reasonably incurred.

## COUNT III

### (CLAIM AGAINST R. L. POLK & CO.)

44.    The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

45.    POLK collects and interprets automotive market data to help its clients target customers. POLK compiles data from motor vehicle departments in the United States, including Florida, and analyzes registration statistics in order to advise its clients regarding market share in their targeted areas, as well as demand forecasts for vehicles, services, parts, and components. POLK also sells names, addresses, and other personal information to businesses engaged in direct mail marketing, telephone solicitations and other forms of mass marketing and advertising. POLK knowingly obtained, disclosed, or used "personal information" as defined in 18 U.S.C. § 2725(3), and "highly restricted personal information" as defined in 18 U.S.C. § 2725(4), from motor vehicle records maintained by DHSMV.

14

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

46.     From June 1, 2000 to the present, POLK has regularly, and knowingly, obtained Plaintiffs' and Class Members' personal information and highly restricted personal information, contained in motor vehicle records maintained by the DHSMV for the purposes of resale and/or re-disclosure to POLK's customers, affiliates and strategic partners. During that same time period, POLK and/or its affiliates and strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

47.     The acts and practices of POLK violate the DPPA in one or both of the following ways:

(a)     by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and

(b)     by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations, without the express consent of the persons to whom the information pertains.

48.     POLK has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records maintained by DHSMV for purposes not permitted by the DPPA from June 1, 2000 to the present.  Pursuant to 18 U.S.C. § 2724, POLK is liable to

15

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, but not less than liquidated damages in the amount of $2,500.00, per individual, per occurrence, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

49.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendant, R.L. POLK & CO. for damages, including reasonable attorneys' fees and all other litigation costs reasonably incurred.

## COUNT IV

## (CLAIM AGAINST CHOICEPOINT PUBLIC RECORDS, INC.)

50.    The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

51.    CHOICEPOINT PUBLIC RECORDS advertises itself as a leading provider of organized online public records data and decision-making intelligence to businesses and government agencies.    Through products like AutoTrackXP, and AutoTrack Investigator, CHOICEPOINT PUBLIC RECORDS offers its customers Internet access to more than 14 billion current and historical records on individuals and businesses, including driver's license and vehicle registration data from all fifty states, including Florida.    CHOICEPOINT PUBLIC RECORDS knowingly obtained, disclosed, or used "personal information" as defined in 18

16

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

U.S.C. § 2725(3), and "highly restricted personal information" as defined in 18 U.S.C. § 2725(4), from motor vehicle records maintained by DHSMV.

52.     From June 1, 2000 to the present, CHOICEPOINT PUBLIC RECORDS has regularly, and knowingly, obtained Plaintiffs' and Class Members' personal information, and highly restricted personal information, contained in motor vehicle records maintained by the DHSMV for the purposes of resale and/or re-disclosure to CHOICEPOINT PUBLIC RECORDS' customers, affiliates and strategic partners. During that same time period, CHOICEPOINT PUBLIC RECORDS and/or its affiliates and strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

53.     The acts and practices of CHOICEPOINT PUBLIC RECORDS violate the DPPA in one or both of the following ways:

(a)     by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and

(b)     by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations, without the express consent of the persons to whom the information pertains.

17

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

54.    CHOICEPOINT PUBLIC RECORDS has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records maintained by DHSMV for purposes not permitted by the DPPA from June 1, 2000 to the present.  Pursuant to 18 U.S.C. § 2724, CHOICEPOINT PUBLIC RECORDS is liable to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, but not less than liquidated damages in the amount of $2,500.00, per individual, per occurrence, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

55.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendant, CHOICEPOINT PUBLIC RECORDS, INC. for damages, including reasonable attorneys' fees and all other litigation costs reasonably incurred.

<u>COUNT V</u>

**(CLAIM AGAINST CHOICEPOINT, INC.)**

56.    The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

18

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

57.    CHOICEPOINT advertises itself as a leading provider of organized online public records data and decision-making intelligence to businesses and government agencies. According to CHOICEPOINT, it possesses one of the country's largest repositories of public records. Through the use of CHOICEPOINT'S data warehouse, which contains billions of current and historical records, CHOICEPOINT'S customers have access to more than 14 billion records on individuals and businesses, including driver's license and vehicle registration data from Florida and all other states. CHOICEPOINT knowingly obtained, disclosed, or used "personal information" as defined in 18 U.S.C. § 2725(3), and "highly restricted personal information" as defined in 18 U.S.C. § 2725(4), from motor vehicle records maintained by DHSMV.

58.    From June 1, 2000 to the present, CHOICEPOINT has regularly, and knowingly, obtained, either directly, or through a wholly owned subsidiary, Plaintiffs' and Class Members' personal information, and highly restricted personal information, contained in motor vehicle records maintained by the DHSMV for the purposes of resale and/or re-disclosure to CHOICEPOINT's customers, affiliates and strategic partners. During that same time period, CHOICEPOINT and/or its affiliates and strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

59.    The acts and practices of CHOICEPOINT violate the DPPA in one or both of the following ways:

    (a)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent

19

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

of the persons to whom the information pertains for purposes not permitted by the DPPA; and

(b)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations, without the express consent of the persons to whom the information pertains.

60.    CHOICEPOINT has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records maintained by DHSMV for purposes not permitted by the DPPA from June 1, 2000 to the present.  Pursuant to 18 U.S.C. § 2724, CHOICEPOINT is liable to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, but not less than liquidated damages in the amount of $2,500.00, per individual, per occurrence, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

61.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against the Defendant, CHOICEPOINT INC. for damages, including reasonable attorneys' fees and all other litigation costs reasonably incurred.

20

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

## COUNT VI

### (CLAIM AGAINST CHOICEPOINT PRECISION MARKETING, INC.)

62.    The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

63.    CHOICEPOINT MARKETING provides data and campaign management services, direct marketing fulfillment services and all aspects of mass mail marketing creation and delivery for business clients.    Through its product, "MarketView," CHOICEPOINT MARKETING offers comprehensive sources of consumer information, and access to demographic databases, vehicle data and other public record information.    This consumer database contains information on 220 million consumers. Another product, "Explorer N.C." is a database technology platform for prospect marketing.    CHOICEPOINT MARKETING's "DirectLink" is a full-service browser-based system that provides clients new prospect data, direct mail printing and distribution and access to fully integrated campaigns.    These consumer databases and systems contain "personal information," as defined in 18 U.S.C. § 2725(3), and "highly restricted personal information" as defined in 18 U.S.C. § 2725(4), from motor vehicle records maintained by state departments of motor vehicles, including DHSMV.

64.    From June 1, 2000 to the present, CHOICEPOINT MARKETING has regularly, and knowingly, obtained, either directly, or through an affiliated entity or strategic partner, Plaintiffs' and Class Members' personal information, and highly restricted personal information, contained in motor vehicle records maintained by the DHSMV for the purposes of resale and/or re-disclosure to CHOICEPOINT MARKETING 's customers, affiliates and strategic partners. During that same time period, CHOICEPOINT MARKETING and/or its affiliates and strategic

21

*Fresco, et al vs. Automotive Directions, et al.*
<u>*Case No. 03-61063-Civ-Martinez/Dubé*</u>

partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

65.    The acts and practices of CHOICEPOINT MARKETING violate the DPPA in one or both of the following ways:

(a)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and

(b)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations, without the express consent of the persons to whom the information pertains.

66.    CHOICEPOINT MARKETING has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records maintained by DHSMV for purposes not permitted by the DPPA from June 1, 2000 to the present. Pursuant to 18 U.S.C. § 2724, CHOICEPOINT MARKETING is liable to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, but not less than

22

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

liquidated damages in the amount of $2,500.00, per individual, per occurrence, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

67.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendant, CHOICEPOINT PRECISION MARKETING, INC. for damages, including reasonable attorneys' fees and all other litigation costs reasonably incurred.

## COUNT VII

### (CLAIM AGAINST KNOWX LLC)

68.    The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

69.    KNOWX, a wholly owned subsidiary of CHOICEPOINT, provides Internet access to national public records.  Its goal is to make public record information accessible to all Web users, from the professional researcher to the novice user.  Through products such as its "360 Report," KNOWX, among other information, provides customers with motor vehicle records and driver's license information, cross-referenced to show drivers at a particular address. These consumer databases and reports contain "personal information," as defined in 18 U.S.C. § 2725(3), and "highly restricted personal information" as defined in 18 U.S.C. § 2725(4), from motor vehicle records maintained by state departments of motor vehicles, including DHSMV.

Aronovitz Trial Lawyers    Museum Tower, Suite 2700, 150 West Flagler Street, Miami, Florida 33130    T 305.372.2772    F 305.375.0243

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

70.    From June 1, 2000 to the present, KNOWX has regularly, and knowingly, obtained, either directly, or through an affiliated entity or strategic partner, Plaintiffs' and Class Members' personal information, and highly restricted personal information, contained in motor vehicle records maintained by the DHSMV for the purposes of resale and/or re-disclosure to KNOWX's customers, affiliates and strategic partners. During that same time period, KNOWX and/or its affiliates and strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

71.    The acts and practices of KNOWX violate the DPPA in one or both of the following ways:

(a)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and

(b)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations, without the express consent of the persons to whom the information pertains.

72.    KNOWX has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to the Plaintiffs and the Class Members from motor vehicle records maintained by DHSMV for purposes not

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

permitted by the DPPA from June 1, 2000 to the present. Pursuant to 18 U.S.C. § 2724, KNOWX is liable to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, but not less than liquidated damages in the amount of $2,500.00, per individual, per occurrence, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

73.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendant, KNOWX, LLC for damages, including reasonable attorneys' fees and all other litigation costs reasonably incurred.

## COUNT VIII

## (CLAIM AGAINST SEISINT, INC.)

74.    The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

75.    SEISINT claims to maintain a multi-billion record repository of information on U.S. individuals and businesses. SEISINT's products include "Accurint," which it advertises as a family of information products sold commercially to organizations with legitimate business uses throughout the United States.    According to SEISINT, Accurint has the most in-depth information on U.S. individuals and businesses, and its data are deeper and more comprehensive

25

*Fresco, et al vs. Automotive Directions, et al.*
<u>*Case No. 03-61063-Civ-Martinez/Dubé*</u>

than other commercially available database systems presently on the market. SEISINT obtains and uses tens of billions of data records on individuals and businesses throughout the United States, including personal information pertaining to the Plaintiffs and the Plaintiff Class from the DHSMV. SEISINT knowingly obtained, disclosed, or used "personal information" as defined in 18 U.S.C. § 2725(3), and "highly restricted personal information" as defined in 18 U.S.C. § 2725(4), from motor vehicle records maintained by DHSMV.

76.     From June 1, 2000 to the present, SEISINT has regularly, and knowingly, obtained Plaintiffs' and Class Members' personal information, and highly restricted personal information, contained in motor vehicle records maintained by the DHSMV for the purposes of resale and/or re-disclosure to SEISINT's customers, affiliates and strategic partners. During that same time period, SEISINT and/or its affiliates and strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

77.     The acts and practices of SEISINT violate the DPPA in one or both of the following ways:

   (a) by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and,

   (b) by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations,

Aronovitz Trial Lawyers Museum Tower, Suite 2700, 150 West Flagler Street, Miami, Florida 33130 T 305.372.2772 F 305.375.0243

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

without the express consent of the persons to whom the
information pertains.

78.   SEISINT has violated the DPPA by knowingly obtaining, disclosing, or using
personal information and highly restricted personal information pertaining to Plaintiffs and the
Class Members from motor vehicle records maintained by DHSMV for purposes not permitted
by the DPPA from June 1, 2000 to the present.  Pursuant to 18 U.S.C. § 2724, SEISINT is liable
to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal
information and highly restricted personal information for impermissible purposes for their
actual damages, but not less than liquidated damages in the amount of $2,500.00, per individual,
per occurrence, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

79.   Plaintiffs have been required to engage the services of the undersigned attorneys
to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and
all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this
Honorable Court to enter judgment against Defendant, SEISINT INC. for damages, including
reasonable attorneys' fees and all other litigation costs reasonably incurred.

## COUNT IX

## (CLAIM AGAINST REED ELSEVIER, INC.)

80.   The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if
same were fully set forth herein.

81.   ELSEVIER, through its tradename and trademark Lexis/Nexis, provides its
customers with a variety of data from public records, and other sources, including personal

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

information, and highly restricted personal information from the DHSMV.   ELSEVIER

advertises that its "LexisNexis Document Solutions" can perform many types of motor vehicle

searches and retrievals, including ownership history, registration history, and title search.

ELSEVIER acknowledges that it traffics in "personally identifiable information contained in

public records," which it defines as "those records created and maintained by government

agencies and are open for public inspection," giving as an example of same, "motor-vehicle

registrations."   ELSEVIER states that its "data privacy policy" takes into account its legal

position that "individuals cannot opt-out of public records unless authorized by law or court

order (and that) LexisNexis does not offer consumers the opportunity to opt-out of public records

offered through LexisNexis online services because doing so would significantly impair the

utility of those databases for legal and business transactions."   ELSEVIER markets its personally

identifiable information taken from public records, including DHSMV, to direct marketing

companies who use the information for advertising and marketing purposes, including bulk mail

and solicitations.

82.    ELSEVIER knowingly obtained, disclosed, or used "personal information" as

defined in 18 U.S.C. § 2725(3), and "highly restricted personal information" as defined in 18

U.S.C. § 2725(4), from motor vehicle records maintained by DHSMV.

83.    From June 1, 2000 to the present, ELSEVIER has regularly, and knowingly,

obtained Plaintiffs' and Class Members' personal information, and highly restricted personal

information, contained in motor vehicle records maintained by the DHSMV for the purposes of

resale and/or re-disclosure to ELSEVIER's customers, affiliates and strategic partners. During

that same time period, ELSEVIER and/or its affiliates and strategic partners have repeatedly sold

*Fresco, et al vs. Automotive Directions, et al.*
<u>*Case No. 03-61063-Civ-Martinez/Dubé*</u>

said information to customers, many of whom have utilized the information for marketing purposes.

84.     The acts and practices of ELSEVIER violate the DPPA in one or both of the following ways:

    (a)     by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and,

    (b)     by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations, without the express consent of the persons to whom the information pertains.

85.     ELSEVIER has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records maintained by DHSMV for purposes not permitted by the DPPA from June 1, 2000 to the present. Pursuant to 18 U.S.C. § 2724, ELSEVIER is liable to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, but not less than liquidated damages in the amount of $2,500.00, per

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

individual, per occurrence, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

86.  Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendant, REED ELSEVIER INC., for damages, including reasonable attorneys' fees and all other litigation costs reasonably incurred.

## COUNT X

### (CLAIM AGAINST THE FIRST AMERICAN CORPORATION)

87.  The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

88.  FIRST AMERICAN claims to be the nation's leading provider of business information.  In the late 1990's, FIRST AMERICAN initiated a diversification strategy that called for the combination of its data management and analysis expertise with businesses that were counter-cyclical to its long-standing real estate related products and services. To implement this strategy, FIRST AMERICAN made a series of acquisitions to position itself to provide customers with expanded information services, including employee background screening, and other services.   Through what became its "First American Corporation Screening Technology (FAST) Division," FIRST AMERICAN began providing its customers with a variety of individual locator and risk management services, including instant ordering and prompt delivery of results from public records databases via an online, web-based system.  Among other services,

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

FIRST AMERCAN began providing customers with automated access to driving records in all 50 states and the District of Columbia. In the second quarter of 2001, in an effort to improve the profitability of the subsidiary companies then comprising the FAST division, FIRST AMERICAN reorganized the division's management structure by dedicating a single management group to the oversight of all operations, thus positioning FIRST AMERICAN to pursue cross-selling opportunities, take advantage of mutual supplier relationships and leverage technological developments and resources across the entire FAST division. In June 2003, the companies which had comprised the FAST division became subsidiaries of FIRST ADVANTAGE CORPORATION, pursuant to a merger agreement. FIRST AMERICAN continues to aggressively market its information products to the auto industry, providing data services and what it describes as "breakthrough innovations seeking to achieve dominance in this vast market."

89.    From approximately the second quarter of 2001 to the present, FIRST AMERICAN has regularly, and knowingly, obtained Plaintiffs' and Class Members' personal information, and highly restricted personal information, contained in motor vehicle records maintained by the DHSMV for the purposes of resale and/or re-disclosure to FIRST AMERICAN's customers, affiliates and strategic partners. During that same time period, FIRST AMERICAN and/or its affiliates and strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

90.    The acts and practices of FIRST AMERICAN violate the DPPA in one or both of the following ways:

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

    (a)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and,

    (b)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations, without the express consent of the persons to whom the information pertains.

91.    FIRST AMERICAN has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records maintained by DHSMV for purposes not permitted by the DPPA from June 1, 2000 to the present. Pursuant to 18 U.S.C. § 2724, FIRST AMERICAN is liable to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, but not less than liquidated damages in the amount of $2,500.00, per individual, per occurrence, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

92.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

Aronovitz Trial Lawyers    Museum Tower, Suite 2700, 150 West Flagler Street, Miami, Florida 33130    T 305.372.2772    F 305.375.0243

Case 0:03-cv-61063-JEM    Document 45    Entered on FLSD Docket 08/12/2003    Page 33 of 49

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendant, FIRST AMERICAN CORPORATION for damages, including reasonable attorneys' fees and all other litigation costs reasonably incurred.

## COUNT XI

### (CLAIM AGAINST FIRST ADVANTAGE CORPORATION)

93.    The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

94.    FIRST ADVANTAGE provides its customers with a variety of individual locator and risk management services, including instant ordering and prompt delivery of results from public records databases via an online, web-based system.  Among other services, FIRST ADVANTAGE provides automated access to driving records in all 50 states and the District of Columbia. FIRST ADVANTAGE claims to have over 10,000 customers, including a substantial percentage of businesses comprising the Fortune 1000.

95.    FIRST ADVANTAGE knowingly obtained, disclosed, or used "personal information" as defined in 18 U.S.C. § 2725(3), and "highly restricted personal information" as defined in 18 U.S.C. § 2725(4), from motor vehicle records maintained by DHSMV.

96.    From June 1, 2000 to the present, FIRST ADVANTAGE has regularly, and knowingly, obtained Plaintiffs' and Class Members' personal information, and highly restricted personal information, contained in motor vehicle records maintained by the DHSMV for the purposes of resale and/or re-disclosure to FIRST ADVANTAGE's customers, affiliates and strategic partners. During that same time period, FIRST ADVANTAGE and/or its affiliates and

33

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

97.     The acts and practices of FIRST ADVANTAGE violate the DPPA in one or both of the following ways:

(a)     by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and,

(b)     by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations, without the express consent of the persons to whom the information pertains.

98.     FIRST ADVANTAGE has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to the Plaintiffs and the Class Members from motor vehicle records maintained by DHSMV for purposes not permitted by the DPPA from June 1, 2000 to the present. Pursuant to 18 U.S.C. § 2724, FIRST ADVANTAGE is liable to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, but not less than liquidated

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

damages in the amount of $2,500.00, per individual, per occurrence, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

99.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendant, FIRST ADVANTAGE CORPORATION for damages, including reasonable attorneys' fees and all other litigation costs reasonably incurred.

## COUNT XII

### (CLAIM AGAINST AMERICAN DRIVING RECORDS, INC.)

100.    The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

101.    AMERICAN DRIVING RECORDS provides automated access to motor vehicle records in Florida and other states through its "Comprise" ordering software.

102.    AMERICAN DRIVING RECORDS knowingly obtained, disclosed, or used "personal information" as defined in 18 U.S.C. § 2725(3), and "highly restricted personal information" as defined in 18 U.S.C. § 2725(4), from motor vehicle records maintained by DHSMV.

103.    From June 1, 2000 to the present, AMERICAN DRIVING RECORDS has regularly, and knowingly, obtained Plaintiffs' and Class Members' personal information, and highly restricted personal information, contained in motor vehicle records maintained by the

35

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

DHSMV for the purposes of resale and/or re-disclosure to AMERICAN DRIVING RECORDS' customers, affiliates and strategic partners. During that same time period, AMERICAN DRIVING RECORDS and/or its affiliates and strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

104.    The acts and practices of AMERICAN DRIVING RECORDS violate the DPPA in one or both of the following ways:

(a)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and,

(b)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations, without the express consent of the persons to whom the information pertains.

105.    AMERICAN DRIVING RECORDS has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records maintained by DHSMV for purposes not permitted by the DPPA from June 1, 2000 to the present. Pursuant to 18 U.S.C. § 2724, AMERICAN DRIVING RECORDS is liable to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

restricted personal information for impermissible purposes for their actual damages, but not less than liquidated damages in the amount of $2,500.00, per individual, per occurrence, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

106.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendant, AMERICAN DRIVING RECORDS INC. for damages, including reasonable attorneys' fees and all other litigation costs reasonably incurred.

## COUNT XIII

### (CLAIM AGAINST ACXIOM CORPORATION)

107.    The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

108.    ACXIOM develops and maintains databases containing information about most individuals and households in the U.S., including public records such as historical and current driver's license information, and historical and current motor vehicle information. ACXIOM sells the information from its databases to business customers to use in their marketing and customer service programs.    ACXIOM assists its business clients maximize customer relationships by building a customer information infrastructure to support marketing and decision-making efforts.    ACXIOM claims to manage hundreds of large-scale prospect and

37

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

customer marketing database systems and operational data stores to support real-time, front-office customer and information management.

109.    ACXIOM knowingly obtained, disclosed, or used "personal information" as defined in 18 U.S.C. § 2725(3), and "highly restricted personal information" as defined in 18 U.S.C. § 2725(4), from motor vehicle records maintained by DHSMV.

110.    From June 1, 2000 to the present, ACXIOM has regularly, and knowingly, obtained Plaintiffs' and Class Members' personal information, and highly restricted personal information, contained in motor vehicle records maintained by the DHSMV for the purposes of resale and/or re-disclosure to ACXIOM's customers, affiliates and strategic partners. During that same time period, ACXIOM and/or its affiliates and strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

111.    The acts and practices of ACXIOM violate the DPPA in one or both of the following ways:

    (a)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and,

    (b)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations,

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

without the express consent of the persons to whom the information pertains.

112.    ACXIOM has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records maintained by DHSMV for purposes not permitted by the DPPA from June 1, 2000 to the present. Pursuant to 18 U.S.C. § 2724, ACXIOM is liable to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, but not less than liquidated damages in the amount of $2,500.00, per individual, per occurrence, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

113.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendant, ACXIOM CORPORATION for damages, including reasonable attorneys fees' and all other litigation costs reasonably incurred.

## COUNT XIV

### (CLAIM AGAINST eFUNDS CORPORATION)

114.    The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

115.    eFUNDS provides electronic transaction processing, ATM management, risk management and professional services to financial institutions, retailers, electronic funds transfer

39

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

networks, government agencies and others. eFunds also regularly discloses and sells information culled from billions of public records and millions of households for marketing purposes, promotions, and marketing list "enrichment." Among the services eFunds markets from the compilations of information that it creates, maintains, and distributes from various sources, is "Decision Support." According to eFunds, "Decision Support" products provide retailers, financial services companies, financial institutions and other companies with ways to improve customer acquisition and retention and can also offer new account representatives up to nine targeted ways to cross-sell other products. "Decision Support" provides users access to "DebitBureau," a national database of information on more than 3 billion consumers. The database includes data on demographics, lifestyle, credit bureau information, drivers' licenses and proprietary insurance and financial attributes. The information in "DebitBureau" is conveniently linked together for targeted direct mail efforts, customer database appends, niche market discovery, telemarketing screening and potential alliance partner identification. The records eFunds compiles to create their "Decision Support" described above include personal information, and highly restricted personal information, eFunds obtains from motor vehicles records maintained by the DHSMV. Further, eFunds has obtained such personal information for years through public records requests to DHSMV and, in turn, disclosed such information and made it available for marketing purposes or eFunds has obtained such personal information, and highly restricted personal information, for other purposes not permitted under the DPPA.

116.    eFUNDS knowingly obtained, disclosed, or used "personal information" as defined in 18 U.S.C. § 2725(3), and "highly restricted personal information" as defined in 18 U.S.C. § 2725(4), from motor vehicle records maintained by DHSMV.

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

117.   From June 1, 2000 to the present, eFUNDS has regularly, and knowingly, obtained Plaintiffs' and Class Members' personal information, and highly restricted personal information, contained in motor vehicle records maintained by the DHSMV for the purposes of resale and/or re-disclosure to eFUNDS' customers, affiliates and strategic partners. During that same time period, eFUNDS and/or its affiliates and strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

118.   The acts and practices of eFUNDS violate the DPPA in one or both of the following ways:

(a)   by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and,

(b)   by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations, without the express consent of the persons to whom the information pertains.

119.   eFUNDS has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records maintained by DHSMV for purposes not permitted by the DPPA from June 1, 2000 to the present. Pursuant to 18 U.S.C. § 2724, eFUNDS is liable

Aronovitz Trial Lawyers     Museum Tower, Suite 2700, 150 West Flagler Street, Miami, Florida 33130     T 305.372.2772     F 305.375.0243

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, but not less than liquidated damages in the amount of $2,500.00, per individual, per occurrence, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

120.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendant, eFUNDS CORPORATION for damages, including reasonable attorneys fees' and all other litigation costs reasonably incurred.

## COUNT XV

### (CLAIM AGAINST HIRECHECK, INC.)

121.    The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

122.    HIRECHECK, a company of Defendant, FIRST ADVANTAGE, provides enterprise and consumer screening, certification and risk mitigation needs, incorporating state-of-the-art technology, proprietary systems and data resources.  HIRECHECK offers its customers a variety of comprehensive reports including motor vehicle reports containing information obtained from the DHSMV.

123.    HIRECHECK knowingly obtained, disclosed, or used "personal information" as defined in 18 U.S.C. § 2725(3), and "highly restricted personal information" as defined in 18 U.S.C. § 2725(4), from motor vehicle records maintained by DHSMV.

42

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

124. From June 1, 2000 to the present, HIRECHECK has regularly, and knowingly, obtained Plaintiffs' and Class Members' personal information, and highly restricted personal information, contained in motor vehicle records maintained by the DHSMV for the purposes of resale and/or re-disclosure to HIRECHECK's customers, affiliates and strategic partners. During that same time period, HIRECHECK and/or its affiliates and strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

125. The acts and practices of HIRECHECK violate the DPPA in one or both of the following ways:

(a) by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and,

(b) by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations, without the express consent of the persons to whom the information pertains.

126. HIRECHECK has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records maintained by DHSMV for purposes not

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

permitted by the DPPA from June 1, 2000 to the present.  Pursuant to 18 U.S.C. § 2724, HIRECHECK is liable to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, but not less than liquidated damages in the amount of $2,500.00, per individual, per occurrence, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

127.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendant, HIRECHECK, INC. for damages, including reasonable attorneys fees' and all other litigation costs reasonably incurred.

## COUNT XXVI

### (CLAIM AGAINST ALL DEFENDANTS FOR INJUNCTIVE RELIEF)

128.    Plaintiffs incorporate the allegations contained in paragraphs 1 through 31 above as if same were more fully set forth herein.

129.    The Defendants violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records maintained by DHSMV for impermissible purposes from June 1, 2000 to the present.

130.    As a result of the acts and practices of the Defendants in violation of the DPPA, the Plaintiffs' and Class Members' rights of privacy have been invaded, their personal

44

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

information and highly restricted personal information have been subjected to public scrutiny, they have been exposed to potential criminal conduct in the form of identity theft, stalking and other crimes, and they have been subjected to being inundated with unwanted "junk mail."

131.   Plaintiffs believe that the Defendants will continue their acts and practices in violation of the DPPA unless they are restrained by injunctive order of this Court. This Court is empowered by 18 U.S.C. § 2724(b)(4) to grant equitable relief as the Court determines to be appropriate, including, but not limited to, injunctive relief. Plaintiffs and the Class Members have no adequate remedy at law or otherwise for the harm and damage threatened to be done in the future by the Defendants unless they are enjoined and restrained from all further acts in violation of the DPPA.

132.   Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action. Pursuant to 18 U.S.C. § 2724, Defendants are liable to the Plaintiffs and all others similarly situated to pay them reasonable attorneys' fees and costs of this action.

WHEREFORE, in this count, Plaintiffs request that this Honorable Court enter final judgment permanently enjoining and restraining the Defendants from further violating the DPPA and to cease and desist from obtaining, disclosing or using personal information and highly restricted personal information from the motor vehicle records maintained by DHSMV for purposes not permitted under the DPPA, and for an award of reasonable attorneys' fees and all other litigation costs reasonably incurred.

Aronovitz Trial Lawyers     Museum Tower, Suite 2700, 150 West Flagler Street, Miami, Florida 33130     T 305.372.2772     F 305.375.0243

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

## JURY TRIAL DEMAND

Plaintiffs request a trial by jury against all Defendants on all issues so triable as a matter of right.

### CERTIFICATE OF SERVICE

*I HEREBY CERTIFY* that a true and correct copy of the foregoing was *mailed* this 11th day of August, 2003 to all attorneys listed on the attached Service List.

By: _____

TOD ARONQVITZ
Florida Bar No. 186430
BARBARA PEREZ
Florida Bar No. 989304
STEVEN JAFFE
Florida Bar No. 390770
**ARONOVITZ TRIAL LAWYERS**
Suite 2700 – Museum Tower
150 W. Flagler Street
Miami, Florida 33130
305-372-2772 Telephone
305-375-0243 Facsimile

JOHN A. YANCHUNIS
Florida Bar No. 324681
BRYAN M. ROTELLA
Florida Bar No. 644099
**JAMES HOYER NEWCOMER &**
**SMILJANICH, P.A.**
One Urban Center, Suite 550
4830 West Kennedy Boulevard
Tampa, Florida 33609
813-286-4100 Telephone
813-286-4174 Facsimile

*Fresco, et al vs. Automotive Directions, et al.*
<u>*Case No. 03-61063-Civ-Martinez/Dubé*</u>

MARK S. FISTOS
Florida Bar No. 0909191
**JAMES HOYER NEWCOMER
& SMILJANICH, P.A.**
3301 Thomasville Road, A200
Tallahassee, Florida 32308
850-325-2680 Telephone
850-325-2681 Facsimile

DAVID D. WELCH
Florida Bar No. 109537
**WELCH & FINKEL**
Suite 400 – Washington Mutual Bank Building
2401 E. Atlantic Boulevard
Pompano Beach, Florida 33062
954-943-2020 Telephone
954-782-1552 Facsimile

JOEL S. PERWIN
Florida Bar No. 316814
**PODHURST ORSECK, P.A.**
25 W. Flagler Street
City National Bank Building, Suite 800
Miami, Florida 33130
305-358-2800 Telephone
305-358-2382 Facsimile

PETER A. PORTLEY
Florida Bar No. 112563
**PORTLEY AND SULLIVAN**
Lighthouse Point Professional Building
2211 E. Sample Road, Suite 204
Lighthouse Point, Florida 33064
954-781-7600 Telephone
954-941-3469 Facsimile

LAWRENCE D. GOODMAN
Florida Bar No. 712647
**DEVINE GOODMAN PALLOT & WELLS, P.A.**
777 Brickell Avenue, Suite 850
Miami, Florida 33131
305-374-8200 Telephone
305-374-8208 Facsimile

47

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Dubé*

JAMES K. GREEN, ESQ.
Florida Bar No. 229466
**JAMES K. GREEN, P.A.**
Suit 1630, Esperante´
222 Lakeview Avenue
West Palm Beach, Florida 33401
561-659-2029 Telephone
561-655-1357 Facsimile

JACK SCAROLA
Florida Bar No. 169440)
DAVID J. SALES
Florida Bar No. 794732
**SEARCY DENNEY SCAROLA**
**BARNHART & SHIPLEY, P.A.**
2139 Palm Beach Lakes Boulevard
P. O. Drawer 3626
West Palm Beach, Florida 33402
800-780-8607 Toll free
561-686-6300 Telephone
561-478-0754 Facsimile

*ATTORNEYS FOR PLAINTIFFS*

## *SERVICE LIST OF ATTORNEYS FOR DEFENDANTS*

Re:   *Richard Fresco vs. Automotive Directions, Inc., et al.*
       *U.S. District Court Case No. 03-61063-Civ-Martinez/Dubé*

### *ATTORNEYS FOR DEFENDANTS:*

**LaFOLLETTE GODFREY & KAHN**
**Todd G. Smith, Esq.**
One East Main Street, Suite 500
P. O. Box 2719
Madison, WI 53701-2719
608-284-2653 Telephone
608-257-0609 Facsimile
**Attorneys for** *Automotive Directions, Inc.*

**HOLLAND & KNIGHT LLP**
**Thomas H. Loffredo, Esq.**
**Deanna K. Shullman, Esq.**
One East Broward Boulevard
Suit 1300
Fort Lauderdale, Florida 33302
954-525-1000 Telephone
954-463-2030 Facsimile
**Attorneys for** *Automotive Directions, Inc.*

**RESTANI, McALLISTER &**
**CASSETTY, P.A.**
**Peter R. Restani, Esq.**
2801 Ponce de Leon Boulevard – 9th Floor
Coral Gables, Florida 33134
305-445-4090 Telephone
305-445-7728 Facsimile
**Attorneys for** *Automotive Directions, Inc.*

**JONES DAY**
**Jerome R. Doak, Esq.**
**Amy Payne, Esq.**
2727 North Harwood Street
Dallas, TX 75201
214-220-3939 Telephone
214-969-5100 Facsimile
**Attorneys for** *Experian Information*
*Solutions*

**WICKER, SMITH, O'HARA, MCCOY,**
**GRAHAM & FORD, P.A.**
**Dennis M. O'Hara, Esq.**
**James E. Zloch, Esq.**
**Robert C. Bauroth, Esq.**
One E. Broward Boulevard, 5th Floor
Ft. Lauderdale, Florida 33302
954-467-6405 Telephone
954-760-9353 Facsimile
**Attorneys for** *Experian Information*
*Solutions, Inc.*

**BUTLER PAPPAS WEIHMULLER**
**KATZ CRAIG, LLP**
**Scott J. Frank, Esq.**
169 E. Flagler Street, Suite 1300
Miami, Florida 33131
305-416-9998 Telephone
305-416-6848 Facsimile
**Attorneys for** *R.L. Polk & Co.*