IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SHARON TAYLOR, et al., | Cause No. 2:07CV01 |
| Plaintiffs, | JUDGE T. JOHN WARD |
| v. | |
| ACXIOM CORPORATION, et al., | **JOINT RESPONSE OF DEFENDANTS REED ELSEVIER INC., SEISINT, INC. AND CHOICEPOINT ENTITIES IN OPPOSITION TO PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT OR ALTERNATIVELY MOTION FOR JUDGMENT ON THE PLEADINGS** |
| Defendants. | |

_____

Pursuant to Fed. R. Civ. P. 12(a)(4), established caselaw, and principles of judicial economy and efficiency, this Court should deny Plaintiffs' Motion for Default Judgment or Alternatively Motion for Judgment on the Pleadings ("Plaintiffs' Motion") (Dkt. No. 15). The time to Answer Plaintiffs' First Amended Complaint has not yet run. On February 8, 2007, Defendants ChoicePoint Inc., ChoicePoint Public Records Inc., ChoicePoint Services Inc. (collectively, "the ChoicePoint Entities"),[1] Reed Elsevier Inc. and Seisint, Inc. filed a motion to dismiss Plaintiffs' action pursuant to Fed. R. Civ. P. 12(b) and the first-to-file rule[2] tolling the time in which Defendants must respond to Plaintiffs' First Amended Complaint. No Answer is due until the Court rules on Defendants' Motion to Dismiss.

---

[1] Plaintiffs also direct their motion to Defendant ChoicePoint Public Records Database Technologies Inc., apparently as a ChoicePoint entity. "ChoicePoint Public Records Database Technologies Inc." does not exist and, therefore, no response from that purported entity is necessary.

[2] Joint Motion of Defendants Reed Elsevier Inc., Seisint, Inc. and ChoicePoint Entities to Dismiss First Amended Complaint or, Alternatively, to Stay Plaintiffs' Action, with Request for Oral Argument ("Defendants' Motion to Dismiss") (Dkt. No. 7).

Even if this Court were to consider the merits of Plaintiffs' demand for default judgment, Plaintiffs' Motion should be denied. The Fifth Circuit has made plain that default judgment is a drastic remedy, disfavored by the law, and not appropriate when the alleged default is caused by the failure to meet a procedural time requirement. For these reasons, this Court should deny Plaintiffs' Motion.

I.         DEFENDANTS' MOTION TO DISMISS TOLLS THE TIME IN WHICH TO ANSWER PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs' Motion is without merit, and Plaintiffs' disregard of established caselaw and principles of judicial economy and efficiency (Plaintiffs' Motion, p. 5) casts serious questions about the Plaintiffs' intent in bringing this motion. Defendants' Motion to Dismiss was properly filed under Rule 12(b).[3] Fed. R. Civ. P. 12(a)(4), as Plaintiffs recognize (Plaintiffs' Motion, p. 3 n.8), tolls the time to answer a complaint when a motion to dismiss is filed pursuant to Rule 12(b). This tolling rule is designed to conserve the resources of both the Court and the parties; there is no reason to prepare, file or consider an Answer if the case is dismissed.

Plaintiffs base their Motion on two 1940 cases that posited an interpretation of the newly-enacted Federal Rules of Civil Procedure which was rejected two years later by the United States Supreme Court. Opposition Brief, p. 3 n.6 (citing Sproul v. Gambone, 34 F. Supp. 441, 442 (D. Pa. 1940) and Dirk Ter Haar v. Seaboard Oil Co. of Del., 1 F.R.D. 598, 598-99 (D. Cal. 1940)). 5C Charles Alan Wright and Arthur R. Miller, Federal Practice & Procedure § 1360 (3d ed. 2004), specifically cite Sproul and Dirk Ter Haar and note that "these decisions were rendered shortly after the adoption of the federal rules and plainly are inconsistent with the trend

---

[3] Because Defendants' Motion to Dismiss was properly filed under Rule 12(b), and because Plaintiffs concede that "a motion *permitted* by Rule 12(b) tolls Defendants' answer deadline" (Plaintiffs' Motion, p. 3), the time in which Defendants must answer the Complaint was tolled. As a result, Plaintiffs' arguments (Plaintiffs' Motion, p. 4-5) that Defendants' Motion to Dismiss should be construed as a "responsive pleading" are without merit, and Plaintiffs' motion in the alternative for judgment on the pleadings should be denied.

2

of decisions in more recent times."  Indeed, soon after <u>Sproul</u> and <u>Dirk Ter Haar</u> were decided, the United States Supreme Court recognized that a motion to dismiss is an appropriate vehicle to attack a case when a similar matter is pending in another court, which is precisely the situation confronting the Court here.  <u>Brillhart v. Excess Ins. Co. of Am.</u>, 316 U.S. 491, 494-95, 62 S. Ct. 1173, 1175 (1942) ("The petitioner's motion to dismiss the bill was addressed to the discretion of the court.  The motion rested upon the claim that, since another proceeding was pending in a state court . . ., a declaratory judgment in the federal court was unwarranted.") (internal citations omitted).[4]  Citing <u>Brillhart</u>, the Eighth Circuit more recently noted that, "[w]hile pre-answer motions are ostensibly enumerated in [Fed.R.Civ.P. 12(b)], district courts have the discretion to recognize additional pre-answer motions, including motions to stay cases within federal jurisdiction when a parallel state action is pending."  <u>Int'l Ass'n of Entrepreneurs of Am. v. Angoff</u>, 58 F.3d 1266, 1271 (8th Cir. 1995).

Similarly, the Fifth Circuit recognizes the propriety of bringing a motion to dismiss when a first-filed case is pending in another forum.  <u>Cadle Co. v. Whataburger of Alice, Inc.</u>, 174 F.3d 599, 602 (5th Cir. 1999) (recognizing that a motion to dismiss was proper when a first-filed case had been filed nearly six months earlier).  <u>Accord</u>:  <u>Intravascular Research Ltd. v. Endosonics Corp.</u>, 994 F. Supp. 564, 567 n.3 (D. Del. 1998) ("Historically, motions to stay have been recognized as tolling the time period for answering a complaint because pre-answer consideration of these motions have been found to maximize the effective utilization of judicial resources."); <u>Questech Capital Corp. v. Flight Dynamics, Inc.</u>, No. 83-Civ-6986-GLG, 1984 U.S. Dist. LEXIS 16935, at *1 (S.D.N.Y. May 7, 1984) ("It is clear, however, that [the defendant's]

---

[4] Also after <u>Sproul</u> and <u>Dirk Ter Haar</u> were decided, <u>Parker v. Transcon. & West. Air, Inc.</u>, 4 F.R.D. 325, 326 (D. Mo. 1944), denied a plaintiff's motion for default judgment following the filing of the defendant's motion to stay. The court held that it "became the duty of the defendant to file motions or other pleadings in the case" only after the Court decided the defendant's motion to stay the proceedings.  <u>Id</u>.

motion to stay all proceedings until final determination of the action pending between the parties in the Circuit Court for the State of Oregon, tolled its time to answer or otherwise move with respect to the complaint.").

Contrary to Plaintiffs' outdated arguments (Plaintiffs' Motion, p. 3), Defendants' Motion to Dismiss was properly filed under Rule 12(b) and accordingly tolls the time in which to answer the Complaint. For this reason, this Court should deny Plaintiffs' Motion.

II.        DEFAULT JUDGMENT IS NOT MERITED

"Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n, 874 F.2d 274, 276 (5th Cir. 1989) (internal footnote omitted). "Because of the seriousness of a default judgment, and although the standard of review is abuse of discretion, even a slight abuse of discretion may justify reversal." Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000) (internal quotation marks and citation omitted).

"Furthermore, federal courts should not be agnostic with respect to the entry of default judgments, which are 'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.'" Lacy, 227 F.3d at 292 (quoting Mason & Hanger-Silas Mason Co. v. Metal Trades Council, 726 F.2d 166, 168 (5th Cir. 1984)). "Thus, 'where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits.'" Lacy, 227 F.3d at 292 (quoting Gen. Tel. Corp. v. Gen. Tel. Answering Serv., 277 F.2d 919, 921 (5th Cir. 1960)).

Likewise, Plaintiffs' claim that the Defendants' Motion to Dismiss was improperly filed because it lacked an electronic signature is without merit. Plaintiffs' Motion, p. 4.

4

Although one page of the Defendants' Motion to Dismiss does not contain the electronic signature, the signature page following the Memorandum in Support was signed (Defendants' Motion to Dismiss, p. 12), and the Clerk of Court accepted and filed the papers. The absence of the signature line was a clerical error and, more importantly Plaintiffs do not (and cannot) claim any prejudice from this error. This Court should not base entry of default judgment on a minor technicality. To eliminate any further need to consider this completely irrelevant point, an amended motion to dismiss was filed on March 5, 2007.

Plaintiffs focus on issues such as a missing electronic signature cannot avoid Fifth Circuit precedent stating that default judgment is not appropriate in this situation. On this ground alone, this Court should deny Plaintiffs' Motion.

III.     CONCLUSION

Plaintiffs' Motion for default judgment is without merit and flies in the face of well-established precedent. Defendant's Motion to Dismiss was an appropriate vehicle through which to alert this Court to the fact that this case should be dismissed due to an identical case pending in the Southern District of Florida. The time in which to respond to Plaintiffs' First Amended Complaint is tolled while the Court decides this motion. In addition, Plaintiffs' attempts to avoid binding precedent aside, the Fifth Circuit has made plain that default judgment should not be entered when the only claim for default is the failure to meet a procedural time requirement. This Court should deny Plaintiffs' Motion.

| | |
|---|---|
| Of Counsel: | Respectfully submitted, |
| | _____/s/ George B. Butts_____ |
| Jeffrey T. Cox | George B. Butts (03543500) |
| Ronald I. Raether, Jr. | DLA PIPER US LLP |
| Thomas R. Kraemer | 1221 South MoPac Expressway |
| FARUKI IRELAND & COX P.L.L. | Suite 400 |
| 500 Courthouse Plaza, S.W. | Austin, TX  78746 |
| 10 North Ludlow Street | Telephone:  (512) 457-7068 |
| Dayton, OH  45402 | Telecopier:  (512) 457-7001 |
| Telephone:  (937) 227-3704 | E-Mail:  george.butts@dlapiper.com |
| Telecopier:  (937) 227-3717 | |
| E-Mail:  jcox@ficlaw.com | Attorneys for Reed Elsevier Inc. and Seisint, Inc. |
| | _____/s/ David J. Beck_____ |
| W. Bradley Coffey | David J. Beck |
| State Bar No. 24026484 | State Bar No. 00000070 |
| Timothy Cleveland | BECK, REDDEN & SECREST, L.L.P. |
| State Bar No. 24055318 | One Houston Center |
| BECK, REDDEN & SECREST, L.L.P. | 1221 McKinney St., Suite 4500 |
| One Houston Center | Houston, Texas  77010 -2010 |
| 1221 McKinney St., Suite 4500 | Telephone:  (713) 951-3700 |
| Houston, TX  77010 | Facsimile:  (713) 951-3720 |
| Telephone:  (713) 951-3700 | Email:  dbeck@brsfirm.com |
| Facsimile:  (713) 951-3720 | |
| | Attorney-of-Record for Defendants |
| Raymond W. Bergan | ChoicePoint Inc., ChoicePoint Public Records |
| Laurie S. Fulton | Inc., and ChoicePoint Services Inc. |
| WILLIAMS & CONNOLLY LLP | |
| 725 12th Street, NW | |
| Washington, D.C.  20005 | |
| Telephone:  (202) 434-5000 | |
| Telecopier:  (202) 434-5029 | |
| | |
| Attorneys for Defendants ChoicePoint Inc., ChoicePoint Public Records Inc., and ChoicePoint Services Inc. | |

6

**CERTIFICATE OF SERVICE**

I certify that on the 5th day of March, 2007, I electronically filed the foregoing Joint Response of Defendants Reed Elsevier Inc., Seisint, Inc. and ChoicePoint Entities in Opposition to Plaintiffs' Motion for Default Judgment or Alternatively Motion for Judgment on the Pleadings using the CM/ECF system, which will send notification of such filing to CM/ECF participants, and I certify that I have mailed by United States Postal Service the document to the non-CM/ECF participants:

    David J. Beck
    BECK, REDDEN & SECREST, L.L.P.
    One Houston Center
    1221 McKinney St., Suite 4500
    Houston, Texas  77010 -2010

    W. Bradley Coffey
    Timothy Cleveland
    BECK, REDDEN & SECREST, L.L.P.
    One Houston Center
    1221 McKinney St., Suite 4500
    Houston, TX  77010

    Attorneys for Defendants
    ChoicePoint Inc., ChoicePoint
    Public Records Inc., and
    ChoicePoint Services Inc.

Juan C. Enjamio
HUNTON & WILLIAMS
1111 Brickell Avenue
Suite 2500
Miami, FL  33131

Attorneys for Defendant
Acxiom Corporation

    /s/ George B. Butts
George B. Butts

C:\Documents and Settings\rtrip\My Documents\Fresco\Taylor\Taylor MIO.doc