IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SHARON TAYLOR, et al., | : | Cause No. 2:07CV01 |
| Plaintiffs, | : | JUDGE T. JOHN WARD |
| v. | : | |
| ACXIOM CORPORATION, et al., | : | **REPLY BRIEF IN SUPPORT OF AMENDED JOINT MOTION OF DEFENDANTS REED ELSEVIER INC., SEISINT, INC. AND CHOICEPOINT ENTITIES TO DISMISS FIRST AMENDED COMPLAINT OR, ALTERNATIVELY, TO STAY PLAINTIFFS' ACTION, WITH REQUEST FOR ORAL ARGUMENT** |
| Defendants. | : | |

_____

In an obvious attempt to interfere with proceedings ongoing in another federal court, Plaintiffs ask this Court to ignore the first-to-file rule and decide issues already before United States District Judge Jose Martinez, who (1) has presided over virtually identical claims and legal issues raised here for nearly four years, (2) ordered and supervised a year-long and arduous mediation process, and (3) has under consideration fully briefed motions on issues that Plaintiffs concede must be addressed before the current case can proceed. Plaintiffs effectively seek for this Court to wrest jurisdiction from Judge Martinez and decide whether <u>Richard Fresco, et al. v. Automotive Directions, Inc., et al.</u> ("<u>Fresco</u>") -- the first filed DPPA matter -- extends to a nationwide class for the purpose of considering whether the settlement reached after almost a year of hard-fought negotiations meets the requirements of Federal Rule of Civil Procedure 23(a), (b)(2), and (e), and due process. Plaintiffs admit that the proposed settlement and the Second Amended Complaint in <u>Fresco</u> encompass the claims set forth here. Whether that

proposed settlement should be approved is an issue that Judge Martinez must decide and Plaintiffs have intervened in Fresco to be certain that their voices are heard in the approval process.

Indeed, Plaintiffs recognize that the issues they ask this Court to decide are already before Judge Martinez.  As objectors to the Fresco settlement, Plaintiffs have asked Judge Martinez to address all of the arguments they raise here.  Plaintiffs' apparent concession that they copied one of the Complaints underlying the Fresco litigation also underscores the common questions that require this Court to defer to Judge Martinez and decline to take jurisdiction over a related action.  Most importantly, Plaintiffs' do not dispute that Fifth Circuit law requires that "the court with 'prior jurisdiction over the common subject matter' should resolve all issues presented in related actions."  West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 730 (5th Cir.), cert. denied, 474 U.S. 844, 106 S. Ct. 133 (1985).

In their attempt to circumvent the "first-filed rule," Plaintiffs mischaracterize the underlying record in the Fresco litigation.  The record is clear that Judge Martinez ordered the parties to mediation and kept the parties on a short leash, requiring the parties to file periodic reports and granting short-term extensions of the mediation deadline, usually a month at a time.  The court was apprised of the progress of the mediation, and when the preliminary approval papers were filed on December 20, 2006, the Settling Defendants consented to the filing of the Second Amended Complaint as part of the negotiated settlement.

This Court should grant Defendants' amended joint motion to dismiss[1] and decline to take jurisdiction over a case, filed nearly four years ago, that is proceeding before Judge Martinez. At a minimum, this Court should stay this matter to allow Judge Martinez to decide in the first instance whether the <u>Fresco</u> matter concerns the settlement of a nationwide class effective as of at least December 20, 2006 -- well before this case was filed.

I.         THE FIRST-FILED RULE REQUIRES DISMISSAL OF THIS ACTION IN DEFERENCE TO JUDGE MARTINEZ AND THE FEDERAL COURT IN FLORIDA

Plaintiffs' opposition rests entirely on an erroneous premise, namely that the "Plaintiffs are the only parties currently asserting claims for DPPA violations in Texas."[2] To the contrary, Judge Martinez is considering in <u>Fresco</u> a proposed settlement of a nationwide class that requires injunctive relief that benefits equally consumers of every state from which a Defendant obtains regulated data, including Texas. It is now left to Judge Martinez to decide whether the proposed nationwide settlement meets the requirements of Federal Rule of Civil Procedure 23(a), (b)(2), and (e), and due process. Until such time as these issues are determined, Judge Martinez is the first court to take jurisdiction over the issues raised in the present matter and deference should be accorded. Moreover, even if the proposed settlement were not approved, the Second Amended Complaint alleging a nationwide class remains the first-filed complaint encompassing the claims these Plaintiffs present.

Plaintiffs concede as much in identifying the issues that must be resolved in deciding whether <u>Fresco</u> is the first-filed case. For example, Plaintiffs take the untenable

---

[1] Amended Joint Motion of Defendants Reed Elsevier Inc., Seisint, Inc. and ChoicePoint Entities to Dismiss First Amended Complaint or, Alternatively, to Stay Plaintiffs' Action, with Request for Oral Argument ("Defendants' Motion").

[2] Response to Joint Motion to Dismiss First Amended Complaint or, Alternatively, to Stay Plaintiffs' Action ("Opposition Brief") (Dkt. No. 14), p. 3.

position that this Court should decide matters properly before Judge Martinez, namely whether (a) the named plaintiffs in Fresco have been designated as class representatives and their attorneys have been appointed class counsel (Opposition Brief, p. 4), (b) the class should be certified (id.), (c) the Fresco Litigation is both stayed and closed (id. at 5), (d) the Second Amended Complaint was improperly filed (id.), (e) the Fresco settlement "was merely an anticipatory attempt to head off any other, as yet, unexplored violations of the DPPA in other states" (id. at 6-7), and (f) the Fresco Litigation concerns a Florida-only class of Plaintiffs (id. at 7). These are the exact same issues Plaintiffs have already raised in Fresco by seeking to intervene and filing objections to the settlement.[3]

In an attempt to redirect the Court from these dispositive facts, Plaintiffs assert that Fresco is not a competing DPPA case because it had been stayed and closed by a March 8, 2005 order of the Court and it was not re-opened. Opposition Brief, p. 4. But Fresco was stayed and administratively closed on March 8, 2005 only to await a decision by the Eleventh Circuit on an issue involving the DPPA that would have affected the parties' arguments on damages, including a pending motion for summary judgment. After the Eleventh Circuit decided Kehoe v. Fid. Federated Bank & Trust, 421 F.3d 1209 (11th Cir. 2005), Judge Martinez ordered the parties to mediate before returning to actively litigate the case. During the mediation, which ran

---

[3] On January 4, 2007, Plaintiffs filed a Motion for Limited Intervention (Fresco Dkt. No. 415) in which they seek to intervene in Fresco to object to the proposed settlement and in which they argue that the claims in this case are different than Fresco (an issue they also wish this Court to decide). On January 4, 2007, Plaintiffs also filed Intervenors' Motion to Stay Proceedings (Fresco Dkt. No. 418) seeking to stay the Fresco litigation based on the first-filed rule (conceding that it is Judge Martinez who rightfully should decide this issue). In their reply briefs on these motions, Plaintiffs argued that Fresco was already stayed and that the Second Amended Complaint was improperly filed (arguments identical to those made to this Court). Intervenors' Reply in Further Support of Their Motion for Intervention (Fresco Dkt. No. 446); Interventors' Reply in Further Support of Their Motion to Stay Proceedings and Joinder in Motion to Strike Amended Pleading (Fresco Dkt. No. 450). Plaintiffs' filings in Fresco demonstrate that they too believe Judge Martinez to be the appropriate person to decide the issues that they raise in this case. This Court should accept the Plaintiffs' admission that the Southern District of Florida is the proper forum to entertain these issues and dismiss this case.

4

throughout 2006, Judge Martinez routinely granted motions on March 8, April 19, May 22, July 5, and July 10, 2006 to alter the court's scheduling order to permit the parties to continue the settlement negotiations (Fresco Dkt. Nos. 399, 401, 403, 405, 407) (attached jointly as Exhibit 1). In other words, if the case was administratively closed, that did not extend to the court-ordered mediation and related pleadings, including the motion for preliminary approval of the resulting settlement agreement on December 20, 2006. Indeed, by filing motions in Fresco, even the Plaintiffs cannot maintain that Fresco remains closed.

    Plaintiffs do not and cannot dispute that, if Judge Martinez grants preliminary approval and certifies a nationwide class,[4] then the Fresco Litigation is the first-filed case. Nor have Plaintiffs cited to a single case that alters the well-established Fifth Circuit holding that the determination of all of the present issues rightfully belongs to Judge Martinez in the Southern District of Florida. Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999) ("Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."); West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 730 (5th Cir.), cert. denied, 474 U.S. 844, 106 S. Ct. 133 (1985) ("the court with 'prior jurisdiction over the common subject matter' should resolve all issues presented in related actions.") (quoting Mann Mfg., Inc. v. Hortex, Inc., 439 F.2d 403, 408 (5th Cir. 1971)); Wolf Designs, Inc. v. Donald

---

[4] Plaintiffs do not dispute that the Second Amended Complaint was filed in Fresco on December 20, 2006, two weeks before Plaintiffs filed this action. Plaintiffs' arguments to this court regarding the Second Amended Complaint are irrelevant. The dispositive issue is whether Judge Martinez accepts the Second Amended Complaint (and Plaintiffs do not dispute this point). This Court should defer to Judge Martinez. Schauss v. Metals Depository Corp., 757 F.2d 649, 654 (5th Cir. 1985) ("[T]he important principle of comity between federal courts is advanced where courts of coordinate rank are respectful of each other's orders, as well as careful to avoid hindering each other's proceedings. In this vein, we have long advocated that district courts exercise their discretion to avoid duplication of proceedings where related claims are being litigated in different districts.").

McEvoy Ltd., 341 F. Supp. 2d 639, 643 (N.D. Tex. 2004) ("Where duplication is demonstrated, the general rule is that the later-filed action defer to the prior-filed one.").[5]

This Court should not permit this action to go forward until Judge Martinez, at a minimum, rules on the exact same issues that Plaintiffs now ask this Court to decide, and determines whether the proposed nationwide class settlement meets the requirements of Federal Rule of Civil Procedure 23(a), (b)(2), and (e), and due process. Because the Fresco Litigation is the first-filed case, this Court should grant Defendants' Motion[6] and dismiss this case. Alternatively, this Court should stay this matter pending the resolution of the above issues by Judge Martinez of the Southern District of Florida in the Fresco Litigation.

II.  THIS COURT SHOULD REJECT PLAINTIFFS' ATTEMPTS TO CIRCUMVENT THE RULES OF CIVIL PROCEDURE THAT REQUIRE JUDGE MARTINEZ TO DECIDE IN THE FIRST INSTANCE WHETHER THE PROPOSED SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE

Judge Martinez will approve a class-action settlement only if it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(1)(C). When the court rules on final approval of the proposed settlement, the court will consider all relevant factors, including: (1) the

---

[5] Not surprisingly, Plaintiffs do not even address the caselaw cited in Defendants' Motion, pp. 8-9, relating to the first-filed rule. Plaintiffs simply claim that "[a]nticipatory lawsuits are a clearly recognized exception to the 'first filed' rule" (Opposition Brief, p. 7), but Plaintiffs fail to cite any caselaw or otherwise explain this supposed exception. Nor have Plaintiffs provided any basis for their unsupported accusation that the Fresco Plaintiffs filed an anticipatory lawsuit.

[6] Citing two cases from 1940, Plaintiffs have suggested in a related filing that a motion to dismiss is not a proper vehicle for dealing with their complaint. Plaintiffs' Motion for Default Judgment or Alternatively Motion for Judgment on the pleadings, p. 3 n.6 (Dkt. No. 15). To the contrary, numerous cases have dismissed complaints under circumstances similar to this case. Cadle Co., 174 F.3d at 602 (accepting that the filing of a motion to dismiss was proper when a first-filed case had been filed nearly six months earlier). Accord: Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494-95, 62 S. Ct. 1173, 1175 (1942) ("The petitioner's motion to dismiss the bill was addressed to the discretion of the court. The motion rested upon the claim that, since another proceeding was pending in a state court…, a declaratory judgment in the federal court was unwarranted.") (internal citations omitted); Int'l Ass'n of Entrepreneurs of Am. v. Angoff, 58 F.3d 1266, 1271 (8th Cir. 1995), cert. denied, 516 U.S. 1072, 116 S. Ct. 774 (1996) ("While pre-answer motions are ostensibly enumerated in [Fed. R. Civ. P. 12 (b)], district courts have the discretion to recognize additional pre-answer motions, including motions to stay cases within federal jurisdiction when a parallel state action is pending.").

likelihood of success at trial; (2) the complexity, expense and duration of the litigation; (3) the range of possible recovery, and the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the substance and amount of opposition to the settlement; and (5) the stage of proceedings at which the settlement was achieved. Ass'n for Disabled Ams., Inc. v. Amoco Oil Co., 211 F.R.D. 457, 466-67 (S.D. Fla. 2002) (citing Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984)). Accord : Cotton v. Hinton, 559 F.2d 1326, 1330-31 (5th Cir. 1977); Parker v. Anderson, 667 F.2d 1204, 1209 (5th Cir.) cert. denied, 459 U.S. 828, 103 S. Ct. 63 (2002). In cases such as Fresco where a class has not yet been certified, the court also will determine, at the preliminary-approval stage, whether "the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)." Annotated Manual for Complex Litigation § 21.632 (4th ed. 2004).

Plaintiffs recognized as much when they filed several motions in Fresco, including objections to the proposed settlement. Nonetheless, Plaintiffs state that their rights will be compromised if the DPPA issues alleged in this case are resolved in the Fresco Litigation, suggesting that Judge Martinez (and the Eleventh Circuit) will somehow be unable to properly discharge their duties. Opposition Brief, p. 7. This unjustified fear that a court from another Circuit will fail to properly discharge its duties is not a proper exception to the first-to-file rule and these arguments should be rejected.

Moreover, the Settling Defendants in the Fresco Litigation have provided notice of the proposed settlement to the Attorneys General of the federal government and every state, including Texas, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715 et seq.[7] If

---

[7] The Defendants also have prepared a comprehensive nationwide notification plan encompassing broadcast, print and Internet resources that a nationally recognized notice expert opines will reach 85% of the class at least once, far exceeding the requirement of Rule 23(e) that a significant number of class members be reached. Thus, despite

(footnote cont'd…)

the government officials of either the United States or Texas (or any other state, for that matter) believe that the proposed settlement in the Fresco Litigation is improper or unfair, then they may appear and object before Judge Martinez.

In other words, Plaintiffs' rights are now adequately protected. The parties in the Fresco Litigation have followed every procedural requirement to ensure that proper notice is provided to every potentially interested individual. Plaintiffs already have availed themselves of the due process provided by Federal Rule of Civil Procedure 23(e). The proper forum to adjudicate the issues raised in this matter is the Southern District of Florida. This Court should dismiss this action or, alternatively, stay this action pending Judge Martinez's decision on the proposed settlement agreement.

III.     CONCLUSION

This Court should defer to the first-filed action in Florida and grant the Defendants' Motion and dismiss this action or, alternatively, stay this matter pending the resolution of relevant issues by the Southern District of Florida in the Fresco Litigation.

---

(…cont'd)
Plaintiffs' claims (Opposition Brief, p. 7), the Fresco Litigation is not an effort by the Defendants to avoid DPPA liability on a nationwide basis. Rather, Defendants have provided or will provide full disclosure of the settlement terms to all interested parties in accordance with the requirements of the Federal Rules of Civil Procedure.

| | |
|---|---|
| Of Counsel: | Respectfully submitted, |
| |     /s/ George B. Butts |
| Jeffrey T. Cox | George B. Butts (03543500) |
| Ronald I. Raether, Jr. | DLA PIPER US LLP |
| Thomas R. Kraemer | 1221 South MoPac Expressway |
| FARUKI IRELAND & COX P.L.L. | Suite 400 |
| 500 Courthouse Plaza, S.W. | Austin, TX  78746 |
| 10 North Ludlow Street | Telephone:  (512) 457-7068 |
| Dayton, OH  45402 | Telecopier:  (512) 457-7001 |
| Telephone:  (937) 227-3704 | E-Mail:  george.butts@dlapiper.com |
| Telecopier:  (937) 227-3717 | |
| E-Mail:  jcox@ficlaw.com | Attorneys for Reed Elsevier Inc. and Seisint, Inc. |
| |     /s/ David J. Beck |
| W. Bradley Coffey | David J. Beck |
| State Bar No. 24026484 | State Bar No. 00000070 |
| Timothy Cleveland | BECK, REDDEN & SECREST, L.L.P. |
| State Bar No. 24055318 | One Houston Center |
| BECK, REDDEN & SECREST, L.L.P. | 1221 McKinney St., Suite 4500 |
| One Houston Center | Houston, Texas  77010 -2010 |
| 1221 McKinney St., Suite 4500 | Telephone:  (713) 951-3700 |
| Houston, TX  77010 | Facsimile:  (713) 951-3720 |
| Telephone:  (713) 951-3700 | Email:  dbeck@brsfirm.com |
| Facsimile:  (713) 951-3720 | |
| | Attorney-of-Record for Defendants |
| Raymond W. Bergan | ChoicePoint Inc., ChoicePoint Public Records |
| Laurie S. Fulton | Inc., and ChoicePoint Services Inc. |
| WILLIAMS & CONNOLLY LLP | |
| 725 12th Street, NW | |
| Washington, D.C.  20005 | |
| Telephone:  (202) 434-5000 | |
| Telecopier:  (202) 434-5029 | |
| | |
| Attorneys for Defendants | |
| ChoicePoint Inc., ChoicePoint | |
| Public Records Inc., and | |
| ChoicePoint Services Inc. | |

## CERTIFICATE OF SERVICE

       I certify that on the 5th day of March, 2007, I electronically filed the foregoing Reply Brief in Support of Amended Joint Motion of Defendants Reed Elsevier Inc., Seisint, Inc. and ChoicePoint Entities to Dismiss First Amended Complaint or, Alternatively, to Stay Plaintiffs' Action, with Request for Oral Argument with the Clerk of Courts using the CM/ECF system, which will send notification of such filing to CM/ECF participants, and I certify that I have mailed by United States Postal Service the document to the non-CM/ECF participants:

    David J. Beck
    BECK, REDDEN & SECREST, L.L.P.
    One Houston Center
    1221 McKinney St., Suite 4500
    Houston, Texas 77010 -2010

    W. Bradley Coffey
    Timothy Cleveland
    BECK, REDDEN & SECREST, L.L.P.
    One Houston Center
    1221 McKinney St., Suite 4500
    Houston, TX 77010

    Attorneys for Defendants
    ChoicePoint Inc., ChoicePoint
    Public Records Inc., and
    ChoicePoint Services Inc.

Juan C. Enjamio
HUNTON & WILLIAMS
1111 Brickell Avenue
Suite 2500
Miami, FL  33131

Attorneys for Defendant
Acxiom Corporation

                        /s/ George B. Butts
                        George B. Butts

C:\Documents and Settings\rtrip\My Documents\Fresco\Taylor\Taylor Reply.doc