**THE COREA FIRM, P.L.L.C.**
Thomas M. Corea
Texas Bar No. 24037906
Jeremy R. Wilson
Texas Bar No. 24037722
The Republic Center
325 North St. Paul Street, Suite 4150
Dallas, Texas 75201
Telephone:   (214) 953-3900
Facsimile:    (214) 953-3901

**OTSTOTT & JAMISON, P.C.**
George A. Otstott
Texas Bar No. 15342000
Ann Jamison
Texas Bar No. 00798278
Two Energy Square
4849 Greenville Avenue, Suite 1620
Dallas, Texas 75206
Telephone:   (214) 522-9999
Facsimile:    (214) 828-4388

THE MANN FIRM
James Mark Mann
Texas Bar. No.  12926150
300 W. Main
Henderson, TX 75652
(903) 657-8540
Fax: (903) 657-6003

**ATTORNEYS FOR PLAINTIFFS**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SHARON TAYLOR, et. al.<br>Plaintiffs,<br><br>v.<br><br>ACXIOM CORPORATION, et.al.<br>Defendants. | CAUSE NO. 2:07cv01<br><br>JUDGE:  T. JOHN WARD<br><br>PLAINTIFFS' SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS FIRST AMENDED COMPLAINT OR, ALTERNATIVELY TO STAY PLAINTIFFS' ACTION |

PLAINTIFFS' SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS'
JOINT MOTION TO DISMISS FIRST AMENDED COMPLAINT OR,
ALTERNATIVELY TO STAY PLAINTIFFS' ACTION

Page 1

Dockets.Justia.com

**PLAINTIFFS' SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS'
JOINT MOTION TO DISMISS FIRST AMENDED COMPLAINT OR,
ALTERNATIVELY TO STAY PLAINTIFFS' ACTION**

Plaintiffs, SHARON TAYLOR, JAMES DOUGLAS BOOKER, WILLIE B. BOOKER, LOWRY BRILEY, TWILAH BROWN, JAMES D. CLARY, SHARON A. CLARY, ALICE M. COOKS, ARLANDO COOKS, ELIZABETH DeWITT, KENNETH GOSSIP, SR., KENNICE GOSSIP, PAMELA HENSLEY, ROBERT G. HOLLINESS, CAROLYN LATHAM HOLUB, BRANDI JEWELL, TRACY KARP, VENISIA BOOKER McGUIRE, DAVID PATTERSON, RONNIE PHILLIPS, JAMES ROBERTS, LUZ ANN ROBERTS, KIMBERLY DAWN UNDERWOOD, MARILYN WHITAKER, and WILLIAM "TROY" WILSON, on behalf of themselves and all others similarly situated, file this, their Sur-Reply in Further Opposition to Defendants' Joint Motion to Dismiss First Amended Complaint or Alternatively to Stay Plaintiffs' Action, (D.E. 7) filed on behalf of CHOICEPOINT PUBLIC RECORDS DATABASE TECHNOLOGIES, INC.; CHOICEPOINT PUBLIC RECORDS, INC.; CHOICEPOINT, INC.; CHOICEPOINT SERVICES, INC.; SEISINT, INC.; and LEXISNEXIS, REED ELSEVIER, INC., and in support thereof, state:

Contrary to Defendants' assertions, Plaintiffs are not asking this Court to ignore the first-to-file rule. Rather, Plaintiffs are asking this Court to apply it. Defendants cannot elude one inescapable fact – Judge Martinez was asked to reopen <u>Fresco</u> after the <u>Kehoe</u> decision was rendered and he twice refused to do so. Instead Judge Martinez ordered the parties to mediate their current dispute – i.e, the proposed Florida class. It is clear from the record that Judge Martinez wanted the parties to resolve, not expand <u>Fresco</u>. Thus, absent an order lifting the

PLAINTIFFS' SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS'
JOINT MOTION TO DISMISS FIRST AMENDED COMPLAINT OR,
ALTERNATIVELY TO STAY PLAINTIFFS' ACTION

Page 2

stay, any effort to expand Fresco was in violation of a court order and invalid. A party cannot lift a stay of proceedings or re-open a case simply by filing documents with the Clerk of Court.[1]

Judge Martinez ordered the parties in Fresco to mediation and specifically refused to lift the stay or to re-open the case. In fact, he refused to re-open the case or lift the stay just ten weeks before Defendants reached their agreement with the proponents of the non-certified, Florida-resident class. The named plaintiffs in Fresco violated a court-ordered stay and improperly attempted to expand their lawsuit to include a national class. Thus, Defendants' arguments about wresting control from Judge Martinez are unavailing. Quite simply, there is no proposed national class action properly before Judge Martinez.

Moreover, Fresco has never been certified as even a Florida- resident class action. No class counsel has been appointed and no class representatives have been designated. Defendants arguments about the work done in a non-certified, Florida-resident only class action are irrelevant. The fact that another court has heard DPPA claims before is no bar to these Plaintiffs proceeding with their lawsuit. Defendants' attempt to create the impression that a settlement of Fresco is inevitable is a thinly-veiled effort to conceal the fact that there is no valid national class action pending in Fresco.

Defendants also erroneously argue that Plaintiffs have already intervened in Fresco. Plaintiffs attempted to intervene in Fresco merely to challenge their inclusion in a national class and to protect their right to proceed with this lawsuit. Defendants vehemently oppose Plaintiffs' Motion for Limited Intervention, arguing that they alone have the right to determine the forum in which Plaintiffs claims are heard. Thus, for Defendants to state that "Plaintiffs *have intervened*

---

[1] This argument is equally true for non-parties. Defendants appear to argue that documents filed by Plaintiffs in Fresco somehow re-opened that case or lifted the Stay of Proceedings entered by Judge Martinez.

PLAINTIFFS' SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS'
JOINT MOTION TO DISMISS FIRST AMENDED COMPLAINT OR,
ALTERNATIVELY TO STAY PLAINTIFFS' ACTION

in Fresco to be certain that their voices are heard in the approval process[]"[2] is misleading at best.

The inconsistencies in Defendants arguments are glaring. Defendants have adamantly argued that Plaintiffs should not be allowed to intervene in Fresco. Yet, Defendants here argue that Fresco is the only proper forum for Plaintiffs to voice their concerns. The truth is that Texas DPPA violations were never alleged nor explored in Fresco until after the proposed settlement was entered. Now Defendants seek to exclude Plaintiffs from asserting their right to have their DPPA claims addressed and to rush through their improperly filed claims in Florida. Texas plaintiffs should have their grievances fully explored and heard in a Texas court.

The fact is that this lawsuit is the only one with Texas DPPA claims properly before it. For that reason, this case should be allowed to proceed.

## CONCLUSION

Because Plaintiffs are the first parties to assert DPPA claims regarding Texas residents, their "first-filed" lawsuit should resolve the issue. For these reasons, Plaintiffs request that this Court allow this case to proceed where it belongs – in Texas.

---

[2] *See* Reply Brief (doc. 21) at 2.

**PLAINTIFFS' SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS'
JOINT MOTION TO DISMISS FIRST AMENDED COMPLAINT OR,
ALTERNATIVELY TO STAY PLAINTIFFS' ACTION**

Respectfully submitted,

**THE COREA FIRM, P.L.L.C.**

_____
Thomas M. Corea
Texas Bar No. 24037906
Jeremy R. Wilson
Texas Bar No. 24037722
The Republic Center
325 North St. Paul Street, Suite 4150
Dallas, Texas 75201
Telephone:     (214) 953-3900
Facsimile:      (214) 953-3901

**OTSTOTT & JAMISON, P.C.**
George A. Otstott
Texas Bar No. 15342000
Ann Jamison
Texas Bar No. 00798278
Two Energy Square
4849 Greenville Avenue, Suite 1620
Dallas, Texas 75206
Telephone:     (214) 522-9999
Facsimile:      (214) 828-4388

**THE MANN FIRM**
James Mark Mann
Texas Bar No. 12926150
300 W. Main
Henderson, TX 75652
(903) 657-8540
Fax: (903) 657-6003

**PLAINTIFFS' SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS'
JOINT MOTION TO DISMISS FIRST AMENDED COMPLAINT OR,
ALTERNATIVELY TO STAY PLAINTIFFS' ACTION**

Page 5

## CERTIFICATE OF SERVICE

I certify that on March 12, 2007, I electronically filed the above Motion with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U. S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_____
Jeremy R. Wilson

PLAINTIFFS' SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS'
JOINT MOTION TO DISMISS FIRST AMENDED COMPLAINT OR,
ALTERNATIVELY TO STAY PLAINTIFFS' ACTION

Page 6

## CERTIFICATE OF SERVICE

I certify that on March 12, 2007, I electronically filed the above Motion with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U. S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_____
Jeremy R. Wilson

PLAINTIFFS' SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANTS'
JOINT MOTION TO DISMISS FIRST AMENDED COMPLAINT OR,
ALTERNATIVELY TO STAY PLAINTIFFS' ACTION

Page 6