IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| SHARON TAYLOR, et al., | CAUSE NO. 2:07cv-01 |
| Plaintiffs, | (JURY) |
| v. | JUDGE T. JOHN WARD |
| ACXIOM CORPORATION, et al., | |
| Defendants. | |

**MOTION OF DEFENDANT CHEXSYSTEMS, INC. TO DISMISS
COMPLAINT OR, ALTERNATIVELY, TO STAY PLAINTIFFS'
ACTION AS TO CHEXSYSTEMS, INC., WITH REQUEST FOR ORAL ARGUMENT
AND INCORPORATED SUPPORTING MEMORANDUM**

Defendant ChexSystems, Inc. ("ChexSystems"), pursuant to Federal Rule of Civil Procedure 12(b), moves this Court for an order dismissing this action.[1] The claims Plaintiffs allege in this case are exactly the same as the claims alleged against ChexSystems, as the wholly-owned subsidiary of eFunds Corporation, in a previously filed class action that has been pending for nearly four years before Judge Jose Martinez in the Southern District of Florida, Fresco, et al. v. Automotive Directions, Inc., et al., Case No. 03-cv-61063-JEM (the "Fresco Litigation"). A settlement has been reached by the defendants in the Fresco Litigation that would resolve all the class claims brought by the Plaintiffs in this action and is pending preliminary approval. If Judge

---

[1] The Fifth Circuit has recognized that a motion to dismiss under Federal Rule of Civil Procedure 12(b) is the proper method for seeking to dismiss a complaint when a first-filed case is pending in another forum. See Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 602 (5th Cir. 1999) (recognizing that a motion to dismiss was proper when a first-filed case had been filed nearly six months earlier).

**MOTION OF DEFENDANT CHEXSYSTEMS, INC. TO DISMISS COMPLAINT OR,
ALTERNATIVELY, TO STAY PLAINTIFFS' ACTION AS TO CHEXSYSTEMS, INC.,
WITH REQUEST FOR ORAL ARGUMENT AND INCORPORATED SUPPORTING
MEMORANDUM                                                          Page 1**

Martinez preliminarily certifies a nationwide class, then the named Plaintiffs in this action will be class members of, and bound by orders in, the Fresco Litigation while that action proceeds toward a final approval hearing. If Judge Martinez later grants final approval of the settlement, then all of the class claims set forth in the complaint in this action would be resolved.

"Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999). That is the situation here. Because the Fresco Litigation is the first-filed case, this Court should dismiss this action as to ChexSystems to allow the issues to be resolved by Judge Martinez of the Southern District of Florida.

In all events, even if this Court is not inclined to dismiss this action, this case should be stayed as to ChexSystems pending the decision of Judge Martinez on the approval of the proposed settlement. "[A] stay pending the outcome of litigation in another court between the same parties, involving the same or controlling issues, is an appropriate means of avoiding unnecessary waste of judicial resources." Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc., 341 F. Supp. 2d 639, 642 (N.D. Tex. 2004). Plaintiffs should not be allowed to interfere with the Fresco Litigation by proceeding against ChexSystems in this action here in Texas.

It remains only to note that other Defendants in this case have filed a Joint Motion of Defendants Reed Elsevier Inc., Seisint, Inc., and Choicepoint Entities to Dismiss First Amended Complaint or, Alternatively, to Stay Plaintiffs' Action, with Request For Oral Argument, seeking, as does ChexSystems, the dismissal of this action for the same reasons asserted in this motion. ChexSystems agrees with and joins in the arguments raised in that motion.

## **SUPPORTING MEMORANDUM**

**I.      Background**

      A.      **The DPPA and ChexSystems**

The Driver's Privacy Protection Act ("DPPA") is a federal statute intended to regulate the use of personal information, such as a drivers' license number or home address, contained in motor vehicle records held by each state's motor vehicle department.  See 18 U.S.C. §§ 2721-2725.  The DPPA prohibits the obtainment, use, or disclosure of personal information from motor vehicle records, unless such information is used for one of fourteen permissible uses (such as government or law enforcement use, or use to verify the accuracy of personal information submitted by an individual to a business) expressed in the Act.  See 18 U.S.C. § 2721(b)(1) - (14).  Section 2724(a) of the Act authorizes a cause of action against any "person who knowingly obtains, discloses, or uses personal information, from a motor vehicle record, for a purpose not permitted under [the DPPA]."  See 18 U.S.C. § 2724(a).

ChexSystems is an information provider that offers a verification product for use by financial institutions.  Financial institutions utilizing the ChexSystems product can verify the accuracy of personal information voluntarily submitted to them from individuals seeking to open bank accounts or otherwise use the services of the financial institution.  This verification helps ensure that financial institutions will not be used to facilitate criminal or terrorist activities.  See, e.g., 31 U.S.C. §5318(l) ("USA Patriot Act") (requiring financial institutions to implement reasonable procedures for verifying the identity of any person seeking to open an account to the extent reasonable and practicable).  ChexSystems obtains some limited driver's license information from state motor vehicle departments solely for use in its verification product.

B.     **The Fresco Litigation and Proposed Settlement**

In 2003, eleven separate lawsuits were filed against various defendants throughout Florida federal and state courts alleging violations of the DPPA. The defendants were all information providers, including eFunds Corporation, which is the parent corporation of ChexSystems.[2] The parties in the eleven suits eventually agreed to consolidate the cases before Judge Jose Martinez in the Southern District of Florida and subsequently an amended complaint was filed joining all the parties in those cases to the case captioned Fresco, et al. v. Automotive Directions, Inc., et al., Case No. 03-cv-61063-JEM ("Fresco Litigation"). See Fresco First Amended Complaint (attached to Walls Aff. at Exh. 2).

In the Fresco Litigation, plaintiffs alleged that the various defendants obtained, used, and/or disclosed for an impermissible purpose under the DPPA, personal information from the Florida Department of Highway Safety and Motor Vehicles. Defendants denied those allegations, and the parties then spent the next two years conducting extensive discovery and motion practice, resulting in the exchange of thousands of pages of documents and the taking of several depositions.

After these two plus years of discovery and motion practice, on November 23, 2005, Judge Martinez ordered the parties to participate in mediation, which efforts began in January 2006. The Fresco plaintiffs and defendants negotiated countless times in person and over telephone conferences throughout 2006. Finally, plaintiffs and Settling Defendants[3] agreed upon

---

2 The defendants in the Fresco Litigation include, among others, ChoicePoint Inc., ChoicePoint Public Records Inc., ChoicePoint Services Inc., Reed Elsevier Inc. and Seisint, Inc., who are all defendants in this action.

3 The Settling Defendants in the Fresco Litigation include, among others, ChoicePoint Inc., ChoicePoint Public Records Inc., ChoicePoint Services Inc., Reed Elsevier Inc., Seisint, Inc., and eFunds Corporation. ChexSystems, as
(footnote cont'd…)

**MOTION OF DEFENDANT CHEXSYSTEMS, INC. TO DISMISS COMPLAINT OR, ALTERNATIVELY, TO STAY PLAINTIFFS' ACTION AS TO CHEXSYSTEMS, INC., WITH REQUEST FOR ORAL ARGUMENT AND INCORPORATED SUPPORTING MEMORANDUM**                                                                    **Page 4**

terms for a settlement, and a Motion for Preliminary Approval of Proposed Settlement was filed on December 20, 2006.

As part of the proposed settlement, plaintiffs and settling defendants agreed to comprehensive injunctive relief that sets standards for the use and protection of personal information beyond that afforded or required by the DPPA. This injunctive relief uniformly benefits individuals from all states, making a nationwide class appropriate. As such, plaintiffs and settling defendants agreed to a <u>nationwide class</u> for settlement purposes, and plaintiffs, with the acquiescence of settling defendants, filed their Second Amended Complaint seeking such a class simultaneously with the Motion for Preliminary Approval of Proposed Settlement that was filed on December 20, 2006.

Of note, the <u>Fresco</u> defendants also provided notice in accordance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, <u>et</u> <u>seq</u>., to the United States Attorney General and the appropriate officials in all fifty states. The CAFA notice included a copy of the Second Amended Complaint and the Settlement Agreement, which include a nationwide class definition. On January 10, 2007, settling defendants certified to the Florida district court that the notice had been delivered by Federal Express and that receipt had been acknowledged by each intended recipient.

---

(…cont'd)
the wholly-owned subsidiary of eFunds Corporation, is covered by the release in the proposed settlement. Defendant Acxiom Corporation is a defendant in the <u>Fresco</u> Litigation, but has not joined the proposed settlement.

**MOTION OF DEFENDANT CHEXSYSTEMS, INC. TO DISMISS COMPLAINT OR, ALTERNATIVELY, TO STAY PLAINTIFFS' ACTION AS TO CHEXSYSTEMS, INC., WITH REQUEST FOR ORAL ARGUMENT AND INCORPORATED SUPPORTING MEMORANDUM** **Page 5**

C.   **Plaintiffs' Federal Texas Actions**

Two weeks after the Motion for Preliminary Approval of Proposed Settlement was filed in the Fresco Litigation, on January 4, 2007, Plaintiffs here filed this action in this Court against most of the same defendants at issue in the Fresco case, alleging violations of the DPPA. See Taylor, et al. v. Acxiom Corp., et al., Cause No. 2-07CV-01. Plaintiffs' original complaint did not name ChexSystems as a defendant. However, on January 30, 2007, Plaintiffs filed a First Amended Complaint adding ChexSystems as a named defendant in this case.

On January 12, 2007, Plaintiffs filed a separate action against a different set of defendants alleging the same violations of the DPPA. See Taylor, et al. v. Biometric Access Co., et al., Cause No. 2-07CV-18. Plaintiffs initially named ChexSystems as a defendant in that action. However, on January 31, 2007, Plaintiffs filed a First Amended Complaint removing ChexSystems as a named defendant in that case.

Plaintiffs filed these federal Texas actions after apparently discovering the existence of the Fresco Litigation and the pending settlement agreement. Plaintiffs cannot dispute their claims are identical to those asserted in the Fresco Litigation. Indeed, the Plaintiffs have copied verbatim large sections of a complaint from one of the original eleven Fresco lawsuits filed in 2003. Even a cursory comparison of the Complaint in Levine v. Reed Elsevier Inc., Case No. 9:03-cv-80490-KLR (filed May 30, 2003) to the Complaint in this case, shows that the Plaintiffs have merely copied the Levine Complaint.   See Levine Complaint (attached to Walls Aff. at Exh. 1).

If a nationwide class is preliminarily approved by Judge Martinez, Plaintiffs here can protect their interests simply by appearing in the Fresco Litigation as objectors pursuant to Federal Rule of Civil Procedure 23(e)(4). In fact, Plaintiffs already have filed an objection to the

**MOTION OF DEFENDANT CHEXSYSTEMS, INC.  TO DISMISS COMPLAINT OR, ALTERNATIVELY, TO STAY PLAINTIFFS' ACTION AS TO CHEXSYSTEMS, INC., WITH REQUEST FOR ORAL ARGUMENT AND INCORPORATED SUPPORTING MEMORANDUM** **Page 6**

proposed settlement in the Fresco Litigation.  See Intervenors' Objection To Class Certification and Settlement Agreement (attached to Walls Aff. at Exh. 4).

## II.     This Court Should Dismiss This Action Because The Fresco Litigation Is The First-Filed Case.

### A.     This Action Alleges the Same Claims as in the First-Filed Fresco Litigation

This action should be dismissed as to ChexSystems because it was filed nearly four years after the commencement of the Fresco Litigation.  See Fresco, et al. v. Automotive Directions, Inc., et al., Case No. 03-cv-61063-JEM.  Plaintiffs in this case make the same allegations as those in the Fresco Litigation.  Indeed, the Plaintiffs have copied verbatim large sections of a complaint from one of the original eleven lawsuits filed in 2003.

"[T]he federal courts long have recognized that the principle of comity requires federal district courts -- courts of coordinate jurisdiction and equal rank -- to exercise care to avoid interference with each other's affairs." West Gulf Maritime Assoc. v. ILA Deep Sea Local 24, 751 F.2d 721, 728 (5th Cir. 1985).  "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999).

As explained by the Fifth Circuit, "[t]he concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." West Gulf Maritime Assoc., 751 F.2d at 729.  "To avoid these ills, a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court." Id.; see also Abbott Labs. v. Gardner, 387 U.S. 136, 155 (1967) (a court has discretion to dismiss a suit

when the same issue is pending in another court); Winslow v. Bolton, No. 3:04-CV-1155-D, 2004 U.S. Dist. LEXIS 25138, at *3 (N.D. Tex. Dec. 13, 2004) ("'Ordinarily,' the Court dismisses 'the later-filed action . . . in favor of the case that was filed earlier.'") (quoting Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993)).

The Fresco Litigation is the first-filed case. Throughout 2003, eleven class action complaints were filed against the defendants in the Fresco Litigation. On August 11, 2003, a First Amended Complaint was filed in the Fresco Litigation, merging those eleven federal and state actions into one DPPA class action. Although the initial Fresco Complaint contained class allegations for a Florida-only class, the Second Amended Complaint, agreed upon in the settlement that took nearly a year of arduous negotiations to complete, contains nationwide class allegations. The Second Amended Complaint was filed on December 20, 2006, two weeks before the Plaintiffs in this case filed their Complaint.

Notwithstanding this, Plaintiffs argue that they "are the only parties currently asserting claims for DPPA violations in Texas."[4] Plaintiffs assert that Fresco is not a competing DPPA case because it had been stayed and closed by a March 8, 2005 order of the Court and it was not re-opened. Opposition Brief, p. 4. But Fresco was stayed and administratively closed on March 8, 2005 only to await a decision by the Eleventh Circuit on an issue involving the DPPA that would have affected the parties' arguments on damages, including a pending motion for summary judgment. After the Eleventh Circuit decided Kehoe v. Fid. Federated Bank & Trust, 421 F.3d 1209 (11th Cir. 2005), Judge Martinez ordered the parties to mediate before returning to actively litigate the case. During the mediation, which ran throughout 2006, Judge Martinez

---

4 Response to Joint Motion to Dismiss First Amended Complaint or, Alternatively, to Stay Plaintiffs' Action ("Opposition Brief") (Dkt. No. 14), p. 3.

**MOTION OF DEFENDANT CHEXSYSTEMS, INC. TO DISMISS COMPLAINT OR, ALTERNATIVELY, TO STAY PLAINTIFFS' ACTION AS TO CHEXSYSTEMS, INC., WITH REQUEST FOR ORAL ARGUMENT AND INCORPORATED SUPPORTING MEMORANDUM** **Page 8**

routinely granted motions on March 8, April 19, May 22, July 5, and July 10, 2006 to alter the court's scheduling order to permit the parties to continue the settlement negotiations (Fresco Dkt. Nos. 399, 401, 403, 405, 407) (attached to Walls Aff. at Exh. 5). In other words, if the case was administratively closed, that did not extend to the court-ordered mediation and related pleadings, including the motion for preliminary approval of the resulting settlement agreement on December 20, 2006. Indeed, by filing motions in Fresco, even the Plaintiffs cannot maintain that Fresco remains closed.

Moreover, Judge Martinez has recently entered an Omnibus Order Setting Status Conference on the Preliminary Settlement Process and Proposed Second Amended Complaint and Addressing Various Pending Motions ("Omnibus Order"). See Omnibus Order (attached to Walls Aff. at Exh. 6). The Omnibus Order sets a hearing for April 12, 2007, at which the district court will address: "1) how to proceed with the Proposed Settlement Agreement, 2) the status of the proposed Second Amendment Complaint, 3) and the motion for limited intervention," which was filed by the Plaintiffs in this case. Thus, it is clear that Judge Martinez considers the Fresco litigation an active case and will examine the appropriateness of a nationwide class in the near future.

Plaintiffs do not and cannot dispute that, if Judge Martinez grants preliminary approval and certifies a nationwide class, then the Fresco Litigation is the first-filed case. If that occurs, the determination of all of the present issues rightfully belongs to Judge Martinez in the Southern District of Florida. Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 603 (5th Cir. 1999) ("Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."); West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 730 (5th Cir.),

cert. denied, 474 U.S. 844 (1985) ("the court with 'prior jurisdiction over the common subject matter' should resolve all issues presented in related actions.") (quoting Mann Mfg., Inc. v. Hortex, Inc., 439 F.2d 403, 408 (5th Cir. 1971)); Wolf Designs, Inc. v. Donald McEvoy Ltd., 341 F. Supp. 2d 639, 643 (N.D. Tex. 2004) ("Where duplication is demonstrated, the general rule is that the later-filed action defer to the prior-filed one.").

This Texas action merely duplicates the litigation ongoing in Florida and can only result in a waste of judicial resources and lead to inconsistent resolution of these issues. Moreover, allowing this Texas action to proceed in this Court could jeopardize the settlement in the Fresco Litigation, wasting a year's worth of work and intruding upon Judge Martinez's decision whether to approve the proposed settlement terms. Plaintiffs here clearly filed their action with knowledge that the Fresco Litigation was close to settlement and with the intent of preventing the nationwide settlement in that case. The filing of this lawsuit, however, is not the proper method for objecting to the certification of a nationwide class in the Fresco Litigation, and this Court should not allow Plaintiffs to proceed with this tactic. For these reasons, this Court should bar the Plaintiffs from disrupting the Fresco Litigation by dismissing this case as to ChexSystems.

**B.     Plaintiffs Are Covered by the Proposed Settlement in the Fresco Litigation**

It should be emphasized that the proposed nationwide class in the Fresco Litigation encompasses the named Plaintiffs in this action. Indeed, in this case, the Plaintiffs are seeking a class of:

> Each and every individual in the State of Texas whose name, address, driver identification number, race, date of birth, sex and/or social security number are contained in motor vehicle records obtained by Defendants from the State of Texas's Department of

> Public Safety, without the express consent of such individuals, from June 1, 2000, through the date of judgment herein.

Complaint, ¶ 48. The Levine Complaint (¶ 19) contains nearly identical language:

> Each and every individual in the State of Florida whose name, address, race, date of birth, sex and/or social security number are contained in driver's license or motor vehicle registration records obtained by Lexis/Nexis from the State of Florida's Department of Highway Safety and Motor Vehicles, without the express consent of such individuals, from June 1, 2000 through the date of judgment herein.

See Levine Complaint, ¶ 19 (attached to Walls Aff. at Exh. 1). As previously discussed, the Fresco plaintiffs filed a Second Amended Complaint that expanded the class alleged in the Fresco Litigation to a nationwide class:

> All persons whose Personal Information or Highly Restricted Personal Information was obtained, used, or disclosed by any of the Settling Defendants from April 1, 1998 through Final Judgment.

See Fresco Second Amended Complaint, ¶ 25 (attached to Walls Aff. at Exh. 3). Thus, Plaintiffs in this case are not only asserting the same claims as those alleged in the Fresco Litigation, but they also seek to certify a class of individuals who will be members of the class in the Fresco Litigation.

Simply put, both this action and the Fresco Litigation encompass residents of Texas who allegedly have been subjected to violations of the DPPA by the actions of ChexSystems. Plaintiffs in this case should not be permitted to pursue this action against ChexSystems in the Eastern District of Texas when the same action is proceeding in the Southern District of Florida. If a nationwide class is preliminarily approved by Judge Martinez, then these Plaintiffs, as they have already done, can protect their interests simply by appearing in the Fresco Litigation as objectors. See Fed. R. Civ. P. 23(e)(4). Indeed, Judge Martinez recently entered an order

**MOTION OF DEFENDANT CHEXSYSTEMS, INC. TO DISMISS COMPLAINT OR, ALTERNATIVELY, TO STAY PLAINTIFFS' ACTION AS TO CHEXSYSTEMS, INC., WITH REQUEST FOR ORAL ARGUMENT AND INCORPORATED SUPPORTING MEMORANDUM**     **Page 11**

allowing Plaintiffs' counsel to appear *Pro Hac Vice* in the Fresco litigation**.**   See Order Granting Motion for Thomas M. Corea and Jeremy R. Wilson to Appear *Pro Hac Vice* (attached to Walls Aff. at Exh. 7).

It remains only to note that the parties in the Fresco Litigation have worked countless hours attempting to settle the matter and have reached an agreement on a comprehensive settlement proposal.  The proposed settlement requires the settling defendants to design, implement and maintain industry-leading procedures to enhance compliance with the DPPA when those defendants obtain, use or disclose personal information regulated by the DPPA. Moreover, the injunctive relief package agreed to by the settling defendants provides protections beyond those prescribed by the DPPA.

For example, the settling defendants agreed to create and implement written DPPA compliance procedures governing existing and future products that utilize DPPA data; procedures governing the release of new products that utilize DPPA data; and procedures governing customers of products that utilize DPPA data.  In addition, the settling defendants will permit an independent third-party assessor to analyze their practices and to ensure that the procedures have been implemented.

If this case were allowed to proceed, then the settlement in the Fresco Litigation would be jeopardized or delayed, denying class members the benefits of the additional safeguards provided by the injunctive relief proposed in the Fresco settlement.   Plaintiffs in this case have waited to act until now, nearly four years after the Fresco Litigation was filed, and long after the settling parties in Fresco retained a mediator, labored nearly a year in negotiating an appropriate settlement, and filed their proposed settlement agreement.  The Plaintiffs' strategy constitutes an improper use of the courts and an inefficient method of adjudicating claims.  Again, Plaintiffs'

proper course of action is to object to the settlement in the <u>Fresco</u> Litigation (as they already have done). This Court should dismiss this action in deference to Judge Martinez and the first-filed court, the Southern District of Florida.

### III.   In The Alternative, This Court Should Stay the Proceedings in This Case.

Even if this Court decides not to dismiss this action, this Court should, at a minimum, stay this action as to ChexSystems to allow these issues to be resolved by the first filed case in the Southern District of Florida.  <u>See</u> <u>Landis v. North Am. Co.</u>, 299 U.S. 248, 254 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").  <u>Accord</u> <u>Soverain Software LLC v. Amazon.Com</u>, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005) ("The district court has the inherent power to control its own docket, including the power to stay proceedings."); <u>Echostar Techs. Corp. v. Tivo, Inc.</u>, No. 5:05-CV-81(DF), 2006 U.S. Dist. LEXIS 48431, at *3-4 (E.D. Tex. July 14, 2006).

"[A] stay pending the outcome of litigation in another court between the same parties, involving the same or controlling issues, is an appropriate means of avoiding unnecessary waste of judicial resources."  <u>Wolf Designs, Inc. v. Donald McEvoy Ltd., Inc.</u>, 341 F. Supp. 2d 639, 642 (N.D. Tex. 2004).  Indeed, "district courts have inherent power to stay or dismiss an action where the issues presented can be resolved in an earlier filed action pending in another federal district court."  <u>Id</u>.  That is the situation here.

Since the <u>Fresco</u> Litigation is the first filed case and involves a nationwide class that includes the Plaintiffs here, it is appropriate for this Court to dismiss this action as to ChexSystems.  Alternatively, this Court should stay this case as to ChexSystems pending the outcome of the Florida case.  <u>See</u> <u>City Nat'l Bank & Trust v. Simmons</u>, 878 F.2d 76, 79 (2d Cir.

1989) ("where there are two competing lawsuits, the first suit should have priority"). Plaintiffs should not be allowed to interfere with the Fresco Litigation by filing eleventh hour actions here in Texas.

## IV.    Conclusion

In short, the proposed Fresco settlement encompasses every purported class member in this case. The decision to approve that proposed settlement rests with the Southern District of Florida, not this Court. As a result, this case should be dismissed to allow Judge Martinez the opportunity to decide the issues in the Fresco Litigation. In the alternative, this Court should stay this case as to ChexSystems pending Judge Martinez's decision regarding whether the proposed nationwide class settlement meets the requirements of Federal Rule of Civil Procedure 23(a), (b)(2), and (e), and due process.

WHEREFORE ChexSystems respectfully requests that this Court enter an order dismissing this action or in the alternative, staying this action pending the outcome of the Fresco Litigation in Florida, and such other relief that this Court deems appropriate.

Respectfully submitted,

| | |
|---|---|
| Of Counsel:<br>James Michael Walls<br>Florida Bar No. 706272<br>Henry G. Gyden<br>Florida Bar No. 158127<br>CARLTON FIELDS<br>Corporate Center Three<br>4221 Boy Scout Blvd.<br>Tampa, Florida 33607-5736<br>Telephone:  (813) 221-7000<br>Facsimile:  (813) 229-4133<br>Email:  mwalls@carltonfields.com<br>            hgyden@carltonfields.com<br><br>Counsel for Defendant ChexSystems, Inc. | By: /s/ Alan N. Greenspan<br>     Alan N. Greenspan<br>     State Bar No. 08402975<br>Jackson Walker L.L.P.<br>901 Main Street, Suite 6000<br>Dallas, TX 75702-3797<br>Telephone:  (214) 953-5912<br>Facsimile: (214) 661-6632<br>Email: agreenspan@jw.com<br><br><br><br>Counsel for Defendant ChexSystems, Inc. |

## REQUEST FOR ORAL HEARING

Pursuant to Local Court Rule CV-7(g), Defendants request an oral hearing on this motion.

## CERTIFICATE OF SERVICE

      I certify that on the 26th day of March, 2007, I electronically filed the foregoing Motion of Defendant ChexSystems, Inc. to Dismiss Complaint or, Alternatively, to Stay Plaintiffs' Action as to ChexSystems, Inc., with Request For Oral Argument and Incorporated Supporting Memorandum, with the Clerk of Court using the CM/ECF system, which will send notification of such filing to CM/ECF participants, and I certify that I have mailed by United States Postal Service the document to the non-CM/ECF participants:

David J. Beck
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney Street, Suite 4500
Houston, TX 77010-2010

W. Bradley Coffey
Timothy Cleveland
BECK, REDDEN & SECREST, L.L.P.
One Houston Center
1221 McKinney St., Suite 4500
Houston, TX 77010

Raymond W. Bergan
Laurie S. Fulton
WILLIAMS & CONNOLLY LLP
725 12th Street, NW
Washington, D.C. 20005

      Attorneys for Defendants: ChoicePoint Inc., Choicepoint Public Records Inc.
            and ChoicePoint Services Inc.

Juan C. Enjamio
HUNTON & WILLIAMS
111 Brickell Avenue, Suite 2500
Miami, FL 331331

      Attorneys for Defendant Acxiom Corporation

                         /s/ Alan N. Greenspan
                         Alan N. Greenspan