IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SHARON TAYLOR, et al, | : | CAUSE NO. 2:07cv01 |
| | : | (JURY) |
| Plaintiffs, | : | |
| | : | JUDGE T. JOHN WARD |
| v. | : | |
| | : | |
| ACXIOM CORPORATION, et al., | : | **AFFIDAVIT OF JAMES MICHAEL** |
| | : | **WALLS IN SUPPORT OF MOTION** |
| Defendants. | : | **OF DEFENDANT CHEXSYSTEMS,** |
| | : | **INC. TO DISMISS COMPLAINT** |
| | : | **OR, ALTERNATIVELY, TO STAY** |
| | : | **THE PLAINTIFFS' ACTION, WITH** |
| | : | **REQUEST FOR ORAL HEARING** |
| | : | |
| | : | |
| | : | |

STATE OF FLORIDA         )
                         ): SS
COUNTY OF HILLSBOROUGH)

I, James Michael Walls, being first sworn upon oath, state as follows:

1.  I am making this affidavit based upon personal knowledge, and I am competent to testify to the matters stated below. The facts stated herein are true and correct.

2.  I am an attorney licensed to practice law in the State of Florida, and I am a shareholder in the law firm of Carlton Fields, P.A.

3.  I am counsel for Defendant ChexSystems, Inc., which is the wholly-owned subsidiary of eFunds Corporation ("eFunds"). I also am counsel for eFunds in a case

**EXHIBIT A**

pending in the Southern District of Florida before Judge Jose Martinez, captioned <u>Fresco, et al. v. Automotive Directions, Inc., et al.</u>, Case No. 03-cv-61063-JEM (the "<u>Fresco</u> Litigation"). As a result, I am personally familiar with the proceedings in the Fresco Litigation and have personal knowledge of the events relating to those proceedings described herein.

4. Beginning in April 2003, various individuals filed class action lawsuits throughout federal and state courts in Florida pursuant to the Driver's Privacy Protection Act ("DPPA"), a statutory scheme regulating the obtainment, use and disclosure of personal information in motor vehicle records. For example, on May 30, 2003, Plaintiff Joel Levine filed a case captioned <u>Levine v. Reed Elsevier Inc.</u>, Case No. 9:03-cv-80490-KLR, in the Southern District of Florida. A true and accurate copy of the <u>Levine</u> Complaint is attached to this Affidavit as Exhibit 1.

5. A comparison of the Complaint filed by the Plaintiffs in this action to the <u>Levine</u> Complaint shows that the Plaintiffs, in preparing their Complaint for this case, copied verbatim large portions of the <u>Levine</u> Complaint.

6. The <u>Fresco</u> Litigation is the result of a merger of the eleven class actions filed throughout Florida, including the <u>Levine</u> action. The plaintiffs in the <u>Fresco</u> Litigation filed a First Amended Complaint on August 11, 2003. A true and accurate copy of that First Amended Complaint is attached to this Affidavit as Exhibit 2.

7. In the <u>Fresco</u> Litigation, the plaintiffs claim that the defendants knowingly obtained, used and disclosed personal information from motor vehicle records in violation of the DPPA. The plaintiffs seek actual and statutory liquidated damages, injunctive relief, and attorneys' fees and costs.

8. On November 23, 2005, Judge Martinez ordered the parties to mediation. Counsel for plaintiffs and defendants worked extensively over the past year to settle the <u>Fresco</u> Litigation. We enlisted the assistance of nationally-renowned mediator Rodney A. Max.

9. The parties to the <u>Fresco</u> Litigation conducted approximately 20 in-person mediation sessions before Mr. Max during 2006. In addition, we held dozens of joint conference calls, as well as numerous calls between counsel for the parties and Mr. Max. Mr. Max alone spent over 400 hours mediating the proposed settlement of the <u>Fresco</u> Litigation. The parties themselves collectively invested several thousand hours of their time in preparing for and documenting the proposed settlement.

10. During the mediation, which ran throughout 2006, Judge Martinez routinely granted motions on March 8, April 19, May 22, July 5, and July 10, 2006 to alter the court's scheduling order to permit the parties to continue the settlement negotiations (<u>Fresco</u> Dkt. Nos. 399, 401, 403, 405, 407). A true and accurate copy of the documents at Dkt. Nos. 399, 401, 403, 405, 407 are attached to this Affidavit as Exhibit 5.

11. The proposed <u>Fresco</u> settlement consists of a comprehensive injunctive relief package regulating the manner in which the Settling Defendants handle DPPA data. The relief is in excess of that mandated by the DPPA. The comprehensive injunctive relief package requires the Settling Defendants to adopt the same business practices nationwide that, as a practical matter, cannot be broken out for each state. As a result, the injunctive relief will benefit every person in the class equally.

12. As part of the proposed settlement, on December 20, 2006, the plaintiffs filed a Second Amended Complaint, which asserts a nationwide class consisting of every person

who has had personal information obtained, use or disclosed by one of the Settling Defendants since 1998. A true and accurate copy of the Second Amended Complaint is attached to this Affidavit as Exhibit 3.

13. On January 4, 2007, Plaintiffs here filed an objection to the proposed settlement in the <u>Fresco</u> Litigation. A true and accurate copy of the Intervenors' Objection To Class Certification and Settlement Agreement is attached to this Affidavit as Exhibit 4.

14. On March 16, 2007, Judge Martinez entered an Omnibus Order Setting Status Conference on the Preliminary Settlement Process and Proposed Second Amended Complaint and Addressing Various Pending Motions ("Omnibus Order"). A true and accurate copy of the Omnibus Order is attached to this Affidavit as Exhibit 6. The Omnibus Order sets a hearing for April 12, 2007, at which the district court stated that it will address: "1) how to proceed with the Proposed Settlement Agreement, 2) the status of the proposed Second Amendment Complaint, 3) and the motion for limited intervention," which was filed by the Plaintiffs in this case.

15. Judge Martinez recently entered an order allowing Plaintiffs' counsel to appear *Pro Hac Vice* in the <u>Fresco</u> litigation. A true and accurate copy of the Order Granting Motion for Thomas M. Corea and Jeremy R. Wilson to Appear *Pro Hac Vice* is attached to this Affidavit as Exhibit 7.

16. If Judge Martinez preliminarily approves the proposed settlement, then the Plaintiffs in this action will be class members of the <u>Fresco</u> Litigation.

James Michael Walls

STATE OF FLORIDA            )
                            ) ss.
COUNTY OF HILLSBOROUGH      )


Subscribed and sworn to (or affirmed) before me on this 22ND day of March, 2007, by

_____, ☒ personally known to me OR ☐ proved to

me on the basis of satisfactory evidence to be the person(s) who appeared before me.

(seal)                      Notary Public: _____
                            My Commission Expires: _____

JEAN L. COSTELLO
Notary Public - State of Florida
My Commission Expires Feb 21, 2009
Commission # DD 388399
Bonded By National Notary Assn.