IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-61063-Civ-Martinez/Bandstra

RICHARD FRESCO, CARLOS BARRETT, JEFFREY HY,
MARY ANN COLLIER, ROY McGOLDRICK, ROBERT
PINO, JOEL LEVINE, KENNETH W. HERETICK, and
RUSSELL V. ROSEN,

       Plaintiffs,

vs.

AUTOMOTIVE DIRECTIONS, INC., a Wisconsin
corporation; EXPERIAN INFORMATION SOLUTIONS,
INC., an Ohio corporation; R.L. POLK & CO., a Delaware
corporation; CHOICEPOINT PUBLIC RECORDS INC., a
Georgia corporation; CHOICEPOINT INC., a Georgia
corporation; CHOICEPOINT SERVICES, INC, a Georgia
corporation; CHOICEPOINT PRECISION MARKETING
INC., a Georgia corporation; KNOWX LLC, a Georgia
limited liability company; SEISINT, INC., a Florida
corporation; REED ELSEVIER INC., a Massachusetts
corporation; ACXIOM CORPORATION, a Delaware
corporation; and eFUNDS CORPORATION, a Delaware
corporation,

       Defendants.

_____/

**PLAINTIFFS' SECOND AMENDED CLASS
ACTION COMPLAINT AND JURY TRIAL DEMAND**

The Plaintiffs, RICHARD FRESCO, CARLOS BARRETT, JEFFREY HY, MARY ANN

COLLIER, ROY McGOLDRICK, ROBERT PINO, JOEL LEVINE, KENNETH W.

HERETICK, and RUSSELL V. ROSEN, individually and on behalf of all others similarly

situated ("Plaintiffs" and the "Class Members") file this Second Amended Class Action

Complaint and Jury Trial Demand against Defendants, AUTOMOTIVE DIRECTIONS, INC., a

Wisconsin corporation; EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio corporation;

R. L. POLK & CO., a Delaware corporation; CHOICEPOINT PUBLIC RECORDS, INC., a

REC'D DEC 26 2006

AFFIDAVIT
EXHIBIT 3

Georgia corporation; CHOICEPOINT, INC., a Georgia corporation; CHOICEPOINT SERVICES, INC, a Georgia corporation; CHOICEPOINT PRECISION MARKETING INC., a Georgia corporation; KNOWX, LLC, a Georgia limited liability company; SEISINT, INC., a Florida corporation; REED ELSEVIER, INC., a Massachusetts corporation; ACXIOM CORPORATION, a Delaware corporation, and eFUNDS CORPORATION, a Delaware corporation, and allege as follows:

## THE PARTIES, JURISDICTION AND VENUE

1.      Plaintiffs, RICHARD FRESCO, JEFFREY HY, MARY ANN COLLIER, ROY McGOLDRICK, and ROBERT PINO, are residents of Broward County, Florida, who have at all times material to this action owned motor vehicles registered with the Department of Highway Safety and Motor Vehicles, State of Florida ("DHSMV"), and have held Florida driver's licenses issued by DHSMV.

2.      Plaintiff, CARLOS BARRETT, is a resident of Miami-Dade County, Florida, who has at all times material to this action owned a motor vehicle registered with the DHSMV and has held a Florida driver's license issued by DHSMV.

3.      Plaintiff, KENNETH W. HERETICK, is a resident of Pinellas County, Florida, who has at all times material to this action owned a motor vehicle registered with the DHSMV and has held a Florida driver's license issued by DHSMV.

4.      Plaintiff, RUSSELL V. ROSEN, is a resident of Collier County, Florida, who has at all times material to this action owned a motor vehicle registered with the DHSMV and has held a Florida driver's license issued by DHSMV.

5.     Plaintiff, JOEL LEVINE, is a resident of Palm Beach County, Florida, who has at all times material to this action owned a motor vehicle registered with the DHSMV and has held a Florida driver's license issued by DHSMV.

6.     Defendant, AUTOMOTIVE DIRECTIONS, INC. ("AUTOMOTIVE DIRECTIONS"), is a Wisconsin corporation, with its principal place of business in Madison, Wisconsin, and which, at all times material to this action, has been doing business in this District and throughout the State of Florida.

7.     Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. ("EXPERIAN"), is an Ohio corporation with its principal place of business in Costa Mesa, California and which, at all times material to this action, has been authorized to do business in, and has been doing business in, this District and throughout the State of Florida.

8.     Defendant, R. L. POLK & CO. ("POLK"), is a Delaware corporation with its principal place of business in Southfield, Michigan, and which, at all times material to this action, has been authorized to do business in, and has been business in, this District and throughout the State of Florida.

9.     Defendant, CHOICEPOINT PUBLIC RECORDS, INC. ("CHOICEPOINT PUBLIC RECORDS"), is a Georgia corporation with its principal place of business in Alpharetta, Georgia, and which, at all times material to this action, has been authorized to do business in, and has been doing business in, this District and throughout the State of Florida.

10.     Defendant, CHOICEPOINT, INC. ("CHOICEPOINT"), is a Georgia corporation with its principal place of business in Alpharetta, Georgia, and which, at all times material to this

action, has been authorized to do business in, and has been doing business in, this District and throughout the State of Florida.

11.    Defendant, CHOICEPOINT SERVICES, INC. ("CHOICEPOINT SERVICES"), is a Georgia corporation with its principal place of business in Alpharetta, Georgia, and which, at all times material to this action, has been authorized to do business in, and has been doing business in, this District and throughout the State of Florida.

12.    Defendant, CHOICEPOINT PRECISION MARKETING INC. ("CHOICEPOINT MARKETING"), is a Georgia corporation with its principal place of business in Alpharetta, Georgia, and which, at all times material to this action, has been authorized to do business in, and has been doing business in, this District and throughout the State of Florida.

13.    Defendant, KNOWX, LLC ("KNOWX"), is a Georgia limited liability company with its principal place of business in Alpharetta, Georgia, and which, at all times material to this action, has been authorized to do business in, and has been doing business in, this District and throughout the State of Florida.

14.    Defendant, SEISINT, INC. ("SEISINT"), is a Florida corporation with its principal place of business in Boca Raton, Florida, and which, at all times material to this action, has been doing business in this District and throughout the State of Florida.

15.    Defendant, REED ELSEVIER, INC. ("ELSEVIER"), is a Massachusetts corporation with its principal place of business in Newton, Massachusetts, and which, at all times material to this action, has been doing business in this District and throughout the State of Florida.

16.    Defendant, ACXIOM CORPORATION ("ACXIOM"), is a Delaware corporation with its principal place of business in Little Rock, Arkansas, and which, at all times material to this action, has been doing business in this District and throughout the State of Florida.

17.    Defendant, eFUNDS CORPORATION ("eFUNDS"), is a Delaware corporation with its principal place of business in Scottsdale, Arizona, and which, at all times material to this action, has been doing business in this District and throughout the State of Florida.

### Jurisdiction

18.    This Court has jurisdiction of this matter pursuant to the provisions of the federal Driver's Privacy Protection Act, 18 U.S.C. §§ 2721-2725 ("DPPA"), and 28 U.S.C. § 1331.

19.    Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because: (i) the Defendants' conduct giving rise to the claim that is the subject of this action occurred throughout the State of Florida including the Southern District of Florida; (ii) each Defendant transacts business, committed an illegal or tortious act in, maintains agents or representatives in, or is otherwise found, in this District; and (iii) millions of licensed drivers and owners of registered motor vehicles residing in this District have suffered and will continue to suffer the same harm and damages as the named Plaintiffs as a result of Defendants' wrongful conduct in violation of the DPPA.

### Allegations Regarding the Class Representative Plaintiffs

20.    The Plaintiffs each has "personal information" or "highly restricted personal information" in "motor vehicle records," within the meaning of 18 U.S.C. § 2725.

21.    From April 1, 1998 to the present, Defendants have knowingly obtained, disclosed, or used Plaintiffs' and the Class Members' personal information and highly restricted personal information from motor vehicle records for purposes not permitted by the DPPA.

22.    None of the Plaintiffs has given his or her express consent as defined in 18 U.S.C. § 2725, to obtain, use, or disclose any personal information or highly restricted personal information from their motor vehicle records.

23.    Pursuant to 18 U.S.C. § 2724, Defendants are liable to Plaintiffs for liquidated damages and have standing to seek injunctive relief there under.

### Class Representation Allegations

24.    This suit is properly maintained as a class action under Federal Rule of Civil Procedure 23. From April 1, 1998, through and including the present date, each Defendant knowingly obtained, used, or disclosed personal information, and/or highly restricted personal information, of Plaintiffs and the Class Members for purposes not permitted by the DPPA. Upon information and belief, millions of individuals whose "personal information" or "highly restricted personal information" is contained in "motor vehicle records" within the meaning of 18 U.S.C. § 2725, have had such information knowingly obtained, used or disclosed by each Defendant in violation of the DPPA.

25.    The "Class" or "Class Members" consist of:

> All persons whose Personal Information or Highly Restricted Personal Information was obtained, used, or disclosed by any of the Defendants from April 1, 1998 through Final Judgment.

> All federal judges and members of their families within the first degree of consanguinity, and officers and directors of the Defendants, are excluded from the class definition.

26.    The number of Class Members exceeds several million, making separate joinder of each member extremely impracticable if not impossible.

27.    The claims of Plaintiffs raise questions of law or fact common to the questions of law or fact raised by the claims of each Class Member.  The principal question is whether the Defendants' conduct in knowingly obtaining, disclosing, or using personal information or highly restricted personal information contained in motor vehicle records was prohibited by, and therefore violated, the DPPA. The interests of the Plaintiffs are coextensive with the Class Members on the question of the Defendants' liability pursuant to 18 U.S.C. § 2724 concerning violations of the DPPA.

28.    Whether a Class Member's personal information or highly restricted personal information was knowingly obtained, disclosed, or used in violation of DPPA can be determined by ministerial inspection of the Defendants' records.

29.    The claims of Plaintiffs are typical of the claims of each Class Member which arise from the same operative facts and are based upon the same legal grounds.  The particular facts and circumstances that show that Plaintiffs' claims are typical of the claims of each Class Member are that between June 1, 1998, to the present, Plaintiffs' personal information, including highly restricted personal information, was contained in motor vehicle records.   Such information has been knowingly obtained, disclosed, or used by Defendants without the consent of Plaintiffs for purposes not permitted by the DPPA.  Likewise, during the same time period, each Class Member's personal information, including highly restricted personal information was knowingly obtained, disclosed, or used by Defendants without the consent of the Class Members for purposes not permitted by the DPPA.  The requirement of typicality is satisfied because proof

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Bandstra*

of the elements of Plaintiffs' claims will demonstrate the Defendants' liability to all Class Members.

30.    Plaintiffs will fairly and adequately protect the interests of the class. They are committed to vigorously pursuing this matter. Plaintiffs will fairly and adequately protect and represent the interests of each Class Member. Plaintiffs' interests are coextensive with the interests of the Class Members, with whom they share a common right of recovery based upon the same essential facts. Plaintiffs have retained attorneys competent and experienced in class action and complex civil litigation.

31.    Plaintiffs' claims are maintainable on behalf of the class under Fed. R. Civ. P. 23(b)(3) because questions of law or fact common to the Plaintiffs' claim and the claim of each Class Member predominate over any question of law or fact affecting individual Class Members, and class representation is superior to other available methods for the fair and efficient adjudication of the controversy. The assertion of separate individual claims is impractical and cost prohibitive not only for the individual claimant, but for the Defendants and the court system itself. The interest of Class Members in individually controlling the prosecution of separate claims against Defendants is small because the minimum amount of statutory damages in an individual action is $2,500.00, and it is unlikely that any Class Member's actual damages will exceed the statutory amount. In addition, this matter can also proceed as a class action pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants' actions in violation of the DPPA generally affect all members of the class in the same way, to-wit, such actions invade the Class Members' privacy rights, expose them to potential criminal conduct in the form of identity theft, stalking, and other crimes, and subject them to being inundated with unwanted "junk mail." Thus, injunctive relief

for the Class as a whole is an appropriate remedy to prevent further harm and may be granted pursuant to 18 U.S.C. § 2724(b)(4). Maintaining this action as a class action in this forum is desirable as it will permit the claims of the Plaintiffs and the Class Members to be adjudicated efficiently, based upon a common right of recovery arising from the same set of facts. Management of this class action is likely to present significantly fewer difficulties than those presented in other class actions.

## COUNT I

## (CLAIM AGAINST AUTOMOTIVE DIRECTIONS, INC.)

32.    The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

33.    AUTOMOTIVE DIRECTIONS is a technology development and marketing research firm with products and services designed to help automotive retailers target consumers in order to find, sell and keep customers. AUTOMOTIVE DIRECTIONS knowingly obtained, disclosed, or used "personal information" or "highly restricted personal information" contained in "motor vehicle records" within the meaning of 18 U.S.C. § 2725.

34.    From April 1, 1998, to the present, AUTOMOTIVE DIRECTIONS has regularly, and knowingly, obtained Plaintiffs' and Class Members' personal information, and highly restricted personal information, contained in motor vehicle records for the purposes of resale and/or re-disclosure to AUTOMOTIVE DIRECTIONS' customers, and/or re-disclosure to AUTOMOTIVE DIRECTIONS' affiliates and strategic partners. During that same time period, AUTOMOTIVE DIRECTIONS and/or its affiliates and strategic partners have repeatedly sold

said information to customers, many of whom have utilized the information for marketing purposes.

35.    The acts and practices of AUTOMOTIVE DIRECTIONS violate the DPPA in one or both of the following ways:

      (a)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and

      (b)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations, without the express consent of the persons to whom the information pertains.

36.    AUTOMOTIVE DIRECTIONS has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records for purposes not permitted by the DPPA from April 1, 1998, to the present.  Pursuant to 18 U.S.C. § 2724, AUTOMOTIVE DIRECTIONS is liable to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, and liquidated damages, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

37.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendant, AUTOMOTIVE DIRECTIONS, INC. for damages, including reasonable attorneys' fees and all other litigation costs reasonably incurred.

## COUNT II

### (CLAIM AGAINST EXPERIAN INFORMATION SOLUTIONS, INC.)

38.    The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

39.    EXPERIAN is an information service provider that helps its clients target, acquire, manage, and develop customer relationships by combining its support and outsourcing services with information on consumers, businesses, motor vehicles and property.  EXPERIAN has a national vehicle database that contains information of more than 335 million vehicles. EXPERIAN provides its customers with an online tool to enable them to create and approve direct mail marketing piece content for direct mail campaigns.  EXPERIAN provides address information for more than 20 billion promotional mail pieces to more than 100 million households per year.  EXPERIAN knowingly obtained, disclosed, or used "personal information" or "highly restricted personal information" contained in "motor vehicle records" within the meaning of 18 U.S.C. § 2725.

40.    From April 1, 1998 to the present, EXPERIAN has regularly, and knowingly, obtained Plaintiffs' and Class Members' personal information and highly restricted personal

information, contained in motor vehicle records for the purposes of resale and/or re-disclosure to EXPERIAN's customers, affiliates and strategic partners. During that same time period, EXPERIAN and/or its affiliates and strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

41.    The acts and practices of EXPERIAN violate the DPPA in one or both of the following ways:

(a)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and

(b)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations, without the express consent of the persons to whom the information pertains.

42.    EXPERIAN has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records for purposes not permitted by the DPPA from April 1, 1998 to the present. Pursuant to 18 U.S.C. § 2724, EXPERIAN is liable to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, and

liquidated damages, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

43.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. for damages, including reasonable attorneys' fees and all other litigation costs reasonably incurred.

## COUNT III

### (CLAIM AGAINST R. L. POLK & CO.)

44.    The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

45.    POLK collects and interprets automotive market data to help its clients target customers. POLK compiles data from motor vehicle departments in the United States, including Florida, and analyzes registration statistics in order to advise its clients regarding market share in their targeted areas, as well as demand forecasts for vehicles, services, parts, and components. POLK also sells names, addresses, and other personal information to businesses engaged in direct mail marketing, telephone solicitations and other forms of mass marketing and advertising. POLK knowingly obtained, disclosed, or used "personal information" or "highly restricted

personal information" contained in "motor vehicle records" within the meaning of 18 U.S.C. § 2725.

46.     From April 1, 1998 to the present, POLK has regularly, and knowingly, obtained Plaintiffs' and Class Members' personal information and highly restricted personal information, contained in motor vehicle records  for the purposes of resale and/or re-disclosure to POLK's customers, affiliates and strategic partners. During that same time period, POLK and/or its affiliates and strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

47.     The acts and practices of POLK violate the DPPA in one or both of the following ways:

(a)     by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and

(b)     by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations, without the express consent of the persons to whom the information pertains.

48.     POLK has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Bandstra*

Class Members from motor vehicle records for purposes not permitted by the DPPA from April 1, 1998 to the present. Pursuant to 18 U.S.C. § 2724, POLK is liable to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, and liquidated damages, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

49.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendant, R.L. POLK & CO. for damages, including reasonable attorneys' fees and all other litigation costs reasonably incurred.

## COUNT IV

### (CLAIM AGAINST CHOICEPOINT PUBLIC RECORDS, INC.)

50.    The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

51.    CHOICEPOINT PUBLIC RECORDS advertises itself as a leading provider of organized online public records data and decision-making intelligence to businesses and government agencies.  Through products like AutoTrackXP, and AutoTrack Investigator, CHOICEPOINT PUBLIC RECORDS offers its customers Internet access to more than 14 billion current and historical records on individuals and businesses, including driver's license and

vehicle registration data from all fifty states, including Florida. CHOICEPOINT PUBLIC RECORDS knowingly obtained, disclosed, or used "personal information" or "highly restricted personal information" contained in "motor vehicle records" within the meaning of 18 U.S.C. § 2725.

52.    From April 1, 1998 to the present, CHOICEPOINT PUBLIC RECORDS has regularly, and knowingly, obtained Plaintiffs' and Class Members' personal information, and highly restricted personal information, contained in motor vehicle records for the purposes of resale and/or re-disclosure to CHOICEPOINT PUBLIC RECORDS' customers, affiliates and strategic partners. During that same time period, CHOICEPOINT PUBLIC RECORDS and/or its affiliates and strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

53.    The acts and practices of CHOICEPOINT PUBLIC RECORDS violate the DPPA in one or both of the following ways:

    (a)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and

    (b)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations,

without the express consent of the persons to whom the information pertains.

54.    CHOICEPOINT PUBLIC RECORDS has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records  for purposes not permitted by the DPPA from April 1, 1998 to the present.  Pursuant to 18 U.S.C. § 2724, CHOICEPOINT PUBLIC RECORDS is liable to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, and liquidated damages, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

55.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendant, CHOICEPOINT PUBLIC RECORDS, INC. for damages, including reasonable attorneys' fees and all other litigation costs reasonably incurred.

## COUNT V

### (CLAIM AGAINST CHOICEPOINT, INC.)

56.    The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

57.    CHOICEPOINT advertises itself as a leading provider of organized online public records data and decision-making intelligence to businesses and government agencies. According to CHOICEPOINT, it possesses one of the country's largest repositories of public records.  Through the use of CHOICEPOINT'S data warehouse, which contains billions of current and historical records, CHOICEPOINT'S customers have access to more than 14 billion records on individuals and businesses, including driver's license and vehicle registration data from Florida and all other states.  CHOICEPOINT knowingly obtained, disclosed, or used "personal information" or "highly restricted personal information" contained in "motor vehicle records" within the meaning of 18 U.S.C. § 2725.

58.    From April 1, 1998 to the present, CHOICEPOINT has regularly, and knowingly, obtained, either directly, or through a wholly owned subsidiary, Plaintiffs' and Class Members' personal information, and highly restricted personal information, contained in motor vehicle records  for the purposes of resale and/or re-disclosure to CHOICEPOINT's customers, affiliates and strategic partners. During that same time period, CHOICEPOINT and/or its affiliates and strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

59.    The acts and practices of CHOICEPOINT violate the DPPA in one or both of the following ways:

      (a)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent

of the persons to whom the information pertains for purposes not permitted by the DPPA; and

(b)     by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations, without the express consent of the persons to whom the information pertains.

60.     CHOICEPOINT has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records for purposes not permitted by the DPPA from April 1, 1998 to the present.  Pursuant to 18 U.S.C. § 2724, CHOICEPOINT is liable to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, and liquidated damages, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

61.     Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay  reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against the Defendant, CHOICEPOINT INC. for damages, including reasonable attorneys' fees and all other litigation costs reasonably incurred.

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Bandstra*

## COUNT VI

### (CLAIM AGAINST CHOICEPOINT SERVICES, INC.)

62.    The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

63.    CHOICEPOINT SERVICES, INC. advertises itself as a leading provider of organized online public records data and decision-making intelligence to businesses and government agencies.  According to CHOICEPOINT SERVICES, INC., it possesses one of the country's largest repositories of public records.  Through the use of CHOICEPOINT SERVICES, INC.'S data warehouse, which contains billions of current and historical records, CHOICEPOINT'S customers have access to more than 14 billion records on individuals and businesses, including driver's license and vehicle registration data from Florida and all other states.  CHOICEPOINT SERVICES, INC. knowingly obtained, disclosed, or used "personal information" or "highly restricted personal information" contained in "motor vehicle records" within the meaning of 18 U.S.C. § 2725.

64.    From April 1, 1998 to the present, CHOICEPOINT SERVICES, INC. has regularly, and knowingly, obtained, either directly, or through a wholly owned subsidiary, Plaintiffs' and Class Members' personal information, and highly restricted personal information, contained in motor vehicle records for the purposes of resale and/or re-disclosure to CHOICEPOINT SERVICES, INC.'s customers, affiliates and strategic partners. During that same time period, CHOICEPOINT SERVICES, INC. and/or its affiliates and strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

65.    The acts and practices of CHOICEPOINT SERVICES, INC. violate the DPPA in one or both of the following ways:

(a)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and

(b)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations, without the express consent of the persons to whom the information pertains.

66.    CHOICEPOINT SERVICES, INC. has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records for purposes not permitted by the DPPA from April 1, 1998 to the present.    Pursuant to 18 U.S.C. § 2724, CHOICEPOINT SERVICES, INC. is liable to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, and liquidated damages, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

67.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against the Defendant, CHOICEPOINT SERVICES, INC. for damages, including reasonable attorneys' fees and all other litigation costs reasonably incurred.

## COUNT VII

## (CLAIM AGAINST CHOICEPOINT PRECISION MARKETING, INC.)

68.    The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

69.    CHOICEPOINT MARKETING provides data and campaign management services, direct marketing fulfillment services and all aspects of mass mail marketing creation and delivery for business clients.    Through its product, "MarketView," CHOICEPOINT MARKETING offers comprehensive sources of consumer information, and access to demographic databases, vehicle data and other public record information.    This consumer database contains information on 220 million consumers.    Another product, "Explorer N.C." is a database technology platform for prospect marketing.    CHOICEPOINT MARKETING's "DirectLink" is a full-service browser-based system that provides clients new prospect data, direct mail printing and distribution and access to fully integrated campaigns.    These consumer

databases and systems contain "personal information" or "highly restricted personal information" from "motor vehicle records" within the meaning of 18 U.S.C. § 2725.

70.    From April 1, 1998 to the present, CHOICEPOINT MARKETING has regularly, and knowingly, obtained, either directly, or through an affiliated entity or strategic partner, Plaintiffs' and Class Members' personal information, and highly restricted personal information, contained in motor vehicle records for the purposes of resale and/or re-disclosure to CHOICEPOINT MARKETING 's customers, affiliates and strategic partners. During that same time period, CHOICEPOINT MARKETING and/or its affiliates and strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

71.    The acts and practices of CHOICEPOINT MARKETING violate the DPPA in one or both of the following ways:

(a)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and

(b)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations, without the express consent of the persons to whom the information pertains.

72.    CHOICEPOINT MARKETING has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records  for purposes not permitted by the DPPA from April 1, 1998 to the present.   Pursuant to 18 U.S.C. § 2724, CHOICEPOINT MARKETING is liable to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, and liquidated damages, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

73.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendant, CHOICEPOINT PRECISION MARKETING, INC. for damages, including reasonable attorneys' fees and all other litigation costs reasonably incurred.

## COUNT VIII

### (CLAIM AGAINST KNOWX LLC)

74.    The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

75.    KNOWX, a wholly owned subsidiary of CHOICEPOINT, provides Internet access to national public records.  Its goal is to make public record information accessible to all

Web users, from the professional researcher to the novice user. Through products such as its "360 Report," KNOWX, among other information, provides customers with motor vehicle records and driver's license information, cross-referenced to show drivers at a particular address. These consumer databases and reports contain "personal information" or "highly restricted personal information" from "motor vehicle records" within the meaning of 18 U.S.C. § 2725.

76.     From April 1, 1998 to the present, KNOWX has regularly, and knowingly, obtained, either directly, or through an affiliated entity or strategic partner, Plaintiffs' and Class Members' personal information, and highly restricted personal information, contained in motor vehicle records for the purposes of resale and/or re-disclosure to KNOWX's customers, affiliates and strategic partners. During that same time period, KNOWX and/or its affiliates and strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

77.     The acts and practices of KNOWX violate the DPPA in one or both of the following ways:

(a)     by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and

(b)     by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations,

without the express consent of the persons to whom the information pertains.

78.    KNOWX has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to the Plaintiffs and the Class Members from motor vehicle records for purposes not permitted by the DPPA from April 1, 1998 to the present.  Pursuant to 18 U.S.C. § 2724, KNOWX is liable to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, and liquidated damages, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

79.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendant, KNOWX, LLC for damages, including reasonable attorneys' fees and all other litigation costs reasonably incurred.

## COUNT IX

### (CLAIM AGAINST SEISINT, INC.)

80.    The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

81.    SEISINT claims to maintain a multi-billion record repository of information on U.S. individuals and businesses. SEISINT's products include "Accurint," which it advertises as a family of information products sold commercially to organizations with legitimate business uses throughout the United States.   According to SEISINT, Accurint has the most in-depth information on U.S. individuals and businesses, and its data are deeper and more comprehensive than other commercially available database systems presently on the market. SEISINT obtains and uses tens of billions of data records on individuals and businesses throughout the United States, including personal information pertaining to the Plaintiffs and the Plaintiff Class from the DHSMV. SEISINT knowingly obtained, disclosed, or used "personal information" or "highly restricted personal information" contained in "motor vehicle records" within the meaning of 18 U.S.C. § 2725.

82.    From April 1, 1998 to the present, SEISINT has regularly, and knowingly, obtained Plaintiffs' and Class Members' personal information, and highly restricted personal information, contained in motor vehicle records for the purposes of resale and/or re-disclosure to SEISINT's customers, affiliates and strategic partners. During that same time period, SEISINT and/or its affiliates and strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

83.    The acts and practices of SEISINT violate the DPPA in one or both of the following ways:

(a)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent

of the persons to whom the information pertains for purposes not permitted by the DPPA; and,

(b)     by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations, without the express consent of the persons to whom the information pertains.

84.     SEISINT has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records for purposes not permitted by the DPPA from April 1, 1998 to the present. Pursuant to 18 U.S.C. § 2724, SEISINT is liable to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, and liquidated damages, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

85.     Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendant, SEISINT INC. for damages, including reasonable attorneys' fees and all other litigation costs reasonably incurred.

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Bandstra*

## COUNT X

## (CLAIM AGAINST REED ELSEVIER, INC.)

86.    The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

87.    ELSEVIER, through its tradename and trademark Lexis/Nexis, provides its customers with a variety of data from public records, and other sources, including personal information, and highly restricted personal information from the DHSMV.    ELSEVIER advertises that its "LexisNexis Document Solutions" can perform many types of motor vehicle searches and retrievals, including ownership history, registration history, and title search. ELSEVIER acknowledges that it traffics in "personally identifiable information contained in public records," which it defines as "those records created and maintained by government agencies and are open for public inspection," giving as an example of same, "motor-vehicle registrations."    ELSEVIER states that its "data privacy policy" takes into account its legal position that "individuals cannot opt-out of public records unless authorized by law or court order (and that) LexisNexis does not offer consumers the opportunity to opt-out of public records offered through LexisNexis online services because doing so would significantly impair the utility of those databases for legal and business transactions." ELSEVIER markets its personally identifiable information taken from public records, including DHSMV, to direct marketing companies who use the information for advertising and marketing purposes, including bulk mail and solicitations.

88.     ELSEVIER knowingly obtained, disclosed, or used "personal information" or "highly restricted personal information" contained in "motor vehicle records" within the meaning of 18 U.S.C. § 2725.

89.     From April 1, 1998 to the present, ELSEVIER has regularly, and knowingly, obtained Plaintiffs' and Class Members' personal information, and highly restricted personal information, contained in motor vehicle records for the purposes of resale and/or re-disclosure to ELSEVIER's customers, affiliates and strategic partners. During that same time period, ELSEVIER and/or its affiliates and strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

90.     The acts and practices of ELSEVIER violate the DPPA in one or both of the following ways:

      (a)     by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and,

      (b)     by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations, without the express consent of the persons to whom the information pertains.

91.    ELSEVIER has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records  for purposes not permitted by the DPPA from April 1, 1998 to the present.  Pursuant to 18 U.S.C. § 2724, ELSEVIER is liable to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, and liquidated damages, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

92.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendant, REED ELSEVIER INC., for damages, including reasonable attorneys' fees and all other litigation costs reasonably incurred.

## COUNT XI

### (CLAIM AGAINST ACXIOM CORPORATION)

93.    The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

94.    ACXIOM develops and maintains databases containing information about most individuals and households in the U.S., including public records such as historical and current driver's license information, and historical and current motor vehicle information. ACXIOM sells the information from its databases to business customers to use in their marketing and

customer service programs. ACXIOM assists its business clients maximize customer relationships by building a customer information infrastructure to support marketing and decision-making efforts. ACXIOM claims to manage hundreds of large-scale prospect and customer marketing database systems and operational data stores to support real-time, front-office customer and information management.

95.     ACXIOM knowingly obtained, disclosed, or used "personal information" or "highly restricted personal information" contained in "motor vehicle records" within the meaning of 18 U.S.C. § 2725.

96.     From April 1, 1998 to the present, ACXIOM has regularly, and knowingly, obtained Plaintiffs' and Class Members' personal information, and highly restricted personal information, contained in motor vehicle records for the purposes of resale and/or re-disclosure to ACXIOM's customers, affiliates and strategic partners. During that same time period, ACXIOM and/or its affiliates and strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

97.     The acts and practices of ACXIOM violate the DPPA in one or both of the following ways:

> (a)     by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and,

    (b)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations, without the express consent of the persons to whom the information pertains.

98.    ACXIOM has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records for purposes not permitted by the DPPA from April 1, 1998 to the present. Pursuant to 18 U.S.C. § 2724, ACXIOM is liable to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, and liquidated damages, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

99.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendant, ACXIOM CORPORATION for damages, including reasonable attorneys fees' and all other litigation costs reasonably incurred.

## COUNT XII

### (CLAIM AGAINST eFUNDS CORPORATION)

100.    The Plaintiffs incorporate the allegations of paragraphs 1 through 31 above as if same were fully set forth herein.

101.    eFUNDS provides electronic transaction processing, ATM management, risk management and professional services to financial institutions, retailers, electronic funds transfer networks, government agencies and others. eFunds also regularly discloses and sells information culled from billions of public records and millions of households for marketing purposes, promotions, and marketing list "enrichment." Among the services eFunds markets from the compilations of information that it creates, maintains, and distributes from various sources, is "Decision Support." According to eFunds, "Decision Support" products provide retailers, financial services companies, financial institutions and other companies with ways to improve customer acquisition and retention and can also offer new account representatives up to nine targeted ways to cross-sell other products. "Decision Support" provides users access to "DebitBureau," a national database of information on more than 3 billion consumers. The database includes data on demographics, lifestyle, credit bureau information, drivers' licenses and proprietary insurance and financial attributes. The information in "DebitBureau" is conveniently linked together for targeted direct mail efforts, customer database appends, niche market discovery, telemarketing screening and potential alliance partner identification. The records eFunds compiles to create their "Decision Support" described above include personal information, and highly restricted personal information, eFunds obtains from motor vehicles records. Further, eFunds has obtained such personal information for years through public

records requests to DHSMV and, in turn, disclosed such information and made it available for marketing purposes or eFunds has obtained such personal information, and highly restricted personal information, for other purposes not permitted under the DPPA.

102.    eFUNDS knowingly obtained, disclosed, or used    "personal    information"    or "highly restricted personal information" contained in "motor vehicle records" within the meaning of 18 U.S.C. § 2725.

103.    From April 1, 1998 to the present, eFUNDS has regularly, and knowingly, obtained Plaintiffs' and Class Members' personal information, and highly restricted personal information, contained in motor vehicle records for the purposes of resale and/or re-disclosure to eFUNDS' customers, affiliates and strategic partners. During that same time period, eFUNDS and/or its affiliates and strategic partners have repeatedly sold said information to customers, many of whom have utilized the information for marketing purposes.

104.    The acts and practices of eFUNDS violate the DPPA in one or both of the following ways:

> (a)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for resale and/or re-disclosure without the express consent of the persons to whom the information pertains for purposes not permitted by the DPPA; and,

> (b)    by knowingly obtaining, using, or disclosing personal information and highly restricted personal information from motor vehicle records for bulk distribution for surveys, marketing or solicitations,

without the express consent of the persons to whom the information pertains.

105.   eFUNDS has violated the DPPA by knowingly obtaining, disclosing, or using personal information and highly restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records for purposes not permitted by the DPPA from April 1, 1998 to the present.   Pursuant to 18 U.S.C. § 2724, eFUNDS is liable to Plaintiffs and the Class Members for knowingly obtaining, disclosing, or using such personal information and highly restricted personal information for impermissible purposes for their actual damages, and liquidated damages, plus reasonable attorneys' fees and all other litigation costs reasonably incurred.

106.   Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class Members, request this Honorable Court to enter judgment against Defendant, eFUNDS CORPORATION for damages, including reasonable attorneys fees' and all other litigation costs reasonably incurred.

## COUNT XIII

## (CLAIM AGAINST ALL DEFENDANTS FOR INJUNCTIVE RELIEF)

107.   Plaintiffs incorporate the allegations contained in paragraphs 1 through 31 above as if same were more fully set forth herein.

108.   The Defendants violated cognizable legal rights of Plaintiffs and the Class under the DPPA, by knowingly obtaining, disclosing, or using personal information and highly

restricted personal information pertaining to Plaintiffs and the Class Members from motor vehicle records for impermissible purposes from April 1, 1998 to the present.

109.    Plaintiffs believe that the Defendants will continue their acts and practices in violation of the DPPA unless they are restrained by injunctive order of this Court.

110.    This Court is empowered by 18 U.S.C. § 2724(b)(4) to grant equitable relief as the Court determines to be appropriate, including, but not limited to, injunctive relief.

111.    Plaintiffs and the Class Members have suffered irreparable injury and have no adequate remedy at law for the injury Defendants caused them.    Any injury Defendants may incur by means of an injunction is outweighed by the injury Plaintiffs and the Class will continue to suffer if Defendants are not enjoined.

112.    An injunction against Defendants will not be adverse to the public interest.

113.    Plaintiffs have been required to engage the services of the undersigned attorneys to prosecute this action and have become obligated to them to pay reasonable attorneys' fees and all other litigation costs reasonably incurred in this action.    Pursuant to 18 U.S.C. § 2724, Defendants are liable to the Plaintiffs and all others similarly situated to pay them reasonable attorneys' fees and costs of this action.

WHEREFORE, in this count, Plaintiffs request that this Honorable Court enter final judgment permanently enjoining and restraining the Defendants from further violating the DPPA and to cease and desist from obtaining, disclosing or using personal information and highly restricted personal information from the motor vehicle records  for purposes not permitted under the DPPA, and for an award of reasonable attorneys' fees and all other litigation costs reasonably incurred.

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Bandstra*

### JURY TRIAL DEMAND

Plaintiffs request a trial by jury against all Defendants on all issues so triable as a matter

of right.

DATED:  December 20, 2006.

By: _____

TOD ARONOVITZ
ta@aronovitzlaw.com
Florida Bar No. 186430
STEVEN JAFFE
srj@aronovitzlaw.com
Florida Bar No. 390770
**ARONOVITZ TRIAL LAWYERS**
Suite 2700 – Museum Tower
150 W. Flagler Street
Miami, Florida 33130
305-372-2772 Telephone
305-375-0243 Facsimile

JOHN A. YANCHUNIS
jyanchunis@jameshoyer.com
Florida Bar No. 324681
MARK S. FISTOS
mfistos@jameshoyer.com
Florida Bar No. 0909191
**JAMES HOYER NEWCOMER**
**& SMILJANICH, P.A.**
3301 Thomasville Road, A200
Tallahassee, Florida 32308
850-325-2680 Telephone
850-325-2681 Facsimile

DAVID D. WELCH
ddw123@bellsouth.net
Florida Bar No. 109537
**WELCH & FINKEL**
2401 E. Atlantic Boulevard, Suite 400
Pompano Beach, Florida 33062
954-943-2020 Telephone
954-782-1552 Facsimile

JOEL S. PERWIN
jperwin@perwinlaw.com
Florida Bar No. 316814
**JOEL S. PERWIN, P.A.**
169 E. Flagler Street
Alfred I. DuPont Building, Suite 1422
Miami, Florida 33131
305-779-6090 Telephone
305-779-6095 Facsimile

PETER A. PORTLEY
pportley@aol.com
Florida Bar No. 112563
**PORTLEY AND SULLIVAN**
Lighthouse Point Professional Building
2211 E. Sample Road, Suite 204
Lighthouse Point, Florida 33064
954-781-7600 Telephone
954-941-3469 Facsimile

LAWRENCE D. GOODMAN
lgoodman@devinegoodman.com
Florida Bar No. 712647
**DEVINE GOODMAN PALLOT & WELLS, P.A.**
777 Brickell Avenue, Suite 850
Miami, Florida 33131
305-374-8200 Telephone
305-374-8208 Facsimile

JAMES K. GREEN
jameskgreen@bellsouth.net
Florida Bar No. 229466
**JAMES K. GREEN, P.A.**
Suit 1650, Esperante´
222 Lakeview Avenue
West Palm Beach, Florida 33401
561-659-2029 Telephone
561-655-1357 Facsimile

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Bandstra*

JACK SCAROLA
mem@searcylaw.com
Florida Bar No. 169440
DAVID J. SALES
djs@searcylaw.com
Florida Bar No. 794732
**SEARCY DENNEY SCAROLA
BARNHART & SHIPLEY, P.A.**
2139 Palm Beach Lakes Boulevard
P. O. Drawer 3626
West Palm Beach, Florida 33402
800-780-8607 Toll free
561-686-6300 Telephone
561-478-0754 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Bandstra*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 20, 2006, I electronically filed the Second Amended Class Action Complaint and Jury Trial Demand with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is also being served this day on all defense counsel of record by U.S Mail as listed on the attached service list.

By

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Bandstra*

## SERVICE LIST – Attorneys for Defendants

Re:   Richard Fresco, et al.  vs. Automotive Directions, Inc., et al.
U.S. District Court Case No. 03-61063-Civ-Martinez/Bandstra

**Counsel for AUTOMOTIVE DIRECTIONS, INC.**

Thomas H. Loffredo, Esq.
Deanna K. Shullman, Esq.
HOLLAND & KNIGHT LLP
One East Broward Boulevard, Suite 1300
Fort Lauderdale, Florida 33301
954-525-1000 Telephone
954-463-2030 Facsimile
tom.loffredo@hklaw.com
deanna.shullman@hklaw.com

**Counsel for EXPERIAN INFORMATION SOLUTIONS, INC.**

Jerome R. Doak, Esq.
Kelly M. Cullen, Esq.
JONES DAY
2727 North Harwood Street
Dallas, TX 75201
214-220-3939 Telephone
214-969-5100 Facsimile
jrdoak@jonesday.com
kmcullen@jonesday.com

- and -

Dennis M. O'Hara, Esq.
James E. Zloch, Esq.
Robert C. Bauroth, Esq.
WICKER, SMITH, O'HARA, MCCOY,
GRAHAM & FORD, P.A.
515 E. Las Olas Boulevard
Suntrust Bank, Suite 1400
Ft. Lauderdale, Florida 33301
954-467-6405 Telephone
954-760-9353 Facsimile
dohara@wickersmith.com
jzloch@wichersmith.com
rbauroth@wickersmith.com

**Counsel for  R.L. POLK & CO.**

Scott J. Frank, Esq.
Lauren D. Levy, Esq.
BUTLER PAPPAS WEIHMULLER
KATZ CRAIG, LLP
80 S.W. 8th Street, Suite 3300
Miami, Florida 33130
305-416-9998 Telephone
305-416-6848 Facsimile
sfrank@butlerpappas.com
llevy@butlerpappas.com

- and -

Lewis F. Collins, Jr., Esq.
Marjorie Hensel, Esq.
BUTLER PAPPAS WEIHMULLER
KATZ CRAIG, LLP
One Harbor Place, Suite 500
777 South Harbour Island Boulevard
Tampa, Florida 33602
813-281-1900 Telephone
813-281-0900 Facsimile
lcollins@butlerpappas.com
mhensel@butlerpappas.com

**Counsel for SEISINT, INC.**

Keara M. Gordon, Esq.
Christopher Strongosky, Esq.
DLA PIPER RUDNICK GRAY CARY US
LLP
1251 Avenue of the Americas
New York, NY 10020
212-835-6000 Telephone
212-835-6001 Facsimile
keara.gordon@piperrudnick.com
christopher.strongosky@piperrudnick.com
darren.gibson@piperrudnick.com

- and -

Adam J. Hodkin, Esq.
GELCH TAYLOR HODKIN
KOPELOWITZ & OSTROW, P.A.
350 E. Las Olas Boulevard, Suite 1440
Ft. Lauderdale, Florida 33301
954-525-4100 Telephone
954-525-4300 Facsimile
hodkin@gthko.com

**Counsel for ACXIOM CORP.**

Marty Steinberg, Esq.
Walfrido J. Martinez, Esq.
Stephen R. Astley, Esq.
HUNTON & WILLIAMS
Mellon Financial Center
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
305-810-2500 Telephone
305-810-2460 Facsimile
msteinberg@hunton.com
wmartinez@hunton.com
sastley@hunton.com

**Counsel for CHOICEPOINT, INC.,
CHOICEPOINT PUBLIC RECORDS,
CHOICEPOINT PRECISION
MARKETING, INC., AND KNOWX,
LLC**

Raymond W. Bergan, Esq.
Laurie S. Fulton, Esq.
WILLIAMS & CONNOLLY LLP
725  12th Street, NW
Washington, D.C. 20005
202-434-5000 Telephone
202-434-5029 Facsimile
rbergan@wc.com
lfulton@wc.com

- and -

Alan G. Greer, Esq.
RICHMAN GREER WEIL BRUMBAUGH
MIRABITO & CHRISTENSEN, P.A.
Miami Center – 10th Floor
201 S. Biscayne Boulevard
Miami, Florida 33130
305-373-4000 Telephone
305-373-4099 Facsimile
agreer@richmangreer.com

**Counsel for REED ELSEVIER, INC.**

Sidney A. Stubbs, Esq.
Roberto M. Vargas, Esq.
JONES FOSTER JOHNSTON & STUBBS,
P.A.
505 South Flagler Drive, Suite 1100
West Palm Beach, Florida 33401
561-659-3000 Telephone
561-650-0409 Facsimile
sstubbs@jones-foster.com
rvargas@jones-foster.com

- and -

Charles J. Faruki, Esq.
Jeffrey T. Cox, Esq.
Ronald I. Raether, Esq.
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, Ohio 45402
937-227-3700 Telephone
937-227-3717 Facsimile
cfaruki@ficlaw.com
jcox@ficlaw.com
rraether@ficlaw.com

*Fresco, et al vs. Automotive Directions, et al.*
*Case No. 03-61063-Civ-Martinez/Bandstra*

## Counsel for EFUNDS CORPORATION

Gary L. Sasso, Esq.
James Michael Walls, Esq.
Leslie Schultz-Kin, Esq.
CARLTON FIELDS
Corporate Center Three @ International
Plaza
4221 West Boy Scout Boulevard
Tampa, Florida 33607
813-223-7000 Telephone
813-229-4133 Facsimile
gsasso@carltonfields.com
mwalls@carltonfields.com
lschultz-kin@carltonfields.com

*Mailing Address*:
Gary L. Sasso, Esq.
James Michael Walls, Esq.
Leslie Schultz-Kin, Esq.
CARLTON FIELDS
P. O. Box 3239
Tampa, Florida 33601-3239