# EXHIBIT "B"

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 03-61063-CIV-MARTINEZ-BANDSTRA

RICHARD FRESCO, et al.,

    Plaintiffs,

vs.

AUTO DATA DIRECT, INC., et al.,

    Defendants.
_____/

### ORDER DENYING MOTION FOR LIMITED INTERVENTION

THIS CAUSE came before the Court upon the Proposed Limited Intervenors'[1] Motion for Limited Intervention **(D.E. No. 415)**. The Court has carefully considered the motion, Plaintiffs' Response in Opposition (D.E. No. 433), certain Defendants' Response in Opposition (D.E. No. 434), Proposed Limited Intervenors' Reply Memorandum (D.E. No. 446), and is otherwise duly advised.[2] This Court held an hour-long status conference that was attended by representatives of all the parties as well as the Proposed Limited Intervenors. The Court heard oral argument relating to the instant Motion for Limited Intervention. After carefully, reviewing the record in this case, this Court concludes that the Motion for Limited Intervention should be denied and that

---

[1] The Proposed Limited Intervenors are Sharon Taylor, James Douglas Booker, Lowry Riley, Twilah Brown, James D. Clary, Sharon A. Clarey, Alice M. Cooks, Arlando Cooks, Elizabeth DeWitt, Kenneth Gossip, Sr., Kenneth Gossip, [Jr.], Pamela Hensley, Robert G. Holliness, Carolyn Latham Holub, Brandi Jewell, Tracy Karp, David Patterson, Ronnie Phillips, James Roberts, Luz Ann Roberts, Kimberly Dawn Underwood, Marilyn Whitaker, and William "Troy" Wilson. (D.E. No. 415 at 2).

[2] This Court also considered an undated and apparently unsworn Affidavit of Thomas M. Corea, with attached exhibits, which it appears was not filed on the record. The Court shall file that document separately on the record.

Proposed Limited Intervenors may more appropriately voice their objections through the settlement approval process.

The Proposed Limited Intervenors seek intervention as a matter of right or through the permissive intervention provisions of Federal Rule of Civil Procedure 24. This Court agrees with the arguments of Plaintiffs and Defendants that the Proposed Limited Intervenors motion is based on an erroneous assumption that without being given leave to intervene, their concerns will not be heard and the "settlement will be completely insulated from appellate review." (D.E. No. 415 at 4). However, the United States Supreme Court has clearly held that "nonnamed class members . . . who have objected in a timely manner to approval of the settlement at the fairness hearing have the power to bring an appeal without first intervening." *Devlin v. Scardelletti*, 536 U.S. 1, 14 (2002).

Furthermore, Proposed Limited Intervenors also rely on the faulty assumption that their interests are not protected because they have purportedly brought different claims based on conduct that occurred in Texas. However, "the mere fact that a proposed intervenor would assert different claims from those asserted by the named plaintiffs does not render the [named plaintiffs] inadequate to represent the [intervenor], nor does the fact that the named plaintiffs may be subject to defenses that the proposed intervenor is not." *In re Paineweber Limited Partnership Lit.*, 174 F.R.D. 35, 38 (S.D. N.Y. 1996) (citing *In re Energy Sys. Equip. Leasing Sec. Litigation*, 642 F. Supp. 718, 749-50 (E.D.N.Y.1986) (granting class certification)). Furthermore, this Court agrees that the Proposed Limited Intervenor's suit in Texas has the same objective: to enforce the Driver Privacy Protection Act ("DPPA"), 18 U.S.C. §§ 2721-2725, which applies equally across the areas subject to the powers of Congress. As a result, a legal presumption arises that Plaintiffs in

this case adequately represent the Proposed Limited Intervenors' interests. *See United States v. City of Miami*, 278 F.3d 1174, 1178 (11th Cir. 2002)

As the current parties in the instant case emphasize, the parties have engaged in four years of intense investigations, discovery, and vigorous motion practice, as well as Herculean mediation efforts that spanned the course of nearly a year. *See generally* (Affidavit of Rodney A. Max) (D.E. No. 413-3). After carefully reviewing the arguments of the parties and the Proposed Limited Intervenors, this Court concludes that the intervention of the Proposed Limited Intervenors is not appropriate pursuant to either Federal Rule of Civil Procedure 24(a) or (b). This Court further finds that the Proposed Limited Intervenors do not require intervention to protect their interests. Rather, they can protect their interests simply by objecting to the settlement. *See Grilli v. Metropolitan Life Ins. Co., Inc.*, 78 F.3d 1533, 1538 (11th Cir. 1996).

It is hereby:

**ORDERED and ADJUDGED** that

Proposed Limited Intervenors' Motion for Limited Intervention **(D.E. No. 415)** is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, May 11, 2007.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Bandstra
All Counsel of Record