IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SHARON TAYLOR, *et al.*, | § | CAUSE NO. 2:07-cv-00001 |
| Plaintiffs, | § | |
| | § | JUDGE: DAVID WALTER |
| v. | § | |
| | § | **MOTION FOR LEAVE TO** |
| ACXIOM CORPORATION, *et al.*, | § | **PROPOUND DISCOVERY** |
| Defendants. | § | **REQUESTS** |

**MOTION FOR LEAVE TO PROPOUND DISCOVERY REQUESTS**

Plaintiffs, by and through their undersigned counsel, hereby file their Motion for Leave to Propound Discovery, and in support thereof, state:

Based on the Court's March 4, 2008, consolidation order, Plaintiffs filed this Motion under the above caption because it involves discovery issues globally related to the six various consolidated cases. The relief sought by this Motion is not limited to the above-captioned case, but extends to all six DPPA cases brought by these Plaintiffs. Plaintiffs proceed below to address that relief sought.

On March 3, 2008, the Court held a status conference and set various deadlines for the parties. One of those deadlines was for Plaintiffs to seek leave from the Court to propound discovery requests on the various Defendants. On March 4, 2008, the Court granted Plaintiffs permission to propound a single interrogatory to each specific defendant regarding their purported use of the various Plaintiffs' personal information. Plaintiffs have propounded the allowed discovery. While hopefully the allowed interrogatory will provide the Court with better information to address the various motions to dismiss, additional discovery will be needed to proceed to the next phase of this litigation – class certification. Plaintiffs file this Motion to

outline other discovery requests which they contend are necessary in order to ascertain whether class certification is appropriate in this case.

Plaintiffs have alleged that Defendants obtained their personal information for a purpose not allowed under the DPPA. While the Court has allowed an interrogatory on this specific claim, Plaintiffs seek to represent a class of persons consisting of all holders of Texas drivers' licenses' whose information was improperly obtained, disclosed, or used. It is appropriate, therefore, for Plaintiffs to be allowed to ascertain the full extent of any violations of the DPPA relating specifically to their personal information. Assuming that the Court rules in favor of Plaintiffs and holds that they have sufficiently alleged an improper obtainment claim, the next phase of this litigation should involve discovery tailored to explore the full extent to which Plaintiffs' legally protected privacy interests have been violated by Defendants' knowing violations of the DPPA.

Thus, Plaintiffs contend that the following discovery is necessary to allow them to establish that they meet the commonality, typicality, numerosity, and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs have broken down their sought discovery into three categories. First, Plaintiffs will discuss the documents sought.

A.   **Documents**

There are three categories of documents that Plaintiffs contend are necessary to allow them to adequately address their Motion for Class Certification to the Court. The first category of documents Plaintiffs seek to review are the mandatory records required by the DPPA. The DPPA specifically requires that any person "that resells or re-discloses personal information covered by this chapter must keep for a period of 5 years records identifying each person or entity that receives information and the permitted purpose for which the information will be used and must make such records available to the motor vehicle department upon request." Many of

the Defendants in this action presumably are claiming that they have the right to obtain Plaintiffs personal information solely to resell or re-disclose that information to others. Plaintiffs should be allowed to review those records to ascertain the uses to which their personal information was put. These records, which are already supposed to be made available on request by the state motor vehicle department, are already in existence and presumably can be made available for a minimal cost. Furthermore, even Defendants who did not purchase the database at issue solely to resell it to others, may well have disclosed or resold all or a portion of Plaintiffs' personal information to third parties. Defendants are required to keep a copy of records evidencing such transfers and sales. Plaintiffs merely seek an opportunity to review records which should already be in existence. Thus, the burden on Defendants should be slight. Again, the purpose of this discovery is to ascertain the extent to which Plaintiffs claims are typical of those of the class as a whole. This discovery will allow Plaintiffs to ascertain the full extent of Defendants' violations of the DPPA.

The second category of documents necessary for class certification issues are documents evidencing communications between Defendants and the State of Texas regarding the purchase of motor vehicle records and any intended uses to which the information obtained would be put. While Plaintiffs are already in possession of the actual contracts entered between Defendants and the State of Texas, any other letters, email, memos, etc. regarding this purchase would shed light on the veracity of Defendants stated purposes for obtaining the records at issue. Plaintiffs should be allowed to explore whether Defendants were truthful in their assertions to the State. The truthfulness of those assertions directly bears on whether Plaintiffs' information was obtained for a proper purpose. Furthermore, these documents might evidence a different intent for obtaining these databases than the one actually asserted to the State.

Finally, Plaintiffs seek to request documents related to any internal memorandum, letters, emails, or like documents related to any internal deliberations regarding the proposed use of any motor vehicle records and reasons for obtaining the state's entire database. Again, these documents would be relevant to ascertaining Defendants' true purposes for obtaining Plaintiffs' personal information.

**B.      Depositions**

Plaintiffs also seek to take three depositions as to each Defendant. The first of these depositions would be of a corporate representative pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. The topics for this deposition would be largely the same as the categories of documents sought, as discussed above. Plaintiffs seek to explore the veracity of Defendants proffered purposes for obtaining Plaintiffs personal information. Plaintiffs further seek to explore the uses to which their information is actually put and to explore to whom their information might have been disclosed and for what purpose it was disclosed. These issues all directly related to ascertaining the fully extent of any violations of the DPPA as to these particular Plaintiffs. Plaintiffs will then be in a position to evaluate how their claims compare to those of the proposed class to determine which claims can proceed on a class-wide basis and which claims are unique to them.

The second deposition sought by Plaintiffs is of the IT person responsible for administering any databases which contain Plaintiffs' personal information. In order to present arguments to the Court regarding the purposes for Defendants' obtainment of their personal information, it is necessary to have an adequate understanding of how that information is actually used. A deposition of an IT person knowledgeable about Defendants' information systems will illuminate the uses for Plaintiffs personal information and demonstrate whether Plaintiffs are being further harmed by any improper use of their personal information.

Furthermore, the deposition of an IT person will enable Plaintiffs to ensure that Defendants are fully complying with documents requests by providing all available electronic data. Finally, Plaintiffs proposed to take the deposition of the person who actually signed the contract each defendant had with the State to ascertain their understanding of their company's purported use of the sought data and whether this understanding comported with the company's actual purpose.

### C. Interrogatories

Finally, Plaintiffs seek to serve a set of interrogatories (limited in number) to each Defendant seeking information regarding the above-described topics, as well as others that might arise during the course of discovery. Plaintiffs contemplate that these interrogatories will allow them to tailor their documents requests to each defendant as well as allow them to narrow the scope of the proposed depositions. Interrogatories are also a cost-effective way for the parties to narrow the legal issues regarding class certification. Thus, Plaintiffs would propose that they be allowed a limited number of general-purpose interrogatories as well as a limited number of interrogatories tailored specifically to each Defendant.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that they be allowed to proceed with the above discovery so that class certification issues can be resolved. Thus, Plaintiffs respectfully request that the Motion for Leave to Propound Discovery Requests be granted.

Respectfully submitted,

**THE COREA FIRM, P.L.L.C.**

_____
Thomas M. Corea
Texas Bar No. 24037906
Jeremy R. Wilson
Texas Bar No. 24037722
The Republic Center
325 North St. Paul Street, Suite 4150
Dallas, Texas 75201
Telephone:   (214)953-3900
Facsimile:   (214)953-3901

**OTSTOTT & JAMISON, P.C.**
George A. Otstott
Texas Bar No. 15342000
Ann Jamison
Texas Bar No. 00798278
Two Energy Square
4849 Greenville Avenue, Suite 1620
Dallas, Texas 75206
Telephone:   (214)522-9999
Facsimile:   (214)828-4388

**THE MANN FIRM**
James Mark Mann
Texas Bar No. 12926150
300 W. Main
Henderson, TX 75652
(903) 657-8540
Fax: (903) 657-6003

## CERTIFICATE OF SERVICE

I certify that foregoing Notice was filed on this 13th day of March, 2008, through the Court's CM/ECF electronic filing system and that services will be sent electronically to all counsel of records.

_____
Jeremy R. Wilson

## CERTIFICATE OF CONFERENCE

Plaintiffs certify that no conference is required for this Motion as Plaintiffs were granted permission to file it by Judge David Walter at the March 3, 2008, status conference.

_____
Jeremy R. Wilson