IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SHARON TAYLOR, *et al.*, | § | CAUSE NO. 2:07-cv-0001 |
| Plaintiffs, | § | |
| | § | JUDGE: DAVID WALTER |
| v. | § | |
| | § | **PLAINTIFFS STATEMENT OF** |
| ACXIOM, INC., *et al.*, | § | **VIOLATIONS OF THE DRIVERS'** |
| Defendants. | § | **PRIVACY PROTECTION ACT** |

## PLAINTIFFS STATEMENT OF VIOLATIONS OF THE DRIVERS' PRIVACY PROTECTION ACT

Pursuant to the Court's March 4, 2008, Order, Plaintiffs hereby submit their

Statement of Violations of the Drivers' Privacy Protection Act by the Defendants, and in

support thereof, state:

Named Plaintiffs are each holders of Texas drivers' licenses or identification
cards and have been during all times material to the allegations raised in Plaintiffs' most
recently amended complaint. Each named Plaintiffs' "personal information" as that term
is defined in the Drivers' Privacy Protection Act, is maintained by the State of Texas in
connection with the State of Texas's issuance of drivers' license or identification cards
and/or registration of motor vehicles. Each Defendant named in this litigation has
obtained and used each named Plaintiffs' personal information from the State of Texas in
violation of the Drivers' Privacy Protection Act. 18 U.S.C. § 2721 ("DPPA"). What
follows is a breakdown, by case, discussing how each individual Defendant violated the
DPPA by either improperly obtaining, or using various groups of named Plaintiffs'
personal information, as that term is defined by the DPPA. For the convenience of the
Court and the Parties, each Defendant is in the order in which they are found on the
Court's various docket sheets for each individual case. Each section is accompanied by a
list of certain of the named Plaintiffs whom, after reasonable investigation, have
concluded that a particular Defendant violated the DPPA as to their individual data.

## 07-13

### ACS State & Local Solutions, Inc.

Defendant ACS State & Local Solutions, Inc. contends that it contracts with a number
of state and local governmental agencies to match automobile license numbers from
photographs of persons alleged to have committed traffic violations. This Defendant

Dockets.Justia.com

represented to the State of Texas that this information was being obtained for the following purposes: "child support enforcement program"

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant and are further unaware of any reason Defendant would have to obtain their personal information:[1] James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip ,Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell.[2]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for

---

[1] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[2] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

Plaintiffs' improper obtainment claims. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

## Gila Corporation

Defendant Gila Corporation is in the business of collecting fines due to governmental agencies. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant provides its services to governmental entities on a contingency fee basis. Thus, this Defendant is collecting debts not only for its clients' benefit, but for its own as well. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes: "verify and correct addresses of debtors"

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—
>
> > (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and
> >
> > (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant and are further unaware of any reason Defendant would have to obtain their

personal information:[3] James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell.[4]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

---

[3] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[4] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

### American Electric Power Service Corporation

Defendant American Electric Power Service Corporation is an electric utility provider. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

1. "to help in the verification of customer identity"
2. "to assist in gathering current information on a customer in an effort to prevent fraud or recover a debt owed to us." and

   For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—

   (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and

   (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual;

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [5]   James Booker Willie Booker Lowry Briley Twila Brown James Clary Sharon Clary Alice Cooks Elizabeth Dewitt Kenneth Gossip Kennice Gossip Robert Holliness Carolyn Holub Tracy

---

[5] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

Karp Venisia Booker McGuire David Patterson Ronnie Phillips James Roberts Sharon Taylor Kimberly Underwood Marilyn Whitaker William Wilson Luz Roberts Pamela Hensley Dial Arlando Cooks Brandi Jewell [6]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

## Industrial Foundation of America

Defendant Industrial Foundation of America is a not-for-profit trade association. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> To assist IFA members in pre-screening prospective employees and monitoring current employees in order to maintain a safe workplace.

---

[6] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

for use in connection with matters of motor vehicle or driver safety and theft, motor vehicle emissions, motor vehicle product alterations, recalls, or advisories, performance monitoring of motor vehicles and dealers by motor vehicle manufacturers, and removal of non-owner records from the original owner records of motor vehicle manufacturers to carry out the purposes of titles I and IV of the Anti Car Theft Act of 1992, the Automobile Information Disclosure Act (15 U.S.C. 1231 et seq.), the Clean Air Act (42 U.S.C. 7401 et seq.), and chapters 301, 305, and 321-331 of title 49

For use in connection with matters of motor vehicle or driver safety and theft; motor vehicle emissions; motor vehicle product alterations, recalls, or advisories; performance monitoring of motor vehicles, motor vehicle parts and dealers; motor vehicle market research activities, including survey research; and removal of non-owner records from the original owner records of motor vehicle manufacturers.

For use by an employer or its agent or insurer to obtain or verify information relating to a holder of a commercial driver's license that is required under chapter 313 of title 49.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship, business or otherwise, between themselves and this Defendant or any information which they gave this Defendant or any other entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information:[7] James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert

---

[7] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE
DRIVERS' PRIVACY PROTECTION ACT**

Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell.[8]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

**Southwestern Bell**

Defendant Southwestern Bell is a telephone service provider operating in the State of Texas. Southwestern Bell obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. Southwestern Bell represented to the State of Texas that this information was being obtained for the following purposes:

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—

---

[8] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

(A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and

(B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual.

Defendant Southwestern Bell is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship, business or otherwise, between themselves and this Defendant or any information which they gave this Defendant or any other entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information:[9] James Booker, Twila Brown, James Clary, Alice Cooks, Robert Holliness, Carolyn Holub, Kimberly Underwood, Marilyn Whitaker, Arlando Cooks, Brandi Jewell.[10]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and Defendant Southwestern Bell, the above-referenced Plaintiffs assert that Defendant Southwestern Bell had no permissible purpose for obtaining their personal information. Thus, Defendant Southwestern Bell has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional

---

[9] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[10] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Any purpose Defendant Southwestern Bell had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, Defendant Southwestern Bell chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, Defendant Southwestern Bell has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by Southwestern Bell is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

## Texas Motor Transportation Association

Defendant Impactinfo, Inc. is a compiler of motor vehicle and drivers license databases solely for the purpose of sale of data to its members. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. Defendant failed to deny this assertion in its interrogatory response relating to this issue. This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> For use by an employer or an authorized agent or insuer of the employer to obtain or verify information relating to a holder of a commercial driver's license that is required under 49 U.S.C. Chapter 313

> Provide member companies driver MVR pursuant to US DOT Regulations.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any

reason Defendant would have to obtain their personal information: [11]  James Booker Willie Booker Lowry Briley Twila Brown James Clary Sharon Clary Alice Cooks Elizabeth Dewitt Kenneth Gossip Kennice Gossip Robert Holliness Carolyn Holub Tracy Karp Venisia Booker McGuire David Patterson Ronnie Phillips James Roberts Sharon Taylor Kimberly Underwood Marilyn Whitaker William Wilson Luz Roberts Pamela Hensley Dial Arlando Cooks Brandi Jewell.[12]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.  Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to resell the data to other parties and any other purposes adduced through further discovery in this case.  Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than its own immediately contemplated use  of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA.  Resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit.  *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609,616 (Iowa 2002).  Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.  This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions.  Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

## American Municipal Services Corporation

Defendant American Municipal Services Corporation is in the business of assisting court collection of warrants & citations..  This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.  This Defendant provides its services to governmental entities on a contingency fee basis.

---

[11] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[12] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE DRIVERS' PRIVACY PROTECTION ACT**

Thus, this Defendant is collecting debts not only for its clients' benefit, but for its own as well. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes: "verify and correct addresses of debtors"

> For use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions.

> For use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court.

> Locate people with outstanding warrants and citations from Texas municipal and county courts.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*)*. ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant and are further unaware of any reason Defendant would have to obtain their personal information:[13]   James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell[14]

---

[13] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[14] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

### Eugene R. Bucciarelli d/b/a International Orgainzation for Migration

Defendant Eugene R. Bucciarelli d/b/a International Orgainzation for Migration provides collection services on refugee travel loans for the U.S. Department of State's Bureau for Population Refugees & Migration. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes: "update addresses for county and municipal courts"

> For use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions.

> To seek current address data of past due travel loan holders.

---

particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel, a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant and are further unaware of any reason Defendant would have to obtain their personal information:[15]   James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell.[16]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case.   Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims.

---

[15] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[16] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

**Michael Dinapoli d/b/a State, Metropolitan & County Services**

Defendant Michael Dinapoli d/b/a State, Metropolitan & County Services provides certain investigative functions for various counties and municipalities. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes: "update addresses for county and municipal courts"

> For use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*)*. ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant and are further unaware of any reason Defendant would have to obtain their personal information:[17] James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell[18]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus,

---

[17] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[18] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims.

## 07-14

## Texas Farm Bureau Mutual Insurance Company

Defendant Texas Farm Bureau Mutual Ins. Co. is an insurance company. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> For use by an insurer or insurance support organization, or by a self insured entity, or an authorized agent of the entity, in connection with claims investigation activities, antifraud activities, rating or underwriting.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [19]    James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks,

---

[19] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

PLAINTIFFS STATEMENT OF VIOLATIONS OF THE
DRIVERS' PRIVACY PROTECTION ACT

Elizabeth Dewitt, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, Ronnie Phillips, James Roberts, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Arlando Cooks, Brandi Jewell[20]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

Finally, this Defendant contends that it was entitled to obtain the entire database of Texas drivers and to review and use every piece of information contained therein to "underwrite" polices for its customers. Purportedly, this Defendant believes that it can access personal information for every person in the State of Texas to ensure that none of them live with one of its customers, which would entitle it to charge a higher premium to that customer. This admitted use clearly constitutes a violation of the DPPA in that this is not a legitimate underwriting activity.

## Insurance Technologies Corporation

Defendant Insurance Technologies Corporation is provider of insurance rating and quoting services to insurance companies and insurance agencies. This Defendant

---

[20] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE DRIVERS' PRIVACY PROTECTION ACT**

17

obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.  This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> For use by an insurer or insurance support organization, or by a self insured entity, or an authorized agent of the entity, in connection with claims investigation activities, antifraud activities, rating or underwriting.; and

> "This information will be used to help insurance companies and insurance agents underwrite insurance policies.  This information will confirm valid Texas drivers' license numbers and addresses provided by the insurance companies' agents' customers and prospects.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel.  *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant  or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [21]  James Booker Willie Booker Lowry Briley Twila Brown James Clary Sharon Clary Alice Cooks Elizabeth Dewitt Kenneth Gossip Kennice Gossip Robert Holliness Carolyn Holub Tracy Karp Venisia Booker McGuire David Patterson Ronnie Phillips James Roberts Sharon Taylor Kimberly Underwood Marilyn Whitaker William Wilson Luz Roberts Pamela Hensley Dial Arlando Cooks Brandi Jewell [22]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this

---

[21] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[22] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

## JI Specialty Services

Defendant JI Specialty Services is a third party insurance administrator. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> For use by an insurer or insurance support organization, or by a self insured entity, or an authorized agent of the entity, in connection with claims investigation activities, antifraud activities, rating or underwriting; and

> "claims investigation activities; rating or underwriting"

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied). ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

reason Defendant would have to obtain their personal information: [23]   James Booker Willie Booker Lowry Briley Twila Brown James Clary Sharon Clary Alice Cooks Elizabeth Dewitt Kenneth Gossip Kennice Gossip Robert Holliness Carolyn Holub Tracy Karp Venisia Booker McGuire David Patterson Ronnie Phillips James Roberts Sharon Taylor Kimberly Underwood Marilyn Whitaker William Wilson Luz Roberts Pamela Hensley Dial Arlando Cooks Brandi Jewell.[24]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.  Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case.  Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims.  Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.  This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions.  Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

**Softech International, Inc.**

Defendant Softech, International, Inc. provides online educational classes, including drivers' education classes.  This Defendant obtained all named Plaintiffs'

---

[23] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[24] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

"personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—
>
> > (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and
> >
> > (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual; and

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [25] James Booker Willie Booker Lowry Briley Twila Brown James Clary Sharon Clary Alice Cooks Elizabeth Dewitt Kenneth Gossip Kennice Gossip Robert Holliness Carolyn Holub Tracy Karp Venisia Booker McGuire David Patterson Ronnie Phillips James Roberts Sharon Taylor Kimberly Underwood Marilyn Whitaker William Wilson Luz Roberts Pamela Hensley Dial Arlando Cooks Brandi Jewell.[26]

---

[25] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[26] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

### Globe Life Insurance Company

The following Plaintiffs assert a claim against Defendant Globe Life Insurance Company for use of their personal information for the admitted purpose of bulk marketing and solicitations after the effective date of the 1999 amendments to the DPPA which only allowed such purchases when the State of Texas had obtained the express consent of each person whose data was obtained for such purposes. None of these Plaintiffs provided their express consent for such obtainment.

James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell

These Plaintiffs assert that since these Plaintiffs' data was purchased within days before the effective date of the 1999 amendment for this Defendant, and since this Defendant paid significant funds to obtain Plaintiffs' personal information for marketing and solicitation purposes, it is reasonable to assume that this Defendant actually engaged

---

representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE
DRIVERS' PRIVACY PROTECTION ACT**

in those activities with the relevant data after the effective date for the amendment, which constitutes an improper use of the data under the DPPA

**Hawkeye Insurance Services, Inc.**

Defendant Hawkeye Insurance Services, Inc. is a an insurance company. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> For use by an insurer or insurance support organization, or by a self insured entity, or an authorized agent of the entity, in connection with claims investigation activities, antifraud activities, rating or underwriting; and

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—

>> (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and

>> (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual; and

> "verify TDL for the purpose of issuing automobile insurance"

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [27]   James Booker,

---

[27] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell.[28]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

Finally, this Defendant contends that it was entitled to obtain the entire database of Texas drivers and to review and use every piece of information contained therein to "underwrite" polices for its customers. Purportedly, this Defendant believes that it can access personal information for every person in the State of Texas to ensure that none of them live with one of its customers, which would entitle it to charge a higher premium to

---

purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[28] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

that customer. This admitted use clearly constitutes a violation of the DPPA in that this is not a legitimate underwriting activity.

### ISO Claims Services, Inc. d/b/a Insurance Information Exchange

Defendant ISO Claims Services, Inc. d/b/a Insurance Information Exchange is in the business of providing information to insurance companies. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> "Provide information to insurance companies, insurance agents to allow them to properly rate automobile insurance policies in some cases information is ordered for employment purposes."

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—

>> (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and

>> (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual; and

> For use by an insurer or insurance support organization, or by a self insured entity, or an authorized agent of the entity, in connection with claims investigation activities, antifraud activities, rating or underwriting.

> For use by an employer or an authorized agent or insurer or the employer to obtain or verify information relating to a holder of a commercial drivers' license that is required under 49 U.S.C. Chapter 313.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is

precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [29]    James Booker Willie Booker Lowry Briley Twila Brown James Clary Sharon Clary Alice Cooks Elizabeth Dewitt Kenneth Gossip Kennice Gossip Robert Holliness Carolyn Holub Tracy Karp Venisia Booker McGuire David Patterson Ronnie Phillips James Roberts Sharon Taylor Kimberly Underwood Marilyn Whitaker William Wilson Luz Roberts Pamela Hensley Dial Arlando Cooks Brandi Jewell.[30]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case.  Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims.  Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.  This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA

---

[29] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[30] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

and is contrary to its provisions.  Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

Even assuming that this Defendant was an insurance support organization as it maintains and was operating on behalf of its customers in pursuit of rating or underwriting activities, it still violated the DPPA by obtaining and then using personal information of individuals (including the above-referenced Plaintiffs) for which it had no valid underwriting or rating purposes.

## United Teacher Associates Insurance Company

Defendant United Teacher Associates Insurance Company is an insurance companies. Records produced by the State of Texas state that this Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [31]   James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell..[32]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular

---

[31] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[32] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

basis), and any other purposes adduced through further discovery in this case.   Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims.   Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.   This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions.   Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

Even assuming that this Defendant was an insurance support organization as it maintains and was operating on behalf of its customers in pursuit of rating or underwriting activities, it still violated the DPPA by obtaining and then using personal information of individuals (including the above-referenced Plaintiffs) for which it had no valid underwriting or rating purposes.

### Spartan Insurance Company

Defendant Spartan Insurance Company is an insurance company.   This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.   This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> For use by an insurer or insurance support organization, or by a self insured entity, or an authorized agent of the entity, in connection with claims investigation activities, antifraud activities, rating or underwriting.

> "To use in auto insurance underwriting"

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel.   *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any

reason Defendant would have to obtain their personal information: [33]  James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell.[34]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant has no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case.  Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims.  Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.  This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions.  Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

Even assuming that this Defendant was an insurance company conducting underwriting investigations for its customers, it still violated the DPPA by obtaining and then using personal information of individuals (including the above-referenced Plaintiffs) for which it had no valid underwriting or rating purposes.

---

[33] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[34] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

**07-17**

**Safeway Inc.**

Defendant Safeway is a supermarket chain operating throughout the United States. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—
>
>> (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and
>>
>> (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship, business or otherwise, between themselves and this Defendant or any information which they gave this Defendant or any other entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information:[35]     James Booker, Twila Brown, James Clary, Alice Cooks, Robert Holliness, Carolyn Holub, Kimberly Underwood, Marilyn Whitaker, Arlando Cooks, Brandi Jewell.[36]

---

[35] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[36] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE
DRIVERS' PRIVACY PROTECTION ACT**

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

### HEB Grocery

Defendant HEB Grocery is a supermarket chain operating throughout Texas and northern Mexico. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> "verify accuracy of personal information and deter fraud" and

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—

>> (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and

---

obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

(B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual; and

For use in the preventing, detecting, or protecting against identity theft or other acts of fraud.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel.  *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [37]    James Booker, Willie Booker, Lowry Briley, Twila Brown, Alice Cooks, Elizabeth Dewitt, Robert Holliness, Tracy Karp, David Patterson, Ronnie Phillips, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Arlando Cooks.[38]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.  Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular

---

[37] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[38] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

basis), and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

### The Hearst Corporation

Defendant Heart Corporation is a newspaper publisher. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes: "to verify ID of individuals placing classified ads in the newspaper" and

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—
>
> > (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and
> >
> > (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship, business or otherwise, between themselves and this Defendant or any information which they gave this Defendant or any other entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information:[39]  James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell.[40]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.  Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case.  Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA.  Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims.  Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.  This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions.  Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

---

[39] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[40] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

**Safety-USA Institute, LLC**

Defendant Safety-USA Institute, LLC is a provider of online driver safety courses. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.  This Defendant represented to the State of Texas that this information was being obtained for the following purposes

> For use in connection with matters of motor vehicle or driver safety and theft; motor vehicle emissions; motor vehicle product alterations, recalls, or advisories; performance monitoring of motor vehicles, motor vehicle parts and dealers; motor vehicle market research activities, including survey research; and removal of non-owner records from the original owner records of motor vehicle manufacturers.

> for use in connection with matters of motor vehicle or driver safety and theft, motor vehicle emissions, motor vehicle product alterations, recalls, or advisories, performance monitoring of motor vehicles and dealers by motor vehicle manufacturers, and removal of non-owner records from the original owner records of motor vehicle manufacturers to carry out the purposes of titles I and IV of the Anti Car Theft Act of 1992, the Automobile Information Disclosure Act (15 U.S.C. 1231 et seq.), the Clean Air Act (42 U.S.C. 7401 et seq.), and chapters 301, 305, and 321-331 of title 49,

> For use in preventing, detecting, or protecting against identity theft or other acts of fraud.

> "Validate personal identification of students taking the Company's Safety-Ed Texas Driving Safety Course to conform with Texas Educational Agency personal validation rules."

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel.  *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any

reason Defendant would have to obtain their personal information: [41] James Booker Willie Booker Lowry Briley Twila Brown James Clary Sharon Clary Alice Cooks Elizabeth Dewitt Kenneth Gossip Kennice Gossip Robert Holliness Carolyn Holub Tracy Karp Venisia Booker McGuire David Patterson Ronnie Phillips James Roberts Sharon Taylor Kimberly Underwood Marilyn Whitaker William Wilson Luz Roberts Pamela Hensley Dial Arlando Cooks Brandi Jewell [42]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Business necessity is not a proper purpose under the DPPA for obtaining data. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. This Defendant contends that state requirements essentially make it impossible to do business unless it has this information. This in not in any way relevant, however, to whether this Defendant has violated a Federal statute again, choosing to conduct this business. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

---

[41] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[42] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

## U.S. Interactive, Inc.

Defendant U.S. Interactive, Inc. is a provider of online and video driver safety courses. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—
>
>> (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and
>>
>> (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual; and
>>
>> "Validation of a student's identity with the information they provided U.S. Interactive"

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [43] James Booker Willie Booker Lowry Briley Twila Brown James Clary Sharon Clary Alice Cooks Elizabeth Dewitt Kenneth Gossip Kennice Gossip Robert Holliness Carolyn Holub Tracy Karp Venisia Booker McGuire David Patterson Ronnie Phillips James Roberts Sharon

---

[43] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

Taylor Kimberly Underwood Marilyn Whitaker William Wilson Luz Roberts Pamela Hensley Dial Arlando Cooks Brandi Jewell. [44]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Business necessity is not a proper purpose under the DPPA for obtaining data. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. This Defendant contends that state requirements essentially make it impossible to do business unless it has this information. This in not in any way relevant, however, to whether this Defendant has violated a Federal statute again, choosing to conduct this business. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

### Talbot Group, Inc.

Defendant Talbot Group, Inc is a membership service provider to private clubs selling alcoholic beverages to its members. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

---

[44] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE DRIVERS' PRIVACY PROTECTION ACT**

For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—

(A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and

(B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual; and

for use in preventing fraud by the individual, and for use in the preventing, detecting, or protecting against identity theft or other acts of fraud.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [45]  James Booker Willie Booker Lowry Briley Twila Brown James Clary Sharon Clary Alice Cooks Elizabeth Dewitt Kenneth Gossip Kennice Gossip Robert Holliness Carolyn Holub Tracy Karp Venisia Booker McGuire David Patterson Ronnie Phillips James Roberts Sharon Taylor Kimberly Underwood Marilyn Whitaker William Wilson Luz Roberts Pamela Hensley Dial Arlando Cooks Brandi Jewell.[46]

---

[45] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[46] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant and the lack of any knowledge of any information which might need to be verified by this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.    Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case.    Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA.    Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims.    Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.    This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions.    Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

Finally, to the extent this Defendant contends that it is allowed to obtain this data for resale to others, Plaintiffs contend that resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit.  *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609, 616 (Iowa 2002).

**Background Information Systems**

Defendant Background Information Systems obtains Texas drivers' personal information solely for the purpose of sale of data to third parties.    Documents produced by the State of Texas indicate that this Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.    This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

---

they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

This Defendant also asserted that it was obtaining Plaintiffs' data numerous purposes allowable under the DPPA, presumably based on its customers' anticipated uses.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*). (*"Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [47]   James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell.[48]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.  Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to resell the data to other parties and any other purposes adduced through further discovery in this case.   Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than its own immediately contemplated use  of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA.   Resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to

---

[47] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[48] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

Dismiss this lawsuit. *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609,616 (Iowa 2002).

## Academy, LTD

According to documents produced by the State of Texas, Defendant Academy, LTD Inc. obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [49] Lowry Briley, Alice Cooks , Elizabeth Dewitt, Robert Holliness, David Patterson, Ronnie Phillips, Marilyn Whitaker, William Wilson, Arlando Cooks, Brandi Jewell.[50]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case.  Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims.  This Defendant contends that state requirements essentially make it impossible to do business unless it has this information.  This in not in any way relevant, however, to whether this Defendant has violated a Federal statute

---

[49] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[50] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

again, choosing to conduct this business.  Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.  This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions.  Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

## Carfax, Inc.

Defendant Carfax, Inc. is a commercial web0based service that supplies vehicle history reports to individuals and businesses such as auto auctions and car dealerships on used cars and light trucks for the American and Canadian marketplaces.  This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.  This Defendant represented to the State of Texas that this information was being obtained for the following purposes

> For use in connection with matters of motor vehicle or driver safety and theft; motor vehicle emissions; motor vehicle product alterations, recalls, or advisories; performance monitoring of motor vehicles, motor vehicle parts and dealers; motor vehicle market research activities, including survey research; and removal of non-owner records from the original owner records of motor vehicle manufacturers; and

> For use in research or in producing statistical reports, but only if the personal information is not published, redisclosed, or used to contact any individual.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel.  *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any information which they gave this Defendant or any other entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [51]  James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary,

---

[51] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Arlando Cooks, Brandi Jewell. [52]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant and the lack of any knowledge of any information which might need to be verified by this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

**Impactinfo, Inc**

Defendant Impactinfo, Inc. is a compiler of motor vehicle and drivers license databases solely for the purpose of sale of data to third parties. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

---

[52] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

> "Create databases for easy access by law enforcement, private investigator, vehicle recall companies, etc."

> This Defendant also asserted that it was obtaining Plaintiffs' data numerous purposes allowable under the DPPA, presumably based on its customers' anticipated uses.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [53]   James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell. [54]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.  Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to resell the data to other parties and any other purposes adduced through further discovery in this case.  Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than its own immediately contemplated use  of the information for one of the DPPA's authorized uses for the information constitutes a

---

[53] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[54] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

violation of the DPPA. Resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit. *See Locate.Pius.Com. Inc. v. Iowa D.O.T*, 650 N.W.2d 609,616 (Iowa 2002). Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

## Wishlist, LLC

Defendant Wishlist, LLC obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: James Booker Willie Booker Lowry Briley Twila Brown James Clary Sharon Clary Alice Cooks Elizabeth Dewitt Kenneth Gossip Kennice Gossip Robert Holliness Carolyn Holub Tracy Karp Venisia Booker McGuire David Patterson Ronnie Phillips James Roberts Sharon Taylor Kimberly Underwood Marilyn Whitaker William Wilson Luz Roberts Pamela Hensley Dial Arlando Cooks [55]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant and the lack of any knowledge of any information which might need to be verified by this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use

---

[55] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

PLAINTIFFS STATEMENT OF VIOLATIONS OF THE
DRIVERS' PRIVACY PROTECTION ACT

of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

## ABC Data d/b/a Unicard Systems

Defendant ABC, Data, Inc. d/b/a Unicard Systems, Inc. is a membership service provider to private clubs selling alcoholic beverages to its members. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> "to verify information submitted and to use that information to prepare private club records as required by the TABC"

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—

>> (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and

>> (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual; and

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE
DRIVERS' PRIVACY PROTECTION ACT**

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [56]   James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell. [57]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant and the lack of any knowledge of any information which might need to be verified by this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.   Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case.  Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA.   Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims.  Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.  This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions.  Thus, this continuing use

---

[56] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[57] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE DRIVERS' PRIVACY PROTECTION ACT**

of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

## American Student List, LLC

Defendant American Student List, LLC obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant states in its Interrogatory response that this information was obtained in March of 2001 for possible resale. This Defendant also purchased this database for the admitted purpose of bulk marketing and solicitations after the effective date of the 1999 amendments to the DPPA which only allowed such purchases when the State of Texas had obtained the express consent of each person whose data was obtained for such purposes.

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [58]   James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell [59]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to resell the data to other parties and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than its own immediately contemplated use  of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Resale of data is not a proper purpose for obtaining plaintiffs

---

[58] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[59] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit.  *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609,616 (Iowa 2002).   Furthermore, as this Defendant has not represented that it destroyed the information it obtained, it is fair to conclude that it has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.  This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions.   Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

## Aristotle International, Inc.

Defendant Aristotle International, Inc. is a political software company who compiles motor vehicle and drivers license databases solely for the purpose of sale of data to third parties.  This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.  This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> This Defendant also asserted that it was obtaining Plaintiffs' data numerous purposes allowable under the DPPA, presumably based on its customers' anticipated uses.  This assertion is consistent with this Defendant's interrogatory response as well.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel.  *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).*  ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [60]   James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts,

---

[60] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE
DRIVERS' PRIVACY PROTECTION ACT**

Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell.[61]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to resell the data to other parties and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than its own immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit. *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609,616 (Iowa 2002). Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

### Donald R. Berliner, Jr.

Defendant Donald R. Berliner, Jr.. is a compiler of motor vehicle and drivers license databases solely for the purpose of sale of data to third parties. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> For use by a consumer-reporting agency as defined by the Fair Credit Reporting Act for a purpose permitted under the act.
>
> "pre-employment screening. Companies send me information on individuals they are taking applications from and I obtain information which I sell to the company.

---

[61] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE DRIVERS' PRIVACY PROTECTION ACT**

> All individuals sign a release from acknowledging that driving record info may be obtained but will only be used by this one employer and in accordance with the Fair Credit Reporting Act.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [62]   James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell. [63]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.  Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to resell the data to other parties and any other purposes adduced through further discovery in this case.   Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than its own immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA.  Resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to

---

[62] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[63] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

Dismiss this lawsuit. *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609,616 (Iowa 2002). Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA. Finally, even if this Defendant is relying on other parties' use, those parties do not have a valid DPPA purpose for the entire database of names.

### Continued.com LLC d/b/a Idrifesafely.com

Defendant Continued.com LLC d/b/a Idrifesafely.com is a provider of online traffic safety courses. These courses are provided to the public for a fee. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes: "verification of students during the course as per commissioner rules on driver training §176.1110(9)(1)(B)(C)(D); and

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—
>
> > (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and
> >
> > (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual; and
>
> For use by a government agency in carrying out its functions or a private entity acting on behalf of a government agency in carrying out its functions.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*)*. ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship, business or otherwise, between themselves and this Defendant or any information which they gave this Defendant or any other entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [64] Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell. [65]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims.  Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.  This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions.  Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

---

[64] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[65] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

**Denspri, LLC**

Defendant Denspri, LLC is a compiler of motor vehicle and drivers license databases solely for the purpose of sale of data to third parties.  This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.  This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> This Defendant asserted that it was obtaining Plaintiffs' data for numerous purposes allowable under the DPPA, presumably based on its customers' anticipated uses.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel.  *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [66]   James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell.[67]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.  Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to

---

[66] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[67] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE
DRIVERS' PRIVACY PROTECTION ACT**

resell the data to other parties and any other purposes adduced through further discovery in this case.   Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than its own immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA.  Resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit.  *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609,616 (Iowa 2002).   Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.  This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.  Finally, even if this Defendant is relying on other parties' use, those parties do not have a valid DPPA purpose for the entire database of names.

## Drivers Training Associated, Inc.

Defendant Drivers Training Associated, Inc. is a provider of online traffic safety courses.  These courses are provided to the public for a fee.  This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.  This Defendant represented to the State of Texas that this information was being obtained for the following purposes:   "verification of students during the course as per commissioner rules on driver training §176.1110(9)(1)(B)(C)(D); and

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—
>
> > (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and
> >
> > (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual; and
>
> "Pursuant to TEA requirements, DTA will utilize information soley for the purpose of validating student identity for those persons attempting to complete DTA;s ADM Internet course on Ticketschool.com."

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE DRIVERS' PRIVACY PROTECTION ACT**

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship, business or otherwise, between themselves and this Defendant or any information which they gave this Defendant or any other entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [68] James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness
Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell.. [69]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, this Defendant has continued to

---

[68] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[69] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE
DRIVERS' PRIVACY PROTECTION ACT**

use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

## Federated Retail Holdings

Defendant Federated Retail Holdings owns and operates Macy's Department Stores. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes: "to verify the identity of credit card holders, applicants and check writers" and:

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—
>
>> (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and
>>
>> (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual;

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*)*. ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [70]    Willie Booker

---

[70] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE
DRIVERS' PRIVACY PROTECTION ACT**

Lowry Briley Twila Brown Alice Cooks Robert Holliness Kimberly Underwood Marilyn Whitaker Arlando Cooks Brandi Jewell.[71]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

## Household Drivers Report, Inc.

Defendant Household Drivers' Report Inc. is a compiler of motor vehicle and drivers license databases solely for the purpose of sale of data to third parties. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> This Defendant asserted that it was obtaining Plaintiffs' data for numerous purposes allowable under the DPPA, presumably based on its customers' anticipated uses.

---

[71] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

PLAINTIFFS STATEMENT OF VIOLATIONS OF THE
DRIVERS' PRIVACY PROTECTION ACT

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [72]    James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell.. [73]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to resell the data to other parties and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than for its own immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit. *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609,616 (Iowa 2002). Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information

---

[72] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[73] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

## Lee Farish Computer Services, Inc.

The following Plaintiffs assert a claim against Defendant Lee Farish Computer Services Inc. for purchasing their personal information for the admitted purpose of bulk marketing and solicitations after the effective date of the 1999 amendments to the DPPA which only allowed such purchases when the State of Texas had obtained the express consent of each person whose data was obtained for such purposes. None of these Plaintiffs provided their express consent for such obtainment.

James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell

These Plaintiffs also assert that is reasonable to assume that since this Defendant paid significant funds to obtain Plaintiffs personal information for marketing and solicitation purposes, that this Defendant actually engaged in those activities with the relevant data, which also constitutes an improper use of the data under the DPPA.

## Paradise Development Inc. d/b/a DriveSafe Defensive Driving

Defendant Safety-USA Institute, LLC is a provider of online driver safety courses. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes

> For use in connection with matters of motor vehicle or driver safety and theft; motor vehicle emissions; motor vehicle product alterations, recalls, or advisories; performance monitoring of motor vehicles, motor vehicle parts and dealers; motor vehicle market research activities, including survey research; and removal of non-owner records from the original owner records of motor vehicle manufacturers.

> for use in connection with matters of motor vehicle or driver safety and theft, motor vehicle emissions, motor vehicle product alterations, recalls, or advisories; performance monitoring of motor vehicles and dealers by motor vehicle manufacturers, and removal of non-owner records from the original owner records of motor vehicle

manufacturers to carry out the purposes of titles I and IV of the Anti Car Theft Act of 1992, the Automobile Information Disclosure Act (15 U.S.C. 1231 et seq.), the Clean Air Act (42 U.S.C. 7401 et seq.), and chapters 301, 305, and 321-331 of title 49,

For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—

> (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and
>
> (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual;

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [74] James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell.[75]

---

[74] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[75] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.  Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case.  Business necessity is not a proper purpose under the DPPA for obtaining data.  Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA.  Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims.  This Defendant contends that state requirements essentially make it impossible to do business unless it has this information.  This in not in any way relevant, however, to whether this Defendant has violated a Federal statute again, choosing to conduct this business.  Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.  This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions.  Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

### RealPage, Inc.

Defendant RealPage, Inc. is a resident screening company for apartment communities. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.  This Defendant represented to the State of Texas that this information was being obtained for the following purposes: "to verify applicants identity and the accuracy of personal information submitted by them" and:

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—

---

particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE DRIVERS' PRIVACY PROTECTION ACT**

(A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and

(B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual;

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [76]  James Booker Willie Booker Lowry Briley Twila Brown James Clary Sharon Clary Alice Cooks Elizabeth Dewitt Kenneth Gossip Kennice Gossip Robert Holliness Carolyn Holub Tracy Karp Venisia Booker McGuire David Patterson Ronnie Phillips James Roberts Sharon Taylor Kimberly Underwood Marilyn Whitaker William Wilson Luz Roberts Pamela Hensley Dial Arlando Cooks Brandi Jewell.[77]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.  Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it

---

[76] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[77] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

Finally, to the extent this Defendant contends that it is allowed to obtain this data for resale to others, Plaintiffs contend that resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit. *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609,616 (Iowa 2002).

## D.B. Stringfellow, Jr.

Defendant D.B. Stringfellow Inc. obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> This Defendant asserted that it was obtaining Plaintiffs' data for numerous purposes allowable under the DPPA, presumably based on its customers' anticipated uses.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*)*. ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

Defendant further stated in its Interrogatory response that the "information was obtained and used as a part of ongoing relationships which Defendant had with certain persons and entities in the legal, insurance and law-enforcement communities; the

information was further used to verify customer identities, to prevent fraud on new or existing accounts and to assist in recovering past due debts."

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [78]  James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn, Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell [79]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.  Thus, even if this Defendants' assertions are true, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case.  Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA.  Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims.  Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.  This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions.  Thus,

---

[78] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[79] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

**Tenant Tracker, Inc.**

Defendant Tenant Tracker, Inc. is a resident screening company for apartment communities. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes: "to verify the accuracy of the information submitted by the individual for rental and employment application processing, or in response to a court order in accordance with the fair credit reporting act." and:

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—
>
> > (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and
> >
> > (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual;
>
> For use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions.
>
> For use by a consumer-reporting agency as defined by the Fair Credit Reporting Act

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any

reason Defendant would have to obtain their personal information: [80]  James Booker Willie Booker Lowry Briley Twila Brown James Clary Sharon Clary Alice Cooks Elizabeth Dewitt Kenneth Gossip Kennice Gossip Robert Holliness Carolyn Holub Tracy Karp Venisia Booker McGuire David Patterson Ronnie Phillips James Roberts Sharon Taylor Kimberly Underwood Marilyn Whitaker William Wilson Luz Roberts Pamela Hensley Dial Arlando Cooks Brandi Jewell.[81]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.  Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case.  Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims.  Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.  This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions.  Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

Finally, to the extent this Defendant contends that it is allowed to obtain this data for resale to others, Plaintiffs contend that resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to

---

[80] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[81] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE DRIVERS' PRIVACY PROTECTION ACT**

Motions to Dismiss this lawsuit. *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609,616 (Iowa 2002).

**07-18**

**Biometric Access Company**

Defendant Biometric Access Company provides information verification to retail establishments (Kroger grocery stores) by verifying information given to the retailer by its customers who wish to cash their payroll checks. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes: "Verifying the accuracy of information submitted by an individual to a retail merchant in order to prevent fraudulent financial transactions."

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—
>
> > (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and
> >
> > (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual;

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [82] James Booker,

---

[82] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The

Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clarym, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell..[83]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Business necessity is not an authorized purpose for obtaining personal information for motor vehicles records. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

Finally, to the extent this Defendant contends that it is allowed to obtain this data for resale to others, Plaintiffs contend that resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to

---

named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[83] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

PLAINTIFFS STATEMENT OF VIOLATIONS OF THE
DRIVERS' PRIVACY PROTECTION ACT

Motions to Dismiss this lawsuit. *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609, 616 (Iowa 2002).

**Certegy Check Services, Inc.**

Defendant Certegy Check Services, Inc. provides check authorization services to assist merchants with the origination and acceptance of check transactions and with check sales risk management. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes: "exclusively for authentication of issued drivers license numbers and identification card numbers presented by consumers when purchasing merchandise by check at company's merchants."

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—
>
> > (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and
> >
> > (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual;
>
> For use in research or in producing statistical reports, but only if the personal information is not published, redisclosed, or used to contact any individual.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [84]    James Booker,

---

[84] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible

Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Arlando Cooks, Brandi Jewell.[85]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Business necessity is not an authorized purpose for obtaining personal information for motor vehicles records. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

---

purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[85] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE DRIVERS' PRIVACY PROTECTION ACT**

**Emaginenet Technologies, Inc.**

Defendant Emaginenet Technologies, Inc., provides check authorization services to assist merchants with the origination and acceptance of check transactions and with check sales risk management.    This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.    This Defendant represented to the State of Texas that this information was being obtained for the following purposes:  "verify the accuracy of the information submitted by individuals and to correct the information if need be to prevent fraud."

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—
>
> > (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and
> >
> > (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual;

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel.  *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel,  a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [86]   James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub,

---

[86] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell[87]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Business necessity is not an authorized purpose for obtaining personal information for motor vehicles records. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. In fact, this Defendant admits in its Interrogatory response that "EmagineNET did not retain the bulk data in the format originally delivered by the Texas Department of Public Safety. The data is only maintained in EmagineNET's database." This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

Finally, to the extent this Defendant contends that it is allowed to obtain this data for resale to others, Plaintiffs contend that resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit. *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609, 616 (Iowa 2002).

---

[87] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

**Rei Data, Inc. d/b/a/ Landata Information Services, Inc.**

Defendant Rei Data, Inc. d/b/a/ Landata Information Services, Inc. is a compiler of motor vehicle and drivers license databases solely for the purpose of sale of data to third parties. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—
>
>> (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and
>>
>> (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual;
>
> For use by an insurer or insurance support organization, or by a self insured entity, or an authorized agent, of the entity, in connection with claims investigation activities, antifraud activities, rating or ounderwriting.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [88]  James Booker Willie Booker Lowry Briley Twila Brown James Clary Sharon Clary Alice Cooks

---

[88] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

Elizabeth Dewitt Kenneth Gossip Kennice Gossip Robert Holliness Carolyn Holub Tracy Karp Venisia Booker McGuire David Patterson Ronnie Phillips James Roberts Sharon Taylor Kimberly Underwood Marilyn Whitaker William Wilson Luz Roberts Pamela Hensley Dial Arlando Cooks Brandi Jewell. [89]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to resell the data to other parties and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than its own immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit. *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609,616 (Iowa 2002). Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

## LML Payment Systems Corp

Defendant LML Payment Systems Corp., provides check authorization services to assist merchants with the origination and acceptance of check transactions and with check sales risk management. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes: "verification of Driver's license for validity against check presented at the point-of-sale in retail check verification services.."

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—

---

[89] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

PLAINTIFFS STATEMENT OF VIOLATIONS OF THE
DRIVERS' PRIVACY PROTECTION ACT

(A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and

(B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual;

For use in preventing, detecting, or protecting against identity theft or other acts of fraud.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel.  *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel, a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [90]   James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell.[91]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this

---

[90] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[91] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Business necessity is not an authorized purpose for obtaining personal information for motor vehicles records. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. In fact, this Defendant admits in its Interrogatory response that "EmagineNET did not retain the bulk data in the format originally delivered by the Texas Department of Public Safety. The data is only maintained in EmagineNET's database." This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

Finally, to the extent this Defendant contends that it is allowed to obtain this data for resale to others, Plaintiffs contend that resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit. *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609, 616 (Iowa 2002).

## Telecheck Services, Inc.

Defendant Telecheck Services, Inc.., provides check authorization services to assist merchants with the origination and acceptance of check transactions and with check sales risk management. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes: "verify the accuracy of personal information, for the detection and prevention of fraud, to recover on warranty debts and for permissible uses under the Fair Credit Reporting Act." and

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

(A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and

(B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual;

For use by a consumer-reporting agency as defined by the Fair Credit Reporting Act for a purpose permitted under the Act.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*)*. ("Under the general doctrine of quasi-estoppel, a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [92] James Booker Lowry Briley Twila Brown James Clary Sharon Clary Alice Cooks Elizabeth Dewitt Kenneth Gossip Kennice Gossip Robert Holliness Tracy Karp Ronnie Phillips Kimberly Underwood Marilyn Whitaker William Wilson Luz Roberts Arlando Cooks Brandi Jewell.[93]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this

---

[92] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[93] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE DRIVERS' PRIVACY PROTECTION ACT**

Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Business necessity is not an authorized purpose for obtaining personal information for motor vehicles records. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. In fact, this Defendant admits in its Interrogatory response that "EmagineNET did not retain the bulk data in the format originally delivered by the Texas Department of Public Safety. The data is only maintained in EmagineNET's database." This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

Finally, to the extent this Defendant contends that it is allowed to obtain this data for resale to others, Plaintiffs contend that resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit. *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609, 616 (Iowa 2002).

## Zebec Data Systems, Inc.

Defendant Zebec Data Systems, Inc.is a compiler of motor vehicle and drivers license databases solely for the purpose of sale of data to third parties. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> "Subscription database access for government agencies; law enforcement, repossession, recover and other business."

> This Defendant also asserted that it was obtaining Plaintiffs' data for numerous purposes allowable under the

DPPA, presumably based on its customers' anticipated uses.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel.  *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [94]  James Booker Willie Booker Lowry Briley Twila Brown James Clary Sharon Clary Alice Cooks Elizabeth Dewitt Kenneth Gossip Kennice Gossip Robert Holliness Carolyn Holub Tracy Karp Venisia Booker McGuire David Patterson Ronnie Phillips James Roberts Sharon Taylor Kimberly Underwood Marilyn Whitaker William Wilson Luz Roberts Pamela Hensley Dial Arlando Cooks Brandi Jewell[95]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.  Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to resell the data to other parties and any other purposes adduced through further discovery in this case.  Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than its own immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA.  Resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit.  *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609,616 (Iowa 2002).  Furthermore, this Defendant has continued to use Plaintiffs' personal

---

[94] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[95] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

### Allied Resident/Employee Screening Service, Inc.

Defendant Allied Resident/Employee Screening Service, Inc. is a resident screening company for apartment communities. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes: "to verify the accuracy of the information submitted by the individual for rental and employment application processing, or in response to a court order in accordance with the fair credit reporting act." and:

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—
>
>> (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and
>>
>> (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual;
>
> For use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions.
>
> For use by a consumer-reporting agency as defined by the Fair Credit Reporting Act

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [96]   James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell..[97]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.  Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case.   Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims.  Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.   This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions.   Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

---

[96] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[97] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

Finally, to the extent this Defendant contends that it is allowed to obtain this data for resale to others, Plaintiffs contend that resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit. *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609,616 (Iowa 2002).

## Acxiom Risk Mitigation, Inc. and Acxiom Corporation

Defendants Acxiom Risk Mitigation, Inc. and Acxiom Corporation are compilers of motor vehicle and drivers license databases solely for the purpose of sale of data to third parties. These Defendants obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. These Defendants represented to the State of Texas that this information was being obtained for the following purposes:

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—
>
>> (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and
>>
>> (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual;
>
> For use in research or in producing statistical reports
>
> For use by an insurer or insurance support organization
>
> For use in the preventing, detecting, or protecting against identity theft or other acts of fraud.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or

entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [98]   James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell. [99]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.  Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to resell the data to other parties and any other purposes adduced through further discovery in this case.   Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than its own immediately contemplated use  of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA.  Resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit.  *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609,616 (Iowa 2002).   Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.  This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

### ADP Screening and Selection Services, Inc

Defendant ADP Screening and Selection Services, Inc provides check authorization services to assist merchants with the origination and acceptance of check transactions and with check sales risk management.    This Defendant obtained all named Plaintiffs'

---

[98] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[99] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

"personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—
>
>> (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and
>>
>> (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual;
>
> For use in connection with matters of motor vehicle or driver safety and theft; motor vehicle emissions; motor vehicle product alterations, recalls, or advisories; performance monitoring of motor vehicles, motor vehicle parts and dealers; motor vehicle market research activities, including survey research; and removal of non-owner records from the original owner records of motor vehicle manufacturers.
>
> For use by an employer or its agent or insurer to obtain or verify information relating to a holder of a commercial driver's license that is required under chapter 313 of title 49.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel.  *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel,  a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [100]   James Booker,

---

[100] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE
DRIVERS' PRIVACY PROTECTION ACT**

Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell.[101]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.  Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case.  Business necessity is not an authorized purpose for obtaining personal information for motor vehicles records.  Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA.  Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims.  Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.  In fact, this Defendant admits in its Interrogatory response that "EmagineNET did not retain the bulk data in the format originally delivered by the Texas Department of Public Safety. The data is only maintained in EmagineNET's database." This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions.  Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

Finally, to the extent this Defendant contends that it is allowed to obtain this data for resale to others, Plaintiffs contend that resale of data is not a proper purpose for obtaining

---

purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[101] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

PLAINTIFFS STATEMENT OF VIOLATIONS OF THE
DRIVERS' PRIVACY PROTECTION ACT

plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit.  *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609, 616 (Iowa 2002).

## American Driving Records, Inc.

Defendant American Driving Records, Inc.is a compiler of motor vehicle and drivers license databases solely for the purpose of sale of data to third parties.  This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.  This Defendant represented to the State of Texas that this "his/her/its use of the record and information purchased under this contract is for the following permissible purpose(s) only and for no others:"

> This Defendant also asserted that it was obtaining Plaintiffs' data for numerous purposes allowable under the DPPA, presumably based on its customers' anticipated uses.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel.  *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied).  ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [102]  James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell.. [103]

---

[102] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[103] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to resell the data to other parties and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than its own immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit. *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609,616 (Iowa 2002). Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

## COE Information Publishers, Inc.

Defendant COE Information Publishers, Inc..is a compiler of motor vehicle and drivers license databases solely for the purpose of sale of data to third parties. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this "his/her/its use of the record and information purchased under this contract is for the following permissible purpose(s) only and for no others:"

> Name & address verification for Federal, State & Local government agencies, private investigators, consumer/credit collection agencies, on consumers during the course of legitimate business transactions; and

> This Defendant also asserted that it was obtaining Plaintiffs' data for numerous purposes allowable under the DPPA, presumably based on its customers' anticipated uses.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus

---

representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

Christi 1994, writ denied). ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [104]    James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice, Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell. [105]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.  Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to resell the data to other parties and any other purposes adduced through further discovery in this case.   Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than its own immediately contemplated use  of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA.  Resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit.  *See Locate.Pius.Com. Inc. v. Iowa D.O.T*, 650 N.W.2d 609,616 (Iowa 2002).  Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.  This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions.  Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

---

[104] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[105] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

**FEDCHEX. LLC.**

Defendant FEDCHEX. LLC. provides check authorization services to assist merchants with the origination and acceptance of check transactions and with check sales risk management.  This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.  This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—
>
> > (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and
> >
> > (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual;

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel.  *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel,  a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [106]   James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts,

---

[106] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell.[107]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Business necessity is not an authorized purpose for obtaining personal information for motor vehicles records. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. In fact, this Defendant admits in its Interrogatory response that "EmagineNET did not retain the bulk data in the format originally delivered by the Texas Department of Public Safety. The data is only maintained in EmagineNET's database." This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

Finally, to the extent this Defendant contends that it is allowed to obtain this data for resale to others, Plaintiffs contend that resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit. *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609, 616 (Iowa 2002).

---

[107] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE DRIVERS' PRIVACY PROTECTION ACT**

**Explore Information Services, LLC**

Defendant Explore Information Services, LLC is an insurance company. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> For use by an insurer or insurance support organization, or by a self insured entity, or an authorized agent of the entity, in connection with claims investigation activities, antifraud activities, rating or underwriting.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied). ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [108]   James Booker, Willie Booker,  Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell.[109]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to

---

[108] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[109] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case.  Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims.  Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.  This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions.  Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

Finally, this Defendant contends that it was entitled to obtain the entire database of Texas drivers and to review and use every piece of information contained therein to "underwrite" polices for its customers.  Purportedly, this Defendant believes that it can access personal information for every person in the State of Texas to ensure that none of them live with one of its customers, which would entitle it to charge a higher premium to that customer.  This admitted use clearly constitutes a violation of the DPPA in that this is not a legitimate underwriting activity.

### Jon Latorella d/b/a LocatePLUS.com

Defendant Jon Latorella d/b/a LocatePLUS.com.is a compiler of motor vehicle and drivers license databases solely for the purpose of sale of data to third parties.  This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.  This Defendant represented to the State of Texas that this "his/her/its use of the record and information purchased under this contract is for the following permissible purpose(s) only and for no others:"

> This Defendant asserted that it was obtaining Plaintiffs' data for numerous purposes allowable under the DPPA, presumably based on its customers' anticipated uses.

> "reference service product for DPPA entities"

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel.  *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is

precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [110]    James Booker, Willie Booker, Lowry Briley, Twila Brown,  James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell. [111]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.  Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to resell the data to other parties and any other purposes adduced through further discovery in this case.   Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than its own immediately contemplated use  of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA.  Resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit.  *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609,616 (Iowa 2002).  Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.  This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions.  Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

---

[110] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[111] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

**Marshall Systems Technology, Inc.**

Defendant Marshall Systems Technology, Inc. provides support services for insurance companies. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> For use by an insurer or insurance support organization, or by a self insured entity, or an authorized agent of the entity, in connection with claims investigation activities, antifraud activities, rating or underwriting.

> Verify drivers license number and disclose drivers at a given address for insurance underwriting purposes.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht*, 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied). ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [112]   James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell.[113]

---

[112] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[113] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE DRIVERS' PRIVACY PROTECTION ACT**

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

Finally, this Defendant contends that it was entitled to obtain the entire database of Texas drivers and to review and use every piece of information contained therein to "underwrite" polices for its customers. Purportedly, this Defendant believes that it can access personal information for every person in the State of Texas to ensure that none of them live with one of its customers, which would entitle it to charge a higher premium to that customer. This admitted use clearly constitutes a violation of the DPPA in that this is not a legitimate underwriting activity.

## MVR's Inc.

Defendant MVR's Inc., is a compiler of motor vehicle and drivers license databases solely for the purpose of sale of data to third parties. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> Insurance rating and underwriting & claims

> Employee screening

> Pre-employment screening

This Defendant also asserted that it was obtaining Plaintiffs' data numerous purposes allowable under the DPPA, presumably based on its customers' anticipated uses.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [114]  James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell. [115]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.  Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to resell the data to other parties and any other purposes adduced through further discovery in this case.   Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than its own immediately contemplated use  of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA.  Resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to

---

[114] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[115] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE DRIVERS' PRIVACY PROTECTION ACT**

Dismiss this lawsuit.  *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609,616 (Iowa 2002).  Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.  This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions.  Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

## Realtime-ID, LP

Defendant Realtime-ID, LP. Provides age verification services to sellers of alcoholic beverages in Texas that the person attempting to purchase the alcohol is at least 21 years of age.  This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.  This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> "maintain an updated database to verify the age and validity of identifications presented for the purpose of purchasing alcoholic beverages;" and

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—

>> (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and

>> (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual; and

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel.  *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any

reason Defendant would have to obtain their personal information: [116]   James Booker Willie Booker Lowry Briley Twila Brown James Clary Sharon Clary Alice Cooks Elizabeth Dewitt Kenneth Gossip Kennice Gossip Robert Holliness Carolyn Holub Tracy Karp Venisia Booker McGuire David Patterson Ronnie Phillips James Roberts Sharon Taylor Kimberly Underwood Marilyn Whitaker William Wilson Luz Roberts Pamela Hensley Dial Arlando Cooks Brandi Jewell.[117]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant and the lack of any knowledge of any information which might need to be verified by this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.   Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case.   Business necessity is not a proper purpose under the DPPA.   Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA.   Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims.   Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.   This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions.   Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

Finally, to the extent this Defendant contends that it is allowed to obtain this data for resale to others, Plaintiffs contend that resale of data is not a proper purpose for obtaining

---

[116] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[117] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit. *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609, 616 (Iowa 2002).

## Source Data, Inc.

Defendant Source Data, Inc.. is a membership service provider to private clubs selling alcoholic beverages to its members. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> "to enroll applicants in a Texas Alcoholic Beverage Private Club as required by the TABC"
>
> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—
>
>> (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and
>>
>> (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual; and

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [118] James Booker

---

[118] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The

Willie Booker Lowry Briley Twila Brown James Clary Sharon Clary Alice Cooks Elizabeth Dewitt Kenneth Gossip Kennice Gossip Robert Holliness Carolyn Holub Tracy Karp Venisia Booker McGuire David Patterson Ronnie Phillips James Roberts Sharon Taylor Kimberly Underwood Marilyn Whitaker William Wilson Luz Roberts Pamela Hensley Dial Arlando Cooks Brandi Jewell.[119]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant and the lack of any knowledge of any information which might need to be verified by this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.  Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case.  Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA.  Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims.  Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.  This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions.  Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

Finally, to the extent this Defendant contends that it is allowed to obtain this data for resale to others, Plaintiffs contend that resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to

---

named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[119] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

Motions to Dismiss this lawsuit.  *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609, 616 (Iowa 2002).

## Urapi, Inc.

Defendant Urapi, Inc provides investigative research and background checks for investigators, lawyers, and other businesses.  This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.  This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> "only for legal purposes under the drivers privacy protection act"

> Defendant then asserted that the data was being obtained for every purpose authorized under the DPPA.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel.  *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied).  ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [120]  James Booker Willie Booker Lowry Briley Twila Brown James Clary Sharon Clary Alice Cooks Elizabeth Dewitt Kenneth Gossip Kennice Gossip Robert Holliness Carolyn Holub Tracy Karp Venisia Booker McGuire David Patterson Ronnie Phillips James Roberts Sharon Taylor Kimberly Underwood Marilyn Whitaker William Wilson Luz Roberts Pamela Hensley Dial Arlando Cooks Brandi Jewell.[121]

---

[120] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[121] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant and the lack of any knowledge of any information which might need to be verified by this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.   Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case.   Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA.   Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims.   Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.   This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions.   Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

Finally, to the extent this Defendant contends that it is allowed to obtain this data for resale to others, Plaintiffs contend that resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit.  *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609, 616 (Iowa 2002).

## PropertyInfo

Defendant PropertyInfo is a compiler of motor vehicle and drivers license databases solely for the purpose of sale of data to third parties.  This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [122]   James Booker,

---

[122] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The

Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell. [123]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to resell the data to other parties and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than its own immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit. *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609,616 (Iowa 2002). Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

## 07-410

### Freeman Publishers

Defendant Freeman Publishers obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or

---

named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[123] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [124]   James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood,Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell.[125]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant and the lack of any knowledge of any information which might need to be verified by this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.   Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case.  Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA.   Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims.  Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.  This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions.  Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

---

[124] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[125] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE
DRIVERS' PRIVACY PROTECTION ACT**

Finally, to the extent this Defendant contends that it is allowed to obtain this data for resale to others, Plaintiffs contend that resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit. *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609, 616 (Iowa 2002).

### Defensivedriving.com

Defendant Defensivedriving.com is a provider of online and video driver safety courses. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—
>
> > (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and
> >
> > (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual; and
>
> For use in connection with matters of motor vehicle safety or Driver safety
>
> To fulfill its legal obligations under §176.1110 of the Texas Administrative Code.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any

reason Defendant would have to obtain their personal information: [126] James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell[127]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. This Defendant contends that state requirements essentially make it impossible to do business unless it has this information. This in not in any way relevant, however, to whether this Defendant has violated a Federal statute by again, choosing to conduct this business. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

---

[126] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[127] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE DRIVERS' PRIVACY PROTECTION ACT**

**Cross-Sell, Inc.**

Defendant Cross-Sell, Inc. obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [128] James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell[129]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, at least until this Defendant sold all of its business assets (including any motor vehicle records it had obtained, which is also likely a DPPA violation) this Defendant continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal

---

[128] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[129] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE DRIVERS' PRIVACY PROTECTION ACT**

information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

## InfoNations, Inc.

Defendant Freeman Publishers obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [130]    James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell.[131]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant and the lack of any knowledge of any information which might need to be verified by this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a

---

[130] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[131] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE
DRIVERS' PRIVACY PROTECTION ACT**

violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

Finally, to the extent this Defendant contends that it is allowed to obtain this data for resale to others, Plaintiffs contend that resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit. *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609, 616 (Iowa 2002).

## Realty Computer Solutions, Inc.

Defendant Realty Computer Solutions, Inc.is a compiler of motor vehicle and drivers license databases solely for the purpose of sale of data to third parties. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [132]   James Booker Willie Booker Lowry Briley Twila Brown James Clary Sharon Clary Alice Cooks Elizabeth Dewitt Kenneth Gossip Kennice Gossip Robert Holliness
Carolyn Holub Tracy Karp Venisia Booker McGuire David Patterson Ronnie Phillips James Roberts Sharon Taylor Kimberly Underwood Marilyn Whitaker William Wilson Luz Roberts Pamela Hensley Dial Arlando Cooks Brandi Jewell [133]

---

[132] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[133] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.  Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to resell the data to other parties and any other purposes adduced through further discovery in this case.   Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than its own immediately contemplated use  of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA.   Resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit.  *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609,616 (Iowa 2002).  Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.  This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions.  Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

## National Statistical Service Corporation

Defendant Freeman Publishers obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [134]   James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell.[135]

---

representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

[134] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained.  The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[135] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards.  By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant and the lack of any knowledge of any information which might need to be verified by this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information.    Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case.    Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA.    Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims.    Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource.    This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions.    Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

Finally, to the extent this Defendant contends that it is allowed to obtain this data for resale to others, Plaintiffs contend that resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit.    *See Locate.Pius.Com. Inc. v. Iowa D.O.T*, 650 N.W.2d 609, 616 (Iowa 2002).

## Reliant Energy, Inc.

Defendant Reliant Energy, Inc provides electrical service to Texas customers.    This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas.    This Defendant represented to the State of Texas that this information was being obtained for the following purposes

---

obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—

(A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and

(B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual; and

"Customer Information Validation"

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [136] James Booker, Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Robert Holliness, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Marilyn Whitaker, Arlando Cooks, Brandi Jewell.[137]

---

[136] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[137] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. This Defendant contends that state requirements essentially make it impossible to do business unless it has this information. This in not in any way relevant, however, to whether this Defendant has violated a Federal statute by again, choosing to conduct this business. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

## TXU Business

Defendant TXU Business provides electrical service to Texas customers. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes

> For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only—
>
>> (A) to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and
>>
>> (B) if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or

recovering on a debt or security interest against, the individual; and

For use in conjunction with a civil, criminal, administrative, or arbitral proceeding in any court or government agency or before any self regulatory body, including service of process, investigation, investigation in anticipation of litigation, execution or enforcement of a judgment or order, or under an order of any court.

Validation of information, and assistance with any court.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*)*. ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [138] Twila Brown, Alice Cooks, Elizabeth Dewitt, Carolyn Holub, Sharon Taylor, Marilyn Whitaker. Pamela Hensley Dial, Arlando Cooks, Brandi Jewell.[139]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular

---

[138] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

[139] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

basis), and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. This Defendant contends that state requirements essentially make it impossible to do business unless it has this information. This in not in any way relevant, however, to whether this Defendant has violated a Federal statute by again, choosing to conduct this business. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

### Dallas Computer Services, Inc.

Defendant Dallas Computer Services, Inc .is a compiler of motor vehicle and drivers license databases solely for the purpose of sale of data to third parties. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes:

> This Defendant asserted that it was obtaining Plaintiffs' data numerous purposes allowable under the DPPA, presumably based on its customers' anticipated uses.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*). ("Under the general doctrine of quasi-estoppel , a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

The following Plaintiffs are unaware of any relationship between themselves and this Defendant or any information which they gave this Defendant or any other person or entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information: [140]  James Booker,

---

[140] While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell.[141]

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to resell the data to other parties and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than its own immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Resale of data is not a proper purpose for obtaining plaintiffs personal information and obtainment of this data merely to resell violates the express terms of the DPPA, as more fully explained in Plaintiffs' various responses to Motions to Dismiss this lawsuit. *See Locate.Pius.Com. Inc. v. Iowa D.O.T,* 650 N.W.2d 609,616 (Iowa 2002). Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above-referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

---

[141] Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE**
**DRIVERS' PRIVACY PROTECTION ACT**

Respectfully Submitted,

**THE COREA FIRM, PLLC**

/Jeremy R. Wilson/
Thomas M. Corea
State Bar No. 24037906
Jeremy R. Wilson
State Bar No. 24037722
The Republic Center
325 North St. Paul Street, Suite 4150
Dallas, Texas 75201
Telephone:   214.953.3900
Facsimile:   214.953.3901

**OTSTOTT & JAMISON, P.C.**
George A. Otstott
Texas Bar No. 15342000
Ann Jamison
Texas Bar No. 00798278
Two Energy Square
4849 Greenville Avenue, Suit 1620
Dallas, Texas 75206
Telephone:     214.522.9999
Facsimile:     214.828.4388

**THE MANN FIRM**
James Mark Mann
Texas Bar No. 12926150
300 W. Main
Henderson, TX  75652
Telephone:     903.687.8540
Facsimile:     903.657.6003

## CERTIFICATE OF SERVICE

This is to certify that the foregoing document was electronically filed with the Clerk's office through the Courts CM/EDF system in compliance with this Court's Local Rule CV-5(a).  Pursuant to Local Rule CV-5(a)(3)(A), the filing of this motion using the Court's CM/ECF system will serve a copy of such motion upon all known counsel of record who have consented to electronic service.


   /s/ Jeremy R. Wilson_____
Jeremy R. Wilson