# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SHARON TAYLOR, ET AL. | CIVIL ACTION NO. 2:07cv001 |
| VERSUS | JUDGE DONALD E. WALTER |
| ACXIOM CORPORATION, ET AL. | |

**AND**

| | |
|---|---|
| SHARON TAYLOR, ET AL. | CIVIL ACTION NO. 2:07cv0013 |
| VERSUS | JUDGE DONALD E. WALTER |
| ACS STATE & LOCAL SOLUTIONS, INC., ET AL. | |

**AND**

| | |
|---|---|
| SHARON TAYLOR, ET AL. | CIVIL ACTION NO. 2:07cv0014 |
| VERSUS | JUDGE DONALD E. WALTER |
| TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, ET AL. | |

**AND**

| | |
|---|---|
| SHARON TAYLOR, ET AL. | CIVIL ACTION NO. 2:07cv0017 |
| VERSUS | JUDGE DONALD E. WALTER |
| SAFEWAY, INC., ET AL. | |

**AND**

| | |
|---|---|
| SHARON TAYLOR, ET AL. | CIVIL ACTION NO. 2:07cv0018 |
| VERSUS | JUDGE DONALD E. WALTER |
| BIOMETRIC ACCESS COMPANY, ET AL. | |

**AND**

| | |
|---|---|
| SHARON TAYLOR, ET AL. | CIVIL ACTION NO. 2:07cv0410 |
| VERSUS | JUDGE DONALD E. WALTER |
| FREEMAN PUBLISHING COMPANY | |

## DEFENDANT TELECHECK SERVICES, INC.'S
## RESPONSE TO PLAINTIFFS' STATEMENT OF VIOLATIONS
## OF THE DRIVERS' PRIVACY PROTECTION ACT

Pursuant to the Court's March 4, 2008 Order (Docket No. 193), TeleCheck Services, Inc. files its Response to Plaintiffs' Statement of Violations of the Drivers' Privacy Protection Act (the "Statement"), and re-urges its Motion to Dismiss[1] in response thereto. In the March 4 Order, the Court permitted Plaintiffs to file the Statement, which was to "stat[e] specifically the basis for their claims against each individual defendant stating the alleged obtainment, disclosure or use of that plaintiff's information from the Texas state motor vehicle records for a purpose not permitted under the DPPA." (March 4 Order at p. 2.)

Plaintiffs' Statement with regard to TeleCheck Services, Inc. does not allege any facts other than those already set forth in the First Amended Complaint, (Docket No. 3), or those taken from TeleCheck's agreement with the Texas DPS. The agreement is referred to in and central to the complaint, and properly considered on a Rule 12(b)(6) motion. TeleCheck attached it to its Motion to Dismiss. (Docket No. 25.) While Plaintiffs allege in the Statement that certain of the named-plaintiffs are aware of a business relationship with TeleCheck, and others are not, this allegation does not materially depart from the allegation in the complaint that TeleCheck "may have a

---

[1] TeleCheck's Motion to Dismiss was filed on March 28, 2007. (Docket Nos. 23 and 25.) Plaintiffs responded to TeleCheck's motion on April 11, 2007. (Docket No. 62.) TeleCheck filed its reply in support of its motion on April 20, 2007. (Docket No. 85.) In addition, TeleCheck filed a notice of supplemental authority in support of its motion on May 31, 2007. (Docket No. 113.) TeleCheck's motion is fully briefed and ripe for the Court's consideration.

permissible use under the DPPA for obtaining 'personal information' for some of the people in the database" of the Texas DPS. (Compl. ¶ 70.) In any event, this allegation is not relevant to their legal theory that the defendants must have contemplated an immediate use of each piece of information obtained. (Statement at p. 80.) Plaintiffs continue their untenable view that entities such as TeleCheck may only purchase driver information from the Texas DPS on a case-by-case basis, and may not purchase the information in bulk. (Id.) But Plaintiffs do not challenge the permissible purposes TeleCheck certified to the Texas DPS for its obtainment and use of the driver information.

As set out in TeleCheck's motion to dismiss and its supporting papers, (1) under the statutory construction doctrine of "the expression of one thing is the exclusion of the other," there is no federal or Texas law prohibiting the Texas DPS from selling this information in bulk unless it is for "surveys, marketing or solicitations," which uses are not at issue here; (2) Plaintiffs do not challenge the permissible purposes for which TeleCheck obtained the driver information, and which purposes it certified to the Texas DPS; (3) TeleCheck's legal position is supported by the plain language of the statute, principles of statutory construction, case law, and legislative history; (4) Plaintiffs cannot allege facts evidencing a knowing violation of the DPPA; (5) Plaintiffs fail to allege actual damages; and (6) Plaintiffs lack standing because they have not been injured in fact. Because the allegations contained in the Statement do

not alter TeleCheck's pending Motion to Dismiss, TeleCheck hereby re-urges its motion.

Respectfully submitted,

PARKER, HUDSON, RAINER & DOBBS LLP

By: /s/ Jodi Emmert Zysek

David G. Russell
Georgia Bar No. 620350
Jodi E. Zysek
Georgia Bar No. 247407
1500 Marquis Two Tower
285 Peachtree Center Avenue, N.E.
Atlanta, Georgia  30303
Phone:  (404) 523-5300
Facsimile:  (404) 522-8409
E-mail:  drussell@phrd.com
E-mail:  jzysek@phrd.com

OF COUNSEL:
CAPSHAW DERIEUX, LLP
S. Calvin Capshaw
State Bar No. 03783900
Elizabeth L. DeRieux
State Bar No. 05770585
Energy Centre
1127 Judson Road, Suite 220
P. O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Direct Dial: (903) 233-4816
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
ederieux@capshawlaw.com
ccapshaw@capshawlaw.com

Attorneys for Defendant TeleCheck Services, Inc.

## **CERTIFICATE OF SERVICE**

      I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 18th day of April, 2008 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                        /s/ Jodi Emmert Zysek