# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SHARON TAYLOR, ET AL. | CIVIL ACTION NO. 2:07cv001 |
| VERSUS | JUDGE DONALD E. WALTER |
| ACXIOM CORPORATION, ET AL. | |

**AND**

| | |
|---|---|
| SHARON TAYLOR, ET AL. | CIVIL ACTION NO. 2:07cv0013 |
| VERSUS | JUDGE DONALD E. WALTER |
| ACS STATE & LOCAL SOLUTIONS, INC., ET AL. | |

**AND**

| | |
|---|---|
| SHARON TAYLOR, ET AL. | CIVIL ACTION NO. 2:07cv0014 |
| VERSUS | JUDGE DONALD E. WALTER |
| TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, ET AL. | |

**AND**

| | |
|---|---|
| SHARON TAYLOR, ET AL. | CIVIL ACTION NO. 2:07cv0017 |
| VERSUS | JUDGE DONALD E. WALTER |
| SAFEWAY, INC., ET AL. | |

**AND**

| | |
|---|---|
| SHARON TAYLOR, ET AL. | CIVIL ACTION NO. 2:07cv0018 |
| VERSUS | JUDGE DONALD E. WALTER |
| BIOMETRIC ACCESS COMPANY, ET AL. | |

**AND**

| | |
|---|---|
| SHARON TAYLOR, ET AL. | CIVIL ACTION NO. 2:07cv0410 |
| VERSUS | JUDGE DONALD E. WALTER |
| FREEMAN PUBLISHING COMPANY | |

**DEFENDANT CONTINUEDED.COM, LLC d.b.a. IDRIVE SAFELY.COM'S SUPPLEMENT TO CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT OF VIOLATIONS OF THE DRIVER PRIVACY PROTECTION ACT**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Defendant Continueded.com, LLC, d/b/a Idrivesafely.com ("Defendant") files this its *Supplement to Consolidated Motion To Dismiss on Common Issues and Response To Plaintiffs' Statement Of Violations Of The Driver Privacy Protection Act* and in support thereof would show the Court the following:

I.

This Defendant has joined in and adopts by reference pursuant to Rule 10(c) the *Defendants' Consolidated Motion To Dismiss On Common Issues And Response To Plaintiffs' Statement Of Violations of the Driver Privacy Protection Act* filed in this cause on April 18, 2008 which addresses common issues of law and fact among a number of the defendants with respect to grounds for dismissal of the Plaintiffs' claims under Rules 12(b)(1) and 12(b)(6). This Defendant also re-urges and adopts by reference pursuant to Rule 10(c) its *Motion to Dismiss Under Rule 12(b)(6), Motion for Judicial Notice and In the Alternative, Motion for More Definite Statement Under Rule 12(e)* filed in this cause on April 5, 2007.[1] The intent of this supplemental response is to briefly address those specific issues raised by Plaintiffs in that portion of their *Statement of Violations of the*

---

[1] Defendant re-urges this motion save and except that portion of the motion dealing with Defendant's request for a more definite statement under Rule 12(e) which the Court ruled moot in its Minute Order signed March 4, 2008.

**DEFENDANT CONTINUEDED.COM, LLC d.b.a. IDRIVE SAFELY.COM'S SUPPLEMENT TO CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT OF VIOLATIONS OF THE DRIVER PRIVACY PROTECTION ACT** – Page 2

*Drivers' Privacy Protection Act* (hereinafter "the Statement") relating to their purported claims against *this* Defendant.[2]

II.

While in their "Statement" Plaintiffs correctly note that Defendant is "a provider of online traffic safety courses," Plaintiffs neglect to mention that Defendant provides those courses pursuant to a license from the Texas Department of Education. (*See*, Exhibit "A" the *"Statement"* below.) (*See also*, "Exhibit "B," Defendant Continueded.com LLC, d/b/a Idrivesafely.com's Objections and Response to Plaintiffs' First Written Interrogatory, para. 2 (c.).)

Notably absent from Plaintiffs' statement is any challenge, factual or otherwise, of Defendant's *stated* purposes for obtaining the driver's information database from the Texas Department of Public Safety database as being purposes *not permitted* by the DPPA. Instead, Plaintiffs make an assumption that Defendant obtained the entire DPS database for its own convenience and to avoid additional expense in having to go to DPS every time it requires personal information for a particular driver or drivers. Plaintiffs state no facts in support of this assumption.

Plaintiff's construction of the DPPA in their statement implies that if Defendant purchased the DPS database in bulk that it *had another option available* to it. Despite the opportunity afforded Plaintiffs to conduct written discovery of Defendant as to its method and purpose for obtaining individual Plaintiff's personal information and its use, Plaintiffs failed to conduct any inquiry as to whether Defendant had any option available

---

[2] For the Court's convenience, that portion of the Plaintiffs' Statement dealing with their claims against Continued.com LLC d/b/a Idrifesafely.com has been excerpted and included in Exhibit "A" to this pleading.

**DEFENDANT CONTINUEDED.COM, LLC d.b.a. IDRIVE SAFELY.COM'S SUPPLEMENT TO CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT OF VIOLATIONS OF THE DRIVER PRIVACY PROTECTION ACT** – Page 3

to it *other* than to purchase the entire database in bulk from the Department of Public Safety.

Plaintiffs also overlook the evidence provided in conjunction with Defendant's previously filed *Motion to Dismiss Under Rule 12(b)(6), Motion for Judicial Notice and In the Alternative, Motion for More Definite Statement Under Rule 12(e),* that among the various requirements imposed by the Commissioner of Education prior to approval of an "alternative delivery method" ("ADM") for driver education courses to be administered by private entities such as Defendant, in the performance of that function on behalf of the State of Texas, are stringent requirements for the maintenance of a "personal validation" system requiring, among other things, a "minimum of 10 personal validation questions" to be asked throughout the course, as well as the utilization of at least two different databases from "Third party data sources" from which the personal validation questions shall be drawn. *See* 19 Tex. Admin. Code § 176.1110(c)(1) and (2). The Commissioner has defined a "personal validation question" as "[a] question designed to establish the identity of the student by requiring an answer related to the student's personal information such as a driver's license number, address, date of birth, or other similar information that is unique to the student." *See* 19 Tex. Admin. Code § 176.1101(15).

In addition, the Commissioner requires that the student participating in the ADM "correctly answer the personal validation question within 90 seconds for questions presented over the Internet and 30 seconds for questions presented by telephone." In effect, the Commissioner's regulations concerning the delivery of ADM, promulgated under the authority and mandate of the Texas legislature, necessitate that approved providers of driver education courses such as Defendant, have *immediate* access to a

**DEFENDANT CONTINUEDED.COM, LLC d.b.a. IDRIVE SAFELY.COM'S SUPPLEMENT TO CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT OF VIOLATIONS OF THE DRIVER PRIVACY PROTECTION ACT** – Page 4

minimum of two databases containing a variety of personally unique information, including "personal information" as that term is defined by the DPPA for any driver in the State who enters Defendant's website for the purpose of taking one of its driver education courses.

Any Texas driver who meets the statutory requirements and obtains court approval can take the courses Defendant provides as part of a *deferred adjudication* process for certain types of traffic tickets offered by Courts throughout the State. Defendant is not informed in advance by the Courts as to who will be logging into its website to take one of its courses and therefore Defendant cannot access the DPS data on a "case by case" basis as suggested by the Plaintiffs and meet the "90 second" identity validation requirement imposed on it by Texas Education Agency rules.

WHEREFORE, PREMISES CONSIDERED, Defendant Continueded.com, LLC, d/b/a Idrivesafely.com, respectfully requests that this Court grant *Defendants' Consolidated Motion To Dismiss on Common Issues and Response To Plaintiffs' Statement Of Violations Of The Driver Privacy Protection Act* as well as this Defendant's *Motion to Dismiss Under Rule 12(b)(6), Motion for Judicial Notice and In the Alternative, Motion for More Definite Statement Under Rule 12(e) filed in this cause on April 5, 2007* and enter an order dismissing Plaintiffs' claims as to this Defendant in all things.

Respectfully submitted,

__/s/ James W. Grau_____
**Attorney in Charge**
**JAMES W. GRAU**
State Bar No: 08306350
**SCOTT A. WHISLER**
State Bar No. 21272900

**GRAU KOEN, P.C.**
2711 N. Haskell Avenue
Suite 2000
Dallas, Texas 75204
Telephone (214) 521-4145
Facsimile (214) 521-4320
*jgrau@graukoen.com*


**HAL M. BROWNE**
State Bar No. 03213500

**LAW OFFICES OF HAL BROWNE**
6008 Fieldstone Drive
Dallas, Texas 75252
(469) 878-4742
(972) 930-0772-Fax
*halbrowne@hotmail.com*

**ATTORNEYS FOR DEFENDANT
CONTINUEDED.COM LLC, D/B/A
IDRIVESAFELY.COM**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing document has been provided to counsel for Plaintiffs via electronic filing and to all known counsel of record for the Defendants on the 18th day of April, 2008.

       /s/ James W. Grau
       **JAMES W. GRAU**

## "Exhibit A"

**Continued.com LLC d/b/a Idrifesafely.com**

Defendant Continued.com LLC d/b/a Idrifesafely.com is a provider of online traffic safety courses. These courses are provided to the public for a fee. This Defendant obtained all named Plaintiffs' "personal information" from "motor vehicle records" maintained by the State of Texas. This Defendant represented to the State of Texas that this information was being obtained for the following purposes: "verification of students during the course as per commissioner rules on driver training §176.1110(9)(1)(B)(C)(D); and

For use in the normal course of business by a legitimate
business or its agents, employees, or contractors, but
only—

(A) to verify the accuracy of personal information
submitted by the individual to the business or its
agents, employees, or contractors; and

(B) if such information as so submitted is not
correct or is no longer correct, to obtain the correct
information, but only for the purposes of preventing
fraud by, pursuing legal remedies against, or
recovering on a debt or security interest against, the
individual; and

For use by a government agency in carrying out its
functions or a private entity acting on behalf of a
government agency in carrying out its functions.

This Defendant is estopped from taking any inconsistent position regarding its purpose for obtaining named Plaintiffs' "personal information" by the doctrine of quasi-estoppel. *See Atkinson Gas Co. v. Albrecht,* 878 S.W.2d 236, 240 (Tex.App.-Corpus Christi 1994, writ denied*).* ("Under the general doctrine of quasi-estoppel, a party is precluded from asserting to another's disadvantage, a right that is inconsistent with a position previously taken.").

**PLAINTIFFS STATEMENT OF VIOLATIONS OF THE
DRIVERS' PRIVACY PROTECTION ACT**

The following Plaintiffs are unaware of any relationship, business or otherwise, between themselves and this Defendant or any information which they gave this Defendant or any other entity which would need to be verified by this Defendant and are further unaware of any reason Defendant would have to obtain their personal information:Willie Booker, Lowry Briley, Twila Brown, James Clary, Sharon Clary, Alice Cooks, Elizabeth Dewitt, Kenneth Gossip, Kennice Gossip, Robert Holliness, Carolyn Holub, Tracy Karp, Venisia Booker McGuire, David Patterson, Ronnie Phillips, James Roberts, Sharon Taylor, Kimberly Underwood, Marilyn Whitaker, William Wilson, Luz Roberts, Pamela Hensley Dial, Arlando Cooks, Brandi Jewell. 64

Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. 65
Thus, this Defendant has violated the DPPA by at least the following ways: obtaining the above-referenced Plaintiffs' "personal information" for an impermissible purpose – to save itself time and/or money by not having to go back to the State of Texas each time it needs additional information, to avoid the inconvenience of having to go to the State each time it needs an additional customers' information (as many other entities do on a regular basis), and any other purposes adduced through further discovery in this case. Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' "personal information" other than an immediately contemplated use of the information for one of the DPPA's authorized uses for the information constitutes a violation of the DPPA. Rather than verify information on a case-by-case basis as contemplated by the DPPA, this Defendant chose to simply obtain the entire database, containing the personal information of over twenty million individuals. This choice to violate the law is the basis for Plaintiffs' improper obtainment claims. Furthermore, this Defendant has continued to use Plaintiffs' personal information by maintaining a database containing the above referenced Plaintiffs' personal information as part and parcel to the conduct of its ordinary business activities and as a business resource. This continuing use of these Plaintiffs' personal information by this Defendant is not an enumerated use in the DPPA and is contrary to its provisions. Thus, this continuing use of the above-referenced Plaintiffs' "personal information" is in direct violation of the DPPA.

---

64 While the remaining named Plaintiffs are aware of relationships between themselves and this particular defendant, they are in no way dismissing their claims that this defendant had an impermissible purpose for obtaining their particular "personal information" at the time that the data was obtained. The named Plaintiffs not listed in this paragraph reserve the right to explore, through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data.

65 Each Named Plaintiff in this litigation purports to represent a putative class of approximately twenty million holders of Texas Drivers' Licenses and Identification Cards. By delineating these particular Plaintiffs as having conducted an appropriate Rule 11 investigation as to the purpose for this Defendant to obtain their personal information and having reasonably ascertained that a violation occurred by this particular Defendant as to their personal information, the Named Plaintiffs are in no way conceding that they do not meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to proceeds as class representatives and assert causes of action on behalf of the class as a whole for all discovered violations of the DPPA by these Defendants.