| SHARON TAYLOR, ET AL. | § | CIVIL ACTION NO. 2:07CV001 |
| --- | --- | --- |
| VS. | § § § | |
| ACXIOM CORPORATION, ET AL. | § § | JUDGE DONALD E. WALTER |

| SHARON TAYLOR, ET AL. | § | CIVIL ACTION NO. 2:07CV0013 |
| --- | --- | --- |
| VS. | § § § | |
| ACS STATE & LOCAL SOLUTIONS, INC., ET AL. | § § | JUDGE DONALD E. WALTER |

| SHARON TAYLOR, ET AL. | § | CIVIL ACTION NO. 2:07CV0014 |
| --- | --- | --- |
| VS. | § § § § | |
| TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, ET AL. | § § | JUDGE DONALD E. WALTER |

| SHARON TAYLOR, ET AL. | § | CIVIL ACTION NO. 2:07CV0017 |
| --- | --- | --- |
| VS. | § § § | |
| SAFEWAY, INC., ET AL. | § § | JUDGE DONALD E. WALTER |

| SHARON TAYLOR, ET AL. | § | CIVIL ACTION NO. 2:07CV0018 |
| --- | --- | --- |
| VS. | § § § | |
| BIOMETRIC ACCESS COMPANY, ET AL. | § § | JUDGE DONALD E. WALTER |

| SHARON TAYLOR, ET AL. | § | CIVIL ACTION NO. 2:07CV0410 |
| --- | --- | --- |
| VS. | § § § | |
| FREEMAN PUBLISHING COMPANY, ET AL. | § § | JUDGE DONALD E. WALTER |

### DEFENDANT TEXAS MOTOR TRANSPORTATION ASSOCIATION'S JOINDER IN AND SUPPLEMENT TO CONSOLIDATED MOTION TO DISMISS AND RESPONSE TO PLAINTIFFS' STATEMENT OF VIOLATIONS

Defendant, Texas Motor Transportation Association (TMTA) files this Joinder in and Supplement to Consolidated Motion to Dismiss under Federal Rules of Civil Procedure 12 (b)(6) and 12(b)(1).

**I.**

The Defendant, Texas Motor Transportation Association (TMTA) has joined the Defendants' Consolidated Motion to Dismiss on Common Issues and Response to Plaintiffs' Statement of Violations.

**II.**

The basis of Plaintiffs' allegations against the Defendants, including TMTA, is that Defendants obtained the motor vehicle record data in bulk for a permissible purpose under the Driver's Privacy Protection Act (DPPA), but did not immediately use that data. However, Texas Motor Transportation Association never purchased the data in bulk. TMTA purchased specific records for specific individual drivers for the permissible purpose of obtaining such records for compliance with federal Department of Transportation regulations as contained in 18 U.S.C. §2721 (b), 49 U.S.C. Chapter 313; 49 C.F.R. 391.23 and 49 C.F.R. 391.25. (Exhibit 1, TMTA's Objections and Responses to Plaintiffs' First Interrogatory)

In its March 4, 2008 Order (2:07-CV-00013: Docket No. 78), the Court permitted Plaintiffs to file a Statement which was to "state specifically the basis for their claims against each individual defendant stating the alleged obtainment, disclosure or use of that Plaintiff's information from the Texas state motor vehicle records for a purpose not permitted under the DPPA." ( March 4 Order at p. 2) On page 10 of Plaintiffs' Statement of Violations of the Drivers' Privacy Protection Act (2:07-CV-00001: Docket No. 62), Plaintiffs fail to make any allegation against Texas Motor Transportation Association, instead the allegation is against another Defendant. Additionally, the allegations made by Plaintiffs under the heading of Texas Motor Transportation Association do not correctly summarize TMTA's response to Plaintiffs' interrogatory request. For instance, Plaintiffs incorrectly state that TMTA failed to deny that TMTA obtained all named Plaintiffs' personal information. Such is not the case. The Plaintiffs'

Defendant Texas Motor Transportation Association's
Joinder in and Supplement to Consolidated Motion to Dismiss and
Response to Plaintiffs' Statement of Violations

Page 2 of 4

First Amended Complaint, along with the Statement of Violation, do not state a claim against TMTA under Federal Rule of Civil Procedure 12 (b)(6).

However, if the Court finds the omission of an allegation against TMTA to be a typographical or word processing error, the Plaintiffs' allegations against TMTA still do not allege any facts other than those already set forth in the First Amended Complaint. The Plaintiffs concede that TMTA obtained the records for a permissible purpose. The Statement of Violations do not contradict TMTA's permissible purpose in obtaining information for specific drivers as required by Department of Transportation regulations. Plaintiffs further fail to controvert the fact that TMTA never obtained records in bulk. The Plaintiffs' Complaint and theory for recovery are contradicted by TMTA's permissible use of specific data, the plain language of the statute, the case law interpreting the statute, the legislative history regarding the statute and the State of Texas' statute governing Motor Vehicle Records. Plaintiffs' claims against Texas Motor Transportation Association should be dismissed pursuant to Federal Rules of Civil Procedure 12 (b)(6) and 12 (b)(1).

Respectfully submitted,

RICHARD N. DODSON    TX BAR NO. 05942230
**DODSON & DODSON, LLP**
2005 Moores Lane
Post Office Box 1877
Texarkana, Texas  75503
Telephone:  (903) 794-3121
Telecopier:  (903) 793-4801

*Attorney for Defendant*
*Texas Motor Transportation Association*

Defendant Texas Motor Transportation Association's
Joinder in and Supplement to Consolidated Motion to Dismiss and
Response to Plaintiffs' Statement of Violations

Page 3 of 4

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of DEFENDANT TEXAS MOTOR TRANSPORTATION ASSOCIATION'S JOINDER IN AND SUPPLEMENT TO CONSOLIDATED MOTION TO DISMISS AND RESPONSE TO PLAINTIFFS' STATEMENT OF VIOLATIONS, was served upon Plaintiffs' counsel via e-certified mail/return receipt requested and facsimile, and to Defendants' counsel via electronic means on this the 18th day of April, 2008.

RICHARD N. DODSON

Defendant Texas Motor Transportation Association's
Joinder in and Supplement to Consolidated Motion to Dismiss and
Response to Plaintiffs' Statement of Violations

Page 4 of 4