IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SHARON TAYLOR, *ET AL.*,<br>    ON BEHALF OF THEMSELVES AND<br>    ALL OTHERS SIMILARLY SITUATED,<br><br>            PLAINTIFFS,<br>v.<br><br>TEXAS FARM BUREAU MUTUAL<br>INSURANCE COMPANY, *ET AL.*,<br><br>            DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **CAUSE NO.**<br>**2:07-CV-00001**<br><br>CONSOLIDATED FROM<br><br>CAUSE NO.<br>2:07-CV–00014<br><br>**JUDGE:  DONALD D. WALTER**<br>*By Assignment* |

**DEFENDANT GLOBE LIFE AND ACCIDENT INSURANCE COMPANY'S
SUPPLEMENT TO MOTION TO DISMISS AND
TO CONSOLIDATED MOTION TO DISMISS AND RESPONSE TO PLAINTIFFS'
STATEMENT OF VIOLATIONS OF THE DPPA**

Defendant Globe Life And Accident Insurance Company ("Globe Life") hereby supplements its previously filed Motion to Dismiss (Dkt. 54 in 2:07-CV-00014) and the applicable grounds and argument presented in certain Defendants' Consolidated Motion to Dismiss and Response to Plaintiffs' Statement of Violations of the DPPA, by providing herein additional grounds supporting dismissal of the claims against Globe Life.

In its response to the interrogatory permitted by the Court, Globe Life informed Plaintiffs that its "reason for obtaining [the] Personal Information was solely for bulk distribution for its marketing and solicitations in Texas regarding its insurance products." Plaintiffs' Statement of Violations of the Drivers' Privacy Protection Act ("Statement") asserts the following with respect to Globe Life:

> Plaintiffs assert a claim against Defendant Globe Life Insurance Company for use of their personal information for the admitted purpose of bulk marketing and solicitations after the effective date of the 1999 amendments to the DPPA which only allowed such purchases when the State of Texas had obtained the express

1

DALLAS: 0536251.00022: 1681046v1

> consent of each person whose data was obtained for such purposes. None of these Plaintiffs provided their express consent for such obtainment.
>
> * * *
>
> These Plaintiffs assert that since these Plaintiffs' data was purchased within days before the effective date of the 1999 amendment for this Defendant, and since this Defendant paid significant funds to obtain Plaintiffs' personal information for marketing and solicitation purposes, it is reasonable to assume that this Defendant actually engaged in those activities with the relevant data after the effective date for the amendment, which constitutes an improper use of the data under the DPPA.

*Statement* at 22-23. This Supplement responds to these assertions.

As shown by their Statement, Plaintiffs do not assert that Globe Life improperly obtained personal information subject to the DPPA. *See Statement* at 22-23. Plaintiffs also do not allege that Globe Life actually used personal information. *Id.* Because they do not allege that Globe Life improperly obtained or actually used any information, Plaintiffs have not stated a claim under the DPPA against Globe Life. For these and other reasons set forth herein, Plaintiffs' claims against Globe Life should be dismissed.

**A.     Plaintiffs Do Not Assert a Claim Against Globe Life Based on Obtainment Without a Permissible Purpose**

Plaintiffs do not assert that Globe Life wrongfully obtained information subject to the DPPA. In their Statement, Plaintiffs concede that Globe Life obtained information subject to the DPPA "within days *before* the effective date of the 1999 amendment for this Defendant . . . ." *Statement* at 22 (emphasis added). Under the earlier version of the statute, which governs Plaintiffs' claim against Globe Life, "[p]ersonal information . . . may be disclosed [by the State] as follows . . ."

> (12) For bulk distribution for surveys, marketing or solicitations if the motor vehicle department has implemented methods and procedures to ensure that --
>
> (A)     individuals are provided an opportunity, in a clear and conspicuous manner, to prohibit such uses; and

2

  (B)  the information will be used, rented, or sold solely for bulk distribution for surveys, marketing, and solicitations, and that surveys, marketing, and solicitations will not be directed at those individuals who have requested in a timely fashion that they not be directed at them.[1]

18 U.S.C. § 2721(b)(12) (as amended eff. October 11, 1996).

  No Plaintiff contends that he/she made a request (*i.e.*, "opted out") under subsection (b)(12)(B). *See Statement* at 22-23. No Plaintiff contends that, in obtaining the personal information, Globe Life (or the State of Texas) failed to comply with the applicable version of Subsection (b)(12). *Id.* Plaintiffs do not make any assertion that Globe Life improperly obtained information subject to the DPPA. *Id.*

**B.** **Plaintiffs Have Not Stated a Claim Against Globe Life Based on Use Without a Permissible Purpose**

  Plaintiffs purport to "assert a claim against [Globe Life] for use of [Plaintiffs'] personal information for the admitted purpose of bulk marketing and solicitations after the effective date of the 1999 amendments to the DPPA which only allowed such purchases when the State of Texas had obtained the express consent of each person whose data was obtained for such purposes." *Statement* at 22. However, Plaintiffs have failed to state a claim in two ways.

  **1.** **Plaintiffs have not alleged facts to support their claim, and instead rely wholly on "assumptions"**

  First and foremost, Plaintiffs do not allege that Globe Life used their personal information. Instead, Plaintiffs base their new claim wholly on assumptions. Plaintiffs assert that "since these Plaintiffs' data was purchased within days before the effective date of the 1999 amendment for this Defendant, and since this Defendant paid significant funds to obtain Plaintiffs' personal information for marketing and solicitation purposes, *it is reasonable to*

---

[1] In the amendment, subsection (b)(12) was revised to read, in full: "For any other use in response to requests for individual motor vehicle records if the *State has obtained the express consent of the person to whom such personal information pertains.*" 18 U.S.C. § 2721(b)(12) (current version, emphasis added).

3

*assume that* this Defendant actually engaged in those activities with the relevant data after the effective date for the amendment, which constitutes an improper use of the data under the DPPA." *Statement* at 22-23 (emphasis added). There is no allegation of facts here, only assumptions (*e.g.*, assume that Globe Life used unspecified Plaintiffs' personal information) and assumptions from assumptions (*e.g.*, assume that Globe Life's assumed use of unspecified Plaintiffs' personal information occurred at some unspecified time after the amended statute took effect).

Factual allegations – not conclusory statements or assumptions – are required to state a claim. *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). A plaintiff's pleading must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007). The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965. By definition, assumptions are speculative. Accordingly, the assumptions in Plaintiffs' Statement, like the conclusory statements contained in their Complaint, do not satisfy the threshold requirements of Rule 8(a). *See id.*; *Fernandez-Montes*, 987 F.2d at 284.

Allegations of impermissible use are essential to a DPPA claim. *Russell v. ChoicePoint Servs., Inc.*, 300 F. Supp. 2d 450, 454 (E.D.La. 2004) ("*Russell I*") (allegation of DPPA violation, without an accompanying allegation that the defendant unlawfully used the information, does not state a claim upon which relief may be granted); *see also Russell v. ChoicePoint Servs., Inc.*, 302 F. Supp. 2d 654, 670 (E.D.La. 2004) ("*Russell II*"). Because Plaintiffs have not alleged any *facts* supporting the claim that Globe Life used any Plaintiff's personal information for an impermissible purpose, Plaintiffs have failed to state a claim.

4

## 2.    Plaintiffs rely on an incorrect legal theory that does not state a claim

In addition, Plaintiffs' claim against Globe Life rests on the legal theory that the newer amended statute can be applied to Globe Life's "assumed" use of personal information after the new amendment became effective. Putting aside for a moment whether the amendment became effective in Texas as early as asserted by Plaintiffs, Plaintiffs' theory is incorrect.

Plaintiffs do not dispute that use for bulk marketing and solicitations is permissible under Section 2721(b)(12). Instead, Plaintiffs contend that the "express consent" requirement in the newer version of the statute applies to the extent that Globe Life may have *used* personal information after the amendment's effective date. This cannot be the case. The "opt out" and "express consent" requirements apply at the time the information is *obtained*. Whether the "opt out" or "express consent" requirement has been met is determined at the time the information is obtained.

Section 2721(b) sets forth the conditions under which the State may disclose personal information to third parties (such as Globe Life). Section 2721(b)(12) allows the State to disclose personal information to third parties: (1) for bulk distribution for surveys, marketing or solicitations; (2) if the State had implemented opt-out procedures [previous version], or if the State obtained the person's consent to the disclosure of his/her information [current version]. In other words, Section 2721(b)(12) allows the State to disclose personal information to third parties: (1) for a permissible purpose; (2) provided that, at the time the State makes the disclosure, the State has complied with the opt-out or express consent requirement, whichever applied at the time.

Globe Life properly obtained the information for the permissible purpose: bulk distribution for surveys, marketing or solicitations. The State disclosed the information under the then-applicable opt-out procedures. Thus, the applicable requirement was satisfied. Indeed,

to the extent that people did not opt out (*i.e.*, did not request that surveys, marketing, and solicitations *not* be directed at them), it would seem that they impliedly consented to Globe Life's later use for marketing purposes.

Plaintiffs' own statement of their claim comports with this interpretation of the DPPA. Plaintiffs contend that "the 1999 amendments to the DPPA . . . only allowed such *purchases when* the State of Texas had obtained the express consent of each person whose data was *obtained* for [bulk marketing and solicitations]." *Statement* at 22 (emphasis added). In other words, Plaintiffs claim that the DPPA only allows a third party to *purchase* information *when* the State of Texas has complied with the "opt-out" or "express consent" requirement as to each person whose data is being *obtained*. *See id.* Opt-out or express consent applies to the *purchase* and *obtainment*, and compliance is determined at that time.

Plaintiffs' theory that the "express consent" requirement applies to use of information properly obtained under the previous version of the DPPA is wrong. Even if Plaintiffs' "assumptions" are considered, Plaintiffs have failed to state a claim upon which relief can be granted.

C. **Plaintiffs Have Not Established Standing to Pursue a Claim Against Globe Life Based on Use Without a Permissible Purpose**

Finally, Plaintiffs have not established standing to pursue a claim against Globe Life based on use without a permissible purpose.

1. **No Plaintiff alleges facts to support the claim that his/her information was used**

One of the purposes in allowing Plaintiffs to make a more definite statement was to determine if *each* Plaintiff could state an *individual* claim against each Defendant. In the Statement, Plaintiffs assert that their names were contained in the bulk information obtained by Globe Life. *Statement* at 22. Plaintiffs state that one can assume that Globe Life engaged in

6

bulk marketing and solicitations. *Id.* at 22-23. However, no Plaintiff has alleged any facts to support the claim that his/her own personal information was later used by Globe Life without a permissible purpose. *See id.* No Plaintiff has alleged that Globe Life marketed to or solicited *him/her* at all. *Id.*

Plaintiffs provide only assumptions even though the facts lie within Plaintiffs' own knowledge. If Globe Life used the personal information it lawfully obtained to market its products and services to these Plaintiffs (*i.e.*, to send these Plaintiffs marketing materials), then these Plaintiffs should know that, particularly if this "assumed" activity affected them in any way at all. Unlike their allegations directed to some other Defendants, Plaintiffs do not even attempt to allege any kind of "relationship" between themselves and Globe Life. Either an individual Plaintiff received marketing materials from Globe Life, or he/she did not. Here, it is clear that no Plaintiff has made any such allegation and that no Plaintiff has a specific recollection of receiving marketing materials from Globe Life. Accordingly, no Plaintiff should be asserting a claim against Globe Life for improper use.

Because Plaintiffs lack standing to pursue a DPPA claim against Globe Life, those claims should be dismissed.

### 2. No Plaintiff alleges any injury or damages

Injury-in-fact is an essential element of standing. As shown above, no Plaintiff has alleged that his/her information was actually used in any way whatsoever by Globe Life. Moreover, no Plaintiff asserts that he/she suffered any actual damage.

Each Plaintiff essentially argues that Globe Life *may* have used his/her personal information to send marketing materials to him/her, without any allegation that Globe Life actually did so, that any Plaintiff received such materials, or that anything happened to the Plaintiff at all with respect to Globe Life. Furthermore, there is no allegation or even assumption

7

that Globe Life disclosed any Plaintiff's personal information to anyone other than that Plaintiff. Without claiming actual damages, Plaintiffs should not be permitted to pursue relief under the DPPA. *See Russell II*, 302 F. Supp. 2d at 670 (discussing injury-in-fact requirement in context of DPPA claim); *but see Kehoe v. Fidelity Fed'l Bank & Trust*, 421 F.3d 1209, 1215-16 (11th Cir. 2005), *cert. denied*, 547 U.S. 1051, 126 S.Ct. 1612 (2006).[2]

Because Plaintiffs have not alleged any injury-in-fact against Globe Life, their complaint does not meet the Constitutional minimum requirements for standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 1130, 1126 (1992); *Johnson v. Morton*, 456 F.2d 68, 72 (5th Cir. 1972); *Moore v. Radian Group, Inc.*, 233 F. Supp. 2d 819, 820-21 (E.D. Tex. 2002), *aff'd*, 69 Fed. Appx. 659 (5th Cir. May 30, 2003) (not selected for publication). Accordingly, Plaintiffs' claims against Globe Life should be dismissed. *See Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989).

## CONCLUSION

The reasons set forth above provide additional grounds to dismiss the claim against Globe Life. For those reasons, and the grounds set forth in Globe Life's Motion to Dismiss and certain Defendants' Consolidated Motion to Dismiss and Response to Plaintiffs' Statement, the Court should dismiss Plaintiffs' claims against Globe Life.

---

[2] The Eleventh Circuit has disagreed with the conclusion reached in *Russell* that the DPPA requires proof of actual damages. *See Kehoe*, 421 F.3d at 1215-16. The Eleventh Circuit relied mainly on dicta in *Doe v. Chao*, 540 U.S. 614, 623, 124 S.Ct. 1204, 1210 (2004), and an opinion from the District Court of Kansas that was vacated without review on the merits, pursuant to the parties' settlement agreement (*Warner v. American Cablevision*, 699 F. Supp. 851, 859 (D. Kan. 1988), *remanded with instructions to vacate*, No. 1880-2820 (10th Cir., unpublished, Jan. 6, 1989)). *Kehoe*, 421 F.3d at 1214-16. Although the United States Supreme Court denied review of *Kehoe*, Justice Scalia (joined by Justice Alito) noted that the case "presents an important question of statutory construction – whether 'actual damages' must be shown before a plaintiff may recover under the Driver's Privacy Protection Act." *Fidelity Fed'l Bank & Trust v. Kehoe*, 547 U.S. 1051, 126 S.Ct. 1612 (2006). Because a separate, open issue rendered certiorari premature, Justices Scalia and Alito concurred in the denial of review. *Id.*

Respectfully submitted,

/s/
Michael H. Collins
  Texas Bar No. 04614300 (mcollins@lockelord.com)

Thomas G. Yoxall
  State Bar No. 00785304 (tyoxall@lockelord.com)
Kirsten M. Castañeda
  State Bar No. 00792401 (kcastaneda@lockelord.com)
Arthur E. Anthony
  State Bar No. 24001661 (aanthony@lockelord.com)
**LOCKE LORD BISSELL & LIDDELL LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**ATTORNEYS FOR GLOBE LIFE
AND ACCIDENT INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

In accordance with Federal Rule of Civil Procedure 5, I hereby certify that on the 18th day of April, 2008, a true and correct copy of the foregoing was served on all other parties to this lawsuit via CM/ECF to all counsel of record.

/s/
Kirsten M. Castañeda