# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| SHARON TAYLOR, ET AL. | CIVIL ACTION NO. 2:07cv00001 |
| VERSUS | JUDGE DONALD E. WALTER |
| ACXIOM CORPORATION, ET AL. | |
| **AND** | |
| SHARON TAYLOR, ET AL. | CIVIL ACTION NO. 2:07cv00013 |
| VERSUS | JUDGE DONALD E. WALTER |
| ACS STATE & LOCAL SOLUTIONS, INC., ET AL. | |
| **AND** | |
| SHARON TAYLOR, ET AL. | CIVIL ACTION NO. 2:07cv00014 |
| VERSUS | JUDGE DONALD E. WALTER |
| TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, ET AL. | |
| **AND** | |
| SHARON TAYLOR, ET AL. | CIVIL ACTION NO. 2:07cv00017 |
| VERSUS | JUDGE DONALD E. WALTER |
| SAFEWAY, INC., ET AL. | |
| **AND** | |
| SHARON TAYLOR, ET AL. | CIVIL ACTION NO. 2:07cv00018 |
| VERSUS | JUDGE DONALD E. WALTER |
| BIOMETRIC ACCESS COMPANY, ET AL. | |
| **AND** | |
| SHARON TAYLOR, ET AL. | CIVIL ACTION NO. 2:07cv00410 |
| VERSUS | JUDGE DONALD E. WALTER |
| FREEMAN PUBLISHING COMPANY | |

**INFONATION, INC.'S RESPONSE TO PLAINTIFFS' STATEMENT OF VIOLATIONS OF THE DRIVERS' PRIVACY PROTECTION ACT AND SUPPLEMENT TO CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES**

Pursuant to the Court's March 6, 2008 Order, (Doc. No. 54), InfoNation, Inc. ("InfoNation") files its Supplemental Response to Plaintiffs' Statement of Violations of the Drivers' Privacy Protection Act (the "Statement"), and specifically re-urges its Motion to Dismiss.[1]  In the March 4 Order, the Court permitted Plaintiffs to file the Statement, and ordered Plaintiffs to "stat[e] specifically the basis for their claims against each individual defendant stating the alleged obtainment, disclosure or use of that plaintiff's information from the Texas state motor vehicle records for a purpose not permitted under the DPPA." (March 4 Order at p. 2).  Plaintiffs failed to identify a single impermissible purpose.

Plaintiffs' Statement with regard to InfoNation does not allege any facts beyond the conclusory assertions in their First Amended Complaint, (Doc. No. 52).  While Plaintiffs allege in the Statement that certain named Plaintiffs are aware of a business relationship with InfoNation but others are not, this contention does not materially depart from the allegation in the complaint that InfoNation "may have a permissible use under the DPPA for obtaining 'personal information' for some of the people in the database." (Compl. ¶ 70).

Plaintiffs now postulate the erroneous legal theory that InfoNation must have had an immediate use for each piece of information obtained.  (*See* Statement at p. 110-111).  Plaintiffs continue their strained interpretation of the DPPA and argue that entities such as InfoNation may only purchase driver information from the DPS on a case-by-case basis, and may not purchase the information in bulk because this constitutes a "continuing use." (*Id.*)  Nothing in the DPPA or case law in this Circuit construing the statute supports this construction.  Moreover, Plaintiffs

---

[1] InfoNation's Motion to Dismiss was filed on February 28, 2008.  (Doc. No. 53).  Plaintiffs responded to InfoNation's motion on March 14, 2008.  (Doc. No. 56).  InfoNation filed its reply in support of its motion on April 8, 2008.  (Doc. No. 64).  InfoNation's motion is fully briefed and ripe for the Court's consideration.

do not challenge the permissible purposes that InfoNation certified to the State of Texas for obtaining motor vehicle information as set forth in its interrogatory response.

Because the allegations contained in the Statement do not alter InfoNation's pending Motion to Dismiss, InfoNation hereby re-urges its motion in addition to joining in the Consolidated Motion to Dismiss on Common Issues and Response to Plaintiffs' Statement of Violations ("Consolidated Motion") filed on behalf of certain Defendants on this date. In summary, and in an abundance of caution, the bases for dismissal in InfoNation's motion are as follows:

- The Court should dismiss pursuant to Rule 12(b)(1) because no Plaintiff alleges an actual injury; therefore, Plaintiffs lack standing. In short, Plaintiffs' conclusory allegations do not allege an injury in fact, a causal connection between allegedly obtaining their personal information and their hypothetical "injuries," and redressability.

- The Court should dismiss pursuant to Rule 12(b)(6) because Plaintiffs failed to allege plausible DPPA claims for the following reasons:

    - The DPPA authorizes the purchase of bulk data—whether for use by the purchaser or for resale—and does not prohibit the non-use of personal information obtained for a permissible purpose under section 2721. 18 U.S.C. § 2721(b). Accordingly, Plaintiffs failed to state a plausible improper obtainment claim.

    - Plaintiffs failed to allege a plausible improper use claim pertaining to any of named Plaintiff's personal information, particularly because the DPPA authorizes resale. 18 U.S.C. § 2721(c).

    - The DPPA's legislative history verifies that legitimate businesses can obtain motor vehicle data for permissible purposes. This includes an authorized recipient who may resell or redisclose information for permitted purposes. 18 U.S.C. § 2721(c). Therefore, Plaintiffs' "continuing use" allegation is meritless.

    - Texas law also authorizes the purchase of bulk data. Nothing in the Texas statutes requires the immediate use of personal information. Again, Plaintiffs' "continuing use" allegation is meritless.

- Plaintiffs cannot contest InfoNation's certification and its contract with the State of Texas.  Congress left enforcement to the government.

**CONCLUSION**

For the above reasons, the reasons set forth in InfoNation, Inc.'s Motion to Dismiss and Reply, and the reasons in the Consolidated Motion to Dismiss, the Court should dismiss Plaintiffs' claims against it with prejudice and award InfoNation, Inc. such other and further relief to which it is entitled, including costs.

Respectfully submitted,

  /s/ Marvin C. Moos
MARVIN C. MOOS
State Bar No.: 14413900
1301 McKinney Street, Suite 2700
Houston, Texas  77010
TELEPHONE:  713/333-4500
FACSIMILE:    713/333-4600

ATTORNEY-IN-CHARGE FOR DEFENDANT,
INFONATION, INC.

OF COUNSEL:

EBANKS, SMITH & CARLSON, L.L.P.
1301 McKinney Street, Suite 2700
Houston, Texas  77010
TELEPHONE:  713/333-4500
FACSIMILE:    713/333-4600

**CERTIFICATE OF SERVICE**

     I hereby certify that on the 18th day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the following:

Jeremy Reade Wilson
The Corea Firm, PLLC
The Republic Center
325 North St. Paul Street, Suite 4150
Dallas, TX 75201
COUNSEL FOR PLAINTIFFS

John Michael Dorman
Locke, Lord, Bissell & Liddell LLP
600 Travis St., Suite 3400
Houston, TX 77002-3004
COUNSEL FOR DEFENDANT
DEFENSIVEDRIGIN.COM

Paul M. Boyd
Boyd & Brown
1215 Pruitt Place
Tyler, TX 75703
COUNSEL FOR DEFENDANT REALTY
COMPUTER SOLUTIONS, INC. d/b/a
REAL-COMP

Eric P. Chenoweth
Yetter & Warden
909 Fannin, Suite 3600
Houston, TX 77010
COUNSEL FOR DEFENDANT RELIANT
ENERGY, INC.

Brock C. Akers
Phillips & Akers
3200 Southwest Freeway., Suite 3200
Houston, TX 77027-7523
COUNSEL FOR DEFENDANT FREEMAN
PUBLISHERS, INC.

William W. Allen
Gess, Mattingly & Atchison
201 West Short Street
Lexington, KY 40507
COUNSEL FOR DEFENDANT CROSS-
SELL, INC.

Michael Porter Heiskell
Johnson, Vaughn & Heiskell
5601 Bridge Street
Fort Worth, TX 76112
COUNSEL FOR DEFENDANT NATIONAL
STATISTICAL SERVICE CORPORATION

Dwight M. Francis
Lisa L. Honey
Gardere Wynne Sewell
1601 Elm St.
3000 Thanksgiving Tower
Dallas, TX 75201

Lisa L. Honey
Gardere Wynne Sewll, LLP
1601 Elm St.
3000 Thanksgiving Tower
Dallas, TX 75201
COUNSEL FOR DEFENDANT TXU
BUSINESS

       /s/ Marvin C. Moos
      MARVIN C. M. MOOS

5