# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| SHARON TAYLOR, ET AL. | CIVIL ACTION NO. 2:07cv001 |
| *v.* | JUDGE DONALD E. WALTER |
| ACXIOM CORPORATION, ET AL. | |
| SHARON TAYLOR, ET AL. | CIVIL ACTION NO. 2:07cv0013 |
| *v.* | JUDGE DONALD E. WALTER |
| ACS STATE & LOCAL SOLUTIONS, INC., ET AL. | |
| SHARON TAYLOR, ET AL. | CIVIL ACTION NO. 2:07cv0014 |
| *v.* | JUDGE DONALD E. WALTER |
| TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, ET AL. | |
| SHARON TAYLOR, ET AL. | CIVIL ACTION NO. 2:07cv0017 |
| *v.* | JUDGE DONALD E. WALTER |
| SAFEWAY, INC., ET AL. | |
| SHARON TAYLOR, ET AL. | CIVIL ACTION NO. 2:07cv0018 |
| *v.* | JUDGE DONALD E. WALTER |
| BIOMETRIC ACCESS COMPANY, ET AL. | |
| SHARON TAYLOR, ET AL. | CIVIL ACTION NO. 2:07cv0410 |
| *v.* | JUDGE DONALD E. WALTER |
| FREEMAN PUBLISHING COMPANY, ET AL. | |

**CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT OF VIOLATIONS FILED ON BEHALF OF AMERICAN DRIVING RECORDS D/B/A FIRST ADVANTAGE ADR A/K/A AGENCY RECORDS INC., SOUTHWESTERN BELL TELEPHONE, L.P. D/B/A SOUTHWESTERN BELL TELEPHONE COMPANY, A TEXAS LIMITED PARTNERSHIP, SAFEWAY INC., ACADEMY, LTD., BACKGROUND INFORMATION SYSTEMS, INC., HEB GROCERY COMPANY, LP, REALPAGE, INC., FEDCHEX, LLC., LML PAYMENT SYSTEMS, CORP., D.B. STRINGFELLOW, URAPI, THE HEARST CORPORATION D/B/A HOUSTON CHRONICLE, TEXAS MOTOR TRANSPORTATION ASSOCIATION, EMAGINENET TECHNOLOGIES, INC., TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, HOUSEHOLD DRIVERS REPORT, INC. D/B/A HDR, INC., SPARTAN INSURANCE COMPANY, ACS STATE & LOCAL SOLUTIONS, INC., INSURANCE TECHNOLOGIES CORPORATION, AMERICAN STUDENT LIST, LLC, GILA CORPORATION D/B/A MUNICIPAL SERVICES BUREAU, HAWKEYE INSURANCE SERVICES, RELIANT ENERGY, INC., SOURCE DATA, INC., DRIVER TRAINING ASSOCIATES, INC. D/B/A TICKETSCHOOL.COM, JON LATORELLA, D/B/A LOCATEPLUS HOLDINGS CORPORATION, AMERICAN ELECTRIC POWER SERVICE CORPORATION, TENANT TRACKER, INC., JI SPECIALTY SERVICES, INC., LEE FARISH COMPUTER SERVICES, INC., NATIONAL STATISTICAL SERVICES CORPORATION, AMERICAN MUNICIPAL SERVICES, LTD., GLOBE LIFE AND ACCIDENT INSURANCE COMPANY, ADP SCREENING AND SELECTION SERVICES, INC., SOFTECH INTERNATIONAL, INC., TALBOT GROUP, INC., PARADISE DEVELOPMENT, INC. D/B/A DRIVESAFE DEFENSIVE DRIVING, SAFETY-USA INSTITUTE, LLC, ARISTOTLE INTERNATIONAL, INC., DEFENSIVE DRIVER ONLINE, LTD., GLOBAL 360 BGS, INC., ABC DATA, Inc. d/b/a UNICARD SYSTEMS, INC., BIOMETRIC ACCESS COMPANY, CONTINUEDED.COM LLC, D/B/A IDRIVESAFELY.COM, ZEBEC DATA SYSTEMS, INC., INFONATION, INC., ALLIED RESIDENT/EMPLOYEE SCREENING SERVICE, INC., UNITED TEACHER ASSOCIATES INSURANCE COMPANY, FEDERATED RETAIL HOLDINGS, INC. F/K/A THE MAY DEPARTMENT STORES COMPANY D/B/A FOLEY'S, CROSS-SELL, INC., INDUSTRIAL FOUNDATION OF AMERICA, PROPERTYINFO CORPORATION, MARSHALL SYSTEMS TECHNOLOGY, INC., U.S. INTERACTIVE, INC., DALLAS COMPUTER INFORMATION SYSTEMS, REALTY COMPUTER SOLUTIONS, INC. d/b/a REAL-COMP, ACXIOM RISK MITIGATION, INC., ACXIOM CORPORATION, TELECHECK SERVICES, INC., ISO CLAIMS SERVICE, INC. D/B/A INSURANCE INFORMATION EXCHANGE, AND CARFAX, INC.**

# TABLE OF CONTENTS

I.     INTRODUCTION ........................................................................................... 2

II.    BACKGROUND ............................................................................................ 3

III.   STATEMENT OF ISSUES TO BE DECIDED ................................................. 6

IV.    STANDARD OF REVIEW ............................................................................. 6

1.     Federal Rule of Civil Procedure 12(b)(6) ................................................... 6

2.     Federal Rule of Procedure 12(b)(1) ........................................................... 7

V.     ARGUMENT AND AUTHORITIES ............................................................... 8

1.     Plaintiffs have failed to state a claim under the DPPA. ............................... 8

(a)    Plaintiffs' claims should be dismissed because Plaintiffs have failed to plead facts
       supporting a claim based on the plain language of the statute. .......................... 10

(b)    Plaintiffs' claims should be dismissed because Plaintiffs have failed to plead facts
       supporting a claim based on the applicable case law. ...................................... 11

(i)    Plaintiffs' claims against the non-reseller Defendants should be dismissed because
       Plaintiffs fail to plead facts to support an obtainment claim under the DPPA. ............... 11

(ii)   Plaintiffs' claims against the reseller Defendants should be dismissed because Plaintiffs
       fail to plead facts to support a reselling claim under the DPPA. ..................................... 15

(c)    Plaintiffs' claims should be dismissed because legislative history supports companies'
       rights to purchase motor vehicle information in bulk for permissible uses. ...................... 18

(d)    Plaintiffs' claims should be dismissed because the State of Texas has recognized and
       authorized companies' rights to purchase motor vehicle information in bulk for
       permissible uses. ........................................................................................ 19

2.     Plaintiffs do not have standing under the DPPA. .......................................... 19

VI.    CONCLUSION............................................................................................. 23

# TABLE OF AUTHORITIES

## CASES

*Assoc. Builders, Inc. v. Ala. Power Co.*,
    505 F.2d 97 (5th Cir. 1974) ....................................................................7

*Bell Atl. Corp. v. Twombly*,
    127 S. Ct. 1955 (2007).................................................................6, 7, 8, 10

*Boudreau v. United States*,
    53 F.3d 81 (5th Cir. 1995) ...................................................................7, 8

*Carpenters Dist. Council v. Dillard Dep't Stores*,
    15 F.3d 1275 (5th Cir. 1994) ...............................................................16

*Custom Rail Employer Welfare Trust Fund v. Geeslin*,
    491 F.3d 233 (5th Cir. 2007) ...............................................................16

*Elk Grove Unified Sch. Dist. v. Newdow*,
    542 U.S. 111, 124 S. Ct. 2301 (2004)...................................................8

*Guidry v. Bank of LaPlace*,
    954 F.2d 278 (5th Cir. 1992) .................................................................7

*Howard v. Hooters of Houston*,
    Cause No. 4:07-CV-03399 (S.D. Tex. Apr. 5, 2008) ......................21

*INS v. Phinpathya*,
    464 U.S. 183 (1984)...............................................................................16

*Kardules v. City of Columbus*,
    95 F.3d 1335 (6th Cir. 1996) ...............................................................22

*Kehoe v. Fidelity Fed. Bank & Trust*,
    421 F.3d 1209 (11th Cir. 2005) ......................................................21, 22

*Lewis v. Knutson*,
    699 F.2d 230 (5th Cir. 1983) ...............................................................20

*Locate.Plus.Com, Inc. v. Iowa Dep't of Transp.*,
    650 N.W.2d 609 (Iowa 2002) ..........................................................16, 17

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)...........................................................................19, 22

*MDPhysicians & Assocs., Inc. v. State Bd. of Ins.*,
   957 F.2d 178 (5th Cir. 1992) ....................................................................................7

*Mayfield v. Texas*,
   206 F. Supp. 2d 820 (E.D. Tex. 2001) ..................................................................20

*Parus v. Cator*,
   No. 05-C-0063-C, 2005 WL 2240955 (W.D. Wis. Sept. 14, 2005) ..............13, 14

*Ramming v. United States*,
   281 F.3d 158 (5th Cir. 2001) ................................................................................7, 8

*Rivera v. Wyeth-Ayerst Labs.*,
   283 F.3d 315 (5th Cir. 2002) ................................................................................22

*Russell v. ChoicePoint Servs., Inc.*,
   300 F. Supp. 2d 450 (E.D. La. 2004) ................................................13, 16, 17, 18

*Russell v. Choicepoint Servs., Inc.*,
   302 F. Supp. 2d 654 (E.D. La. 2004) ................................................13, 16, 17, 20

*Tuchman v. DSC Commc'ns. Corp.*,
   14 F.3d 1061 (5th Cir. 1994) ..................................................................................7

*United States v. Meeks*,
   69 F.3d 742 (5th Cir. 1995) ..................................................................................16

*United States v. Valencia*,
   394 F.3d 352 (5th Cir. 2004) ................................................................................16

*Vulcan Material Co. v. City of Tehuacana*,
   238 F.3d 382 (5th Cir. 2001) ..................................................................................7

*Ward v. Resolution Trust Corp.*,
   796 F. Supp. 256 (S.D. Tex. 1992) .......................................................................20

*Warth v. Seldin*,
   422 U.S. 490 (1975)................................................................................................8

*Xerox Corp. v. Genmoora Corp.*,
   888 F.2d 345 (5th Cir. 1989) ..........................................................................19, 20

CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

## STATUTES AND RULES

Federal Rule of Civil Procedure 12(b)(1) ..................................................................7, 8, 19

Federal Rule of Civil Procedure 12(b)(6) .......................................................................6

Texas Administrative Code § 15.141......................................................................19

Texas Transportation Code §§ 730.001-730.016...........................................................19

18 U.S.C. § 2721.................................................................................3, 10, 12, 15

18 U.S.C. § 2722.......................................................................................8

18 U.S.C. § 2724................................................................................5, 10, 13

## MISCELLANEOUS

139 Cong. Rec. S15745-01, S515763 (1993) ...............................................19

140 Cong. Rec. H2518-01, H2526 (1994)...................................................18

Transcript of House Subcommittee Hearing on H.R. 3365 ...........................................18

## DEFENDANTS' CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT OF VIOLATIONS

Defendants American Driving Records, Inc., d/b/a First Advantage ADR, a/k/a Agency Records, Inc., Southwestern Bell Telephone, L.P. d/b/a Southwestern Bell Telephone Company, a Texas Limited Partnership, Safeway Inc., Academy, Ltd., Background Information Systems, Inc., HEB Grocery Company, LP, RealPage, Inc., FedChex, L.L.C, LML Payment Systems Corp., D.B. Stringfellow, URAPI, The Hearst Corporation d/b/a Houston Chronicle, Texas Motor Transportation Association, EmagineNet Technologies, Inc., Texas Farm Bureau Mutual Insurance Company, Household Drivers Report, Inc. d/b/a HDR, Inc., Spartan Insurance Company, Insurance Technologies Corporation, ACS State & Local Solutions, Inc., Gila Corp. d/b/a Municipal Services Bureau, Hawkeye Insurance Services, Reliant Energy, Inc., American Student List, LLC, Source Data, Inc., Driver Training Associates, Inc. d/b/a TicketSchool.com, Jon Latorella, d/b/a LocatePlus Holdings Corporation, American Electric Power Service Corporation, Tenant Tracker, Inc., JI Specialty Services, Inc., Lee Farish Computer Services, Inc., National Statistical Services Corporation, American Municipal Services, Ltd., Globe Life Accident And Insurance Company, ADP Screening and Selection Services, Inc., Softech International, Inc., Talbot Group, Inc., Safety-USA Institute, LLC, Paradise Development, Inc. d/b/a Drivesafe Defensive Driving, Aristotle International, Inc., Defensive Driver Online, Ltd., Global 360 BGS, Inc., ABC Data, Inc. d/b/a Unicard Systems, Inc., Biometric Access Company, ContinuedEd.com D/B/A Idrivesafely.com, Zebec Data Systems, Inc., InfoNation, Inc., Allied Resident/Employee Screening Service, Inc., United Teacher Associates Insurance Company, Federated Retail Holdings, Inc., f/k/a Th e May Department Stores Company d/b/a Foley's, Cross-Sell, Inc., Industrial Foundation of America, PropertyInfo Corporation, Marshall Systems Technology, Inc., U.S. Interactive, Inc., Dallas Computer Information Systems, Realty Computer

Solutions, Inc. d/b/a Real-Comp, Acxiom Risk Mitigation, Inc. and Acxiom Corporation, TeleCheck Services, Inc., Carfax, Inc., and ISO Claims Service, Inc. d/b/a Insurance Information Exchange (collectively "these Defendants") file this Consolidated Motion to Dismiss on Common Issues under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) and Response to Plaintiffs' Statement of Violations. Because Plaintiffs' Statement mimics their Complaint, these Defendants re-urge and incorporate by reference in this Consolidated Motion to Dismiss the grounds included in Defendants' previously filed motions to dismiss. This Motion is intended to supplement, rather than supplant, the earlier-filed motions.[1]

## I.    INTRODUCTION

Plaintiffs have sued two types of Defendants in this case: (i) those who resell information obtained from the State of Texas, and (ii) those who obtain information directly from the State of Texas for their own use ("non-resellers"). Plaintiffs have committed to their theory of the case as to both types of these Defendants. The entire basis for Plaintiffs' claims under the Driver's Privacy Protection Act ("DPPA") is that (i) the non-reseller Defendants were required to immediately use the data obtained from the State for the obtainment of that data to be "permissible," and (ii) the reseller Defendants obtained the data from the State to resell it. *See* Plaintiffs' Statement of Violations of the Drivers' Privacy Protection Act ("the Statement") (regarding non-resellers: "[b]ased on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. . . . *Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' 'personal information' other than an immediately contemplated use of the information for one of the DPPA's authorized uses*

---

[1] Some Defendants will file separate Supplemental Motions to Dismiss in instances where a legal point exists that is unique to that defendant. Other Defendants previously have filed Motions to Dismiss where a legal point exists that is unique to that defendant and, therefore, re-urge the arguments made in those Motions to Dismiss.

**CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT**

_constitutes a violation of the DPPA._"[2] (emphasis supplied); regarding resellers: "[r]esale of data is not a proper purpose for obtaining plaintiffs' personal information and obtainment of this data merely to resell violates the express terms of the DPPA."[3]). Plaintiffs' theory does not support a viable DPPA claim against either type of Defendant and Plaintiffs' claims should be dismissed.

## II.   BACKGROUND

In early 2006, Plaintiffs' counsel began an investigation in hopes of bringing a class action under the DPPA. _See_ Affidavit of Thomas Corea (Plaintiffs' lead counsel) at p. 2, attached as Ex. A. In January 2007, twenty-five plaintiffs filed five separate, but virtually identical, putative class action lawsuits in the Eastern District of Texas.[4] This Court subsequently consolidated these five cases for limited purposes. In each of these cases, Plaintiffs claim that each of the 100+ defendants -- including companies as diverse as grocery stores, utility companies, sporting goods stores, check services, insurers, trade associations, and driver's education programs -- violated the DPPA. _See_ 18 U.S.C. § 2721, _et seq._ In September 2007, Plaintiffs brought a sixth nearly-identical action against yet another set of twenty-four defendants.

Almost all defendants in the five live original actions filed motions to dismiss Plaintiffs' Complaint[5] based on Plaintiffs' failure to plead adequately a specific violation of the DPPA, much less a violation committed by each defendant. On March 3, 2008, the parties appeared before the Court for a status conference. At that conference, these Defendants advised the Court that they had pending Motions to Dismiss based on Plaintiffs' failure to state a viable claim

---

[2] _See e.g._, Plaintiffs' Statement at 2.

[3] _See e.g._, Plaintiffs' Statement at 7.

[4] Judge Ward stayed one of those cases, _Sharon Taylor, et. al. v. Acxiom Corp., et. al._, Cause Number 2:07-cv-00001.

[5] _See_ 2:07-cv-00013: (Dkt. No. 7), 2:07-cv-00014: (Dkt. No. 5), 2:07-cv-00017: (Dkt. No. 3), 2:07-cv-00018: (Dkt. No. 3), 2:07-00410: (Dkt. No. 1) (collectively, the "Complaint").

**CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT**

under the DPPA. On March 4, 2008, the Court issued an Order stating that "[w]ithin thirty (30) days, plaintiffs shall file a statement with the Court as to each individual plaintiff stating specifically the basis for their claims against each individual defendant stating the alleged obtainment, disclosure or use of that plaintiff's information from the Texas state motor vehicle records for a purpose not permitted under the DPPA." Mar. 4, 2008 Order at 2 (2:07-cv-00013: Dkt. No. 78, 2:07-cv-00014: Dkt. No. 98, 2:07-cv-00017: Dkt. No. 166, 2:07-cv-00018: Dkt. No. 193).

The Court also gave Plaintiffs leave to ask each Defendant by interrogatory "that defendant's reason for obtaining the information at issue." Mar. 4, 2008 Order at 3 (2:07-cv-00013: Dkt. No. 78, 2:07-cv-00014: Dkt. No. 98, 2:07-cv-00017: Dkt. No. 166, 2:07-cv-00018: Dkt. No. 193). On or before March 28, 2008 — one week before the deadline for Plaintiffs to file their Statement — Defendants timely responded to Plaintiffs' interrogatory, providing Plaintiffs with the information outlined in this Court's Order explaining why these Defendants obtained the data.

On April 3, 2008, Plaintiffs filed the Statement, which essentially supplements Plaintiffs' Complaint.[6] (2:07-cv-00001: Dkt. No. 62). As predicted at the March 3, 2008 status conference, Plaintiffs' Statement adds nothing new. Despite the Court's affording Plaintiffs another chance to allege facts sufficient to state a claim, the Statement merely reiterates on a defendant-by-defendant basis, the same allegations Plaintiffs made in their Complaint. After setting forth the same legal theory, first in their Complaint, and again in cut-and-paste fashion throughout their 121-page Statement, Plaintiffs are now committed to their claim. Plaintiffs bring this action against over 100 Defendants asking that they pay two trillion dollars in damages for data

---

[6] Because this is a Motion to Dismiss, these Defendants will address the allegations in the Statement as if they were true despite numerous egregious misstatements throughout that document.

**CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT**

obtained for a permissible purpose because these Defendants did not *immediately* use the data. This is not the situation that the DPPA was intended to correct and is not actionable under the DPPA. Furthermore, Plaintiffs' attempt to add an immediate-use requirement is not supported by the DPPA or by any authority interpreting the DPPA.

The DPPA states that "a person who knowingly obtains, discloses or uses personal information, from a motor vehicle record, for a purpose not permitted under this chapter shall be liable to the individual to whom the information pertains." 18 U.S.C. § 2724(a). Based on Plaintiffs' Complaint and Statement, Plaintiffs have not alleged any facts to support a claim that Defendants obtained the data for a purpose not permitted under the DPPA, disclosed the data for a purpose not permitted under the DPPA, or used the data for a purpose not permitted under the DPPA. In fact, Plaintiffs do not challenge Defendants' interrogatory responses. Instead, Plaintiffs allege that these Defendants purchased the entire State of Texas database[7] and speculate that these Defendants could not have a permissible purpose for purchasing all of the data. This allegation is contrary to the statute, legislative history, and caselaw.

Over two years have elapsed since Plaintiffs' counsel began their investigation in preparation for bringing suit under the DPPA. Over one year has passed since Plaintiffs first filed suit. In addition, Plaintiffs have had the opportunity to review discovery responses from these Defendants describing how they used the motor vehicle record data. Notwithstanding the amount of time and information Plaintiffs have been given, Plaintiffs have failed to allege facts sufficient to establish a claim under the DPPA. To maintain a cause of action against these Defendants, Plaintiffs must: (a) plead facts to support a claim that each of these Defendants obtained Plaintiffs' data for an impermissible purpose under the DPPA or allege that each of

---

[7] Plaintiffs' theory only addresses Defendants who purchased the entire database. Contrary to Plaintiffs' assertion, some Defendants did not purchase the entire database. Because this is a Motion to Dismiss, however, Defendants will ignore this inaccuracy and treat this allegation as if it was true.

**CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT**

these Defendants misused Plaintiffs' data after obtaining it; and (b) plead facts to support a claim

that Plaintiffs were injured by each of these Defendant's improper obtainment or misuse.

Plaintiffs have failed to do so. Instead, they have invented a legal theory and superficially

pleaded a set of facts that are not actionable under the DPPA. Plaintiffs' theory is entirely

contradicted by: (1) the plain language of the statute; (2) caselaw interpreting the statute; (3) the

legislative history regarding the statute; and (4) the State of Texas's statute governing Motor

Vehicle Records.

Plaintiffs' claims should be dismissed (i) for failure to state a claim under 12(b)(6), and

(ii) for lack of standing under 12(b)(1).

### III.    STATEMENT OF ISSUES TO BE DECIDED

Pursuant to Local Rule CV-7, these Defendants present the following issues to be decided

by the Court:

1.    Whether Plaintiffs' Drivers' Privacy Protection Act claims should be dismissed for
failure to state a claim upon which relief can be granted.

2.    Whether Plaintiffs' Drivers' Privacy Protection Act claims should be dismissed for lack
of standing because:

(a)  Plaintiffs have not pleaded, nor can they prove, an injury-in-fact; and

(b)  Plaintiffs have not pleaded, nor can they prove, that they have suffered an injury
caused by any of these Defendants or that a favorable decision will redress any injury.

### IV.    STANDARD OF REVIEW

**1.       Federal Rule of Civil Procedure 12(b)(6)**

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon

which relief can be granted." FED. R. CIV. P. 12(b)(6). A complaint must be dismissed pursuant

to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

The factual allegations in Plaintiffs' complaint "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1964-65 (internal citations omitted). Further, to avoid dismissal under Rule 12(b)(6), a plaintiff must allege all of the elements of a right to recover against the defendant. *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994). A plaintiff may not state a claim by merely parroting the terms of the statute or reciting the elements of a claim. *See Vulcan Material Co. v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001). Thus, conclusory allegations and speculative or unwarranted deductions of fact are not assumed to be true. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (quoting *Assoc. Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974).

## 2.    Federal Rule of Procedure 12(b)(1)

Under Rule 12(b)(1), a party may challenge a court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In evaluating a Rule 12(b)(1) motion, a court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming*, 281 F.3d at 161; *MDPhysicians & Assocs., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 n.2 (5th Cir. 1992). "Since a motion to dismiss for lack of subject matter jurisdiction under [Rule 12(b)(1)] concerns [a] court's 'very power to hear the case . . . the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *MDPhysicians & Assocs., Inc.*, 957 F.2d at 180-181 (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. May 1981)).

The burden of establishing jurisdiction rests on the party seeking to invoke the jurisdiction of the court. *Ramming*, 281 F.3d at 161; *Boudreau v. United States*, 53 F.3d 81, 82

(5th Cir. 1995). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, [a] court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming*, 281 F.3d at 161.

One component of subject matter jurisdiction is standing. A basic prerequisite to the pursuit of any federal lawsuit is that the plaintiff must establish standing to prosecute the action, including an injury-in-fact and a redressable wrong. "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 111, 124 S. Ct. 2301, 2308 (2004) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)).

## V.    ARGUMENT AND AUTHORITIES

**1.        Plaintiffs have failed to state a claim under the DPPA.**

Plaintiffs' factual allegations are that Defendants obtained data for a permissible purpose under the DPPA, but did not immediately use that data. These factual allegations do not give rise to a plausible right to relief under the DPPA. *See Twombly*, 127 S. Ct. at 1964-65.

The DPPA provides that "it shall be unlawful for any person knowingly to obtain or disclose personal information, from a motor vehicle record, for any use not permitted under section 2721(b) of this title." 18 U.S.C. § 2722(a). The following are permissible uses under the current version of the DPPA:

> **(1)** For use by any government agency, including any court or law enforcement agency, in carrying out its functions, or any private person or entity acting on behalf of a Federal, State, or local agency in carrying out its functions.
>
> **(2)** For use in connection with matters of motor vehicle or driver safety and theft; motor vehicle emissions; motor vehicle product alterations, recalls, or advisories; performance monitoring of motor vehicles, motor vehicle parts and dealers; motor vehicle market research activities, including survey research; and removal of non-owner records from the original owner records of motor vehicle manufacturers.

**(3)** For use in the normal course of business by a legitimate business or its agents, employees, or contractors, but only--

    **(A)** to verify the accuracy of personal information submitted by the individual to the business or its agents, employees, or contractors; and

    **(B)** if such information as so submitted is not correct or is no longer correct, to obtain the correct information, but only for the purposes of preventing fraud by, pursuing legal remedies against, or recovering on a debt or security interest against, the individual.

**(4)** For use in connection with any civil, criminal, administrative, or arbitral proceeding in any Federal, State, or local court or agency or before any self-regulatory body, including the service of process, investigation in anticipation of litigation, and the execution or enforcement of judgments and orders, or pursuant to an order of a Federal, State, or local court.

**(5)** For use in research activities, and for use in producing statistical reports, so long as the personal information is not published, redisclosed, or used to contact individuals.

**(6)** For use by any insurer or insurance support organization, or by a self-insured entity, or its agents, employees, or contractors, in connection with claims investigation activities, antifraud activities, rating or underwriting.

**(7)** For use in providing notice to the owners of towed or impounded vehicles.

**(8)** For use by any licensed private investigative agency or licensed security service for any purpose permitted under this subsection.

**(9)** For use by an employer or its agent or insurer to obtain or verify information relating to a holder of a commercial driver's license that is required under chapter 313 of title 49.

**(10)** For use in connection with the operation of private toll transportation facilities.

**(11)** For any other use in response to requests for individual motor vehicle records if the State has obtained the express consent of the person to whom such personal information pertains.

**(12)** For bulk distribution for surveys, marketing or solicitations if the State has obtained the express consent of the person to whom such personal information pertains.

**(13)** For use by any requester, if the requester demonstrates it has obtained the written consent of the individual to whom the information pertains.

**(14)** For any other use specifically authorized under the law of the State that holds the record, if such use is related to the operation of a motor vehicle or public safety.

**(c) Resale or redisclosure.**--An authorized recipient of personal information (except a recipient under subsection (b)(11) or (12)) may resell or redisclose the information only

for a use permitted under subsection (b) (but not for uses under subsection (b) (11) or (12)). An authorized recipient under subsection (b)(11) may resell or redisclose personal information for any purpose. An authorized recipient under subsection (b)(12) may resell or redisclose personal information pursuant to subsection (b)(12).

18 U.S.C. § 2721(b)-(c).

### (a) Plaintiffs' claims should be dismissed because Plaintiffs have failed to plead facts supporting a claim based on the plain language of the statute.

Under the applicable section of the DPPA, a private actor may be liable for civil damages if it "knowingly obtains, discloses, or uses personal information, from a motor vehicle record, *for a purpose not permitted under this chapter*." 18 U.S.C. § 2724(a) (emphasis supplied). Defendants are liable only if they obtain or use private information *for an impermissible purpose*.

Plaintiffs must plead facts that show that these Defendants obtained private information *for a purpose not permitted under the Act* and specify that purpose. Plaintiffs have failed to do so. Instead, Plaintiffs have asserted that, because these Defendants did not immediately use all of the data they obtained, their purpose is not "permissible" under the DPPA. Under the plain language of the statute, these allegations do not state a plausible claim under the DPPA. *See Twombly*, 127 S. Ct. at 1964-65. The DPPA does not require that a company immediately use the data. *See* 18 U.S.C. § 2721.

### (b) Plaintiffs' claims should be dismissed because Plaintiffs have failed to plead facts supporting a claim based on the applicable case law.

In their Statement,[8] Plaintiffs essentially divide the Defendants into two groups: (1) those that obtained data for their own use ("non-resellers") and (2) those that obtained the data to sell to others ("resellers").

---

[8] For purposes of this Motion, these Defendants address the allegations in Plaintiffs' Statement as if each allegation was true, despite errors in the description of numerous Defendants' business practices and use of data. Further, Defendants assume that any reference in the middle of a description of one Defendant to a second unrelated Defendant was merely a result of Plaintiffs' erroneous copying and pasting of descriptions from one Defendant to

CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

**(i) Plaintiffs' claims against the non-reseller Defendants should be dismissed because Plaintiffs fail to plead facts to support an obtainment claim under the DPPA.**

Plaintiffs' claims against the non-resellers should be dismissed. Plaintiffs have failed to plead facts alleging that the non-resellers (or any Defendant) obtained the data for a purpose not permitted under the DPPA or used the data for a purpose not permitted under the DPPA, other than Plaintiffs' legally flawed claim that the non-resellers are liable to some Plaintiffs because these Defendants allegedly did not immediately use some of the records obtained from the State.[9] Plaintiffs' Statement at 2, 4, 6, 8-11, 13- 22, 24, 26-29, 31-36, 39-42, 44-49, 51-52, 54-57, 59-60, 63-66, 68, 70, 72, 74, 76, 78-81, 83, 85, 87, 89-90, 92-95, 97-100, 102, 104-106, 108-113, and 115-118[10] ("Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. . . . Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' personal information other than an immediately contemplated use of that information for one of the DPPA's authorized uses constitutes a violation of the DPPA."). Each Defendant, in responding to discovery, provided Plaintiffs with its reason(s) for obtaining information, each of which are contained in the DPPA's list of permissible uses. Plaintiffs' statement does not assert that any Defendant lacked one of the permissible purposes in the DPPA's list, but instead assert that the non-resellers should be liable under the DPPA because they did not use, or did not immediately use, some of the data.

---

another. *See e.g.,* Description related to LML Payment. As a result, Defendants are ignoring those copying and pasting errors, but treating the other allegations as true.

[9] Some Plaintiffs concede that as to particular Defendants, "**Plaintiffs are aware of relationships between themselves and this particular defendant** . . . [but they] reserve the right to explore through discovery, whether this Defendant indeed had a permissible purpose for obtaining their particular data." Plaintiffs' Statement at 2, 4-5, 7, 9, 11, 13-16, 18, 20-21, 23-24, 26, 27, 29-30, 32, 34, 36-37, 39, 41- 43, 45, 48-50, 52, 54-55, 57-58, 60, 62, 64, 66, 68-73, 75, 77, 79, 81, 83, 85-88, 90-91, 93, 95, 96, 98, 100-06, 108-12, 114, 116, and 117.

[10] These numerous cites exist because Plaintiffs recite the identical argument for numerous defendants.

CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

Plaintiffs cite no authority to support this additional requirement that a company that obtains motor vehicle records obtain the data for an "immediately contemplated" use. Nowhere in the DPPA or the cases interpreting the DPPA does such a requirement exist. *See* 18 U.S.C. § 2721. For instance, none of the purposes contained in the DPPA laundry list provide that the data must be obtained "for *immediate* use."

Indeed, adding such a requirement to the DPPA would lead to absurd results. Take, for example, the permissible purpose "[f]or use in providing notice to the owners of towed or impounded vehicles." 18 U.S.C. § 2721(b)(7). Under Plaintiffs' theory, a towing service is not entitled to obtain information from the State of Texas "for use in providing notice to the owners of towed or impounded vehicles." Instead, according to Plaintiffs, the purpose is not permissible unless it is "for [*immediate*] use in providing notice to [*an*] owner of [*a*] towed or impounded vehicle[]." The towing service must wait until it has towed a vehicle to fill out a form seeking information from the State, and can only seek information as to the particular vehicle that has been towed. The towing service must hold the vehicle and wait to receive the information from the State. Only after the State provides the information for the single vehicle can the towing service send notice to the owner. This cannot be the result intended by Congress when it carved out "use in providing notice to the owners of towed or impounded vehicles" as a permissible purpose.

Plaintiffs' contention that they have a claim fails because the DPPA does not prohibit the nonuse of data obtained for a permissible purpose, immediate or otherwise. *See* 18 U.S.C. § 2721. When a company obtains data for a permissible purpose, neither the DPPA nor the cases that interpret it impose a requirement that the data be put to use at any point in the future.

**CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT**

In cases with similar facts to the instant cases, the Eastern District of Louisiana dismissed plaintiffs' DPPA claims under Rule 12(b)(6) for failure to plead the specifics of improper use. *See Russell v. ChoicePoint Servs., Inc.*, 300 F. Supp. 2d 450 (E.D. La. 2004) ("*Russell I*"); *Russell v. Choicepoint Servs., Inc.*, 302 F. Supp. 2d 654, 664 ("*Russell II*").

In *Russell I*, ChoicePoint filed a motion to dismiss plaintiffs' claim under 12(b)(1) and 12(b)(6). ChoicePoint purchased motor vehicle records from the State of Louisiana and resold those records to other businesses. The court, dismissing the case under 12(b)(1) and 12(b)(6), explained that it "agrees with defendant ChoicePoint that plaintiff may not maintain a DPPA claim for improper obtainment under 18 U.S.C. § 2724(a) without alleging an accompanying impermissible use." *Russell I*, 300 F. Supp. 2d at 455. Notably, the court in *Russell I* went so far as to require that the plaintiff properly plead an alleged impermissible use to prevail on an improper obtainment claim. *Id.*

The court in *Russell II* engaged in the same analysis when evaluating defendant Reed Elsevier's motion to dismiss. *Russell II*, 302 F. Supp. 2d at 664. In that opinion, the court held that "the plain language of the DPPA permits entities like Reed Elsevier to obtain drivers' personal information from DMVs and subsequently resell that information to third parties with a permissible use." *Id.*

Despite this authority——directly on point and from this Circuit—Plaintiffs rely on *Parus v. Cator*, an unreported opinion from the Western District of Wisconsin, to support their argument for their improper obtainment claims. In that factually dissimilar case, the court considered the question of whether summary judgment was proper on the plaintiff's improper obtainment claim. No. 05-C-0063-C, 2005 WL 2240955 (W.D. Wis. Sept. 14, 2005). In *Parus*, the plaintiff offered proof that the defendant had obtained the data to determine whether the

plaintiff was a "local guy," which plaintiffs argued was not a permissible predicate for obtainment under the DPPA. *Id.* at * 1-2. The court held that summary judgment was not proper because it was a fact issue for the jury to determine whether the defendant was carrying out a law enforcement function (a permissible purpose) when he obtained the plaintiff's records. *Id.* at * 5.

In the instant cases, Plaintiffs fail to plead either impermissible obtainment (other than their invented and unviable immediate-contemplated-purpose theory) <u>or</u> a subsequent impermissible use. Plaintiffs have not alleged facts constituting an impermissible purpose for obtaining the data for any Defendant but merely *speculate* that these Defendants could not possibly have a permissible purpose for obtaining the entire database and should be held liable for obtaining, but not immediately using, some of the data: *See* Plaintiffs' Complaint[11]; *see also* Plaintiffs' Statement[12] ("Although Defendants may have a permissible use under the DPPA for obtaining 'personal information' for some of the people in the database, they do not have a permissible purpose to obtain all twenty million names in Texas' database."). Plaintiffs in this case have failed to plead facts constituting the impermissible purpose for which these Defendants obtained the data. Thus, *Parus v. Cator* is inapplicable to Plaintiffs' case.

In these cases, like *Russell I* and *Russell II*, Plaintiffs have not sufficiently pleaded facts alleging that these Defendants obtained data for an impermissible purpose <u>or</u> subsequently used data for an impermissible purpose. Instead, Plaintiffs have sued every company that allegedly purchased the State of Texas database and asserted that these Defendants violated the DPPA when they obtained data for a permissible purpose, but did not immediately use some of that

---

[11] at (2:07-cv-00013: Dkt. No. 7 at ¶ 51, 2:07-cv-00014: Dkt. No. 47 at ¶ 47, 2:07-cv-00017: Dkt. No. 3, ¶ 73, 2:07-cv-00018: Dkt. 3, ¶ 70, 2:07-cv-00410: Dkt. No. 1 at ¶ 60).

[12] at 2, 4, 6, 8, 9-10 11, 13, 14, 15-16, 17, 18-19, 20, 21, 22, 24, 26, 27-28, 29, 31, 32-33, 34, 35-36, 39, 40, 41, 42, 44, 45-46, 46-47, 48, 49, 51, 52, 54, 55-56, 57, 59, 60, 63, 64-65, 66, 68, 70, 72, 74, 76, 78, 79-80, 81, 83, 85, 87, 89, 90, 92, 93-94, 95, 97, 98-99, 100, 102, 104, 105, 106, 108, 109, 110-111, 112, 113, 115, 116-117, and 118.

**CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT**

data. The DPPA does not require that a company immediately use the data. 18 U.S.C. § 2721. Thus, Plaintiffs do not have a claim under the DPPA.

To state a claim, Plaintiffs would have to plead facts supporting allegations that each of these Defendants obtained or used the data of each Plaintiff for a purpose not permitted under the statute. Because Plaintiffs' factual allegations do not show an impermissible purpose for obtaining or using the data, Plaintiffs have not pleaded a plausible claim under the DPPA. Accordingly, Plaintiffs' complaint should be dismissed.

### (ii) Plaintiffs' claims against the reseller Defendants should be dismissed because Plaintiffs fail to plead facts to support a reselling claim under the DPPA.

Plaintiffs do not plead facts supporting a claim that any of the reseller Defendants re-sold data to a company that used the data for an impermissible purpose. Rather, Plaintiffs would have the Court believe that simply obtaining data to resell it is prohibited under the DPPA. *See* Plaintiffs' Statement at 11, 17-19, 40, 51, 56, 60, 65, 70-71, 74, 76, 78, 80, 81, 84, 85, 89, 90, 92, 95, 98-99, 102-03, 104, 105, 107, 11, 112, 113, and 118 ("Resale of data is not a proper purpose for obtaining plaintiffs' personal information and obtainment of this data merely to resell violates the express terms of the DPPA.") The statute and the caselaw directly addressing this issue rebut Plaintiffs' statement.

The clear and unambiguous language of the DPPA expressly authorizes the re-sale of information:

> **An authorized recipient of personal information (except a recipient under subsection (b)(11) or (12)) may resell or redisclose the information only for a use permitted under subsection (b) (but not for uses under subsection (b) (11) or (12)). An authorized recipient under subsection (b)(11) may resell or redisclose personal information for any purpose. An authorized recipient under subsection (b)(12) may resell or redisclose personal information pursuant to subsection (b)(12).**

18 U.S.C. § 2721(c).

CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

A court's interpretation of a statute must begin with the plain meaning of the statutory words. *See Custom Rail Employer Welfare Trust Fund v. Geeslin*, 491 F.3d 233, 236 (5th Cir. 2007) (holding that "in all cases involving statutory construction, our starting point must be the language employed by Congress, ... and we assume that the legislative purpose is expressed by the ordinary meaning of the words used" (quoting *INS v. Phinpathya*, 464 U.S. 183 (1984))). Where the Congressional language is clear and unambiguous, the Court's inquiry ends. *See United States v. Meeks*, 69 F.3d 742, 744 (5th Cir. 1995) ("[W]hen the language of a statute is clear and unambiguous, judicial inquiry into its meaning is unnecessary."); *Carpenters Dist. Council v. Dillard Dep't Stores*, 15 F.3d 1275, 1282-83 (5th Cir. 1994) ("If the [statutory] language is clear and unambiguous, then the court may end its inquiry."). The Court is required to give Congress' chosen words their plain meaning. *See United States v. Valencia*, 394 F.3d 352, 355 (5th Cir. 2004) ("In construing the United States Code our task must begin with the words provided by Congress and the plain meaning of those words. . . . In so doing, we give effect to the intent of Congress . . . .") (internal citations omitted).

Further, in the only cases directly addressing the issue of companies reselling data under the DPPA, the Court dismissed cases against resellers at the Motion to Dismiss stage. *Russell I*, 300 F. Supp. 2d at 455-56; *Russell II*, 302 F. Supp. 2d at 664. In the *Russell* cases, the court held that under the plain language of the DPPA, a company could obtain data "strictly to redistribute it to persons with permissible uses." *Russell I*, 300 F. Supp. 2d. at 456; *Russell II*, 302 F. Supp. 2d at 664 (same).

Plaintiffs cite only one case, an Iowa state court case, which was decided before the *Russell* decisions and was expressly rejected by the *Russell* court, in an attempt to support their argument that a Defendant can be held liable for reselling data. *See Locate.Plus.Com, Inc. v.*

CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

*Iowa Dep't of Transp.*, 650 N.W.2d 609 (Iowa 2002); *but see Russell I*, 300 F. Supp. 2d. at 460 ("Plaintiffs' reliance on [*Locate.Plus.Com*] is misplaced. That decision is both factually and procedurally distinguishable from the case at hand. **Furthermore, *Locate.Plus.Com* neglects to provide a meaningful analysis of the DPPA's statutory language and corresponding congressional intent, especially as they relate to the common definitions of key DPPA terms and to other federal privacy acts.**") (emphasis supplied); *Russell II* (same).

Notably, the *Locate.Plus.Com* case was not one in which plaintiffs were suing for damages under the DPPA. *Id.* Rather, it was one in which a company sued the State to compel access to personal information from the State's motor vehicle records. *Id.* The court denied the company's request to receive data from the Iowa Department of Transportation. *Id.* at 618-19. As the Court in *Russell I* and *Russell II* recognized, the Iowa court erred in its interpretation of the DPPA. *See Russell I*, 300 F. Supp. 2d. at 460; *Russell II*, 302 F. Supp. 2d at 668. The Iowa court failed to consider that the plain language of the statute and clear Congressional intent "to permit resale by recipients authorized by the state or its DMV." *Russell I*, 300 F. Supp. 2d. at 460; *Russell II*, 302 F. Supp. 2d at 668. Finally, the Iowa Department of Transportation had determined that it did not wish to provide data to at least one particular reseller. The Plaintiffs did not plead that the State of Texas has made the same determination as to any of these Defendants.

### (c) Plaintiffs' claims should be dismissed because legislative history supports companies' rights to purchase motor vehicle information in bulk for permissible uses.

Legislative history confirms that the DPPA was not enacted to prevent businesses from obtaining and using motor vehicle records for permissible uses. As explained by Plaintiffs in their Complaint, "[t]he DPPA was included as part of omnibus crime legislation passed by

Congress in 1993, known as the Violent Crime Control and Law Enforcement Act of 1993." *See* Plaintiffs' Complaint in 2:07-cv-00013 at 15. Further, Senator Boxer "described several well-publicized incidents in which criminals used publicly available motor vehicle records to identify and stalk their victims." *Id; see also Russell I*, 300 F. Supp. 2d at 452 (recognizing that Congress enacted the DPPA "largely in response to mounting public concerns over stalkers' and other criminals' access to the personal information maintained in state DMV records").

Moreover, Congress was fully informed about the sale of motor vehicle records in bulk for permissible business uses. Representative Moran explained to Congress that "[c]areful consideration was given to the common uses now made of this information and great efforts were made to ensure that those uses were allowed under this bill." *See* Transcript of House Subcommittee Hearing on H.R. 3365 held February 3, 1994; *see also Russell I*, 300 F. Supp. 2d at 456 ("in enacting the DPPA, Congress intended to strike 'a critical balance between legitimate governmental and business needs for this information, and the fundamental right of our people to privacy and safety.'") (quoting 139 Cong. Rec. S15745-01, S515763 (1993) (statement of Senator Boxer)). Further, Representative Goss explained that Congress intended the statute to prohibit the release of personal information to a "*narrow* group of people that lack legitimate business [purposes]." *See* 140 Cong. Rec. H2518-01, H2526 (1994) (statement of Rep. Goss) (emphasis supplied). As a result, Congress enumerated fourteen permissible uses of the motor vehicle records. Congress clearly intended to allow (and certainly did not prohibit) companies to purchase data by bulk for legitimate business purposes.

**(d) Plaintiffs' claims should be dismissed because the State of Texas has recognized and authorized companies' rights to purchase motor vehicle information in bulk for permissible uses.**

The State of Texas has concluded that, under the DPPA, companies may purchase motor vehicle information in bulk for permissible uses.[13]   The State of Texas enacted legislation mirroring the DPPA. *See* TEX. TRANSP. CODE ANN. §§ 730.001-730.016.  That statute expressly allows the sale of driver information for permissible purposes.  In addition, the Texas legislature authorized the Texas Department of Public Safety ("DPS") to "adopt rules to implement and administer this chapter."  *Id.* at 730.014.  Pursuant to that authority, the Texas DPS has determined that it may sell driver information in bulk to purchasers that certify a permissible intended use.   *See* TEX. ADMIN. CODE § 15.141—"Bulk Requests for Driver Record Information".

**2.      Plaintiffs do not have standing under the DPPA.**

Rule 12(b)(1) mandates dismissal for lack of subject matter jurisdiction because Plaintiffs lack standing to invoke the DPPA Claims.  Plaintiffs have not alleged or plausibly pleaded that they were injured by these Defendants' alleged use of the personal data.  Accordingly, this action should be dismissed.

Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).  Where a plaintiff does not have standing, it is proper for the court to dismiss under 12(b)(1).  *See Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989) ("Under the Federal Rules of Civil

---

[13]  The United States Department of Justice has concurred with the Congressional intent and the State of Texas' interpretation of the DPPA.  The United States Department of Justice ("DOJ") approved the sale of bulk data for authorized purposes in response to an inquiry by the Massachusetts Registry of Motor Vehicles ("RMV").  In the letter, the DOJ explained that the RMV could sell bulk data to a commercial distributor if the distributor "disseminates the information only to other authorized recipients or entities that use the information solely for authorized purposes."

CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

Procedure, standing challenges are dealt with by motion under Fed. R. Civ. P. 12(b)(1) or on the

court's own motion."); *Mayfield v. Texas*, 206 F. Supp. 2d 820, 823 (E.D. Tex. 2001) (dismissing

case under 12(b)(1) for lack of standing); *Ward v. Resolution Trust Corp.*, 796 F. Supp. 256, 259

(S.D. Tex. 1992) ("Therefore, the Court finds that Plaintiff lacks standing to bring this action and

dismissal is proper pursuant to Rule 12(b)(1).").

The Supreme Court has explained that to satisfy standing, plaintiffs must prove that: (1)

Plaintiffs have suffered an "injury in fact," which is concrete and particularized and actual or

imminent; (2) a causal connection must exist between the injury and the conduct about which the

Plaintiff complains; and (3) it must be likely that the injury will be redressed by a favorable

decision. *Id.* It is well settled that "[a] failure to allege an injury on the face of a complaint

deprives the plaintiff of standing which is needed to satisfy Article III's case or controversy

requirement." *Xerox Corp.*, 888 F.2d at 350; *see also Lewis v. Knutson*, 699 F.2d 230, 237 (5th

Cir. 1983) (dismissing plaintiff's claims and holding that the constitutional limitations of Article

III arise when plaintiff fails to allege a personal injury).

In *Russell II*, the Court applied the Fifth Circuit's "injury-in-fact" analysis, and dismissed

plaintiffs' claims, partly because plaintiffs did not show that they had suffered an "injury in

fact." *Russell II*, 302 F. Supp. 2d at 670. In *Russell II*, the court concluded that the plaintiffs had

no evidence that their personal information was used or resold by defendants in violation of the

DPPA. *Id.* Because no evidence existed that the data had been used for an impermissible

purpose, the Court dismissed the plaintiffs' claims.[14] *Id.*

Likewise, in a recent Southern District of Texas opinion, the court dismissed a putative

class action where the plaintiffs alleged that their privacy had been violated and that they were

---

[14] The Court refused to allow Plaintiffs to conduct discovery to support a claim that Plaintiffs' data was used for an
impermissible purpose. *Id.* at 670-71.

**CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT**

exposed to an increased risk of credit fraud and identity theft because the defendant printed sales receipts that included certain information regarding credit transactions prohibited by FACTA, including the expiration date on the plaintiff's credit card. *See Howard v. Hooters of Houston*, Cause No. 4:07-CV-03399, slip op. at 1 (S.D. Tex. Apr. 5, 2008). Plaintiffs made no allegation of injury and no claim that anyone used their data. *Id.* Finding that the plaintiffs were not injured and dismissing the case, the Court stated that the lead plaintiff "sues for himself and everyone else who has been similarly not victimized. . . . [The lead Plaintiff] insists that many other customers were similarly exposed. If so, they too were not injured." *Id.* Here, Plaintiffs have been "similarly not victimized."

Plaintiffs in this case have the same problem as the *Russell* and *Howard* plaintiffs. They have failed to allege or plausibly plead facts showing that they were harmed by any alleged impermissible obtainment or impermissible use of their data. To have standing, Plaintiffs would have to plead facts showing that each of these Defendants obtained for an impermissible use or impermissibly used personal data for each Plaintiff. But Plaintiffs have not done so.

Apparently conceding they have not pleaded actual harm, Plaintiffs rely upon the Eleventh Circuit decision in *Kehoe* to support their argument that they do not have to show harm to bring a cause of action. *Kehoe*, however, simply stands for the proposition that where a statute provides for liquidated damages, a plaintiff does not have to prove actual damages. *Kehoe v. Fidelity Fed. Bank & Trust*, 421 F.3d 1209 (11th Cir. 2005). The *Kehoe* court never addressed the issue of harm or standing. *Id.*

In fact, in *Kehoe*, the plaintiffs allege the harm they suffered with particularity, stating that the single defendant, Fidelity Federal Bank and Trust, purchased their personal information and retained a third-party mass mailing service provider to mail solicitations to them regarding

refinancing their motor vehicle loans. *Id.* at 1211. The *Kehoe* plaintiffs cited a specific instance in which the defendant impermissibly invaded their privacy: they each received a letter advertising defendant's refinancing services. *Id.* The *Kehoe* plaintiffs already had pleaded and proven the threshold issue that they were harmed. The court, therefore, needed only to make the determination of whether actual damages must be proven where a statute provides for liquidated damages. In the case at hand, however, Plaintiffs never allege facts showing that these Defendants harmed them. Sharon Taylor does not allege that she received a mailing from any of these Defendants, nor do any of the other Plaintiffs. In fact, neither Sharon Taylor, nor any of the other twenty-four plaintiffs, plead that any of these Defendants misused their data.

Further, in addition to the requirement that Plaintiffs plead an injury in fact, Plaintiffs also have failed to plead the necessary causal connection between Plaintiffs' unspecified alleged injury and each of these separate Defendants' action. "Standing requires 'a causal connection between the injury and the conduct complained of' the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002) (quoting *Lujan*, 504 U.S. at 560). Because Plaintiffs have not pleaded, nor can they prove, any improper use or obtainment of their personal information, Plaintiffs cannot establish the necessary causal connection.

Moreover, because Plaintiffs cannot prove injury-in-fact or causation, they cannot demonstrate redressability. *See Kardules v. City of Columbus*, 95 F.3d 1335, 1355 (6th Cir. 1996) (Because Plaintiff cannot establish causation, "[i]t follows that the redressability element of standing also is lacking."). Because Plaintiffs cannot establish the redressability requirement for standing, their Complaint should be dismissed for lack of subject matter jurisdiction.

## VI.    CONCLUSION

Despite the additional time and the opportunity to review Defendants' discovery responses, Plaintiffs have failed to state a claim against any of these Defendants upon which relief may be granted. Instead, Plaintiffs have asserted that these Defendants should be held liable under the DPPA because they were required to immediately use the data for the obtainment of the data to be permissible, or because they obtained the data to resell it as expressly allowed by the statute and case law. These factual allegations do not establish a claim under the DPPA.

Further, Plaintiffs have not properly pleaded that they have standing to bring actions against each of these Defendants under the DPPA. These Defendants respectfully request that this Court enter an order dismissing this action.

Respectfully submitted,

BAKER BOTTS L.L.P.

By    /s/ Philip J. John
        Philip J. John
        State Bar No. 10672000
        E-mail: philip.john@bakerbotts.com
        One Shell Plaza
        910 Louisiana
        Houston, Texas  77002
        (713) 229-1234
        (713) 229-1522 (Facsimile)

        Chad M. Pinson
        State Bar No. 24007849
        E-mail: chad.pinson@bakerbotts.com
        2001 Ross Avenue
        Dallas , Texas 75201-2980
        (214) 953-6500
        (214) 953-6503 (Facsimile)

        Elizabeth E. Baker
        State Bar No. 24045437
        E-mail: elizabeth.baker@bakerbotts.com
        One Shell Plaza
        910 Louisiana
        Houston, Texas  77002
        (713) 229-1234
        (713) 229-1522 (Facsimile)

JASON R. SEARCY & ASSOCIATES, P.C.

        Jason R. Searcy
        State Bar No. 17953500
        Amy Bates Ames
        State Bar No. 24025243
        Joshua P. Searcy
        State Bar No. 24053468
        P. O. Box 3929
        Longview, Texas 75606
        Telephone:  (903) 757-3399
        Facsimile:   (903) 757-9559

**CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT**

ATTORNEYS FOR AMERICAN DRIVING RECORDS,
INC., D/B/A FIRST ADVANTAGE ADR, A/K/A AGENCY
RECORDS, INC., SOUTHWESTERN BELL TELEPHONE,
L.P. D/B/A SOUTHWESTERN BELL TELEPHONE
COMPANY, A TEXAS LIMITED PARTNERSHIP,
SAFEWAY INC., ACADEMY , LTD., BACKGROUND
INFORMATION SYSTEMS, INC., HEB GROCERY
COMPANY, LP AND REALPAGE, INC.


MARTIN, DISIERE, JEFFERSON &WISDOM,
L.L.P.

By      /s/ Stephen D. Henninger
        Mark J. Dyer
        State Bar No.  06317500
        Attorney in Charge
        Stephen D. Henninger
        State Bar No.  00784256
        900 Jackson Street, Suite 710
        Dallas, TX  75202
        (214) 420-5500 (office)
        (214) 420-5501 (telecopier)


ATTORNEYS FOR DEFENDANT FEDCHEX, L.L.C.


WALTERS BALIDO & CRAIN, L.L.P.

By      /s/ Jerry L. Ewing, Jr.
        Jerry L. Ewing, Jr.
        Texas State Bar No. 06755470
        Federal ID No.  9359
        jerry.ewing@wbclawfirm.com
        Gregory R. Ave
        Texas State Bar No. 01448900
        greg.ave@wbclawfirm.com
        900 Jackson Street, Suite 600
        Dallas, Texas 75202
        (214) 749-4805
        (214) 760-1670 - Facsimile


ATTORNEYS FOR DEFENDANT SPARTAN INSURANCE
COMPANY


**CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT**

WALTERS, BALIDO & CRAIN, L.L.P.

By      /s/ Carlos A. Balido
        Carlos A. Balido
        Texas State Bar No. 01631230
        carlos.balido@wbclawfirm.com
        Gregory R. Ave
        Texas State Bar No. 01448900
        greg.ave@wbclawfirm.com
        900 Jackson Street, Suite 600
        Dallas, Texas 75202
        (214) 749-4805 (telephone)
        (214) 760-1670 (facsimile)

ATTORNEYS FOR DEFENDANT HOUSEHOLD DRIVERS
REPORT, INC., D/B/A HDR, INC.


ANDREWS KURTH LLP

By      /s/ Charles L. Perry
        Charles L. Perry
        State Bar No. 15799900
        1717 Main Street, Suite 3700
        Dallas, Texas 75201
        (214) 659-4681
        (214) 659-4894 (facsimile)

ATTORNEYS FOR DEFENDANT INSURANCE
TECHNOLOGIES CORPORATION


MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.

By      /s/ Larry F. York
        Larry F. York
        State Bar No. 22164000
        600 Congress Ave., Suite 2100
        Austin, Texas  78701
        Tel:  (512) 495-6075
        Fax: (512) 505-6375

ATTORNEYS FOR DEFENDANT ACS STATE & LOCAL
SOLUTIONS, INC.

CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

SMITH, ROBERTSON, ELLIOTT, GLEN, KLEIN & BELL, L.L.P.

By     /s/ Wallace M. Smith
           Wallace M. Smith
           Attorney-in-Charge
           State Bar No. 18698200
           221 West Sixth Street, Suite 1100
           Austin, Texas 78701
           Telephone: (512) 225-5800
           Telecopier: (512) 225-5838
           wsmith@smith-robertson.com

ATTORNEYS FOR DEFENDANT GILA CORPORATION D/B/A MUNICIPAL SERVICES BUREAU


CHAMBLEE & RYAN, P.C.

By     /s/ Oralia Guzman
           Jeffery M. Kershaw
           State Bar No. 11355020
           Oralia Guzman
           State Bar No. 24041029
           2777 Stemmons Freeway, Suite 1157
           Dallas, Texas 75207
           (214) 905-2003
           (214) 905-1213 (Facsimile)

ATTORNEYS FOR DEFENDANT HAWKEYE INSURANCE SERVICES


THE HEARST CORPORATION

By     /s/ Ravi V. Sitwala
           Eva M. Saketkoo
           Ravi V. Sitwala
           Office of General Counsel
           300 West 57 Street, 40th Flr.
           New York, NY 10019
           Tel: (212) 649-2000

OGDEN, GIBSON, BROOCKS & LONGORIA, L.L.P.

William W. Ogden
State Bar No. 15228500
1900 Pennzoil South Tower
711 Louisiana
Houston, Texas 77002
Telephone: 713-844-3000
Facsimile: 713- 844-3030

ATTORNEYS FOR THE HEARST CORPORATION D/B/A HOUSTON CHRONICLE

YETTER & WARDEN, L.L.P.

By    /s/ Eric P. Chenoweth
      Eric P. Chenoweth
      State Bar No. 24006989
      909 Fannin, Suite 3600
      Houston, TX 77010
      (713) 632-8000
      (713) 632-8002 (fax)
      echenoweth@yetterwarden.com

ATTORNEYS FOR DEFENDANT RELIANT ENERGY, INC.

HUNTON & WILLIAMS LLP

By    /s/ Stephen S. Maris
      Stephen S. Maris
      Texas Bar No. 12986400
      E-mail:  smaris@hunton.com
      Melissa J. Swindle
      Texas Bar No. 24013600
      E-mail:  mswindle@hunton.com
      1445 Ross Avenue, Suite 3700
      Dallas, Texas 75202-2799
      Telephone:  (214) 468-3300
      Facsimile:  (214) 468-3599

ATTORNEYS FOR DEFENDANT AMERICAN STUDENT LIST, LLC

CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

RAMEY, CHANDLER, McKINLEY & ZITO, P.C.

By      /s/ Robert L. Ramey
        Robert L. Ramey – Attorney in Charge
        Texas Bar No. 16498200
        Jill D. Schein
        Texas Bar No. 00787476
        750 Bering Drive, Suite 600
        Houston, Texas 77057
        Telephone No.: (713) 266-0074
        Facsimile No.: (713) 266-1064

ATTORNEYS FOR DEFENDANT SOURCE DATA, INC.


BURLESON COOKE, LLP

By      /s/ Randy Burton
        Randy Burton
        Texas State Bar No. 03479050
        711 Louisiana, Suite 1701
        Houston, Texas 77002
        (713) 358-1762 [Telephone]
        (713) 358-1721 [Facsimile]

ATTORNEYS FOR DRIVER TRAINING ASSOCIATES,
INC. D/B/A TICKETSCHOOL.COM

ANDREWS & UPDEGRAPH, P.C.

By      /s/ Robert M. Strasnick
        Robert M. Strasnick - B.B.O. #637598
        70 Washington Street; Suite 212
        Salem, MA 01970
        (978) 740-6633

ATTORNEYS FOR JON LATORELLA, D/B/A
LOCATEPLUS HOLDING CORPORATION

COGHLAN CROWSON, LLP.

By      /s/ Stayton L. Worthington
        Stayton L. Worthington
        Lead Attorney
        State Bar No. 22010200
        David P. Henry
        State Bar No. 24027015
        Suite 211, The Energy Centre
        1127 Judson Road
        P.O. Box 2665
        Longview, Texas 75606-2665
        903/758-5543 Telephone
        903/753-6989 Facsimile
        bworthington@ccfww.com

ATTORNEYS FOR AMERICAN ELECTRIC POWER
SERVICE CORPORATION

ABERNATHY ROEDER BOYD & JOPLIN, P.C.

By      /s/ Richard M. Abernathy
        Richard M. Abernathy
        State Bar No. 00809500
        1700 Redbud Blvd., Suite 300
        McKinney, Texas 75069
        (214) 544-4000 Telephone
        (214) 544-4040 Facsimile

ATTORNEYS FOR DEFENDANT TENANT TRACKER,
INC.

DODSON & DODSON

By     /s/ Richard N. Dodson
       Richard N. Dodson
       TX BAR NO. 05942230
       2005 Moores Lane
       Post Office Box 1877
       Texarkana, Texas  75503
       Telephone:  (903) 794-3121
       Telecopier:  (903) 793-4801

ATTORNEY FOR DEFENDANT TEXAS MOTOR
TRANSPORTATION ASSOCIATION


TAYLOR DUNHAM AND BURGESS LLP

By     /s/ Steven D. Urban
       Donald R. Taylor
       State Bar No. 19688800
       dtaylor@taylordunham.com
       Steven D. Urban
       State Bar No. 24028179
       surban@taylordunham.com
       301 Congress Avenue, Suite 1050
       Austin, Texas 78701
       (512) 473-2257
       (512) 478-4409 facsimile

ATTORNEYS FOR DEFENDANT UNITED TEACHER
ASSOCIATES INSURANCE COMPANY


BROWN MCCARROLL, L.L.P.

By     /s/ Joel E. Geary
       Joel E. Geary
       State Bar No. 24002129
       2001 Ross Avenue, Suite 2000
       Dallas, Texas 75201-2995
       (214) 999-6100
       (214) 999-6170 - facsimile

COUNSEL FOR DEFENDANT JI SPECIALTY SERVICES,
INC.


CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

ASHLEY & LAIRD, LC

By    /s/ Paul Craig Laird II
      Paul Craig Laird II
      SBOT#11795420
      800 West Airport Freeway
      Ste 880 LB6015
      Irving, Texas 75062


ATTORNEY FOR LEE FARISH COMPUTER SERVICES, INC.


JOHNSON, VAUGHN, & HEISKELL

By    /s/ Michael P. Heiskell
      Michael P. Heiskell
      State Bar No. 09383700
      5601 Bridge Street, Suite 220
      Fort Worth, Texas 76112
      (817) 457-2999
      (817) 496-1102 facsimile


ATTORNEY FOR: NATIONAL STATISTICAL SERVICES CORPORATION


HANSHAW KENNEDY, LLP

By    /s/ Hastings L. Hanshaw
      Hastings L. Hanshaw
      Texas State Bar No. 24012781
      hlh@hanshawkennedy.com
      Attorney in Charge
      Collin D. Kennedy
      Texas State Bar No. 24012952
      cdk@hanshawkennedy.com
      1125 Legacy Drive, Suite 250
      Frisco, Texas 75034
      Telephone: (972) 731-6500
      Facsimile: (972) 731-6555


ATTORNEYS FOR AMERICAN MUNICIPAL SERVICES, LTD.


CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

LOCKE LORD BISSELL & LIDDELL LLP

By      /s/ Michael H. Collins
        Michael H. Collins
        Texas Bar No. 04614300
        (mcollins@lockelord.com)
        Thomas G. Yoxall
        State Bar No. 00785304
        (tyoxall@lockelord.com)
        Kirsten M. Castañeda
        State Bar No. 00792401
        (kcastaneda@lockelord.com)
        Arthur E. Anthony
        State Bar No. 24001661
        (aanthony@lockelord.com)
        2200 Ross Avenue, Suite 2200
        Dallas, Texas 75201
        Telephone:    (214) 740-8000
        Facsimile:    (214) 740-8800

ATTORNEYS FOR GLOBE LIFE AND ACCIDENT
INSURANCE COMPANY


CAMPBELL HARRISON & DAGLEY L.L.P.

By      /s/ Robin L. Harrison
        Robin L. Harrison
        State Bar No. 09120700
        4000 Two Houston Center
        909 Fannin, Suite 4000
        Houston, Texas 77010
        (713) 752-2332 Telephone
        (713) 752-2330 Facsimile

ATTORNEYS FOR DEFENDANT ADP SCREENING AND
SELECTION SERVICES, INC. A/K/A AVERT, INC.

CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

DOUGLAS E. KOGER

By      /s/ Douglas E. Koger
        Douglas E. Koger
        State Bar No. 11654950
        14090 Southwest Freeway, Ste. 300
        Sugar Land, Texas 77478
        Telephone (281) 340-2050
        Facsimile (281) 340-2052
        Email: dekoger@kogerlaw.com

ATTORNEY FOR EMAGINENET TECHNOLOGIES, INC.


BOONE, SMITH, DAVIS, HURST & DICKMAN

By      /s/ Larry D. Henry
        Larry D. Henry, OBA #4105
        John A. Burkhardt, OBA #1336
        500 ONEOK Plaza, 100 West 5th Street
        Tulsa, OK 74103
        Tel. (918) 597-0000
        Fax (918) 599-9317
        e-mail lhenry@boonesmith.com

   and

THE ROTH FIRM

        Brendan C. Roth
        Texas Bar No. 24040132
        115 N. Wellington
        Suite 200
        Marshall, Texas 75670
        Telephone No.: (903) 935-1665
        Facsimile No.: (903) 935-1797
        br@rothfirm.com

ATTORNEYS FOR SOFTECH INTERNATIONAL, INC.

GODWIN PAPPAS RONQUILLO LLP

By      /s/ David J. White
        State Bar No. 21294500
        Attorney-in-Charge
        1201 Elm Street, Suite 1700
        Dallas, Texas 75270
        Telephone: 214.939.4400
        Facsimile: 214.527.3206

ATTORNEYS FOR TALBOT GROUP, INC.


J. RICHARD TUBB, PLLC

By      /s/ J. Richard Tubb
        J. Richard Tubb
        State Bar No. 20260400
        Preston Commons West
        8117 Preston Road, Suite 300
        Dallas, Texas 75225
        214-706-9234: Telephone
        214-706-9236: Facsimile

ATTORNEYS FOR DEFENDANTS PARADISE
DEVELOPMENT, INC. D/B/A DRIVESAFE DEFENSIVE
DRIVING AND SAFETY-USA INSTITUTE, LLC


GUY N. HARRISON

By      /s/ Guy N. Harrison
        Guy N. Harrison
        Attorney at Law
        State Bar No. 00000077
        217 N. Center Street
        P.O. Box 2845
        Longview, Texas 75606
        Tel: (903) 758-7361
        Fax: (903) 753-9557
        guy@gnhlaw.com

ATTORNEY FOR DEFENDANT ARISTOTLE
INTERNATIONAL, INC.

LOCKE LORD BISSELL & LIDDELL LLP

By    /s/ J. Michael Dorman
          J. Michael Dorman
          Texas Bar No. 06004300
          (mdorman@lockelord.com)
          Christopher Verducci
          Texas Bar No. 24051470
          (cverducci@lockelord.com)
          600 Travis Street, Suite 3400
          Houston, Texas 77002
          Telephone: (713) 226-1200
          Facsimile:  (713) 223-3717

ATTORNEYS FOR DEFENDANT DEFENSIVE DRIVER ONLINE, LTD.

GARDERE WYNNE SEWELL LLP

By:    /s/ Michelle D. Chenault
          Michelle D. Chenault
          State Bar No. 24042650
          1601 Elm Street, Suite 3000
          Dallas, Texas 75201
          (214) 999-4964
          (214) 999-3964 (facsimile)

ATTORNEYS FOR DEFENDANT GLOBAL 360 BGS, INC.

THE LAW OFFICES OF S. GEORGE ALFONSO

By    /s/ George Alfonso
          S. George Alfonso
          State Bar No. 00785658
          5340 Alpha Road
          Dallas, TX. 75244
          Phone: (972) 458-6800
          Fax:   (972) 458-6801

ATTORNEY FOR DEFENDANT ABC DATA, INC. D/B/A UNICARD SYSTEMS, INC.

HALTOM & DOAN

By      /s/ Jennifer Haltom Doan
        Jennifer Haltom Doan
        Texas Bar No. 08809050
        Joshua R. Thane
        Texas Bar No. 24060713
        Crown Executive Center, Suite 100
        6500 Summerhill Road
        Texarkana, TX  75503
        Telephone:  (903) 255-1000
        Facsimile:  (903) 255-0800
        Email:  jdoan@haltomdoan.com

ARNOLD & PORTER LLP

        Randall K. Miller (VA Bar #70672)
        1600 Tysons Boulevard, Suite 900
        McLean, VA  22102
        Telephone:  (703) 720-7030
        Facsimile:  (703) 720-7399
        Email:  Randall.Miller@aporter.com

COUNSEL FOR BIOMETRIC ACCESS COMPANY

GRAU KOEN, P.C.

By      /s/ James W. Grau
        James W. Grau
        Attorney in Charge
        State Bar No:  08306350
        Scott A. Whisler
        State Bar No. 21272900
        2711 N. Haskell Avenue
        Suite 2000
        Dallas, Texas 75204
        (214) 521-4145
        (214) 521-4320-Fax
        jgrau@graukoen.com

CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

LAW OFFICES OF HAL BROWNE

By      /s/ Hal M. Browne
        Hal M. Browne
        State Bar No. 03213500
        6008 Fieldstone Drive
        Dallas, Texas 75252
        (469) 878-4742
        (972) 930-0772-Fax
        halbrowne@hotmail.com

ATTORNEYS FOR DEFENDANT CONTINUEDED.COM
LLC, D/B/A IDRIVESAFELY.COM


EBANKS, SMITH & CARLSON, L.L.P.

By      /s/ Marvin C. Moos
        Marvin C. Moos
        State Bar No.: 14413900
        Ebanks, Smith & Carlson, L.L.P.
        1301 McKinney, Suite 2700
        Houston, Texas  77010-3079
        TELEPHONE:  713/333-4500
        FACSIMILE:   713/333-4600

ATTORNEY-IN-CHARGE FOR DEFENDANT ZEBEC
DATA SYSTEMS, INC. AND DEFENDANT INFONATION,
INC.


WIMER & JOBE

By      /s/ Brian C. Jobe
        Brian C. Jobe
        Texas Bar No. 10668200
        Two Galleria Tower
        13455 Noel Road, Suite 1000
        Dallas, TX  75240
        Phone: (972) 701-9066
        Fax: (972) 701-9069

ALLIED RESIDENT/EMPLOYEE SCREENING SERVICE,
INC.

EPSTEIN BECKER GREEN WICKLIFF & HALL, P.C.

By      /s/ Gayla C. Crain
        Gayla C. Crain
        Texas State Bar No. 04991700
        Fred Gaona III
        Texas State Bar No. 24029562
        Lincoln Plaza, 27th Floor
        500 North Akard Street
        Dallas, TX 75201-3306
        (214) 397-4300
        (214) 397-0702 FAX
        E-mail: gcrain@ebglaw.com
        E-mail: fgaona@ebglaw.com

FEDERATED RETAIL HOLDINGS, INC.

        Catherine Sison
        Missouri State Bar No. 49793
        611 Olive Street, Suite 1750
        St. Louis, MO 63101
        (314) 342-6715
        (314) 342-3066 FAX
        E-mail: catherine.sison@macys.com

ATTORNEYS FOR DEFENDANT FEDERATED RETAIL
HOLDINGS, INC., F/K/A THE MAY DEPARTMENT
STORES COMPANY D/B/A FOLEY'S

GESS MATTINGLY & ATCHISON, P.S.C.

By      /s/ William W. Allen
        William W. Allen
        201 West Short Street
        Lexington, KY 40507
        Telephone: 859-252-9000
        Facsimile: 859-233-4269
        Email: wallen@gmalaw.com

COUNSEL FOR DEFENDANT CROSS-SELL, INC.

---

CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

TOUCHSTONE, BERNAYS, JOHNSTON,
BEALL, SMITH & STOLLENWERCK, L.L.P.

By      /s/ Ronald W. Johnson
        Ronald W. Johnson
        Texas State Bar No. 10821800
        4700 Renaissance Tower
        Dallas, Texas 75270-2196
        214-741-1166 Phone
        214-741-7548 Facsimile

ATTORNEYS FOR DEFENDANT INDUSTRIAL
FOUNDATION OF AMERICA


PORTER & HEDGES, L.L.P.

By:     /s/Jeffrey R. Elkin
        Jeffrey R. Elkin
        State Bar No. 06522180
        1000 Main Street, 36th Floor
        Houston, Texas 77002
        (713) 226-6617 – Telephone
        (713) 226-6217 – Facsimile
        Email: jelkin@porterhedges.com

ATTORNEYS FOR DEFENDANT PROPERTYINFO
CORPORATION, SUCCESSOR BY MERGER TO REI
DATA, INC.


THOMPSON, COE, COUSINS & IRONS, L.L.P.

By      /s/ Roger D. Higgins
        Roger D. Higgins
        State Bar No.  09601500
        Daniel P. Buechler
        State Bar No. 24047756
        700 N. Pearl Street, Twenty-Fifth Floor
        Dallas, Texas 75201-2832
        Telephone:  (214) 871-8256
        Telecopy:  (214) 871-8209

ATTORNEYS FOR DEFENDANT TEXAS FARM BUREAU
MUTUAL INSURANCE COMPANY


CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

THOMPSON & KNIGHT, LLP

By    /s/ Craig A. Haynes
        Craig A. Haynes
        State Bar No. 09284020
        E-Mail: Craig.Haynes@tklaw.com
        Jason L. Cagle
        State Bar No. 24027540
        E-Mail: Jason.Cagle@tklaw.com
        Thompson & Knight, LLP
        1700 Pacific, Suite 3300
        Dallas, Texas 75201
        Phone: 214-969-1700
        Fax: 214-969-1751

ATTORNEYS FOR DEFENDANT LML PAYMENT
SYSTEMS CORP.


T. BELEW ELLIS

By    /s/ T. Belew Ellis
        T. Belew Ellis
        State Bar No. 24007156
        P.O. Box 802
        Marshall, Texas  75671-0802
        (903) 938-0593
        (903) 938-9062 (Fax)

ATTORNEY FOR DEFENDANT MARSHALL SYSTEMS
TECHNOLOGY, INC

SIEBMAN REYNOLDS BURG PHILLIPS &
SMITH LLP

By      /s/ Michael C. Smith
        Michael C. Smith
        State Bar No. 18650410
        713 South Washington Avenue
        Marshall, TX 75670
        Telephone: (903) 938-8900
        Facsimile: (972) 767-4620
        E-Mail: michaelsmith@siebman.com

LEAD ATTORNEY FOR DEFENDANT U.S.
INTERACTIVE, INC.

OF COUNSEL:

SEYFARTH SHAW LLP

        Walter J. Cicack
        State Bar No. 04250535
        Karl E. Neudorfer
        State Bar No. 24053388
        Seyfarth Shaw LLP
        700 Louisiana Street, Suite 3700
        Houston, Texas 77002
        Telephone:  (713) 225-2300
        Facsimile:  (713) 225-2340
        E-Mail:  wcicack@seyfarth.com

FARRAR & BALL
        Michael A. Hawash
        State Bar No. 00792061
        1010 Lamar, Suite 1600
        Houston, TX 77002
        Telephone:  (713) 221-8300
        E-Mail:  michael@fbtrial.com

ATTORNEYS FOR DEFENDANT U.S. INTERACTIVE,
INC.

THE HUNNICUTT LAW FIRM

By      /s/ J. Stephen Hunnicutt
        J. Stephen Hunnicutt
        State Bar No. 10279510
        Two Hillcrest Green
        12720 Hillcrest, Suite 750
        Dallas, Texas 75230
        214.361.6740
        214.691.5099 (fax)
        steve@hunnicuttlaw.com

COUNSEL FOR DALLAS COMPUTER INFORMATION
SYSTEMS


BOYD & BROWN, P.C.

By      /s/ Paul M. Boyd
        Paul M. Boyd
        State Bar No. 02775700
        Lead Attorney
        1215 Pruitt Place
        Tyler, Texas 75703
        903/526-9000
        903/526-9001 (FAX)
        boydpc@tyler.net

ATTORNEYS FOR DEFENDANT, REALTY COMPUTER
SOLUTIONS, INC. D/B/A REAL-COMP


BURLESON, PATE & GIBSON

By      /s/ John E. Collins
        John E. Collins
        TX SBN: 04613000
        2414 N. Akard, Ste. 700
        Dallas, Texas 75201
        214-871-4900 Telephone
        Facsimile: 214-871-7543

ATTORNEY FOR URAPI, INC. AND D.B.
STRINGFELLOW


CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

IRELAND, CARROLL & KELLEY, P.C.

By      /s/ Patrick Kelley
        Patrick Kelley
        State Bar No.  11202500
        6701 S. Broadway, Suite 500
        Tyler, Texas 75703
        Telephone: (903) 561-1600
        Facsimile:   (903) 581-1071
        Email: patkelley@icklaw.com

HUNTON & WILLIAMS LLP

        Barry R. Davidson
        1111 Brickell Ave., Suite 2500
        Miami, Florida 33131
        Telephone: (305) 810-2500
        Facsimile:  (305) 810.240
        Email: bdavidson@hunton.com

ATTORNEYS FOR DEFENDANT ACXIOM
CORPORATION AND ACXIOM RISK
MITIGATION, INC.

PARKER HUDSON RAINER & DOBBS, LLP

By      /s/ Jodi Emmert Zysek
        David G. Russell
        Georgia Bar No. 620350
        Jodi Emmert Zysek
        Georgia Bar No. 247407
        1500 Marquis Two Tower
        285 Peachtree Center Avenue, N.E.
        Atlanta, Georgia  30303
        Phone:  (404) 523-5300
        Facsimile:  (404) 522-8409
        E-mail:  drussell@phrd.com
        E-mail:  jzysek@phrd.com

**CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT**

OF COUNSEL:

CAPSHAW DERIEUX, LLP

> Calvin Capshaw
> State Bar No. 03783900
> Elizabeth L. DeRieux
> State Bar No. 05770585
> Energy Centre
> 1127 Judson Road, Suite 220
> P. O. Box 3999 (75606-3999)
> Longview, Texas 75601-5157
> Direct Dial: (903) 233-4816
> Telephone: (903) 236-9800
> Facsimile: (903) 236-8787
> ederieux@capshawlaw.com
> ccapshaw@capshawlaw.com

ATTORNEYS FOR DEFENDANT TELECHECKSERVICES, INC.

BOYD & BROWN, P.C.

By      /s/ Paul M. Boyd _____
> Paul M. Boyd
> State Bar No. 02775700
> Lead Attorney
> 1215 Pruitt Place
> Tyler, Texas 75703
> 903/526-9000
> 903/526-9001 (FAX)
> boydpc@tyler.net

ATTORNEYS FOR DEFENDANT, REALTY COMPUTER SOLUTIONS, INC. D/B/A REAL-COMP

GARDERE WYNNE SEWELL LLP

By      /s/ Mark W. Bayer
        Mark W. Bayer
        Texas State Bar No. 01939925
        1601 Elm Street, Suite 3000
        Dallas, Texas 75201-4761
        214/999-3000
        Fax: 214/999-4667

ATTORNEYS FOR ISO CLAIMS SERVICE, INC. DBA
INSURANCE INFORMATION EXCHANGE


CROUCH & RAMEY, L.L.P.

By      /s/ Kirk T. Florence
        Kirk T. Florence
        State Bar No. 07160900
        1445 Ross Avenue, Suite 3600
        Dallas, Texas 75202
        Telephone: (214) 922-7100
        Telecopier: (214) 922-7101
        Email: kflorence@crouchfirm.com

OF COUNSEL:

NIXON PEABODY LLP

        Christopher M. Mason
        437 Madison Avenue
        New York, New York 10022
        Telephone: (212) 940-3000
        Telecopier: (212) 940-3111
        Email: cmason@nixonpeabody.com

COUNSEL FOR DEFENDANT CARFAX, INC.

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed pursuant to the electronic filing requirements of the United States District Court for the Eastern District of Texas on this, the 18th day of April, 2008, which provides for service on counsel of record in accordance with the electronic filing protocols in place.

/s/ Elizabeth E. Baker
Elizabeth E. Baker