

Civil Division

Special Counsel
Telephone: (202)514-3386
Fax: (202) 514-4071

Main Justice Building, Room 3645
950 Pennsylvania Avenue, N.W.
Washington D.C. 20530

October 9, 1998

Peter Sacks
Chief, Government Bureau
Office of the Attorney General
The Commonwealth of Massachusetts
One Ashburton Place
Boston, MA 02108-1698

RE: Interpretation of the Driver's Privacy Protection Act of 1997

Dear Mr. Sacks,

This responds to your letter of May, 1, 1998 (Encl), requesting guidance on the U.S. Department of Justice's interpretation of 18 U.S.C. §§ 2721-2725, the Driver's Privacy Protection Act of 1997. Specifically, you posed the question of whether the Massachusetts Registry of Motor Vehicles may release personal information to a commercial distributor who disseminates the information only to other authorized recipients or entities that use the information solely for authorized purposes. Under these circumstances, we believe that such releases are permissible under the statute.

We agree with the general proposition that a commercial distributor may qualify as an authorized recipient of personal information under the statute. Several of the permissive release provisions in the statute regulate only the ultimate use of the personal information without specifying or restricting who may obtain the information in order to accomplish that authorized purpose. Accordingly, personal information reasonably may be released to an entity that certifies that it will use the information for an authorized purpose. The entity receiving the information for that purpose would be an "authorized recipient" under the statute, and may further disseminate the information in accordance with the resale or redisclosure provisions of subsection (c). Notably, the redisclosure section does not limit resales or redisclosures of personal information to the single

APP 087

EXHIBIT A

-2-

egory of uses for which the information was originally obtained. Rather, the authorized recipient may redisclose the information for "a use permitted under subsection (b)" (except subsections (b)(11) and (b)(12)). Thus, a distributor may obtain information for one authorized purpose, but redisclose that information for a different authorized purpose (or to another authorized recipient) under the statute.

Under the circumstances described in your letter, the Massachusetts Registry of Motor Vehicles may release personal information to a distributor upon reasonably concluding that the information will be used for authorized purposes only. Such a practice would be consistent with current Department of Justice enforcement policy recommendations to the Attorney General. This opinion is merely advisory, however. It is not binding upon the U.S. Attorney General and should not be construed as creating any substantive rights or benefits under the law.

Sincerely,

Robert C. McFetridge
Special Counsel to the Assistant
Attorney General,
Civil Division

Encl

APP 088