IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SHARON TAYLOR, *et al.*, | § | CAUSE NOS. 2:07-cv-00001, 2:07-cv-00013, 2:07-cv-00014, 2:07-cv-00017, 2:07-cv-00018, 2:07-cv-00410 |
| Plaintiffs, | § § | |
| v. | § § | JUDGE: DONALD WALTER |
| ACXIOM., *et al.*, | § § § | RESPONSE TO DEFENDANT TELECHECK'S RESPONSE TO PLAINTIFFS STATEMENT OF VIOLATIONS OF THE DRIVERS PRIVACY PROTECTION ACT |
| Defendants. | | |

### RESPONSE TO DEFENDANT TELECHECK'S RESPONSE TO PLAINTIFFS STATEMENT OF VIOLATIONS OF THE DRIVERS PRIVACY PROTECTION ACT

Plaintiffs, By And Through Their Undersigned Counsel, Hereby File Their Response to Defendant Telecheck's Response To Plaintiffs' Statement Of Violations Of The Drivers Privacy Protection Act, and In Support Thereof,[1] State:

It appears that this Defendant has not raised any issues that were not addressed in Plaintiffs Response to Defendants' Consolidated Motion to Dismiss on Common Issues. Plaintiffs would reiterate that contrary to this Defendant's assertions, 18 U.S.C. § 2721(b)(12) is the only authority in the DPPA which *allows* the State to distribute its database in bulk or which *allows* an entity to purchase data in bulk. And Section 2721(b)(12) only allows such bulk distribution and sales when the State of Texas has obtained the express consent of each person whose data is sold. The State of Texas does not obtain consent from any driver.

Applying this Defendant's statutory construction doctrine that "the expression of

---

[1] As with Defendants, Plaintiffs also rely on all arguments previously made in response to this Defendant's' previously filed Motions to Dismiss.

1

one thing is the exclusion of the other," it becomes clear that the DPPA does not contemplate bulk distribution. The DPPA regulates individual pieces of information. It simply does not contemplate bulk sales outside of section 2721(b)(12). The DPPA requires a purchaser to have a use for each individual "motor vehicle record" it obtains. Simply put, this Defendant, (a check cashing service) does not have a use for the vast majority of the individual "motor vehicle records" it obtains. And it did not have a use for the "motor vehicle records" of the Plaintiffs identified in the Statement recently filed with the Court.

In fact, there is nothing in the DPPA which addresses check cashing services at all. The DPPA does not say anywhere that it allows use of "motor vehicle records" for use by check cashing services. Presumably if this business was so important that Congress must have intended check cashing services to obtain data for this purpose, why is there no express authorization to obtain information for use in check verification services? The DPPA simply does not contemplate this use of data by check cashing services.

The remainder of the arguments presented by this Defendant are boilerplate in nature and have been fully addressed in Plaintiffs' Response to Defendants' Consolidated Motion to Dismiss on Global Issues. Plaintiffs hereby refer to that Response and all arguments contained therein.

For these reasons, as well as those previously presented to the Court in response to this Defendant's original Motion to Dismiss, Plaintiffs contend that this Defendant's Motion to Dismiss should be denied.

Respectfully submitted,

**THE COREA FIRM, P.L.L.C.**

/s/ Jeremy R. Wilson
Thomas M. Corea
Texas Bar No. 24037906
Jeremy R. Wilson
Texas Bar No. 24037722
The Republic Center
325 North St. Paul Street, Suite 4150
Dallas, Texas 75201
Telephone:   (214)953-3900
Facsimile:   (214)953-3901

**OTSTOTT & JAMISON, P.C.**
George A. Otstott
Texas Bar No. 15342000
Ann Jamison
Texas Bar No. 00798278
Two Energy Square
4849 Greenville Avenue, Suite 1620
Dallas, Texas 75206
Telephone:   (214)522-9999
Facsimile:   (214)828-4388

**THE MANN FIRM**
James Mark Mann
Texas Bar No. 12926150
300 W. Main
Henderson, TX 75652
(903) 657-8540
Fax: (903) 657-6003

## CERTIFICATE OF SERVICE

I certify that on May 9th, 2008, I electronically filed the above Motion with the Clerk of the Court using CM/ECF and that the Motion has been forwarded by CM/ECF to all counsel of record.

/Jeremy R. Wilson/
Jeremy R. Wilson