## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| SHARON TAYLOR, ET AL. <br> *v.* <br> ACXIOM CORPORATION, ET AL. | CIVIL ACTION NO. 2:07cv001 <br> JUDGE DONALD E. WALTER |
| SHARON TAYLOR, ET AL. <br> *v.* <br> ACS STATE & LOCAL SOLUTIONS, INC., ET AL. | CIVIL ACTION NO. 2:07cv0013 <br> JUDGE DONALD E. WALTER |
| SHARON TAYLOR, ET AL. <br> *v.* <br> TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, ET AL. | CIVIL ACTION NO. 2:07cv0014 <br> JUDGE DONALD E. WALTER |
| SHARON TAYLOR, ET AL. <br> *v.* <br> SAFEWAY, INC., ET AL. | CIVIL ACTION NO. 2:07cv0017 <br> JUDGE DONALD E. WALTER |
| SHARON TAYLOR, ET AL. <br> *v.* <br> BIOMETRIC ACCESS COMPANY, ET AL. | CIVIL ACTION NO. 2:07cv0018 <br> JUDGE DONALD E. WALTER |
| SHARON TAYLOR, ET AL. <br> *v.* <br> FREEMAN PUBLISHING COMPANY, ET AL. | CIVIL ACTION NO. 2:07cv0410 <br> JUDGE DONALD E. WALTER |

**CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT OF VIOLATIONS FILED ON BEHALF OF AMERICAN DRIVING RECORDS D/B/A FIRST ADVANTAGE ADR A/K/A AGENCY RECORDS INC., SOUTHWESTERN BELL TELEPHONE, L.P. D/B/A SOUTHWESTERN BELL TELEPHONE COMPANY, A TEXAS LIMITED PARTNERSHIP, SAFEWAY INC., ACADEMY, LTD., BACKGROUND INFORMATION SYSTEMS, INC., HEB GROCERY COMPANY, LP, REALPAGE, INC., FEDCHEX, LLC., LML PAYMENT SYSTEMS, CORP., D.B. STRINGFELLOW, URAPI, THE HEARST CORPORATION D/B/A HOUSTON CHRONICLE, TEXAS MOTOR TRANSPORTATION ASSOCIATION, EMAGINENET TECHNOLOGIES, INC., TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, HOUSEHOLD DRIVERS REPORT, INC. D/B/A HDR, INC., SPARTAN INSURANCE COMPANY, ACS STATE & LOCAL SOLUTIONS, INC., INSURANCE TECHNOLOGIES CORPORATION, AMERICAN STUDENT LIST, LLC, GILA CORPORATION D/B/A MUNICIPAL SERVICES BUREAU, HAWKEYE INSURANCE SERVICES, RELIANT ENERGY, INC., SOURCE DATA, INC., DRIVER TRAINING ASSOCIATES, INC. D/B/A TICKETSCHOOL.COM, JON LATORELLA, D/B/A LOCATEPLUS HOLDINGS CORPORATION, AMERICAN ELECTRIC POWER SERVICE CORPORATION, TENANT TRACKER, INC., JI SPECIALTY SERVICES, INC., LEE FARISH COMPUTER SERVICES, INC., NATIONAL STATISTICAL SERVICES CORPORATION, AMERICAN MUNICIPAL SERVICES, LTD., GLOBE LIFE AND ACCIDENT INSURANCE COMPANY, ADP SCREENING AND SELECTION SERVICES, INC., TALBOT GROUP, INC., PARADISE DEVELOPMENT, INC. D/B/A DRIVESAFE DEFENSIVE DRIVING, SAFETY-USA INSTITUTE, LLC, ARISTOTLE INTERNATIONAL, INC., DEFENSIVE DRIVER ONLINE, LTD., GLOBAL 360 BGS, INC., ABC DATA, Inc. d/b/a UNICARD SYSTEMS, INC., BIOMETRIC ACCESS COMPANY, CONTINUEED.COM LLC, D/B/A IDRIVESAFELY.COM, ZEBEC DATA SYSTEMS, INC., INFONATION, INC., ALLIED RESIDENT/EMPLOYEE SCREENING SERVICE, INC., UNITED TEACHER ASSOCIATES INSURANCE COMPANY, FEDERATED RETAIL HOLDINGS, INC. F/K/A THE MAY DEPARTMENT STORES COMPANY D/B/A FOLEY'S, CROSS-SELL, INC., PROPERTYINFO CORPORATION, MARSHALL SYSTEMS TECHNOLOGY, INC., U.S. INTERACTIVE, INC., DALLAS COMPUTER INFORMATION SYSTEMS, REALTY COMPUTER SOLUTIONS, INC. d/b/a REAL-COMP, ACXIOM RISK MITIGATION, INC., ACXIOM CORPORATION, TELECHECK SERVICES, INC., ISO CLAIMS SERVICE, INC. D/B/A INSURANCE INFORMATION EXCHANGE, AND CARFAX, INC.**

Dockets.Justia.com

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT ................................................................................................................... 2

  1. **Plaintiffs fail to state a claim under the DPPA.** ................................................. 2

    A. Plaintiffs fail to state a claim under the DPPA against the Non-Resellers. ............... 2

      (i) The DPPA's plain language shows that Plaintiffs fail to state a claim............ 2

      (ii) The DPPA and case law require Plaintiffs to plead (and eventually prove) an impermissible purpose for obtaining data........................................................ 3

      (iii) Authority interpreting the DPPA confirms that there is no immediate-use element. .................................................................................................................. 6

      (iv) Congress intended to allow entities to purchase data for permissible business purposes. ............................................................................................................... 8

      (v) The DPPA does not prohibit bulk sale.............................................................. 9

    B. Plaintiffs fail to state a claim under the DPPA against the Resellers. ....................... 9

      (i) The DPPA expressly permits resale of data......................................................... 9

      (ii) The *Russell* Court addressed this issue and ruled against the Plaintiffs' position....................................................................................................................... 10

      (iii) The State of Texas authorizes resale of data................................................... 11

  2. **Plaintiffs lack standing to bring a claim under the DPPA.** ........................................ 12

    A. Plaintiffs do not plead any actual harm from the alleged obtainment or resale....... 12

    B. *Kehoe* does not permit a DPPA plaintiff to prevail without showing injury. .......... 13

III. CONCLUSION................................................................................................................ 13

**CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT**

HOU02:1139018.8                                                                                    i

# TABLE OF AUTHORITIES

## CASES

*Am. Pet. Inst. v. United States EPA,*
198 F.3d 275 (D.C. Cir. 2000) ........................................................................10

*Atchison v. Collins,*
288 F.3d 177 (5th Cir. 2002) ...........................................................................3

*Bell v. Acxiom Corp.,*
No. 4:06CV00485-WVW, 2006 WL 2850042 (E.D. Ark. Oct. 3, 2006) ...................12, 13

*Carpenters Dist. Council v. Dillard Dep't Stores,*
15 F.3d 1275 (5th Cir. 1994) ...........................................................................7

*Custom Rail Employer Welfare Trust Fund v. Geeslin,*
491 F.3d 233 (5th Cir. 2007) ...........................................................................7

*Howard v. Hooters,*
Cause No. 4:07-CV-03399 (S.D. Tex. Apr. 5, 2008) ..................................................12, 13

*Kehoe v. Fidelity Fed. Bank & Trust,*
421 F.3d at 1211 (11th Cir. 2005).....................................................................13

*Lewis v. Knutson,*
699 F.2d 230 (5th Cir. 1983) ...........................................................................12, 13

*Parus v. Cator,*
No. 05-C-0063-C, 2005 WL 2240955 (W.D. Wis. Sept. 14, 2005) ...............................5, 6

*Pichler v. Unite,*
339 F. Supp. 2d 665 (E.D. Pa. 2004) ..................................................................6

*Russell v. ChoicePoint Servs., Inc.,*
300 F. Supp. 2d 450 (E.D. La. 2004)...................................................................5, 8, 10, 11

*Russell v. Choicepoint Servs., Inc.,*
302 F. Supp. 2d 654 (E.D. La. 2004)...................................................................5, 10, 11, 12, 13

*Thomas v. George, Hartz, Lundeen, Folmer, Johnstone, King, and Stevens, P.A.,*
-- F.3d -- 2008 WL 1821238 (11th Cir. Apr. 24, 2008)...........................................4, 5, 6

**CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT**

*United States v. Aucoin,*
    964 F.2d 1492 (5th Cir. 1992) ........................................................................3

*United States v. Harvard,*
    103 F.3d 412 (5th Cir. 1997) ........................................................................3

*United States v. Meeks,*
    69 F.3d 742 (5th Cir. 1995) ........................................................................7

*United States v. Valencia,*
    394 F.3d 352 (5th Cir. 2004) ........................................................................7

*United States v. Yermia,*
    468 U.S. 63 (1984)........................................................................3

## STATUTES

140 Cong. Rec. H2518-01, H2526 (1994) ........................................................................8

Transcript of House Subcommittee Hearing on H.R. 3365 ........................................................8

1 U.S.C. § 1........................................................................6

18 U.S.C. § 2721(b) ........................................................................2, 9, 10

Tex. Admin. Code § 15.143 ........................................................................12

**CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT**

HOU02:1139018.8

iii

## DEFENDANTS' CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT OF VIOLATIONS

These Defendants[1] file this Consolidated Reply to Plaintiffs' Response (Dkt. No. 83) to Defendants' Motion to Dismiss on Common Issues under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1) and Response to Plaintiffs' Statement of Violations (Dkt. No. 62).

### I. INTRODUCTION

The Drivers Privacy Protection Act ("DPPA") was enacted to prevent people from misusing data in motor-vehicle databases, particularly misuse of data for stalking or other criminal activity. Plaintiffs do not plead that any Defendant used their data to stalk them or for any other criminal activity. Indeed, they do not plead any misuse of their data or any resulting harm whatsoever. Instead, Plaintiffs base their $2 trillion claim on the assertions that (a) even though certain Defendants (the "Non-Reseller Defendants") obtained data for use for a purpose permitted under the DPPA, they violated the DPPA by not immediately using all of the data,[2] and (b) other Defendants (the "Reseller Defendants") violated the DPPA by obtaining their data in order to resell to third parties for use for a purpose permitted under the DPPA.[3]

The DPPA's plain language defeats Plaintiffs' position. The statute does not contain the words or requirements upon which Plaintiffs base their claims. Plaintiffs describe the DPPA as

---

[1]    For purposes of this Reply, "these Defendants" shall refer to the Defendants listed on the cover page.

[2]    (*See* Plaintiffs' Statement of Violations of the Drivers' Privacy Protection Act ("the Statement") at 2 ("Based on the lack of any relationship, business or otherwise, between the above-referenced Plaintiffs and this Defendant, the above-referenced Plaintiffs assert that this Defendant had no permissible purpose for obtaining their personal information. . . . *Any purpose this Defendant had for obtaining the above-referenced Plaintiffs' 'personal information' other than an immediately contemplated use of the information for one of the DPPA's authorized uses constitutes a violation of the DPPA*." (emphasis supplied)); *see also* Plaintiffs' Response to Defendants' Consolidated Motion to Dismiss ("Plaintiffs' Response") at 2, 3, and 10 ("Defendants appear to assert a proper purpose for obtaining *some* individuals' 'motor vehicle records'"; the DPPA "does not allow entities to purchase information for which they do not have a corresponding use;" non-resellers "obtained more individual 'motor vehicle records' than they needed for their asserted purpose.").

[3]    (*See* Plaintiffs' Statement at 11 ("Resale of data is not a proper purpose for obtaining plaintiffs' personal information and obtainment of this data merely to resell violates the express terms of the DPPA"); *see also* Pls.' Resp. at 1 ("[I]ntended resale is not a proper purpose under the DPPA to obtain 'motor vehicle records.'").)

CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

they would like it to be. Defendants' motions to dismiss are based on the DPPA as it actually is written.

Defendants' Consolidated Motion to Dismiss and Plaintiffs' Response therefore present three issues for this Court to determine:

1. Did the Non-Reseller Defendants violate the DPPA by allegedly obtaining the DPS database from the State of Texas for permissible purposes without immediately using every record received?

2. Did the Reseller Defendants violate the DPPA by allegedly obtaining the DPS database solely to resell data to third parties who used it for permissible purposes?

3. Do Plaintiffs have standing to bring their DPPA claims when they do not plead that they were actually injured in some way by Defendants' alleged DPPA violations?

The DPPA's plain language, as well as the relevant case law (including a new Eleventh Circuit opinion, the *Russell* opinions from this circuit, and a Department of Justice opinion letter) all indicate that the answer to these three questions is a resounding "No."[4]

## II. ARGUMENT

**1.      Plaintiffs fail to state a claim under the DPPA.**

**A.   Plaintiffs fail to state a claim under the DPPA against the Non-Resellers.**

**(i)  The DPPA's plain language shows that Plaintiffs fail to state a claim.**

The DPPA expressly permits entities to obtain data for use for enumerated permissible purposes. *See* 18 U.S.C. § 2721(b); *see also* Defs.' Consol. Mot. to Dismiss at 8-10 (listing permissible uses). Plaintiffs argue that Defendants' obtainment of the data in bulk for use for enumerated permissible purposes is impermissible because Defendants did not use the data immediately. Nothing in the DPPA's plain language requires immediate use, and nothing in its

---

[4]      To deflect attention from their defective complaint, Plaintiffs reference the settlement of claims under the DPPA in Florida. But, Plaintiffs' counsel in this case filed briefing in the Florida case that said "[t]he Texas Litigation involves significantly different claims than the Florida litigation." *See* Sharon Taylor's Motion for Limited Intervention at 3, attached as Ex. A.

**CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT**

legislative history suggests that Congress intended to include such a requirement. *See United States v. Yermia*, 468 U.S. 63, 63-64 (1984) (refusing to read requirement into the statute where statute's plain language and legislative history did not include that requirement); *United States v. Aucoin*, 964 F.2d 1492, 1496 (5th Cir. 1992) (refusing to add requirement to statute where legislative history did not support party's request to do so); *United States v. Harvard*, 103 F.3d 412, 419 (5th Cir. 1997) (rejecting party's request to add language to statute because "[h]ad Congress intended to [add a materiality requirement to the statute] it could easily have done so"). This Court, therefore, should not rewrite the DPPA to include an immediate-use requirement.

Nor should the Court interpret the DPPA in a manner that would produce absurd results. *Atchison v. Collins,* 288 F.3d 177, 181 & n.13 (5th Cir. 2002) ("[T]he common mandate of statutory construction [is] to avoid absurd results."). As shown by the towing example in the Consolidated Motion, absurd results would flow from Plaintiffs' position that the DPPA allows the State to disclose personal information only on a person-by-person basis as immediately needed. (*See* Defs.' Consol. Mot. at 12.) These results would be contrary to Congressional intent as evidenced by the "permissible uses" that permit ongoing business concerns – like these Defendants – to obtain personal information for future permissible uses. Allowing Plaintiffs to recover two trillion dollars simply because Defendants did not immediately use every piece of information that they obtained for permissible purposes, likewise would be absurd.

### (ii) The DPPA and case law require Plaintiffs to plead (and eventually prove) an impermissible purpose for obtaining data.

Plaintiffs assert that Defendants' Consolidated Motion to Dismiss stated that Plaintiffs must allege an impermissible use to prevail on an improper-obtainment claim. Plaintiffs tip their hand that they are concerned about the strict standard of the *Russell* opinions and show that they misunderstand Defendants' Consolidated Motion to Dismiss and the DPPA. These Defendants

**CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT**

reiterate that, although the DPPA allows causes of action for obtainment, disclosure, and use, the DPPA requires that the plaintiff show that the obtainment, disclosure, or use was *for a purpose not permitted under the statute*. (*See* Defs.' Consol. Mot. at 10-15.) Under the plain language of the DPPA's requirements, Plaintiffs do not plead a proper cause of action.

In its April 24, 2008 opinion, the Eleventh Circuit became the first circuit court to address the issue of claims for improper obtainment. *Thomas v. George, Hartz, Lundeen, Folmer, Johnstone, King, and Stevens, P.A.*, -- F.3d. ---, 2008 WL 1821238 (11th Cir. Apr. 24, 2008). The Court concluded that a DPPA plaintiff must plead (and eventually prove) that a defendant obtained data for a purpose not permitted under the DPPA.

In *Thomas*, the plaintiff made DPPA claims based on the defendants' purchase of information in bulk and subsequent litigation mailings — a permissible purpose — to some of those individuals, possibly including the named plaintiff. *Id.* at *1. Upholding the take-nothing summary judgment, the Eleventh Circuit examined the DPPA's language. The Court explained that "[i]n a straightforward fashion, section 2724(a) [of the DPPA] sets forth three elements giving rise to liability, *i.e.*, that a defendant (1) knowingly obtained, disclosed or used personal information, (2) from a motor vehicle record, (3) *for a purpose not permitted*." *Id.* at *3 (emphasis supplied). Further, the court stated that "[t]he plain meaning of the third factor is that it is only satisfied if shown that obtainment, disclosure, or use was *not for a purpose enumerated under § 2721(b)*." *Id.* (emphasis supplied). Because Plaintiffs did not plead facts sufficient to allege the three essential elements found in the DPPA, they fail to state a claim.

The Eleventh Circuit also rejected the plaintiff's argument that the defendant bears the burden to prove a permissible purpose. *Id.* at *4. The court explained that the DPPA "is silent on which party carries the burden of proof and, as such, the burden is properly upon the

CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

HOU02:1139018.8                                    4

plaintiff," in part because the elements of liability include "whether the subject act was '*for a purpose not permitted.*'" *Id.*

The *Russell* decisions also support the plain-language reading urged by these Defendants. Plaintiffs argue to the contrary, stating that "[t]he only *serious allegation* involved in *Russell* [*II*] was the claim that the defendants had obtained drivers license records for the *impermissible purpose of resale.*" (Pls.' Resp. at 7 (citing *Russell II*, 302 F. Supp. 2d at 657.) (emphasis supplied). Despite Plaintiffs' claim that the "only serious allegation" in the *Russell* cases was resale, the plaintiffs in both *Russell I* and *Russell II* brought claims for improper obtainment, which were dismissed. *See Russell v. ChoicePoint Servs., Inc.*, 300 F. Supp. 2d 450, 455 (E.D. La. 2004) ("*Russell I*") (dismissing improper obtainment claim because plaintiff did not allege impermissible use); *Russell v. Choicepoint Servs., Inc.*, 302 F. Supp. 2d 654, 664 (E.D. La. 2004) ("*Russell II*") (dismissing improper obtainment claim).

Without a persuasive argument against *Russell I* and *II*, Plaintiffs fall back on *Parus v. Cator*, a factually distinguishable case in which the plaintiff alleged that the defendant obtained plaintiff's data to determine whether the plaintiff was a "local guy," an arguably impermissible purpose. *Parus v. Cator*, No. 05-C-0063-C, 2005 WL 2240955, at *5 (W.D. Wis. Sept. 14, 2005) (denying summary judgment for defendant where fact issue existed as to whether confirming that plaintiff was a "local guy" was a law enforcement purpose). *Parus* clearly is distinguishable from the case at hand because Plaintiffs here did not allege any impermissible purpose for which Defendants obtained the data. *Parus*, however, does confirm that the DPPA

CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

HOU02:1139018.8                                                5

states that "[s]ection 2724(a) makes a person liable when he knowingly obtains personal information from a motor vehicle record for *a purpose not permitted under the Act*." *Id.* at *4.[5]

Finally, Plaintiffs concede, as they must, that the Non-Reseller Defendants "appear to assert a proper purpose for obtaining *some* individuals' 'motor vehicle records.'" (Pls.' Resp. at 2.) Plaintiffs claim that, despite this concession, the DPPA's use of the singular form of nouns and verbs supports liability. (Pls.' Resp. at 3-6.) This contention is defeated by the very first section of the first chapter of the United States Code. Chapter 1 sets forth rules of statutory construction, the first of which is that, unless the context indicates otherwise, the singular includes the plural and vice versa. 1 U.S.C. § 1. And even under Plaintiffs' faulty construction, Plaintiffs do not allege that any Defendant obtained or used any individual motor vehicle record for an impermissible purpose. Nor do Plaintiffs ever plead that any Defendant ever used an individual record of any of the named Plaintiffs for a purpose other than one enumerated in the DPPA. Even under Plaintiffs' proposed interpretation, they fail to state a claim.

### (iii) Authority interpreting the DPPA confirms that there is no immediate-use element.

Plaintiffs again assert that the DPPA requires that an entity immediately use the data it obtains. (*See* Pls.' Resp. at 11.)[6] But the DPPA contains no such requirement. Without an immediate-use requirement, Plaintiffs' claims fail as a matter of law.

---

[5]   *Parus* also confirms that a Plaintiff must allege an impermissible purpose for which Defendants obtained the data. In all of the cases that Plaintiffs cite, the plaintiffs allege a specific impermissible purpose for which the defendant obtained the data. *Id.* at *4 (alleging that defendant obtained data to determine if plaintiff was a "local guy"); *Pichler v. Unite*, 339 F. Supp. 2d 665, 667-668 (E.D. Pa. 2004) (alleging that union obtained information to contact employees at home to encourage union membership). Plaintiffs cannot meet their pleading burden by speculating that Defendants could not have had a permissible purpose for obtaining their records.

[6]   Plaintiffs cite *Pichler v. Unite* to try to support this argument. *Pichler*, however, never says that the DPPA requires that an entity use data immediately. *Id.* Although the court held that a fact issue existed, it also noted that the "the Unions may be able to prove that the litigation exception permitted them to access the plaintiffs' personal information." *Id.* at 668. Among other reasons why the *Pichler* decision is not authoritative, it incorrectly places the burden of proof on the defendant. *Cf. Thomas*, 2008 WL 1821238, at *5-6 (placing burden of proof for impermissible purpose on plaintiff).

CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

In making their "immediate-use" argument, Plaintiffs attempt to minimize the rationale for permitting bulk obtainment by arguing it is solely to save "time and/or money." Putting aside for a moment that the underlying rationale is irrelevant where, as here, the statute's language clearly does not prohibit bulk obtainment,[7] Plaintiffs' argument simply is not true. Rather, as the National Center for Missing and Exploited Children ("the Center") stated in its Motion for Leave to File Amicus Curie Brief in litigation in Florida, if entities are not allowed to obtain data in bulk, the Center "could be precluded from obtaining products and services from certain defendants that [it] utilizes in [its] efforts to recover missing children, apprehend their abductors, and otherwise to prevent exploitation of children in the State of Florida and elsewhere." (Mot. for Leave at 2, attached as Ex. B.)  Additionally, bulk obtainment allows commerce to run smoothly and provides a convenience to many *members of the putative class*. For example, putative class members are able to use checks at retail points of sale because retailers immediately can verify their identities without a cumbersome and lengthy delay.

"Convenience" is not the use to which Defendants put the data, as Plaintiffs mistakenly argue. Rather, Defendants' actual uses are for the enumerated permissible purposes. Any convenience inures as much to the benefit of the putative-class-member consumers as to the Defendants. Further, "convenience" is not the reason why Defendants obtained data. True,

---

[7]    A court's interpretation of a statute must begin with the plain meaning of the statutory words. *See Custom Rail Employer Welfare Trust Fund v. Geeslin*, 491 F.3d 233, 236 (5th Cir. 2007) (holding that "in all cases involving statutory construction, our starting point must be the language employed by Congress, ... and we assume that the legislative purpose is expressed by the ordinary meaning of the words used"). Where the Congressional language is clear and unambiguous, the Court's inquiry ends. *See United States v. Meeks*, 69 F.3d 742, 744 (5th Cir. 1995) ("[W]hen the language of a statute is clear and unambiguous, judicial inquiry into its meaning is unnecessary."); *Carpenters Dist. Council v. Dillard Dep't Stores*, 15 F.3d 1275, 1282-83 (5th Cir. 1994) ("If the [statutory] language is clear and unambiguous, then the court may end its inquiry."). The Court is required to give Congress' chosen words their plain meaning. *See United States v. Valencia*, 394 F.3d 352, 355 (5th Cir. 2004) ("In construing the United States Code our task must begin with the words provided by Congress and the plain meaning of those words. . . . In so doing, we give effect to the intent of Congress . . . .") (internal citations omitted).

CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

purchasing records in bulk may be easier than purchasing multiple records individually, but the convenience of purchasing records in bulk does not explain why a purchaser wanted the information in the first place. Again, the DPPA's language requires Plaintiffs to allege the alleged impermissible purpose for which Defendants obtained the data. By merely identifying the method by which Defendants obtained the data, Plaintiffs fail to allege an impermissible purpose.

### (iv) Congress intended to allow entities to purchase data for permissible business purposes.

Finally, Plaintiffs' position that Congress intended for the DPPA to prevent use of data for permissible business purposes is belied by the lengthy laundry list of permissible uses, many of which concern activities that occur in regularly conducted business. (*See* Defs.' Consol. Mot. at 17-19.) Indeed, the primary goal of Congress in regulating disclosure of information from motor vehicle records was to allay "mounting public safety concerns over stalkers' and other criminals' access to the personal information maintained in state DMV records." *See Russell I*, 300 F. Supp. 2d at 452; (*see also* Pls.' Compl. in 2:07-cv-00013 at 15). In crafting the DPPA, "[c]areful consideration was given to the common uses now made of this information and great efforts were made to ensure that those uses were allowed under this bill." *See* Transcript of House Subcommittee Hearing on H.R. 3365 held February 3, 1994; *see also* 140 Cong. Rec. H2518-01, H2526 (1994) (statement of Rep. Goss (Congress intended the statute to prohibit the release of personal information to a "narrow group of people that *lack legitimate business* [purposes]" (emphasis supplied)). Nothing in the Congressional record suggests that Congress was concerned about or sought to prevent the sort of legitimate business activities about which Plaintiffs complain.

CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

HOU02:1139018.8                                           8

**(v)  The DPPA does not prohibit bulk sale.**

Plaintiffs cite section 2721(b)(12) to support their position that the State generally may not disclose personal information in bulk.  Plaintiffs are wrong. Section 2721(b)(12) allows the State to disclose personal information "[f]or bulk distribution for surveys, marketing or solicitations . . . ."  By the statute's plain language, the term "bulk" does not describe the manner in which the State is disclosing the personal information, but rather the ultimate purpose for which the information is being obtained (*i.e.*, distribution for surveys, marketing or solicitations). Thus, section 2721(b)(12) does not speak to whether the State is entitled to disclose more than one individual's personal information at a time.

Finally, Plaintiffs make a very serious and baseless allegation against the State of Texas. (Pls.' Resp. at 13 ("Just because the State of Texas is apparently willing to look the other way as long as it is indemnified should not carry much weight in interpreting the DPPA.  Of course the State of Texas wants to keep selling this information in bulk.").)  But Plaintiffs put forth no evidence that the State of Texas is willfully violating Federal law.  This careless allegation is the best Plaintiffs can do to limit the powerful fact that the State of Texas allows the very conduct these Plaintiffs claim violates Federal and State law.

**B.  Plaintiffs fail to state a claim under the DPPA against the Resellers.**

**(i)  The DPPA expressly permits resale of data.**

Plaintiffs ignore that the clear and unambiguous language of the DPPA permits the resale of the information:

> **An authorized recipient of personal information (except a recipient under subsection (b)(11) or (12)) may resell or redisclose the information only for a use permitted under subsection (b) (but not for uses under subsection (b)(11) or (12)). An authorized recipient under subsection (b)(11) may resell or redisclose personal information for any purpose. An**

CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

> **authorized recipient under subsection (b)(12) may resell or redisclose personal information pursuant to subsection (b)(12).**

18 U.S.C. § 2721(c).

It is clear from the statute's plain language that Congress intended to allow entities to obtain data solely to resell it. The language of 18 U.S.C. § 2721(c) permits resale and redisclosure by "authorized recipients." *Id.* Because Congress chose to use "authorized recipients," rather than "authorized users," it is clear that Congress intended to allow entities to obtain drivers' personal information from DMVs strictly to redistribute it to persons with permissible uses.[8] *See Russell II*, 302 F. Supp. 2d at 665 ("Congress could have limited resale and redisclosure to 'permissible users' . . . but instead Congress employed the term 'authorized recipient' in § 2721(c). This deliberate word choice reveals congressional intent to allow states and their DMVs to authorize persons and entities to receive drivers' information for resale."). Plaintiffs are unable to dispute this unambiguous construction of the DPPA.

### (ii) The *Russell* Court addressed this issue and ruled against the Plaintiffs' position.

Plaintiffs' only chance to prevail on their claim against the resellers is to convince this Court that its sister court, which thoroughly analyzed the DPPA and the DPPA's legislative history, incorrectly held that the DPPA allows obtainment of data for the sole purpose of reselling it for a permissible purpose. (*See* Pls.' Resp. at 14 ("The *Russell* court incorrectly interpreted the DPPA as to resellers.").) In the *Russell* cases, the court held that under the plain language of the DPPA, a company could obtain data "strictly to redistribute it to persons with permissible uses." *Russell I*, 300 F. Supp. 2d at 456; *Russell II*, 302 F. Supp. 2d at 664 (same); *see also* Defs.' Consol. Mot. at 16-17.

---

[8]    "In the normal case Congress is assumed to be conscious of what it has done, especially when it chooses between two available terms that might have been included in the provision in question." *Am. Pet. Inst. v. United States EPA*, 198 F.3d 275, 279 (D.C. Cir. 2000).

**CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT**

Furthermore, the *Russell* Court expressly considered and rejected the flawed reasoning of the Iowa court's *Locate.Plus* opinion. *See Russell I*, 300 F. Supp. 2d at 459 ("Plaintiffs' reliance on [*Locate.Plus.Com*] is misplaced. . . . That decision is both factually and procedurally distinguishable from the case at hand.[9] **Furthermore, *Locate.Plus.Com* neglects to provide a meaningful analysis of the DPPA's statutory language and corresponding congressional intent, especially as they relate to the common definitions of key DPPA terms and to other federal privacy acts.**") (emphasis supplied); *Russell II*, 302 F. Supp. 2d at 667 (same).

Rather than citing a case on point, Plaintiffs admittedly reach for dicta from the Supreme Court in a case where the Court dealt only with the DPPA's constitutionality, which is not at issue here. (Pls.' Resp. at 16-17.) It is clear that Justice Rehnquist was not attempting to consider or decide the issue before this Court, but instead was making a broad statement about the DPPA.

Finally, Plaintiffs choose to ignore authority contrary to their position regarding resale of the data. (*See* Pls.' Resp. at 19 (stating that the United States Department of Justice letter "should be given little, if any, weight.").) The best Plaintiffs can do is acknowledge that the Department of Justice, the federal agency charged with enforcing the DPPA, issued an opinion squarely against them, and then — like the *Russell* opinions — urge this Court to ignore that compelling authority. (*See* Defs.' Consol. Mot. at 19 (discussing content of Department of Justice opinion).)

### (iii) The State of Texas authorizes resale of data.

Plaintiffs assert that "[t]he State of Texas has no process to 'authorize' entities to obtain drivers license data solely for resale." (Pls.' Resp. at 22.) The State of Texas does include in its

---

[9]    (*See* Defs.' Consol. Mot. at 16-17 for further discussion of the factual and procedural distinctions between the cases.)

**CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT**

contract the following language: 'It is expressly understood that the Purchaser may sell or furnish personal information obtained under this agreement to third parties, subject to the limitations herein, but may not sell or furnish personal information for any purpose or use that is not permitted by federal or state law." (*See* Pls.' Resp. Ex. 2 at 3.) The State also requires any entity that purchases data in bulk to comply with "all current provisions of the federal Driver Privacy Protection Act of 1994, as amended by PL 106-69 (18 U.S.C. § 2721 et seq.)." Furthermore, the Texas Administrative Code includes a provision regulating the redisclosure of data to third parties. *See* 37 TEX. ADMIN. CODE § 15.143.

**2.        Plaintiffs lack standing to bring a claim under the DPPA.**

**A.    Plaintiffs do not plead any actual harm from the alleged obtainment or resale.**

Plaintiffs attempt to prosecute an alleged violation of the DPPA that did not actually injure them.  By arguing that they need not prove actual injury to have standing, Plaintiffs implicitly concede they do not plead such an injury.  In failing to do so, Plaintiffs ignore caselaw, including *Russell I* and *II*, requiring Plaintiffs to plead facts detailing an <u>actual</u> <u>injury</u> <u>caused</u> <u>by</u> <u>these</u> <u>Defendants</u>' alleged DPPA violations.  Instead, they assert, contrary to the caselaw, that a statutory violation is sufficient to confer standing.

It is well settled, however, that to satisfy standing, a plaintiff must allege facts showing an injury. *See Lewis v. Knutson*, 699 F.2d 230, 237 (5th Cir. 1983) (dismissing plaintiff's claims and holding that the constitutional limitations of Article III arise when plaintiff fails to allege a personal injury); *see also Russell II*, 302 F. Supp. 2d at 670 (holding that plaintiffs failed to satisfy their standing burden to show 'injury in fact'); *Howard v. Hooters*, Cause No. 4:07-CV-03399, slip op. at 1 (S.D. Tex. Apr. 5, 2008) (dismissing case where plaintiff alleged violation of privacy act without allegation of injury or claim that anyone used their data); *Bell v. Acxiom*

CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

HOU02:1139018.8                                    12

*Corp.*, No. 4:06CV00485-WVW, 2006 WL 2850042, at \*2 (E.D. Ark. Oct. 3, 2006) (dismissing case where plaintiff's data was disclosed in security breach, but plaintiff did not allege injury, *e.g.*, receipt of unsolicited mailings or identity theft); Defs.' Consol. Mot. at 19-22 (discussing relevant caselaw).

### B. *Kehoe* does not permit a DPPA plaintiff to prevail without showing injury.

Plaintiffs quote *Kehoe*, which simply states that "plaintiff need not establish actual monetary damages to be entitled to liquidated damages under the DPPA." (*See* Pls.' Resp. at 25 (quoting *Kehoe v. Fidelity Fed. Bank & Trust*, 421 F.3d 1209 (11th Cir. 2005)).) *Kehoe* addresses pleading and proving a specific amount of damages and a computation method. But, even under *Kehoe*, Plaintiffs must plead and prove actual injury as required under the Constitution and the caselaw.[10] *See Lewis*, 699 F.2d at 236-7; *see also Russell II*, 302 F. Supp. 2d at 670; *Howard*, Cause No. 4:07-CV-03399, slip op. at \*1; *Bell*, 2006 WL 2850042, at \*1-2.

### III. CONCLUSION

Plaintiffs fail to state a claim against the Non-resellers or the Resellers. Further, Plaintiffs do not plead facts showing any injury and, therefore, lack standing. For the foregoing reasons, these Defendants respectfully request that this Court enter an order dismissing this action.

---

[10]    In *Kehoe*, unlike this case, the plaintiffs made allegations that they were harmed because the defendants sent plaintiffs unwanted solicitations. 421 F.3d at 1211.

CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

Respectfully submitted,

BAKER BOTTS L.L.P.

By      /s/ Philip J. John
        Philip J. John
        State Bar No. 10672000
        E-mail: philip.john@bakerbotts.com
        One Shell Plaza
        910 Louisiana
        Houston, Texas  77002
        (713) 229-1234
        (713) 229-1522 (Facsimile)

        Chad M. Pinson
        State Bar No. 24007849
        E-mail: chad.pinson@bakerbotts.com
        2001 Ross Avenue
        Dallas , Texas 75201-2980
        (214) 953-6500
        (214) 953-6503 (Facsimile)

        Elizabeth E. Baker
        State Bar No. 24045437
        E-mail: elizabeth.baker@bakerbotts.com
        One Shell Plaza
        910 Louisiana
        Houston, Texas  77002
        (713) 229-1234
        (713) 229-1522 (Facsimile)

JASON R. SEARCY & ASSOCIATES, P.C.

        Jason R. Searcy
        State Bar No. 17953500
        Amy Bates Ames
        State Bar No. 24025243
        Joshua P. Searcy
        State Bar No. 24053468
        P. O. Box 3929
        Longview, Texas 75606
        Telephone:  (903) 757-3399
        Facsimile:   (903) 757-9559

**CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT**

ATTORNEYS FOR AMERICAN DRIVING RECORDS,
INC., D/B/A FIRST ADVANTAGE ADR, A/K/A AGENCY
RECORDS, INC., SOUTHWESTERN BELL TELEPHONE,
L.P. D/B/A SOUTHWESTERN BELL TELEPHONE
COMPANY, A TEXAS LIMITED PARTNERSHIP,
SAFEWAY INC., ACADEMY , LTD., BACKGROUND
INFORMATION SYSTEMS, INC., HEB GROCERY
COMPANY, LP AND REALPAGE, INC.


MARTIN, DISIERE, JEFFERSON & WISDOM,
L.L.P.

By      /s/ Stephen D. Henninger
        Mark J. Dyer
        State Bar No. 06317500
        Attorney in Charge
        Stephen D. Henninger
        State Bar No. 00784256
        900 Jackson Street, Suite 710
        Dallas, TX 75202
        (214) 420-5500 (office)
        (214) 420-5501 (telecopier)


ATTORNEYS FOR DEFENDANT FEDCHEX, L.L.C.


WALTERS BALIDO & CRAIN, L.L.P.

By      /s/ Jerry L. Ewing, Jr.
        Jerry L. Ewing, Jr.
        Texas State Bar No. 06755470
        Federal ID No. 9359
        jerry.ewing@wbclawfirm.com
        Gregory R. Ave
        Texas State Bar No. 01448900
        greg.ave@wbclawfirm.com
        900 Jackson Street, Suite 600
        Dallas, Texas 75202
        (214) 749-4805
        (214) 760-1670 - Facsimile


ATTORNEYS FOR DEFENDANT SPARTAN INSURANCE
COMPANY


**CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND
RESPONSE TO PLAINTIFFS' STATEMENT**

WALTERS, BALIDO & CRAIN, L.L.P.

By     /s/ Carlos A. Balido
           Carlos A. Balido
           Texas State Bar No.  01631230
           carlos.balido@wbclawfirm.com
           Gregory R. Ave
           Texas State Bar No. 01448900
           greg.ave@wbclawfirm.com
           900 Jackson Street, Suite 600
           Dallas, Texas 75202
           (214) 749-4805 (telephone)
           (214) 760-1670 (facsimile)

ATTORNEYS FOR DEFENDANT HOUSEHOLD DRIVERS
REPORT, INC., D/B/A HDR, INC.


ANDREWS KURTH LLP

By     /s/ Charles L. Perry
           Charles L. Perry
           State Bar No. 15799900
           1717 Main Street, Suite 3700
           Dallas, Texas 75201
           (214) 659-4681
           (214) 659-4894 (facsimile)

ATTORNEYS FOR DEFENDANT INSURANCE
TECHNOLOGIES CORPORATION


MCGINNIS, LOCHRIDGE & KILGORE, L.L.P.

By     /s/ Larry F. York
           Larry F. York
           State Bar No. 22164000
           600 Congress Ave., Suite 2100
           Austin, Texas  78701
           Tel:  (512) 495-6075
           Fax: (512) 505-6375

ATTORNEYS FOR DEFENDANT ACS STATE & LOCAL
SOLUTIONS, INC.


**CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND
RESPONSE TO PLAINTIFFS' STATEMENT**

HOU02:1139018.8                   16

SMITH, ROBERTSON, ELLIOTT, GLEN, KLEIN
& BELL, L.L.P.

By      /s/ Wallace M. Smith
        Wallace M. Smith
        Attorney-in-Charge
        State Bar No. 18698200
        221 West Sixth Street, Suite 1100
        Austin, Texas 78701
        Telephone:  (512) 225-5800
        Telecopier:  (512) 225-5838
        wsmith@smith-robertson.com

ATTORNEYS FOR DEFENDANT GILA CORPORATION
D/B/A MUNICIPAL SERVICES BUREAU


CHAMBLEE & RYAN, P.C.

By      /s/ Oralia Guzman
        Jeffery M. Kershaw
        State Bar No. 11355020
        Oralia Guzman
        State Bar No. 24041029
        2777 Stemmons Freeway, Suite 1157
        Dallas, Texas  75207
        (214) 905-2003
        (214) 905-1213 (Facsimile)

ATTORNEYS FOR DEFENDANT HAWKEYE INSURANCE
SERVICES

**CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT**

HOU02:1139018.8                                    17

THE HEARST CORPORATION

By     /s/ Ravi V. Sitwala
         Eva M. Saketkoo
         Ravi V. Sitwala
         Office of General Counsel
         300 West 57 Street, 40th Flr.
         New York, NY 10019
         Tel: (212) 649-2000

OGDEN, GIBSON, BROOCKS & LONGORIA, L.L.P.

         William W. Ogden
         State Bar No. 15228500
         1900 Pennzoil South Tower
         711 Louisiana
         Houston, Texas 77002
         Telephone: 713-844-3000
         Facsimile: 713- 844-3030

ATTORNEYS FOR THE HEARST CORPORATION D/B/A HOUSTON CHRONICLE

YETTER & WARDEN, L.L.P.

By     /s/ Eric P. Chenoweth
         Eric P. Chenoweth
         State Bar No. 24006989
         909 Fannin, Suite 3600
         Houston, TX 77010
         (713) 632-8000
         (713) 632-8002 (fax)
         echenoweth@yetterwarden.com

ATTORNEYS FOR DEFENDANT RELIANT ENERGY, INC.

**CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT**

HUNTON & WILLIAMS LLP

By     /s/ Stephen S. Maris
            Stephen S. Maris
            Texas Bar No. 12986400
            E-mail:  smaris@hunton.com
            Melissa J. Swindle
            Texas Bar No. 24013600
            E-mail:  mswindle@hunton.com
            1445 Ross Avenue, Suite 3700
            Dallas, Texas 75202-2799
            Telephone:  (214) 468-3300
            Facsimile:  (214)  468-3599

ATTORNEYS FOR DEFENDANT AMERICAN STUDENT
LIST, LLC


RAMEY, CHANDLER, McKINLEY & ZITO, P.C.

By     /s/ Robert L. Ramey
            Robert L. Ramey – Attorney in Charge
            Texas Bar No. 16498200
            Jill D. Schein
            Texas Bar No. 00787476
            750 Bering Drive, Suite 600
            Houston, Texas 77057
            Telephone No.: (713) 266-0074
            Facsimile No.: (713) 266-1064

ATTORNEYS FOR DEFENDANT SOURCE DATA, INC.

CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND
RESPONSE TO PLAINTIFFS' STATEMENT

HOU02:1139018.8             19

BURLESON COOKE, LLP

By      /s/ Randy Burton
        Randy Burton
        Texas State Bar No. 03479050
        711 Louisiana, Suite 1701
        Houston, Texas 77002
        (713) 358-1762 [Telephone]
        (713) 358-1721 [Facsimile]

ATTORNEYS FOR DRIVER TRAINING ASSOCIATES,
INC. D/B/A TICKETSCHOOL.COM


ANDREWS & UPDEGRAPH, P.C.

By      /s/ Robert M. Strasnick
        Robert M. Strasnick - B.B.O. #637598
        70 Washington Street; Suite 212
        Salem, MA 01970
        (978) 740-6633

ATTORNEYS FOR JON LATORELLA, D/B/A
LOCATEPLUS HOLDING CORPORATION


COGHLAN CROWSON, LLP.

By      /s/ Stayton L. Worthington
        Stayton L. Worthington
        Lead Attorney
        State Bar No. 22010200
        David P. Henry
        State Bar No. 24027015
        Suite 211, The Energy Centre
        1127 Judson Road
        P.O. Box 2665
        Longview, Texas 75606-2665
        903/758-5543 Telephone
        903/753-6989 Facsimile
        bworthington@ccfww.com

ATTORNEYS FOR AMERICAN ELECTRIC POWER
SERVICE CORPORATION


**CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND
RESPONSE TO PLAINTIFFS' STATEMENT**

ABERNATHY ROEDER BOYD & JOPLIN, P.C.

By    /s/ Richard M. Abernathy
            Richard M. Abernathy
            State Bar No. 00809500
            1700 Redbud Blvd., Suite 300
            McKinney, Texas 75069
            (214) 544-4000 Telephone
            (214) 544-4040 Facsimile

ATTORNEYS FOR DEFENDANT TENANT TRACKER, INC.

TAYLOR DUNHAM AND BURGESS LLP

By    /s/ Steven D. Urban
            Donald R. Taylor
            State Bar No. 19688800
            dtaylor@taylordunham.com
            Steven D. Urban
            State Bar No. 24028179
            surban@taylordunham.com
            301 Congress Avenue, Suite 1050
            Austin, Texas 78701
            (512) 473-2257
            (512) 478-4409 facsimile

ATTORNEYS FOR DEFENDANT UNITED TEACHER ASSOCIATES INSURANCE COMPANY

BROWN MCCARROLL, L.L.P.

By    /s/ Joel E. Geary
            Joel E. Geary
            State Bar No. 24002129
            2001 Ross Avenue, Suite 2000
            Dallas, Texas 75201-2995
            (214) 999-6100
            (214) 999-6170 - facsimile

COUNSEL FOR DEFENDANT JI SPECIALTY SERVICES, INC.

CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

HOU02:1139018.8               21

JOHNSON, VAUGHN, & HEISKELL

By      /s/ Michael P. Heiskell
        Michael P. Heiskell
        State Bar No.  09383700
        5601 Bridge Street, Suite 220
        Fort Worth, Texas 76112
        (817) 457-2999
        (817) 496-1102 facsimile

ATTORNEY FOR NATIONAL STATISTICAL SERVICES
CORPORATION


HANSHAW KENNEDY, LLP

By      /s/ Hastings L. Hanshaw
        Hastings L. Hanshaw
        Texas State Bar No. 24012781
        hlh@hanshawkennedy.com
        Attorney in Charge
        Collin D. Kennedy
        Texas State Bar No. 24012952
        cdk@hanshawkennedy.com
        1125 Legacy Drive, Suite 250
        Frisco, Texas  75034
        Telephone:  (972) 731-6500
        Facsimile:  (972) 731-6555

ATTORNEYS FOR AMERICAN MUNICIPAL SERVICES,
LTD.


**CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT**

HOU02:1139018.8                                    22

LOCKE LORD BISSELL & LIDDELL LLP

By    /s/ Michael H. Collins
      Michael H. Collins
      Texas Bar No. 04614300
      (mcollins@lockelord.com)
      Thomas G. Yoxall
      State Bar No. 00785304
      (tyoxall@lockelord.com)
      Kirsten M. Castañeda
      State Bar No. 00792401
      (kcastaneda@lockelord.com)
      Arthur E. Anthony
      State Bar No. 24001661
      (aanthony@lockelord.com)
      2200 Ross Avenue, Suite 2200
      Dallas, Texas 75201
      Telephone:    (214) 740-8000
      Facsimile:    (214) 740-8800

ATTORNEYS FOR GLOBE LIFE AND ACCIDENT
INSURANCE COMPANY


CAMPBELL HARRISON & DAGLEY L.L.P.

By    /s/ Robin L. Harrison
      Robin L. Harrison
      State Bar No. 09120700
      4000 Two Houston Center
      909 Fannin, Suite 4000
      Houston, Texas 77010
      (713) 752-2332 Telephone
      (713) 752-2330 Facsimile

ATTORNEYS FOR DEFENDANT ADP SCREENING AND
SELECTION SERVICES, INC. A/K/A AVERT, INC.

CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND
RESPONSE TO PLAINTIFFS' STATEMENT

HOU02:1139018.8                                    23

DOUGLAS E. KOGER

By      /s/ Douglas E. Koger
        Douglas E. Koger
        State Bar No. 11654950
        14090 Southwest Freeway, Ste. 300
        Sugar Land, Texas 77478
        Telephone (281) 340-2050
        Facsimile (281) 340-2052
        Email: dekoger@kogerlaw.com

ATTORNEY FOR EMAGINENET TECHNOLOGIES, INC.


GODWIN PAPPAS RONQUILLO LLP

By      /s/ David J. White
        State Bar No. 21294500
        Attorney-in-Charge
        1201 Elm Street, Suite 1700
        Dallas, Texas 75270
        Telephone: 214.939.4400
        Facsimile: 214.527.3206

ATTORNEYS FOR TALBOT GROUP, INC.


J. RICHARD TUBB, PLLC

By      /s/ J. Richard Tubb
        J. Richard Tubb
        State Bar No. 20260400
        Preston Commons West
        8117 Preston Road, Suite 300
        Dallas, Texas 75225
        214-706-9234: Telephone
        214-706-9236: Facsimile

ATTORNEYS FOR DEFENDANTS PARADISE
DEVELOPMENT, INC. D/B/A DRIVESAFE DEFENSIVE
DRIVING AND SAFETY-USA INSTITUTE, LLC


CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND
RESPONSE TO PLAINTIFFS' STATEMENT

HOU02:1139018.8                          24

GUY N. HARRISON

By      /s/ Guy N. Harrison
        Guy N. Harrison
        Attorney at Law
        State Bar No. 00000077
        217 N. Center Street
        P.O. Box 2845
        Longview, Texas 75606
        Tel: (903) 758-7361
        Fax: (903) 753-9557
        guy@gnhlaw.com

ATTORNEY FOR DEFENDANT ARISTOTLE
INTERNATIONAL, INC.


LOCKE LORD BISSELL & LIDDELL LLP


By      /s/ J. Michael Dorman
        J. Michael Dorman
        Texas Bar No. 06004300
        (mdorman@lockelord.com)
        Christopher Verducci
        Texas Bar No. 24051470
        (cverducci@lockelord.com)
        600 Travis Street, Suite 3400
        Houston, Texas 77002
        Telephone: (713) 226-1200
        Facsimile: (713) 223-3717

ATTORNEYS FOR DEFENDANT DEFENSIVE DRIVER
ONLINE, LTD.

CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND
RESPONSE TO PLAINTIFFS' STATEMENT

HOU02:1139018.8                                25

THE LAW OFFICES OF S. GEORGE ALFONSO

By      /s/ George Alfonso
        S. George Alfonso
        State Bar No. 00785658
        5340 Alpha Road
        Dallas, TX. 75244
        Phone: (972) 458-6800
        Fax:    (972) 458-6801

ATTORNEY FOR DEFENDANT ABC DATA, INC. D/B/A
UNICARD SYSTEMS, INC.

HALTOM & DOAN

By      /s/ Jennifer Haltom Doan
        Jennifer Haltom Doan
        Texas Bar No. 08809050
        Joshua R. Thane
        Texas Bar No. 24060713
        Crown Executive Center, Suite 100
        6500 Summerhill Road
        Texarkana, TX  75503
        Telephone:  (903) 255-1000
        Facsimile:  (903) 255-0800
        Email:  jdoan@haltomdoan.com

ARNOLD & PORTER LLP

        Randall K. Miller (VA Bar #70672)
        1600 Tysons Boulevard, Suite 900
        McLean, VA  22102
        Telephone:  (703) 720-7030
        Facsimile:  (703) 720-7399
        Email:  Randall.Miller@aporter.com

COUNSEL FOR BIOMETRIC ACCESS COMPANY

CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND
RESPONSE TO PLAINTIFFS' STATEMENT

GRAU KOEN, P.C.

By      /s/ James W. Grau
      James W. Grau
      Attorney in Charge
      State Bar No:  08306350
      Scott A. Whisler
      State Bar No. 21272900
      2711 N. Haskell Avenue
      Suite 2000
      Dallas, Texas 75204
      (214) 521-4145
      (214) 521-4320-Fax
      jgrau@graukoen.com


LAW OFFICES OF HAL BROWNE

By      /s/ Hal M. Browne
      Hal M. Browne
      State Bar No. 03213500
      6008 Fieldstone Drive
      Dallas, Texas 75252
      (469) 878-4742
      (972) 930-0772-Fax
      halbrowne@hotmail.com

ATTORNEYS FOR DEFENDANT CONTINUEDED.COM
LLC, D/B/A IDRIVESAFELY.COM


EBANKS, SMITH & CARLSON, L.L.P.

By      /s/ Marvin C. Moos
      Marvin C. Moos
      State Bar No.: 14413900
      Ebanks, Smith & Carlson, L.L.P.
      1301 McKinney, Suite 2700
      Houston, Texas  77010-3079
      TELEPHONE:  713/333-4500
      FACSIMILE:   713/333-4600

ATTORNEY-IN-CHARGE  FOR  DEFENDANT  ZEBEC
DATA SYSTEMS, INC. AND DEFENDANT INFONATION,

CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND
RESPONSE TO PLAINTIFFS' STATEMENT

HOU02:1139018.8                                      27

INC.

WIMER & JOBE

By      /s/ Brian C. Jobe
        Brian C. Jobe
        Texas Bar No. 10668200
        Two Galleria Tower
        13455 Noel Road, Suite 1000
        Dallas, TX 75240
        Phone: (972) 701-9066
        Fax: (972) 701-9069

ALLIED RESIDENT/EMPLOYEE SCREENING SERVICE, INC.

SPENCER CRAIN CUBBAGE HEALY & MCNAMARA PLLC

By      /s/ Gayla C. Crain
        Gayla C. Crain
        Texas State Bar No. 04991700
        Fred Gaona III
        Texas State Bar No. 24029562
        1201 Elm St., Suite 4100
        Dallas, TX 75270
        Main No.: 214.290.0000
        Fax: 214.290.0099
        Direct: 214.290.0002
        E-mail: gcrain@spencercrain.com

FEDERATED RETAIL HOLDINGS, INC.

        Catherine Sison
        Missouri State Bar No. 49793
        611 Olive Street, Suite 1750
        St. Louis, MO 63101
        (314) 342-6715
        (314) 342-3066 FAX
        E-mail: catherine.sison@macys.com

ATTORNEYS FOR DEFENDANT FEDERATED RETAIL

CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT

HOLDINGS, INC., F/K/A THE MAY DEPARTMENT
STORES COMPANY D/B/A FOLEY'S


GESS MATTINGLY & ATCHISON, P.S.C.

By      /s/ William W. Allen
        William W. Allen
        201 West Short Street
        Lexington, KY  40507
        Telephone:  859-252-9000
        Facsimile:  859-233-4269
        Email: wallen@gmalaw.com

COUNSEL FOR DEFENDANT CROSS-SELL, INC.


PORTER & HEDGES, L.L.P.

By:     /s/Jeffrey R. Elkin
        Jeffrey R. Elkin
        State Bar No. 06522180
        1000 Main Street, 36th Floor
        Houston, Texas 77002
        (713) 226-6617 – Telephone
        (713) 226-6217 – Facsimile
        Email: jelkin@porterhedges.com

ATTORNEYS FOR DEFENDANT PROPERTYINFO
CORPORATION, SUCCESSOR BY MERGER TO REI
DATA, INC.


THOMPSON, COE, COUSINS & IRONS, L.L.P.

By      /s/ Roger D. Higgins
        Roger D. Higgins
        State Bar No.  09601500
        Daniel P. Buechler
        State Bar No. 24047756
        700 N. Pearl Street, Twenty-Fifth Floor
        Dallas, Texas 75201-2832
        Telephone:  (214) 871-8256
        Telecopy:  (214) 871-8209


**CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND
RESPONSE TO PLAINTIFFS' STATEMENT**

ATTORNEYS FOR DEFENDANT TEXAS FARM BUREAU
MUTUAL INSURANCE COMPANY

THOMPSON & KNIGHT, LLP

By     /s/ Craig A. Haynes
         Craig A. Haynes
         State Bar No. 09284020
         E-Mail: Craig.Haynes@tklaw.com
         Jason L. Cagle
         State Bar No. 24027540
         E-Mail: Jason.Cagle@tklaw.com
         Thompson & Knight, LLP
         1700 Pacific, Suite 3300
         Dallas, Texas 75201
         Phone: 214-969-1700
         Fax: 214-969-1751

ATTORNEYS FOR DEFENDANT LML PAYMENT
SYSTEMS CORP.

T. BELEW ELLIS

By     /s/ T. Belew Ellis
         T. Belew Ellis
         State Bar No. 24007156
         P.O. Box 802
         Marshall, Texas  75671-0802
         (903) 938-0593
         (903) 938-9062 (Fax)

ATTORNEY FOR DEFENDANT MARSHALL SYSTEMS
TECHNOLOGY, INC

**CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND
RESPONSE TO PLAINTIFFS' STATEMENT**

HOU02:1139018.8                     30

SIEBMAN REYNOLDS BURG PHILLIPS &
SMITH LLP

By      /s/ Michael C. Smith
       Michael C. Smith
       State Bar No. 18650410
       713 South Washington Avenue
       Marshall, TX 75670
       Telephone: (903) 938-8900
       Facsimile:  (972) 767-4620
       E-Mail: michaelsmith@siebman.com

LEAD ATTORNEY FOR DEFENDANT U.S.
INTERACTIVE, INC.

OF COUNSEL:

SEYFARTH SHAW LLP

       Walter J. Cicack
       State Bar No. 04250535
       Karl E. Neudorfer
       State Bar No. 24053388
       Seyfarth Shaw LLP
       700 Louisiana Street, Suite 3700
       Houston, Texas 77002
       Telephone:  (713) 225-2300
       Facsimile:  (713) 225-2340
       E-Mail:  wcicack@seyfarth.com

FARRAR & BALL
       Michael A. Hawash
       State Bar No. 00792061
       1010 Lamar, Suite 1600
       Houston, TX 77002
       Telephone:  (713) 221-8300
       E-Mail:  michael@fbtrial.com

ATTORNEYS FOR DEFENDANT U.S. INTERACTIVE,
INC.

**CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT**

HOU02:1139018.8                                        31

THE HUNNICUTT LAW FIRM

By    /s/ J. Stephen Hunnicutt
        J. Stephen Hunnicutt
        State Bar No. 10279510
        Two Hillcrest Green
        12720 Hillcrest, Suite 750
        Dallas, Texas 75230
        214.361.6740
        214.691.5099 (fax)
        steve@hunnicuttlaw.com

COUNSEL FOR DALLAS COMPUTER INFORMATION
SYSTEMS


BOYD & BROWN, P.C.

By    /s/ Paul M. Boyd
        Paul M. Boyd
        State Bar No. 02775700
        Lead Attorney
        1215 Pruitt Place
        Tyler, Texas 75703
        903/526-9000
        903/526-9001 (FAX)
        boydpc@tyler.net

ATTORNEYS FOR DEFENDANT, REALTY COMPUTER
SOLUTIONS, INC. D/B/A REAL-COMP


BURLESON, PATE & GIBSON

By    /s/ John E. Collins
        John E. Collins
        TX SBN: 04613000
        2414 N. Akard, Ste. 700
        Dallas, Texas 75201
        214-871-4900 Telephone
        Facsimile: 214-871-7543

ATTORNEY FOR URAPI, INC. AND D.B.
STRINGFELLOW


**CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT**

IRELAND, CARROLL & KELLEY, P.C.

By    /s/ Patrick Kelley
      Patrick Kelley
      State Bar No. 11202500
      6701 S. Broadway, Suite 500
      Tyler, Texas 75703
      Telephone: (903) 561-1600
      Facsimile: (903) 581-1071
      Email: patkelley@icklaw.com

HUNTON & WILLIAMS LLP

      Barry R. Davidson
      1111 Brickell Ave., Suite 2500
      Miami, Florida 33131
      Telephone: (305) 810-2500
      Facsimile: (305) 810.240
      Email: bdavidson@hunton.com

ATTORNEYS FOR DEFENDANT ACXIOM
CORPORATION AND ACXIOM RISK
MITIGATION, INC.

PARKER HUDSON RAINER & DOBBS, LLP

By    /s/ Jodi Emmert Zysek
      David G. Russell
      Georgia Bar No. 620350
      Jodi Emmert Zysek
      Georgia Bar No. 247407
      1500 Marquis Two Tower
      285 Peachtree Center Avenue, N.E.
      Atlanta, Georgia 30303
      Phone: (404) 523-5300
      Facsimile: (404) 522-8409
      E-mail: drussell@phrd.com
      E-mail: jzysek@phrd.com

**CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND
RESPONSE TO PLAINTIFFS' STATEMENT**

OF COUNSEL:

CAPSHAW DERIEUX, LLP

       Calvin Capshaw
       State Bar No. 03783900
       Elizabeth L. DeRieux
       State Bar No. 05770585
       Energy Centre
       1127 Judson Road, Suite 220
       P. O. Box 3999 (75606-3999)
       Longview, Texas 75601-5157
       Direct Dial: (903) 233-4816
       Telephone: (903) 236-9800
       Facsimile: (903) 236-8787
       ederieux@capshawlaw.com
       ccapshaw@capshawlaw.com

ATTORNEYS FOR DEFENDANT TELECHECKSERVICES, INC.


GARDERE WYNNE SEWELL LLP

By    /s/ Mark W. Bayer
       Mark W. Bayer
       Texas State Bar No. 01939925
       1601 Elm Street, Suite 3000
       Dallas, Texas 75201-4761
       214/999-3000
       Fax: 214/999-4667

ATTORNEYS FOR ISO CLAIMS SERVICE, INC. DBA INSURANCE INFORMATION EXCHANGE

**CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT**

HOU02:1139018.8          34

CROUCH & RAMEY, L.L.P.

By      /s/ Kirk T. Florence
       Kirk T. Florence
       State Bar No. 07160900
       1445 Ross Avenue, Suite 3600
       Dallas, Texas 75202
       Telephone: (214) 922-7100
       Telecopier: (214) 922-7101
       Email: kflorence@crouchfirm.com

OF COUNSEL:

NIXON PEABODY LLP

       Christopher M. Mason
       437 Madison Avenue
       New York, New York 10022
       Telephone: (212) 940-3000
       Telecopier: (212) 940-3111
       Email: cmason@nixonpeabody.com

       COUNSEL FOR DEFENDANT CARFAX, INC.

CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND
RESPONSE TO PLAINTIFFS' STATEMENT

HOU02:1139018.8                           35

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed pursuant to the electronic filing requirements of the United States District Court for the Eastern District of Texas on this, the 14th day of May, 2008, which provides for service on counsel of record in accordance with the electronic filing protocols in place.

_____ /s/ Elizabeth E. Baker_____

Elizabeth E. Baker

**CONSOLIDATED REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT**