Taylor et al v. Acxiom Corporation et al — Doc. 91 Att. 1
Case 2:07-cv-00001   Document 91-2   Filed 05/15/2008   Page 1 of 11
Case 0:03-cv-61063-JEM   Document 415-1   Entered on FLSD Docket 01/04/2007   Page 1 of 11

**CHRISTIAN D. POSADA, P.A.**
Christian Posada, Esq.
Florida Bar No. 0484792
1361 S. Federal Highway, Suite 116
Boca Raton, Florida 33432
(561) 251-4993
(561) 208-1224 (facsimile)
**ATTORNEY FOR INTERVENORS**

**THE COREA FIRM, P.L.L.C.**
Thomas M. Corea
Texas Bar No. 24037906
Jeremy R. Wilson
Texas Bar No. 24037722
The Republic Center
325 North St. Paul Street, Suite 4150
Dallas, Texas 75201
Telephone:  (214)953-3900
Facsimile:   (214)953-3901

**OTSTOTT & JAMISON, P.C.**
George A. Otstott
Texas Bar No. 15342000
Ann Jamison
Texas Bar No. 00798278
Two Energy Square
4849 Greenville Avenue, Suite 1620
Dallas, Texas 75206
Telephone:  (214)522-9999
Facsimile:   (214)828-4388

**TEXAS COUNSEL FOR INTERVENORS**
(Motion to Appear *Pro Hac Vice* pending)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

RICHARD FRESCO, CARLOS BARRETT,
JEFFREY HY, MARY ANN COLLIER, ROY
McGOLDRICK, ROBERT PINO, KENNETH HERE
TICK, RUSSELL V. ROSEN and JOEL LEVINE,
   Plaintiffs,

v.

AUTOMOTIVE DIRECTIONS, INC., a Wisconsin
Corporation; EXPERIAN INFORMATION
SOLUTIONS, INC., an Ohio Corporation; R. L. POLK
& CO., a Delaware Corporation; CHOICEPOINT
PUBLIC RECORDS, INC., a Georgia Corporation;
CHOICEPOINT, INC., a Georgia Corporation;
CHOICEPOINT SERVICES, INC., a Georgia
Corporation; CHOICEPOINT PRECISION
MARKETING INC., a Georgia Corporation; KNOWX
LLC, a Georgia Limited Liability Company; SEISINT,
INC., a Florida Corporation; REED ELSEVIER, INC.,
a Massachusetts Corporation; ACXIOM
CORPORATION, a Delaware Corporation; and
eFUNDS CORPORATION, a Delaware Corporation,
   Defendants.

§
§
§
§
§
§
§
§
§
§
§

CASE NO. 03-cv-61063-JEM

**MOTION FOR LIMITED INTERVENTION**

<u>**MOTION FOR LIMITED INTERVENTION**</u>

EXHIBIT A

## MOTION FOR LIMITED INTERVENTION

Come now SHARON TAYLOR, JAMES DOUGLAS BOOKER, LOWRY BRILEY, TWILAH BROWN, JAMES D. CLARY, SHARON A. CLARY, ALICE M. COOKS, ARLANDO COOKS, ELIZABETH DeWITT, KENNETH GOSSIP, SR., KENNICE GOSSIP, PAMELA HENSLEY, ROBERT G. HOLLINESS, CAROLYN LATHAM HOLUB, BRANDI JEWELL, TRACY KARP, DAVID PATTERSON, RONNIE PHILLIPS, JAMES ROBERTS, LUZ ANN ROBERTS, KIMBERLY DAWN UNDERWOOD, MARILYN WHITAKER, and WILLIAM "TROY" WILSON, pursuant to Federal Rule of Civil Procedure 24, file this Motion for Limited Intervention, and in support thereof, state as follows:

### I.

### PRELIMINARY STATEMENT

This lawsuit ("the Florida Litigation"), until now, involved a relatively simple issue: whether Defendants, by obtaining personal information from Florida drivers' license records, violated the Driver's Privacy Protection Act[1] ("DPPA"), a federal statute which provides for civil liability. Plaintiffs allege that Defendants violated this statute because they obtained personal information from the State of Florida during a time when Florida was not in compliance with the DPPA and did not obtain drivers' express consent to sell their personal information.

The focus of the Florida Litigation has always been on actions taken in Florida. All of the named Plaintiffs are from Florida and the Original Complaint only involves actions taken in the State of Florida. Now, in order to settle this lawsuit, Defendants have insisted that they be absolved of liability for any DPPA violations for which they may be responsible in other states. Thus, Defendants and Plaintiffs seek to certify a national putative class from which Intervenors, all Texas residents, cannot opt out.

---

[1] 18 U.S.C. § 2721 *et. seq.*

Intervenors recently filed a Complaint in the United States District Court for the Eastern District of Texas.[2] That case is styled *Taylor, et al. v. Acxiom et al*, Case No. 2:07cv01 ("the Texas Litigation"). The Texas Litigation involves significantly different claims than the Florida Litigation. It does not appear that the issue of violations in Texas has ever been addressed or explored in the Florida Litigation. Significantly, Intervenors have alleged that Defendants willfully violated the DPPA entitling them to punitive damages. Intervenors support this argument by presenting signed contracts between Defendants and the State of Texas in which they acknowledge that Texas has not obtained express consent from individuals to sell their personal information and in which Defendants agree to indemnify the State of Texas for any violations of the DPPA that might result. This difference, along with the fact that Plaintiffs in this litigation are all from Florida make certification of a national class inappropriate. Numerous courts have recognized Intervenors' right to participate in a lawsuit in this situation in order to protect their rights and to preserve appellate arguments. Thus, Intervenors seek intervention for the limited purpose of objecting to class certification and approval of the proposed settlement.

## II.

## PROCEDURAL HISTORY

This lawsuit involves a number of consolidated actions, all filed in Florida by Florida residents alleging violations of the Driver's Privacy Protection Act, 18 U.S.C. § 2721, *et. seq.* ("DPPA"). Proposed class representatives recently entered into a settlement agreement with a number of the Defendants in this case providing for injunctive relief, class representative incentive awards, and attorneys' fees. Hoping to insulate itself from any unidentified liability for violating the DPPA in any other states, the settling Defendants insisted that the settlement

---

[2] *See* Complaint (attached hereto as Exhibit 1). The attached Complaint was filed with the Eastern District of Texas electronically on January 3, 2007.

agreement be conditioned on the certification of a national putative class under F.R.C.P. 23(b)(2). Thus, Plaintiffs filed a Second Amended Complaint seeking certification of a class consisting of all persons nationally whose personal information was obtained by Defendants from a motor vehicle record – some 200 million people.

Intervenors recently filed a lawsuit in the United States District Court for the Eastern District of Texas. All of the Intervenors are Texas residents and assert that several of the Defendants in this litigation violated the DPPA by obtaining "personal information" from a "motor vehicle record" from the State of Texas. Intervenors seek intervention in this lawsuit solely to object to them, or any resident of Texas, being included in any class certified by this Court. Intervenors also seek permission to challenge the terms of the settlement agreement should they be made part of the putative class.

### III.

### ARGUMENTS AND AUTHORITIES

Intervenors seek intervention for the sole purpose of objecting to the certification of a class that would include them, as well as objecting to the terms of the proposed settlement. It is essential that Intervenors' request be granted, as otherwise this certification and settlement will be completely insulated from appellate review.[3] In fact, the United States Court of Appeals for the Seventh Circuit has held that it is reversible error to disallow intervention of a proposed class member in this situation.[4] As discussed below, Intervenors qualify to intervene as a matter of

---

[3] *Marino v. Ortiz* 484 U.S. 301, 304 (1988) ("[W]e hold that because petitioners were not parties to the underlying lawsuit, and because they failed to intervene for purposes of appeal, they may not appeal from the consent decree approving that lawsuit's settlement . . . ").

[4] *Crawford v. Equifax Payment Services, Inc.*, 201 F.3d 877, 881 (7th Cir. 2000)("[b]ecause only parties may appeal, it is vital that district courts freely allow the intervention of unnamed class members who object to proposed settlements and want an option to appeal an adverse decision.")("So in the end, it does not matter whether intervention would come under F.R.C.P. 24(a) or (b), or what the standard of appellate review may be; the magistrate judge's order cannot survive even the most deferential kind of review.")

right under F.R.C.P. 24(a). Alternatively, Intervenors seek permissive intervention pursuant to F.R.C.P. 24(b).

A.   **Intervenors are entitled to intervene as a matter of right.**

Rule 24 provides two methods of seeking intervention: by right or by permission.[5] There are essentially four requirements for intervention as a matter of right: 1) the applicant must have an "interest" in the property or transaction which is the subject of the action; 2) disposition of the action as a practical matter may impede or impair the applicant's ability to protect that interest; 3) the application is timely; and 4) no existing party adequately represents the applicant's interest. Intervenors meet each of these requirements.

First, in Plaintiffs' Second Amended Complaint, Plaintiffs seek, for the first time, to extend the proposed class beyond those persons whose personal information was sold by Florida governmental agencies. The proposed class would now include any person in the nation whose rights might have been violated by Defendants. Under the proposed settlement, Intervenors would lose their right to pursue any remedies through a class action, effectively barring them from recovery. Clearly, Intervenors have an interest in the outcome of this lawsuit.

Second, as discussed above, Intervenors' ability to pursue their own action against Defendants will essentially be barred and their rights to appeal would be eliminated if they are

---

[5] Rule 24 provides in pertinent part:

> a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: .... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties

denied intervention and the proposed settlement is approved. Thus, Intervenors will be denied the ability to protect their interest should intervention be denied.

Third, Intervenors' application is timely, as Plaintiffs only recently filed their Second Amended Complaint (on December 21, 2006) and the Court has not yet taken any action on the proposal for class certification and settlement approval. In fact, the Court's deadline for filing responses to the motion to approve the settlement agreement is January 5, 2007.

Finally, the class representatives are simply not adequately representing Intervenors' interest. Under the terms of the settlement agreement, Defendants agree only to injunctive relief (they essentially promise not to break the law in the future) and the named Plaintiffs receive incentive awards. The named Plaintiffs justify this settlement on asserted weaknesses in their case, including an inability to show that Defendants knowingly violated the DPPA. As will be discussed in more detail in Intervenors' Objection to Class Certification, there is little doubt that Defendants knowingly violated the DPPA in Texas as they obtained Texas' entire database – some twenty (20) million names – acknowledging in writing that the State of Texas had not obtained express consent for their distribution. This issue does not appear to have been explored in the Florida Litigation. Thus, the named Plaintiffs have only focused on Florida issues and are not protecting the rights of plaintiffs in other states, such as Texas. Because the manner in which the personal information at issue was obtained is different in each case, named Plaintiffs and counsel in each of those states are necessary to adequately protect Texas citizens' rights.

For these reasons, Intervenors assert that they meet all of the requirements for intervention as a matter of right and ask that the Court grant their Motion.

### B. **Permissive Intervention.**

Even if the Court concludes that Intervenors have no right to intervene, there can be little doubt that permissive intervention is appropriate. In fact, the United States Court of Appeals has held that intervention is necessary in this situation.[6] Intervenors stand to lose substantial rights should the proposed class be certified and the settlement agreement approved. For these reasons, Intervenors submit that they should be allowed to intervene for the purpose of protecting those rights.

### IV.

### CONCLUSION

Under the terms of the proposed class and settlement agreement, Intervenors would lose numerous substantive rights. They would lose their right to opt-out and pursue their own class action lawsuit. They would also lose the right to seek liquidated damages as provided in the DPPA. Finally, they would lose their right to seek punitive damages for the willful violations of the DPPA alleged in their lawsuit in Texas. Unless Intervenors are allowed to participate in this lawsuit and object to their loss of these valuable rights, appellate review of these loses will be precluded. Therefore, Intervenors respectfully request that this Court grant their Motion and allow them the right to intervene for the limited purpose of challenging class certification and the approval of the proposed settlement agreement.

---

[6] *Crawford v. Equifax Payment Services, Inc.*, 201 F.3d 877, 881 (7th Cir. 2000)("So in the end, it does not matter whether intervention would come under F.R.C.P. 24(a) or (b), or what the standard of appellate review may be; the magistrate judge's order cannot survive even the most deferential kind of review.")

Respectfully submitted,

**CHRISTIAN D. POSADA, P.A.**

_____
Christian Posada, Esq.
Florida Bar No. 0484792
1361 S. Federal Highway, Suite 116
Boca Raton, Florida 33432
(561) 251-4993
(561) 208-1224
**ATTORNEY FOR INTERVENORS**


**THE COREA FIRM, P.L.L.C.**

Thomas M. Corea
Texas Bar No. 24037906
Jeremy R. Wilson
Texas Bar No. 24037722
The Republic Center
325 North St. Paul Street, Suite 4150
Dallas, Texas 75201
Telephone:   (214)953-3900
Facsimile:   (214)953-3901

**OTSTOTT & JAMISON, P.C.**
George A. Otstott
Texas Bar No. 15342000
Ann Jamison
Texas Bar No. 00798278
Two Energy Square
4849 Greenville Avenue, Suite 1620
Dallas, Texas 75206
Telephone:   (214)522-9999
Facsimile:   (214)828-4388

**TEXAS COUNSEL FOR INTERVENORS**
(Motion to Appear *Pro Hac Vice* pending)

## CERTIFICATE OF SERVICE

I certify that on January 4, 2007, I electronically filed the above Motion with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or by U. S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_____
Christian D. Posada

## CERTIFICATE OF CONFERENCE

I certify that Intervenors have conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and have been unable to do so.

_____
Christian D. Posada

## SERVICE LIST

Scott J. Frank
Lauren D. Levy
Butler Pappas Weihmuller Katz Craig
80 SW 8th Street, Suite 3300
Miami, Florida 33130
    R. L. Polk & Co.

Lewis F. Collins, Jr.
Butler Pappas Weihmuller Katz Craig
Bayport Plaza, Suite 1100
6200 Courtney Campbell Causeway
Tampa, Florida 33607
    R. L. Polk & Co.

Juan C. Enjamio
Hunton & Williams
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
    Acxiom Corporation