Taylor et al v. Acxiom Corporation et al | Doc. 91 Att. 2
Case 2:07-cv-00001  Document 91-3  Filed 05/15/2008  Page 1 of 5
Case 0:03-cv-61063-JEM  Document 265  Entered on FLSD Docket 05/18/2004  Page 1 of 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-61063-CIV-MARTINEZ/KLEIN

RICHARD FRESCO, CARLOS BARRETT,
JEFFREY HY, MARY ANN COLLIER, ROY
McGOLDRICK, ROBERT PINO, KENNETH
HERETICK, RUSSELL V. ROSEN and JOEL
LEVINE

    Plaintiffs,

vs.

AUTOMOTIVE DIRECTIONS, INC., a Wisconsin
Corporation; EXPERIAN INFORMATION
SOLUTIONS, INC., an Ohio corporation; R.L.
POLK & CO., a Delaware corporation;
CHOICEPOINT PUBLIC RECORDS INC., a
Georgia corporation; CHOICEPOINT INC., a
Georgia corporation; CHOICEPOINT PRECISION
MARKETING INC., a Georgia corporation;
KNOWX LLC, a Georgia limited liability company;
SEISINT, INC., a Florida corporation; REED
ELSEVIER INC., a Massachusetts corporation;
ACXIOM CORPORATION, Delaware corporation;
and eFUNDS CORPORATION Delaware
corporation,

    Defendants.



## MOTION OF THE NATIONAL CENTER FOR MISSING AND EXPOITED CHILDREN FOR LEAVE TO FILE AMICUS CURIE BRIEF, AND MEMORANDUM OF LAW IN SUPPORT

The National Center for Missing and Exploited Children ("Amicus"), by and through undersigned counsel, respectfully moves on the following grounds for leave to file a brief as amicus curiae in the above-captioned action.

1.    Amicus has a substantial interest in the outcome of this action because, in the event the Court adopts the plaintiffs' interpretation of the Driver's Privacy Protection Act, as



Dockets.Justia.com

codified under 18 U.S.C. § 2721, et seq., and Fla. Stats. § 119, et seq., and rejects the interpretation offered by defendant Reed Elsevier Inc., as joined by the remaining defendants, Amicus could be precluded from obtaining products and services from certain defendants that Amicus utilizes in their efforts to recover missing children, apprehend their abductors, and otherwise to prevent exploitation of children in the State of Florida and elsewhere.

2.   The plaintiffs have refused to consent to the filing of the attached brief. Defendants have consented.

## MEMORANDUM OF LAW

This Court has the inherent authority to appoint amicus curiae to assist it in this proceeding, and acceptance of an amicus submission is within the sole discretion of this Court. City of Marietta v. CSX Transportation, Inc., 196 F.3d 1300, 1304 (11th Cir. 1999) (within discretion of district court to accept late-filed amicus brief and rely upon it to reverse its earlier decision); Resort Timeshare Resales, Inc. v. Stuart, 764 F. Supp. 1495, 1500-01 (S.D. Fla. 1991) (Paine, J.) ("district court, however, has the inherent authority to appoint amicus curiae, or 'friends of the court' . . . it is solely within discretion of the court to determine the fact, extent, and manner of participation by amicus.'").

Amicus moves this Court for leave to file this brief in order to assist the Court in deciding the primary issue advanced in defendant Reed Elsevier Inc.'s motion for judgment on the pleadings, to which all other defendants have joined. The question presented is whether the DPPA permits the sale of DPPA-protected information from the DHSMV to resellers, like the defendants, who in turn sell that data to customers (or provide pro bono to users such as NCMEC) with a DPPA permitted use. In this putative class action, the plaintiffs are persons who argue that the DPPA does not provide for such sales, and that Congress did not intend such

2

sales. The defendants are resellers who argue that the DPPA in fact does provide for such sales, and that such sales were clearly intended by Congress.

Amicus constitutes a voice not heard in this litigation: NCMEC and its law enforcement partners are the customers to whom the defendants provide such information, for purposes expressly permitted by the DPPA. Amicus and various law enforcement agencies could not obtain DMV information in a practical form if they were prohibited from obtaining it from resellers, but instead had to obtain the information directly from the DMV without the benefit of the advanced technology offered by resellers. Thus, Amicus is an entity that will be affected directly and profoundly by this Court's decision. Amicus respectfully requests that this Court accept the submission of this brief in support of the Defendant Reed Elsevier Inc.'s motion for judgment on the pleadings.

WHEREFORE, Amicus respectfully urges this Court for leave to file an amicus curiae brief, conditionally filed as an attachment hereto, in this action.

Respectfully submitted,

ARAGON, BURLINGTON, WEIL, SCHWIEP,
KAPLAN & BLONSKY P.A.
Counsel for Amicus Curiae
Office in the Grove   Penthouse A
2699 South Bayshore Drive
Miami, FL 33133

By: _____
RUDOLPH F. ARAGON
Florida Bar No. 286249

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by United States Mail to those individuals listed on the attached Service List this 17th day of May, 2004.

_____
RUDOLPH F. ARAGON

## SERVICE LIST

### COUNSEL FOR PLAINTIFFS

**Tod Aronovitz, Esq.**
**Barbara Perez, Esq.**
**Steven Jaffe, Esq.**
Aronovitz Trial Lawyers
150 W. Flagler Street
Miami, FL 33130

**John A. Yanchunis, Esq.**
James Hoyer Newcomber & Smiljanich, P.A.
One Urban Center
Suite 550
4830 W. Kenney Boulevard
Tampa, FL 33609

**Mark S. Fistos, Esq.**
James Hoyer Newcomber & Smiljanich, P.A.
3301 Thomasville Road
Suite A200
Tallahassee, FL 32308

**David D. Welch, Esq.**
Welch & Finkel
2401 E. Atlantic Boulevard, Suite 400
Pompano Beach, FL 33062

**Joel S. Perwin, Esq.**
Podhurst, Orseck, P.A.
25 W. Flagler Street
City National Bank Building, Suite 800
Miami, FL 33130

**Peter A. Portley, Esq.**
Portley and Sullivan
2211 E. Sample Road
Lighthouse Point, FL 33064

**Lawrence D. Goodman, Esq.**
Devine Goodman Pallot & Wells, P.A.
777 Brickell Avenue, Suite 850
Miami, FL 33131

**James K. Green, Esq.**
James K. Green, P.A.
Suite 1630, Esperante
222 Lakeview Avenue
West Palm Beach, FL 33401

**Jack Scarola, Esq.**
**David J. Sales, Esq.**
Searcy Denney Scarola Barnhart
 & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
P.O. Drawer 3626
West Palm Beach, FL 33402