IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SHARON TAYLOR, *ET AL.*, | § | **CAUSE NO.** |
| ON BEHALF OF THEMSELVES AND | § | **2:07-CV-00001** |
| ALL OTHERS SIMILARLY SITUATED, | § | |
| | § | CONSOLIDATED FROM |
| PLAINTIFFS, | § | |
| v. | § | CAUSE NO. |
| | § | 2:07-CV–00014 |
| TEXAS FARM BUREAU MUTUAL | § | |
| INSURANCE COMPANY, *ET AL.*, | § | **JUDGE:  DONALD D. WALTER** |
| | § | *By Assignment* |
| DEFENDANTS. | § | |

**DEFENDANT GLOBE LIFE AND ACCIDENT INSURANCE COMPANY'S REPLY
IN SUPPORT OF SUPPLEMENT TO MOTION TO DISMISS AND
TO CONSOLIDATED MOTION TO DISMISS AND RESPONSE TO PLAINTIFFS'
STATEMENT OF VIOLATIONS OF THE DPPA**

Defendant Globe Life And Accident Insurance Company ("Globe Life") hereby replies in support of its supplement to its Motion to Dismiss (Dkt. 54 in 2:07-CV-00014) and the applicable grounds and argument presented in certain Defendants' Consolidated Motion to Dismiss and Response to Plaintiffs' Statement of Violations of the DPPA.

Globe Life obtained personal information from the State of Texas for bulk distribution for marketing and solicitations in Texas regarding its insurance products.  Plaintiffs admit that Globe Life obtained the information entirely properly.  *Id.* at 2.  Instead, Plaintiffs contend that Globe Life improperly used the information.

Plaintiffs' contention relies on the later amendment of DPPA section 2721(b)(12).  Plaintiffs do not base their claim against Globe Life on any actions that took place prior to the amendment's effective date.  *Response to Globe Life Supplement* at 2-3.  Plaintiffs' sole legal theory is that, even though Globe Life properly obtained personal information under the earlier version of section 2721(b)(12), any use of that information after the effective date of the amendment to section

1

2721(b)(12) would violate the DPPA. This legal theory is wrong and does not state a claim for relief. They do not plead any facts to support an allegation that Globe Life later used any Plaintiff's information. Therefore, even under their own theory, Plaintiffs fail to state a claim.

There are four primary problems with Plaintiffs' position:

(1)     Plaintiffs have not alleged that Globe Life used personal information after the amendment became effective. Instead, Plaintiffs allege only "assumptions." This is insufficient to state a claim.

(2)     The amendment changed the procedure for the State to disclose personal information but not the "permissible purpose" for which Globe Life obtained the personal information. Thus, even if the Court determined that Plaintiffs properly pleaded that Globe Life used the information after the amendment's effective date, Plaintiffs' theory still would not state a claim under the DPPA.

(3)     The amendment does not operate retroactively to deprive Globe Life of its right to use the information it properly obtained before the amendment became effective.

(4)     No Plaintiff has pleaded that Globe Life used *his/her* personal information after the amendment because effective. Accordingly, even if Plaintiffs' theory could theoretically state a claim as to someone, no Plaintiff has pleaded his/her own standing to pursue such a claim.

Because Plaintiffs have failed to state a claim upon which relief may be granted, and/or have failed to establish standing, the Court should dismiss Plaintiffs' claims against Globe Life.

**A.     Plaintiffs' Assumptions Are Not Sufficient to Plead a Claim For Improper Use**

Globe Life pointed out in its Supplement that Plaintiffs only asserted improper use based on assumptions. In response, Plaintiffs agree that their allegation of improper use is based on "assumptions," not facts. *Response to Globe Life Supplement* at 3 (stating that Plaintiffs assert that it is "reasonable to assume" the allegations). Plaintiffs do not cite any case to support the proposition that their assumptions are sufficient to plead a claim against Globe Life for improper use under the DPPA. In fact, Plaintiffs do not cite a single case in their Response. *See id.* at 1-4.

Whether or not a Plaintiff received materials from Globe Life – and therefore, whether Globe Life used any of the personal information it obtained – is within each Plaintiff's individual

2

knowledge and is fundamental to each Plaintiff's claim. If Plaintiffs cannot recall receiving any materials from Globe Life, then they should not be advancing claims against Globe Life in this lawsuit.

The absence of any facts leaves only total speculation to support the essential element of improper use. It is not the court's job to supply missing facts with speculation. *Kyle v. Morton Hight School*, 144 F.3d 448, 455 (7th Cir. 1998). To avoid dismissal, the complaint must at least put Globe Life on notice that some specific use of a particular Plaintiff's personal information occurred. *See id.* A defendant is entitled to a pleading that does more than "merely create[] the suspicion that the pleader might have a legally cognizable right of action." 5 C. Wright & A. Miller, FEDERAL PRACTICE & PROCEDURE § 1216, p.235. Globe Life should not have to defend a lawsuit based merely on suspicion or assumption. Because neither the complaint nor the "more definite statement" provide such notice, Plaintiffs' claims against Globe Life should be dismissed.[1] *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965-66, 1974 (2007).

**B.     The Amendment Changed the Disclosure Procedure But Not the Permissible *Purpose* Under Section 2721(b)(12)**

Section 2721(a) generally mandates that "[a] State department of motor vehicles . . . shall not knowingly disclose or otherwise make available to any person or entity" personal information as defined in the DPPA. 18 U.S.C. § 2721(a). However, Section 2721(b) carves out certain

---

[1] Furthermore, Plaintiffs' assumption that the assumed use took place after the amendment's effective date is undercut by the fact that Plaintiffs have incorrectly identified the effective date. Recognizing that the amendments at issue would impact any state laws that also govern the disclosure of motor vehicle record information (such as the Texas Motor Vehicle Records Disclosure Act and Texas Driver's Licenses provisions), Congress delayed the effective date of the amendments for certain states to allow them time to change their laws accordingly. For Texas, Congress made the effective date "within 90 days of the next convening of the State legislature . . . ." Pub.L. 106-69, Title III, § 350(c), (d), Oct. 9, 1999, 113 Stat. 1025. Congress did not pass the amendments until October 9, 1999, and the Texas Legislature already had adjourned on May 31, 1999. *Compare* Pub.L. 106-69, Title III, § 350(c), (d), Oct. 9, 1999, 113 Stat. 1025 (including amendment to section 2721(b)(12)); *with* S.J. OF TEX., 76th Leg., R.S. 4258 (reciting adjournment sine die of Texas Senate on May 31, 1999); *and* H.J.OF TEX., 76th Leg., R.S. 4404 (reciting adjournment sine die of Texas House on May 31, 1999). The Texas Legislature did not reconvene until January 9, 2001. *See* S.J. OF TEX., 77th Leg., R.S. 1 (recording convening of Texas Senate on January 9, 2001); H.J.OF TEX., 77th Leg., R.S. 1 (recording convening of Texas House on January 9, 2001). Thus, the 1999 amendments, including the amendment to section 2721(b)(12), were not effective in Texas until April 9, 2001.

exceptions for the State by providing that "[p]ersonal information referred to in subsection (a) . . . may be *disclosed* as follows . . . ."  18 U.S.C. § 2721(b) (emphasis added).

The version of section 2721(b)(12) under which the State provided information to Globe Life permits the State to *disclose* that information "[f]or bulk distribution for surveys, marketing or solicitations if *the motor vehicle department has implemented methods and procedures to ensure that* (A) individuals are provided an opportunity, in a clear and conspicuous manner, to prohibit such uses; and (B) the information will be used, rented, or sold solely for bulk distribution for surveys, marketing, and solicitations, and that surveys, marketing, and solicitations will not be directed as those individuals who have requested in a timely fashion that they not be directed at them."  18 U.S.C. § 2721(b)(12) (earlier version, emphasis added).  In effect, section 2721(b)(12) allows the State to disclose personal information:  (1) for the permissible purpose; (2) if the State has satisfied the prerequisite.  The permissible purpose is "bulk distribution for surveys, marketing or solicitations."  The prerequisite for disclosure by the State is if the motor vehicle department has implemented the specified methods and procedures.

The amendment to section 2721(b)(12) changed the prerequisite for disclosure by the State. The amended section provides that personal information "may be disclosed . . . [f]or bulk distribution for surveys, marketing or solicitations *if the State has obtained the express consent* of the person to whom such personal information pertains."  18 U.S.C. § 2721(b)(12) (emphasis added).  Instead of conditioning disclosure on "implement[ation of opt-out] methods and procedures," the amendment requires "express consent" to allow disclosure.  However, in both cases, the prerequisite is imposed on the State, not on the obtaining party.  Expressly placing the burden on the State makes clear that the prerequisite – whether opt-out procedures or express

DALLAS: 0536251.00022: 1687522v3

consent – applies to the initial disclosure (which is done by the State), not to later use (which is done by the party who obtains the information).

Indeed, the amendment did not change the permissible purpose in section 2721(b)(12). In both the previous version and the amended version, the *purpose* for which disclosure is permitted – as opposed to the manner in which disclosure may be made – is "[f]or bulk distribution for surveys, marketing or solicitations." This is the "permissible purpose" for which the State may, if it meets the prerequisite, disclose personal information

Section 2724(a) allows a plaintiff to sue "[a] person who knowingly obtains, discloses or uses [the plaintiff's] personal information from a motor vehicle record, *for a purpose not permitted* under this chapter . . . ." 18 U.S.C. § 2724(a) (emphasis added). The only "purpose" in section 2721(b)(12) – whether under the previous version or the amendment – is "[f]or bulk distribution for surveys, marketing or solicitations . . . ." The "purpose" is not whether the State has implemented procedures to allow opt-outs or has obtained express consent.

Plaintiffs do not allege that Globe Life's assumed use of personal information was for any purpose other than "bulk distribution for surveys, marketing or solicitations." To the contrary, as stated in their Statement of Violations of the DPPA, "Plaintiffs assert a claim against Defendant Globe Life Insurance Company for *use* of their personal information *for the admitted purpose of bulk marketing and solicitations* . . . ." *Statement* at 22 (emphasis added). The amendment did not change the permissible purpose for which information may be used under section 2721(b)(12). Thus, whether the Court applies the version of the statute applicable at the time Globe Life properly obtained the information or the amended version that became effective a year later, Plaintiffs have not stated a claim for *use for an impermissible purpose*. Under both versions of the statute, Globe Life was entitled to use the personal information for bulk distribution for marketing and

solicitations.  Because Plaintiffs have failed to state a claim based on improper use, their DPPA claims against Globe Life should be dismissed.

**C.    Even if the Amendment Changed the Permissible Purpose, It Cannot Be Applied Retroactively to the Information Globe Life Properly Obtained**

Even if the amendment were interpreted to change not only the prerequisite for State disclosure, but also the permissible purpose for which the information is used, it could not be applied retroactively to the information Globe Life properly obtained under the prior version of section 2721(b)(12).  In deciding whether to give a revised statute retroactive effect, courts are guided by the centuries-old presumption against retroactive legislation.  *Landgraf v. USI Film Prods.*, 511 U.S. 244, 265 (1994).  This presumption rests on the basic principles that individuals should have an opportunity to know what the law is, and that settled expectations should not be lightly disrupted.  *Id.*

Accordingly, a statute should not be applied retroactively if it will interfere with antecedent rights, unless retroactivity is the unequivocal and inflexible import of the statute's terms and the manifest intention of Congress.  *Greene v. U.S.*, 376 U.S. 149, 160 (1964).  "Requiring clear intent assures that Congress itself has affirmatively considered the potential unfairness of retroactive application and determined that it is an acceptable price to pay for the countervailing benefits." *Landgraf*, 511 U.S. at 272-73.  This requirement also has the virtue of giving legislators a predictable background rule against which to legislate.  *Id.* at 273.

When a statute does not expressly permit retroactive application, the courts must determine whether the suggested application would have a retroactive effect.  *Landgraf*, 511 U.S. at 280.  For example, a court should determine whether the statute would:  (1) impair rights a party possessed when he acted; (2) increase a party's liability for past conduct; or (3) impose new duties or attach new disabilities with respect to transactions already completed.  *Immigration & Naturalization Serv.*

6

*v. St. Cyr*, 533 U.S. 289, 321 (2001); *Landgraf*, 511 U.S. at 280. This inquiry demands a common sense analysis of whether the new provision attaches new legal consequences to events completed before the statute had effect. *See St. Cyr*, 533 U.S. at 321. The conclusion should be informed and guided by considerations of fair notice, reasonable reliance, and settled expectations. *St. Cyr*, 533 U.S. at 321. If there is no clear congressional intent to permit retroactive application, then a statute will not be permitted to operate to the extent it would have a retroactive effect. *Landgraf*, 511 U.S. at 280.

The DPPA does not evidence a clear congressional intent to apply retroactively. Neither the revising act nor the available legislative history contains any discussion about the amendment's effect on personal information properly obtained prior to the amendment's effective date, or otherwise address the issue of retroactive application. *See, e.g.*, Pub.L. 106-69, Title III, § 350(c), (d), Oct. 9, 1999, 113 Stat. 1025. Therefore, as the Tennessee Attorney General held with regard to a previous version, the DPPA "do[e]s not regulate what persons may do with information that was obtained from motor vehicle records prior to [the applicable effective date]." Tenn. Op. Atty. Gen. No. 97-124, 1997 WL 654213, *2 (Tenn. A.G. Sept. 2, 1997).

Otherwise, the amendment to section 2721(b)(12) would have a retroactive effect. Such application would evade fair notice, operate against reasonable reliance, and destroy settled expectations. For example, under Plaintiffs' interpretation of the amendment, section 2721(b)(12) would impair Globe Life's rights, and impose new duties and attach new disabilities with respect to the personal information properly obtained by Globe Life prior to the amendment's effective date. *See St. Cyr*, 533 U.S. at 321; *Landgraf*, 511 U.S. at 280. Under Plaintiffs' theory, after having properly obtained the personal information from the State for bulk distribution for marketing or solicitations, Globe Life could not use that information for that purpose. Instead, before being able

7

to use the properly obtained information, Globe Life would have to go back to the State and determine which persons had given express consent.

It is improper to retroactively apply the amendment to add a new duty to Globe Life's treatment of information obtained under the previous statute. *See St. Cyr*, 533 U.S. at 321; *Landgraf*, 511 U.S. at 280. It is also improper to place a duty regarding express consent on Globe Life when the Legislature chose to place that duty on the State. *See* 18 U.S.C. § 2721(b)(12) (as amended, revising language to permit disclosure "if *the State* has obtained the express consent" (emphasis added)).

Furthermore, Plaintiffs' interpretation of section 2721(b)(12) would impose new penal and punitive consequences for using the information already properly obtained. *Cf. Landgraf*, 511 U.S. at 281 (noting the retroactive imposition of punitive damages would raise a serious constitutional question). For all these reasons, the amendment should not be applied to Globe Life's use of personal information it properly obtained under the prior version of the statute. As a result, Plaintiffs have failed to state a claim upon which relief may be granted.

**D.     No Plaintiff Has Pleaded That Globe Life Used His or Her Personal Information**

Even if Plaintiffs' "assumptions" were sufficient to plead a claim, and even if the amendment were interpreted to change the applicable "purpose" *and* allowed to apply retroactively, Plaintiffs' claims against Globe Life should be dismissed for lack of standing. The DPPA expressly provides that only the person whose personal information is improperly used may bring a civil claim under the DPPA. 18 U.S.C. § 2724(a). Therefore, a plaintiff does not have standing to sue for a violation of the DPPA based on someone else's personal information. *See id.*

As a result of this requirement, the Court granted Plaintiffs leave to "file a statement with the Court as to *each individual plaintiff* stating specifically the basis for their claims against *each individual defendant* stating the alleged obtainment, disclosure or *use of that plaintiff's information*

from the Texas state motor vehicle records for a purpose not permitted under the DPPA." *March 4, 2008 Order* (Dkt. 46) at 2 (emphasis added). As stated above in Section A, each Plaintiff should have knowledge about whether and when, if ever, he or she received marketing or solicitation materials from Globe Life. Yet, Plaintiffs' did not include any facts in their Statement to support an allegation that Globe Life used any particular Plaintiff's information.

Plaintiffs do not respond to this issue at all. *Compare Globe Life's Supplement* at 6-7 (discussing issue); *with Response to Globe Life Supplement* at 4 (referring Court's attention to Response to Consolidated Motion to Dismiss); *and Response to Consolidated Motion to Dismiss* at 23-25 (discussing different standing issue). Because no Plaintiff has pled any facts showing that his or her own personal information was used by Globe Life, and used after the amendment's effective date, Plaintiffs' claims against Globe Life should be dismissed.

## CONCLUSION

For the reasons set forth in Globe Life's Motion to Dismiss, Globe Life's Supplement, this Reply, certain Defendants' Consolidated Motion to Dismiss and Response to Plaintiffs' Statement, and certain Defendants' Reply in Support of the Consolidated Motion, the Court should dismiss Plaintiffs' claims against Globe Life.

DALLAS: 0536251.00022: 1687522v3

Respectfully submitted,

_____/s/_____

Michael H. Collins
  Texas Bar No. 04614300 (mcollins@lockelord.com)

Thomas G. Yoxall
  State Bar No. 00785304 (tyoxall@lockelord.com)
Kirsten M. Castañeda
  State Bar No. 00792401 (kcastaneda@lockelord.com)
Arthur E. Anthony
  State Bar No. 24001661 (aanthony@lockelord.com)
**LOCKE LORD BISSELL & LIDDELL LLP**
2200 Ross Avenue, Suite 2200
Dallas, Texas 75201
Telephone:  (214) 740-8000
Facsimile:   (214) 740-8800

**ATTORNEYS FOR GLOBE LIFE
AND ACCIDENT INSURANCE COMPANY**


**<u>CERTIFICATE OF SERVICE</u>**

In accordance with Federal Rule of Civil Procedure 5, I hereby certify that on the 16th day of May, 2008, a true and correct copy of the foregoing was served on all other parties to this lawsuit via CM/ECF to all counsel of record.


_____/s/_____
Kirsten M. Castañeda

DALLAS: 0536251.00022: 1687522v3