Taylor et al v. Acxiom Corporation et al Doc. 98

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

CAUSE NOS. 2:07-cv-00001, 2:07-cv-00013, 2:07-cv-00014, 2:07-cv-00017, 2:07-cv-00018, 2:07-cv-00410

SHARON TAYLOR, *et al.*,

Plaintiffs,

v.

ACXIOM., *et al.*,

Defendants.

§ § § § § § §

JUDGE: DONALD WALTER

**SUR-REPLY TO DEFENDANT GLOBE LIFE AND ACCIDENT INSURANCE COMPANY'S SUPPLEMENT TO MOTION TO DISMISS AND SUPPLEMENT TO CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT OF VIOLATIONS OF THE DRIVER PRIVACY PRTOTECTION ACT**

**SUR-REPLY TO DEFENDANT GLOBE LIFE AND ACCIDENT INSURANCE COMPANY'S SUPPLEMENT TO MOTION TO DISMISS AND SUPPLEMENT TO CONSOLIDATED MOTION TO DISMISS ON COMMON ISSUES AND RESPONSE TO PLAINTIFFS' STATEMENT OF VIOLATIONS OF THE DRIVER PRIVACY PRTOTECTION ACT**

Plaintiffs, By And Through Their Undersigned Counsel, Hereby File Their Sur-Reply To Defendant Globe Life and Accident Insurance Company's Supplement To Motion To Dismiss And Supplement To Consolidated Motion To Dismiss On Common Issues And Response To Plaintiffs' Statement Of Violations Of The Driver Privacy Protection Act, and in Support Thereof,[1] State:

Plaintiffs file this Sur-Reply to address this Defendant's arguments regarding the effective date of the 1999 amendment to the DPPA. The effective date of this

[1]As with Defendants, Plaintiffs also rely on all arguments previously made in response to this Defendant's' previously filed Motions to Dismiss.



Dockets.Justia.com

amendment was June 1, 2000.[2] The statute as amended provided several States including Texas, 90 days after the next convening of the State legislature to be in compliance with the new amendments.[3] Defendant asserts that because Texas had a "grace period" to comply with the DPPA, Defendant was also afforded the same protection.

A. **The "Grace Period" allocated for the State of Texas Applied Only to The State of Texas and Not Individual "Persons."**

Defendant was subject to the 1999 amendment when it became effective on June 1, 2000; therefore, Defendant violated the DPPA when it used that material without express consent from the Driver's Privacy Protection Act of 1994 (herein referred to as "DPPA") after June 1, 2000..

Congress intended for the 1999 amendment of section (b)(12) to become effective on June 1, 2000 for *everyone*, excluding *only* those several states, which includes Texas.[4] "The DPPA's provisions do not apply solely to States. The Act also regulates the resale and redisclosure of drivers' personal information by private [companies] who have obtained that information from state DMV."[5] Essentially, "[t]he DPPA regulates the universe of entities that participate as suppliers to the market."[6]

Defendant, as a private company, is subject to the requirements and penalties as any State supplier of motor vehicle records. The Act does not exclude Defendant or any other private company from complying with the amendment on June 1, 2000.[7] The DPPA does not require States to police private individuals from their involvement with the information the DPPA seeks to protect

[2] The Driver's Privacy Protection Act of 1994, Pub. L. No. 106-69, 113 Stat 986 (1999).
[3] *Id.*
[4] *See* The Driver's Privacy Protection Act of 1994, Pub. L. No. 106-69, 113 Stat 986 (1999).
[5] *Reno v. Condon*, 528 U.S. 141, 146 (2000).
[6] *Id.* at 151.
[7] *See* 18 U.S.C. § 2721; *See also* The Driver's Privacy Protection Act of 1994, Pub. L. No. 106-69, 113 Stat 986 (1999).

Defendant would have this Court believe that any marketer had the privilege to come into Texas and purchase motor vehicle records from the Texas DMV without the express consent of the individual after June 1, 2000. This explanation is unsubstantiated and leads to a conclusion which does not fit within Congress' purpose for enacting the DPPA. If Congress intended to extend this grace period for "contractors" as well as the several States, Congress would have expressly granted that permission. The Act clearly regulates both State and private company interaction with motor vehicle records[8] of the citizens of Texas and when Congress decided to amend the Act, Congress clearly extended a grace period for the State of Texas and not for ASL.

**B. Defendant's Contention Would Lead to The Conclusion that Congress Intended For The DPPA to Assert Different Civil Liability for Different Actor's Depending on the State in Which the Company Purchases the Information.**

Defendant's contention that the effective date for it was not until April 2001, naturally asserts that Congress' intention was to allow companies who are banned from purchasing driver's records in other states a chance to come into Texas and purchase information that is a clear violation of the 1999 amendment. This would essentially mean that under Defendant's argument the DPPA had differing civil liabilities depending upon the State selling the information. Congress clearly did not intend for that outcome. The more logical explanation for the "grace period" allowed for States such as Texas was to allow time for the Texas Legislature to meet and amend their laws -- not to allow companies to obtain data in violation of the DPPA for another year.

---

[8] *See* 18 U.S.C. § 2721 ("A State department of motor vehicles, and any officer, employee, or *contractor* thereof, *shall not* knowingly disclose or otherwise make available to any person. . ."); *See also* 18 U.S.C. § 2723(a) ("A *person* who knowingly violates this chapter shall be fined under this title").

For these reasons, as well as those previously presented to the Court in response to this Defendant's original Motion to Dismiss, Plaintiffs contend that this Defendant's Motion to Dismiss should be denied.

Respectfully submitted,


**THE COREA FIRM, P.L.L.C.**

/Jeremy R. Wilson/
Thomas M. Corea
Texas Bar No. 24037906
Jeremy R. Wilson
Texas Bar No. 24037722
The Republic Center
325 North St. Paul Street, Suite 4150
Dallas, Texas 75201
Telephone: (214)953-3900
Facsimile: (214)953-3901

**OTSTOTT & JAMISON, P.C.**
George A. Otstott
Texas Bar No. 15342000
Ann Jamison
Texas Bar No. 00798278
Two Energy Square
4849 Greenville Avenue, Suite 1620
Dallas, Texas 75206
Telephone: (214)522-9999
Facsimile: (214)828-4388

**THE MANN FIRM**
James Mark Mann
Texas Bar No. 12926150
300 W. Main
Henderson, TX 75652
(903) 657-8540
Fax: (903) 657-6003

**CERTIFICATE OF SERVICE**

I certify that on May 27th, 2008, I electronically filed the above Motion with the Clerk of the Court using CM/ECF and that the Motion has been forwarded by CM/ECF to all counsel of record.

/Jeremy R. Wilson/
Jeremy R. Wilson